IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE ENTRESTO (SACUBITRIL/VALSARTAN) PATENT LITIGATION | MDL No. 1:20-md-2930-RGA |
| NOVARTIS PHARMACEUTICALS CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LIMITED, MSN LIFE SCIENCES PRIVATE LIMITED, AND NOVADOZ PHARMACEUTICALS, LLC, <br><br> Defendants. | C.A. No. 1:25-cv-81-RGA <br><br> JURY TRIAL DEMANDED |

**MSN'S OPPOSED MOTION FOR LEAVE TO FILE A MOTION
FOR SUMMARY JUDGMENT TO DELIST U.S. PATENT NO. 8,101,659 AND
<u>FOR EXPEDITED BRIEFING</u>**

MSN respectfully moves this Court for leave to file a Motion for Summary Judgment on its counterclaim seeking to delist United States Patent No. 8,101,659 (the "'659 patent") from the Orange Book. (D.I. 5, Counterclaim III). That counterclaim can be decided in MSN's favor as a matter of law based on a single, dispositive and undisputed fact that is already known to both the parties and the Court: the active ingredient in Novartis's Entresto® product is a chemical complex comprised of anionic forms of sacubitril and valsartan that is not claimed or covered by the '659 patent.

There is an urgent need for resolution of MSN's counterclaim. As the Court knows, the '659 patent Novartis is asserting in this new above-captioned case ("Entresto II") expired on January 15, 2025. Yet MSN is *still* being blocked from entering the market by an injunction the Federal Circuit put in place based on Novartis's alleged entitlement to an award of pediatric exclusivity until July 15, 2025. That exclusivity, however, will become null and void, and stripped from Novartis if the '659 patent is delisted immediately from the Orange Book. MSN, therefore, requests emergency treatment of this motion for leave, as well as urgent consideration of its ensuing summary-judgment motion. Every day the '659 patent exists in the Orange Book while Novartis takes advantage of the Federal Circuit's validity opinion is a day the public is being improperly denied access to MSN's FDA approved Entresto® generic. Accordingly, MSN proposes that the parties proceed with an expedited briefing schedule as set forth in MSN's proposed order granting this motion for leave.

MSN and Novartis met and conferred about this motion for leave on February 12, 2025, and Novartis opposes this motion.

## ARGUMENT

Ever since the Federal Circuit issued its opinion on January 10, 2025 (*Novartis Pharmaceuticals Corporation v. Torrent Pharma Inc.*, C.A. No. 2023-2218 ("Entresto Appeal"), ECF 106), Novartis has asserted in this Court and in the Federal Circuit that the '659 patent is valid and final judgment of infringement should be entered against MSN. *See, e.g.,* D.I. 1 at ¶¶ 29, 53-56, and *In Re Entresto Litigation*, C.A. No. 20-md-2930-RGA ("Entresto I") D.I. 1713, 1714, 1745, 1759, and 1765.). Although the parties dispute this and MSN's petition for rehearing is pending in the Entresto Appeal, for the purposes of this Entresto II case, the Federal Circuit's decision means that under *any* outcome going forward, whether the '659 patent is valid or invalid, that patent is incorrectly listed in the Orange Book for Novartis's Entresto® product. As discussed below, MSN's delisting counterclaim is ripe for this Court's expedited resolution.

*First*, the Federal Circuit made clear in its opinion that the '659 patent does *not* cover/does *not* claim valsartan-sacubitril complexes. As the court of appeals put it: "Because valsartan-sacubitril complexes were undisputedly unknown at the time of the invention, . . . the '659 patent could not have been construed as claiming those complexes *as a matter of law*." *Novartis Pharms. Corp. v. Torrent Pharma Inc. (In re Entresto (Sacubitril/Valsartan))*, 125 F.4th 1090, 2025 U.S. App. LEXIS 486 *21, n.5 (Fed. Cir. 2025)[1]; *see also id*. at *13 ("Because the '659 patent does *not* claim valsartan-sacubitril complexes…."); *id*. at *15 ("That complex—not discovered until four years after the priority date of the '659 patent—is *not* what is claimed."); *id*. at *16 ("In light of that stipulation and the fact that the '659 patent does *not* claim valsartan-sacubitril complexes…."); *id*. at *15 ("[T]he patent does *not* claim as its invention valsartan-sacubitril complexes.")

