# SMITH KATZENSTEIN JENKINS LLP

February 12, 2021

The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street
Room 6124, Unit 26
Wilmington, DE 19801-3555

Re: *In re: Entresto (Sacubitril/Valsartan) Patent Litigation*
C.A No. 20-md-2930-LPS
*Novartis Pharms. Corp. v. Alkem Labs Ltd., et. al.,*
C.A No. 19-1979-LPS

Dear Chief Judge Stark:

      I write on behalf of Defendants Torrent Pharma Inc. and Torrent Pharmaceuticals Ltd. (collectively, "Torrent") in connection with the above-referenced actions. The Court scheduled a hearing for February 25, 2021 to address Torrent's Motion for Judgment on the Pleadings of Noninfringement of the '938 and '134 Patents (C.A. No. 20-md-2930, D.I. 20/C.A. No. 19-1979, D.I. 78). Torrent moves to seal portions of the hearing because Torrent's motion involves certain confidential aspects of Torrent's proposed ANDA product. At the hearing, Torrent expects to discuss selected portions of Torrent's confidential ANDA. Torrent also anticipates that portions of the transcript of the hearing where Torrent's confidential information is discussed will be required to be sealed as well. Plaintiff Novartis does not oppose Torrent's request either with respect to sealing certain portions of the hearing or with respect to sealing corresponding portions of the transcript of the hearing, provided that the portions of the transcript corresponding to the public portion of this hearing will not be sealed, that the parties exchange proposed redactions to the sealed portions of the transcript within two business days of receiving the transcript from the court reporter, and that if the Court issues a decision from the bench, the parties exchange proposed redactions to the portion of the transcript containing the Court's decision within 24 hours of receiving the transcript.

      With respect to closures of a hearing, in whole or in part, and sealing of the transcript, the Third Circuit stated:

> The party seeking the closure of a hearing or the sealing of a transcript bears the burden of showing that the material is the kind of information that courts will protect and that there is good cause for the order to issue. Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity. The exception that is closest to this case is the protection of a

The Honorable Leonard P. Stark
February 12, 2021
Page 2

>   party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.

*Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) (citations omitted). Disclosure of the confidential properties of Torrent's API to other defendants in the MDL, let alone to the public, could severely and irreparably harm Torrent. The Protective Order in this case recognizes the harm of disclosure of one defendant's confidential information to other defendants, providing restrictions on such sharing. (*See* C.A. 19-1979, D.I. 122 ¶ 20, so ordered 9/18/2020.) The danger to Torrent is particularly acute in this instance. Torrent is the only MDL defendant to have filed a 12(c) motion. Torrent may have unique noninfringement positions that provide Torrent with a competitive advantage over other defendants, who ultimately may be Torrent's competitors in the market for sacubitril/valsartan drug products. This is especially true at this early stage in litigation, where other defendants may have sufficient time to modify their proposed ANDA products to take advantage of Torrent's noninfringement position, or at least suggest they will do so in order to achieve leverage in settlement. Although Torrent cooperates with other defendants on common issues, it is important to Torrent that details of its confidential proposed ANDA product remain confidential before trial.

Logistically, Torrent suggests that that the clerk of the Court make available two lines, one public and one private. Initially, the parties will dial into the public line and discuss all non-confidential issues, such as the materials to be considered in deciding Torrent's motion, any general discussion of the patents-at-issue, and any other issues not redacted in the parties' briefs filed on the public docket. The parties anticipate that both Torrent and Novartis will present their arguments on non-confidential issues at this time. Upon both parties completing discussion of non-confidential issues, the parties will switch to the second, private line to continue discussion that involves Torrent's confidential information. The Court has already provided the public line for the hearing on the public docket (C.A. No. 19-1979, D.I. 188). Torrent would be happy to provide a private line to the Court, court reporter, and counsel for Novartis via email in advance of the hearing. Torrent also informs the Court that it intends to present demonstratives that will accompany its presentation, which may contain both confidential (e.g., excerpts from its ANDA) and non-confidential materials.

Respectfully,

*/s/ Eve H. Ormerod*

Eve H. Ormerod (No. 5369)


cc:   Clerk of Court (via CM/ECF)
      All Counsel of Record (via CM/ECF)