IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE ENTRESTO (SACUBITRIL/ VALSARTAN) PATENT LITIGATION | : : : : : | MDL Docket No. 20-md-2930-LPS |

| | | |
|---|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION, | : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 1:19-cv-01979-LPS |
| ALKEM LABORATORIES LTD., S&B PHARMA, INC., AUROBINDO PHARMA USA INC., AUROBINDO PHARMA LTD., BIOCON PHARMA LIMITED, BIOCON LIMITED, BIOCON PHARMA, INC., CRYSTAL PHARMACEUTICAL (SUZHOU) CO., LTD., LAURUS LABS LIMITED, LAURUS GENERICS INC., LUPIN ATLANTIS HOLDINGS, S.A., LUPIN LIMITED, LUPIN INC., LUPIN PHARMACEUTICALS, INC., NANJING NORATECH PHARMACEUTICAL CO., LIMITED, TEVA PHARMACEUTICALS USA, INC., TEVA PHARMACEUTICAL INDUSTRIES LTD., TORRENT PHARMA INC., TORRENT PHARMACEUTICALS LTD., | : : : : : : : : : : : : : : | |
| Defendants. | : : | |

**DEFENDANTS' DISCOVERY DISPUTE LETTER CONCERNING THE DEPOSITION OF PLAINTIFF'S EXPERT DR. KLIBANOV**

HEYMAN ENERIO
GATTUSO & HIRZEL LLP
Dominick T. Gattuso (# 3630)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801(302) 472-7300
dgattuso@hegh.law

Dated: May 5, 2021

Dear Judge Stark:

This firm, together with Parker Poe Adams & Bernstein, LLP, represents Defendant Crystal Pharmaceutical (Suzhou) Co., Ltd. ("Crystal Pharma").  Crystal Pharma, along with the other Defendants[1] in the MDL litigation, presently have a discovery dispute with Plaintiff Novartis regarding Novartis's refusal to produce its claim construction declarant Dr. Klibanov for deposition.  Defendants request that the Court order Novartis to provide Dr. Klibanov for deposition no later than May 13, 2021 so that Defendants have sufficient time to address Dr. Klibanov's testimony with their sur-reply claim construction brief due on May 17, 2021.  (*See* C.A. 20-md-2930, D.I. 102, ¶ 14.)

**Background**

The Court entered the claim construction dates set forth in the table below:

| Claim Construction Event | Date |
| --- | --- |
| Novartis's Opening Brief | March 3, 2021 |
| Defendants' Responsive Brief | March 31, 2021 |
| Novartis's Reply Brief | April 28, 2021 |
| Defendants' Sur-Reply Brief | May 17, 2021 |
| Submission of Joint Claim Construction Brief | May 21, 2021 |
| Claim Construction Hearing | June 7, 2021 |

(*Id.*)  With Novartis's brief, it also served a Declaration of Alexander M. Klibanov, Ph.D., offering opinions relating to the construction of certain claim terms.[2]  On March 30, Defendants served Novartis with a notice of deposition pursuant to Fed. R. Civ. P. 30(b)(1) for Dr. Klibanov, proposing May 5 for the deposition.  (C.A. 20-md-2930, D.I. 225.)  On April 20, having heard no response from Novartis regarding Dr. Klibanov's availability for deposition on May 5 or any other date, Defendants emailed Novartis to confirm the deposition.  Novartis served its objections to the notice of deposition that same evening, refusing to provide Dr. Klibanov for deposition unless ordered to do so by the Court.  (C.A. 20-md-2930, D.I. 231.)  The parties conferred by telephone on April 23 but were unable to reach agreement.