---

[1] Unless indicated otherwise, all emphasis is added.

2

*Second*, it is undisputed that Entresto® contains as its active ingredient a valsartan-sacubitril complex. Novartis's filings and submissions to this Court, the FDA, the USPTO, the D.C. Court of Appeals, the Federal Circuit, and the general public, as noted below, are clear and unequivocal on that point (all emphases added):

- "The active ingredients in ENTRESTO are present in the finished dosage form as one *complex* with coordinated ionic bonds between anionic sacubitril, anionic valsartan." *See* Novartis' April 18, 2019 FDA Citizen's Petition (Ex. A , p.1 attached);

- "The approved product is Entresto… a *complex* comprised of anionic forms of sacubitril and valsartan", (*See*, Entresto I, D.I. 255 Exs. 11 ('659 prosecution history (patent term extension) at 2, 16 at 2 (same));

- "In the Entresto® Product, the valsartan and sacubitril salts are present in a single chemical structure called a "compound" or "*complex*," *See* Entresto I, D.I. 253 (Novartis' Opening Claim Construction Argument) at 7;

- "FDA previously observed that ENTRESTO is comprised of two active moieties combined into a singular salt *complex*." *Novartis v. Becerra*, D.C. Ct. App. No. 24-5235, D.I. 2094257 (Novartis' Reply Brief) at p. 3;

- "Novartis's groundbreaking drug ENTRESTO®, which includes the claimed composition of valsartan and sacubitril in a specific form, known as a *complex*," *See* Entresto Appeal, ECF No. 37 (Novartis' Opening Brief) at 13;

- "ENTRESTO contains a *complex* comprised of anionic forms of sacubitril and valsartan." *See* April 2024 Entresto Prescribing Information (Ex. B, p. 10 attached)

In addition to Novartis's repeated representations and statements over the years, this Court found after trial in Entresto I that "[t]he active ingredient in Entresto® is LCZ696 . . . [which] is a non-covalently bound complex ("complex") of valsartan and sacubitril." *In Re Entresto Litigation*, C.A. No. 20-md-2930-RGA, D.I. 1099 at p. 26. It is, therefore, an undisputed fact that Entresto® does not infringe the '659 patent because it is a complex. Thus, the '659 patent should be delisted from the Orange Book.

*Third*, that Entresto® contains a valsartan-sacubitril complex, which is not claimed by the '659 patent, means that patent is not properly listed in the Orange Book *as a matter of law*. The

3

Federal Circuit recently made clear that "in order to be listed [in the Orange Book], a patent must both claim the drug *and* be infringed by the NDA product." *Teva Branded Pharm. Prods. R&D, Inc. v. Amneal Pharms. of N.Y.,* LLC, 124 F.4th 898, 912 (Fed. Cir. 2024); *see also* 21 U.S.C. § 355(b)(1)(A)(viii). Because the Federal Circuit's opinion in the Entresto® Appeal confirms that valsartan-sacubitril complexes are *not* claimed by the '659 patent and *not* covered by the '659 patent, listing that patent is improper. In that instance, Novartis has no arguable entitlement to any period of pediatric exclusivity. *See Mylan Labs, Inc. v. Leavitt*, 495 F. Supp. 2d 43, 46 (D.D.C. 2007) ("Pfizer's pediatric exclusivity privilege (which was set to expire on September 25, 2007) prevented new generic manufacturers from entering the market. This changed on June 22, 2007, when the FDA delisted Pfizer's patent.").

To the extent Novartis argues that the Federal Circuit's *Teva* decision is distinguishable or that MSN is mis-reading the Federal Circuit's January 10 opinion in the '659 patent appeal, MSN disagrees. But those arguments are legal arguments about the applicability of Federal Circuit law. There are no factual disputes that could possibly preclude summary judgment on MSN's delisting counterclaim: it is undisputed that the API in Novartis's Entresto® product is a valsartan-sacubitril complex.