---

[1] Alkem Laboratories Ltd., Torrent Pharma, Inc., Torrent Pharmaceuticals, Ltd., Aurobindo Pharma Ltd., Aurobindo Pharma USA Inc., Biocon Limited, Biocon Pharma Limited, Biocon Pharma, Inc., Alembic Pharmaceuticals Limited, Dr. Reddy's Laboratories, Ltd., Dr. Reddy's Laboratories, Inc., Hetero USA, Inc., Hetero Labs Ltd., Hetero Labs Ltd. Unit III, Laurus Labs Limited, Laurus Generics Inc., Lupin Atlantis Holdings, S.A., Lupin Limited, Lupin Inc., Lupin Pharmaceuticals, Inc., MSN Laboratories Private Limited, MSN Life Sciences Pvt. Ltd., MSN Pharmaceuticals Inc., Macleods Pharmaceuticals Ltd., Macleods Pharma USA, Inc., Mylan Pharmaceuticals Inc., Nanjing Noratech Pharmaceutical Co., Limited, Novugen Pharma (Malaysia) Sdn. Bhd., Teva Pharmaceuticals USA, Inc., Zydus Pharmaceuticals (USA) Inc., and Cadila Healthcare Limited (with Crystal Pharma, collectively, "Defendants")

[2] Dr. Klibanov offers opinions related to the disputed "trisodium . . . hemipentahydrate" claim terms in U.S. Patent Nos. 8,877,938 and 9,388,134. (*See* C.A. 20-md-2930, D.I. 205, pp. 5-10.)

In his declaration, Dr. Klibanov has offered opinions regarding how a POSA would understand the term "trisodium [3-((1S,3R)-1-biphenyl-4-ylmethyl-3-ethoxycarbonyl-1-butylcarbamoyl)propionate-(S)-3′-methyl-2′-(pentanoyl{2″-(tetrazol-5-ylate)biphenyl-4′-ylmethyl}amino)butyrate]hemipentahydrate," the distinction between a "compound" and the "form" of a compound, and the significance of the various parts of the chemical name.

**Argument**

It is axiomatic that if a party submits an expert declaration with its claim construction briefing, there should be an opportunity to examine that witness on his/her opinions. *See Pacific Biosciences of California, Inc. v. Oxford Nanopore Tech., Inc.*, C.A. No. 1:17-cv-00275, D.I. 117 (D. Del. Oct. 2, 2018) (providing emergency relief for deposition of any expert witness who filed a declaration supporting a claim construction brief). Dr. Klibanov's opinions about claim construction are part of Novartis's claim construction briefing that will be submitted to this Court and address claim limitations central to infringement and validity disputes in this case. Defendants should be able to depose him to understand the scope and bases for his opinions.

The Scheduling Order provides that the parties shall notify the Court whether they request leave to present testimony at the claim construction hearing by May 21, 2021. The entire framework of the discovery process and the Federal Rules of Civil Procedure are set up to avoid unfair surprise. Defendants would be unfairly prejudiced by having to cross-examine Dr. Klibanov at the claim construction hearing without the opportunity to first depose Novartis's expert. And to the extent that Novartis continues to frustrate Defendants' effort to take Dr. Klibanov's deposition, the Court should prohibit Novartis from relying on his testimony during the hearing.

Novartis's objections to the deposition of Dr. Klibanov are baseless. As an initial matter, Novartis's assertion that the deposition is premature, "to the extent that it seeks to take a deposition before the time specified under Fed. R. Civ. P. 30(a)(2)(iii) and Fed. R. Civ. P. 26(d)" (C.A. 20-md-2930, D.I. 231) is mistaken, as the cited rule relates to a prohibition on discovery "before the parties have conferred as required by Rule 26(f)," with some exceptions that are not relevant here. The parties conferred as required by Rule 26(f) before the Scheduling Conference, which was held on August 24, 2020. (*See* C.A. 20-md-2930, D.I. 62.)

Novartis's additional objections are also meritless. Novartis asserts that while the parties agreed that claim construction briefing could be supported by expert declarations, there was no agreement on expert depositions associated with those declarations. (C.A. 20-md-2930, D.I. 231.) But silence in the Scheduling Order on this issue does not prohibit expert depositions associated with claim construction declarations. On the contrary, since depositions of experts are the default, if depositions are to be prohibited, that prohibition should be explicitly stated. And as noted above, the fact that the Scheduling Order contemplates live testimony at the hearing suggest that the parties did expect expert depositions. The Scheduling Order does not provide a date before which expert depositions are prohibited, but, instead, simply states that all expert depositions shall be completed by June 10, 2022. (C.A. 20-md-2930, D.I. 102, ¶ 9.n.) Defendants' requested deposition of Dr. Klibanov will be completed before June 10, 2022.