Further, if Novartis argues that resolution of MSN's counterclaim is premature at this stage in the case because MSN's petition for rehearing is pending and no mandate has issued, that hypocritical argument falls flat and should be rejected. As mentioned above, following the Federal Circuit's January 10 opinion, Novartis has continually maintained that it is entitled to an immediate final judgment of infringement against MSN and an order directing FDA to reset MSN's approval date. Arguing that Novartis is entitled to a final judgment now but MSN is not, is disingenuous. But this does *not* mean that both parties are wrong and this Court is powerless to

4

resolve any issues between the parties *in this above-captioned* Entresto II case until the Federal Circuit mandate issues.

The posture of this case is highly unique. MSN is seeking leave to file a summary-judgment motion in this action, which is the new '659 patent infringement case Novartis filed a few weeks ago. Thus, there is no mandate that will come down from the Federal Circuit in this case. And Rule 56 of the Federal Rules of Civil Procedure explicitly permits this Court to entertain a summary-judgment motion Judgment at "any time," including prior to Novartis' answer to MSN's counterclaims. *See generally* Fed .R. Civ. P. 56, Advisory Committee Note on 2009 Amendments ("The timing provisions for summary judgment are outmoded. … The new rule allows a party to move for summary judgment at any time, even as early as the commencement of the action.").

Moreover, under *any* outcome going forward, Novartis must delist the '659 patent. If the Federal Circuit's January 10 opinion stands, then the '659 patent must be delisted because the '659 patent does not cover Entresto® as discussed above. But if the Federal Circuit grants MSN's petition and affirms invalidity of the '659 patent, then that invalid patent must be delisted from the Orange Book. Whether the '659 patent is ultimately valid or invalid and the mandate has issued or not issued in the Entresto Appeal, the outcome is the same. The end result of the Entresto Appeal is therefore *not* relevant to or determinative of the propriety of MSN filing a summary-judgment motion now. Indeed, as this Court recognized and held, because the Novartis scientists did not develop valsartan-sacubitril complexes until years after the '659 patent priority date, by definition, they could not have had possession of, and disclose valsartan-sacubitril complexes, and thus, those complexes cannot be claimed in the '659 patent nor covered by the '659 patent. *In Re Entresto Litigation*, C.A. No. 20-md-2930-RGA, D.I. 1099 at p. 44. Because

5

under any scenario going forward, Novartis must delist its '659 patent from the Orange Book, MSN's counterclaim is ripe for this Court's resolution and its motion for leave to file a summary-judgment motion should be granted. *See e.g., Tev*a *Branded Pharm. Prods. R&D v. Amneal Pharms. of N.Y., LLC*, 736 F. Supp. 3d 227, 229 (D.N.J. 2024) (granting motion for partial judgment on the pleadings on the delisting issue); *Caraco Pharm. Labs., Ltd. v. Novo Nordisk A/S,* 566 U.S. 399, 400, 132 S. Ct. 1670, 1673 (2012) (affirming summary judgment on delisting counterclaim).

Dated: February 14, 2025

Respectfully submitted,

STAMOULIS & WEINBLATT LLC

By:/s/ Richard C. Weinblatt
Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
800 N. Street, Third Floor
Wilmington, DE 19801
(302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com

*Of Counsel:*
Ronald M. Daignault (*pro hac vice* to be filed)*
Richard Juang (*pro hac vice* to be filed)*
rdaignault@daignaultiyer.com
rjuang@daignaultiyer.com
DAIGNAULT IYER LLP
8229 Boone Boulevard, Suite 450
Vienna, VA 22182
*Not admitted to practice in Virginia*

*Attorneys for MSN Laboratories Private Limited, MSN Life Sciences Private Limited, MSN Pharmaceuticals Inc., and Novadoz Pharmaceuticals, LLC*

6

## LOCAL RULE 7.1.1 STATEMENT

The undersigned hereby certifies, pursuant to Delaware Local Rule 7.1.1, that counsel for the parties, including Delaware Counsel, discussed the subject matter of the foregoing motion and the relief sought, and that the parties have been unable to reach agreement.

*/s/ Richard C. Weinblatt*
Richard C. Weinblatt (#5080)