Finally, Novartis objects to the deposition of Dr. Klibanov based on prejudice. (C.A. 20-md-2930, D.I. 231.) Novartis agreed to the schedule and did not seek to include any limitations on

depositions of claim construction experts. And Novartis was not required to submit an expert declaration in connection with claim construction briefing. Once it chose to do so, Defendants have the right to examine Novartis's declarant on his opinions.

Novartis now complains that it is prejudiced because the timing of claim construction briefing would not allow it to have an opportunity to depose Defendants' expert declarant, Dr. Butcher, until after Defendants' sur-reply brief is submitted. Novartis therefore seeks to file a sur-sur-reply with the Joint Claim Construction brief. But this is a situation of Novartis's own making. Novartis has not noticed Dr. Butcher's deposition. Novartis chose not to notice Dr. Butcher's deposition prior to the submission of its reply claim construction brief and address Dr. Butcher's opinions with its reply. One party must go last. Novartis's suggestion that it should be permitted a sur-sur-reply simply gives it the last word, now putting Defendants in the position of not having further opportunity to respond.

Novartis stated that if it is ordered to produce Dr. Klibanov for deposition, the deposition should be limited only to the subject matter in his declaration and last no more than two hours. (C.A. 20-md-2930, D.I. 231.) These restrictions are unreasonable. Defendants intend to depose Dr. Klibanov on the subject matter of his declaration. Novartis is free to object at the deposition if it believes a question is outside the scope of the declaration; however, Novartis should not abuse the process to direct the witness not to answer any question counsel deems to be not limited to the subject matter in the declaration, which could include information relating to the underlying bases for Dr. Klibanov's opinions. In addition, while Defendants do not expect that the deposition of Dr. Klibanov will take a full day, limiting it to two hours is overly restrictive, especially given the number of Defendants. Defendants are entitled to the standard 7 hours but would be willing to agree to no more than five hours on the record, provided that Novartis commits to the same time limitation of 5 hours with Dr. Butcher. *See, e.g., Natera, inc. v. ArcherDX, Inc.*, C.A. No. 1:20-cv-00125, D.I. 145 (D. Del. Feb. 19, 2021) (ordering deposition of any expert who filed a declaration supporting a claim construction brief not to exceed five hours).

As Defendants have already told Novartis, Defendants are not opposed to permitting Novartis to depose Defendants' expert Dr. Butcher after Defendants' sur-reply claim construction brief is served. Defendants do not believe that a sur-sur-reply is necessary. Novartis has not even served a notice for Dr. Butcher's deposition. To the extent that Novartis seeks Dr. Butcher's deposition, Novartis can incorporate his deposition testimony into its Markman presentation.

\* \* \*

Novartis has no basis to refuse to provide Dr. Klibanov for deposition relating to his opinions offered in connection with the claim construction briefing. Defendants request that the Court order Novartis to provide Dr. Klibanov for deposition no later than May 13, 2021 so that Defendants have sufficient time to address Dr. Klibanov's testimony with their sur-reply claim construction brief due on May 17, 2021. During Defendants' meet and confer with Novartis, Novartis indicated that Dr. Klibanov was available during the week of May 10th, and by e-mail of April 29th, Defendants requested that Dr. Klibanov hold open dates of availability pending resolution of this dispute by the Court. If Dr. Klibanov cannot be produced by May 13, 2021, Defendants request a short extension to their sur-reply deadline. Defendants will meet and confer with Plaintiffs to propose a schedule based on Dr. Klibanov's earliest availability.

3

Respectfully,

*/s/ Dominick T. Gattuso*

Dominick T. Gattuso (#3630)

cc:  All Counsel of Record (via CM-ECF)