IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| In re Entresto (Sacubitril/Valsartan) Patent Litigation | C.A. No. 20-md-2930-LPS |
|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>DR. REDDY'S LABORATORIES, INC., DR. REDDY'S LABORATORIES, LTD., HETERO USA INC., HETERO LABS LIMITED, HETERO LABS LIMITED UNIT III, MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LIMITED, MSN LIFE SCIENCES PRIVATE LIMITED, NOVUGEN PHARMA (MALAYSIA) SDN. BHD., ZYDUS PHARMACEUTICALS (USA) INC.,CADILA HEALTHCARE LTD.,<br><br>Defendants. | C.A. No. 1:19-cv-02053-LPS |

**DEFENDANTS MSN LABORATORIES PRIVATE LIMITED'S, MSN LIFE SCIENCES PRIVATE LIMITED'S, AND MSN PHARMACEUTICALS INC.'S ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendants MSN Laboratories Private Limited, MSN Life Sciences Private Limited, and MSN Pharmaceuticals Inc. (collectively "MSN" or "Defendants"), by and through their undersigned attorneys, respond to the Complaint filed by Plaintiff Novartis Pharmaceuticals Corporation ("Plaintiff") as follows:

**GENERAL DENIAL**

Pursuant to Fed. R. Civ. P. 8(b)(3), MSN denies all allegations in Plaintiff's Complaint, except those expressly admitted below.

## NATURE OF THE ACTION

1.      MSN admits that Plaintiff's complaint appears to raise a patent infringement action arising under Title 35 of the United States Code and concerning Abbreviated New Drug Applications ("ANDAs") submitted to the United States Food and Drug Administration ("FDA") by the above-named defendants seeking FDA approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of generic sacubitril/valsartan tablets, 24 mg/26 mg, 49 mg/51 mg, and 97 mg/103 mg, prior to the expiration of U.S. Patents Nos. 8,101,659 (the "'659 patent"), 8,796,331 (the "'331 patent"), 8,877,938 (the "'938 patent"), and 9,388,134 (the "'134 patent"). MSN is without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 1 and, therefore, denies them on this basis.

## PARTIES

**A. Novartis**

2.      On information and belief, MSN admits Plaintiff Novartis Pharmaceuticals Corporation's ("Novartis") principal place of business. MSN is without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 2 and, therefore, denies them on this basis.

**B. Defendants**

**a.      Dr. Reddy's Laboratories, Inc.; Dr. Reddy's Laboratories, Ltd. (ANDA No. 213627)**

3-14.   These paragraphs contain allegations not directed towards MSN and therefore, no response is required.

       **b.**     **Hetero USA Inc.; Hetero Labs Limited; Hetero Labs Limited Unit III**
             **(ANDA No. 213668)**

15-29.      These paragraphs contain allegations not directed towards MSN and therefore no response is required.

       **c.**     **MSN Pharmaceuticals Inc.; MSN Laboratories Private Limited;**
             **MSN Life Sciences Private Limited**
             **(ANDA No. 213748)**

30.      MSN Pharmaceuticals Inc. admits that it is a Delaware corporation and does business at 20 Duke Road, Piscataway, New Jersey 08854. MSN Pharmaceuticals Inc. admits it is a wholly owned subsidiary of MSN Laboratories Private Limited. MSN denies the remaining allegations contained in this paragraph.

31.      MSN Laboratories Private Limited admits that it is a private limited company organized and existing under the laws of India, with a principal place of business at MSN House, Plot No: C-24, Industrial Estate, Sanathnagar, Hyderabad - 18 Telangana, India.

32.      MSN Life Sciences Private Limited admits that it is a is a private limited company organized and existing under the laws of India, having a principal place of business at Sy No - 21/A & 21AA, Mambapur (Village), Gummadidala (Mandal), Sangareddy (District) - 502313, Telangana, India. MSN denies the remaining allegations contained in this paragraph.

33.      MSN Pharmaceuticals Inc. denies the allegations contained in this paragraph.

34. MSN Laboratories Private Limited denies the allegations contained in this paragraph.

35. MSN Life Sciences Private Limited denies the allegations contained in this paragraph.

36. MSN Pharmaceuticals Inc. and MSN Laboratories Private Limited admit that they provided Plaintiff notice by a letter dated September 17, 2019 that MSN Pharmaceuticals Inc. and MSN Laboratories Private Limited had submitted to the FDA ANDA No. 213748 for sacubitril/valsartan tablets, 24 mg/26 mg, 49 mg/51 mg, and 97 mg/103 mg, ("MSN ANDA Products"), seeking FDA approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of the MSN ANDA Products in or into the United States, including Delaware, prior to the expiration of the '659, '331, '938, and '134 patents, and that ANDA No. 213748 includes a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) against the '659, '331, '938, and '134 patents

37. This paragraph calls for a legal conclusion and therefore no response is required. To the extent a response is required, MSN denies all of the allegations contained in this paragraph.

38. MSN Pharmaceuticals Inc. admits that it acted in concert with MSN Laboratories Private Limited in the preparation and submission of ANDA No. 213748. MSN denies all of the remaining allegations contained in this paragraph.

39. MSN lacks sufficient information to admit or deny the allegations contained in this paragraph concerning what will happen if the ANDA is approved,

4

thus denies them on this basis. MSN denies all of the remaining allegations contained in this paragraph.

40.    MSN Pharmaceuticals Inc. and MSN Laboratories Private Limited admit that they have applied to the FDA for approval of its ANDA. MSN denies all of the remaining allegations contained in this paragraph.

41.    MSN denies all of the allegations contained in this paragraph.

42.    MSN denies all of the allegations contained in this paragraph.

43.    MSN Pharmaceuticals Inc. and MSN Laboratories Private Limited admit that they have asserted counterclaims in a lawsuit filed in the United States District Court for the District of Delaware, captioned "*Vanda Pharms. v. MSN Pharms. Inc. et al.*, C.A. No. 19-926 (D. Del.)." The remaining allegations of this paragraph call for a legal conclusion and therefore no response is required. To the extent a response is required, MSN denies all of the remaining allegations contained in this paragraph.

44.    MSN Pharmaceuticals Inc. and MSN Laboratories Private Limited admit that they are the entities identified in the MSN Notice Letter as having submitted ANDA No. 213748, and admit that they have agreed with Novartis to litigate any patent action(s) concerning ANDA No. 213748 in the District of Delaware, and have agreed, only for the purposes of such action(s), not to challenge personal jurisdiction and venue in the District of Delaware.

**d.    Novugen Pharma (Malaysia) Sdn. Bhd. (ANDA No. 213611)**

45-51.  These paragraphs contain allegations not directed towards MSN and therefore no response is required.

5

      **e.**     **Zydus Pharmaceuticals (USA) Inc.; Cadila Healthcare Ltd. (ANDA No. 213719)**

52-63.  These paragraphs contain allegations not directed towards MSN and therefore no response is required.

**JURISDICTION AND VENUE**

64.     This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, MSN does not assert that this Court lacks subject matter jurisdiction in this action.

      **a.**     **Dr. Reddy's Laboratories, Inc.; Dr. Reddy's Laboratories, Ltd. (ANDA No. 213627)**

65-71.  These paragraphs contain allegations not directed towards MSN and therefore no response is required.

      **b.**     **Hetero USA Inc.; Hetero Labs Limited; Hetero Labs Limited Unit III (ANDA No. 213668)**

72-77.  These paragraphs contain allegations not directed towards MSN and therefore no response is required.

      **c.**     **MSN Pharmaceuticals Inc.; MSN Laboratories Private Limited; MSN Life Sciences Private Limited (ANDA No. 213748)**

78.     This paragraph contains legal conclusions to which no answer is required. For purposes of this action only, MSN does not contest that personal jurisdiction is proper as to MSN. To the extent that a response is required, MSN denies the allegations in this paragraph.

25028262.v2

79.     This paragraph contains legal conclusions to which no answer is required. For purposes of this action only, MSN does not contest that personal jurisdiction is proper as to MSN. To the extent that a response is required, MSN denies the allegations in this paragraph.

80.     This paragraph contains legal conclusions to which no answer is required. For purposes of this action only, MSN does not contest that personal jurisdiction is proper as to MSN. To the extent that a response is required, MSN denies the allegations in this paragraph.

81.     This paragraph contains legal conclusions to which no answer is required. For purposes of this action only, MSN does not contest that personal jurisdiction is proper as to MSN. To the extent that a response is required, MSN denies the allegations in this paragraph.

82.     This paragraph contains legal conclusions to which no answer is required. For purposes of this action only, MSN does not contest that personal jurisdiction is proper as to MSN. To the extent that a response is required, MSN Pharmaceuticals Inc. and MSN Laboratories Private Limited admit that they have agreed with Novartis to litigate this action in Delaware and not to contest personal jurisdiction or venue in Delaware in this action only.

83.     This paragraph contains legal conclusions to which no answer is required. MSN lacks sufficient information to admit or deny the remaining allegations contained in this paragraph, thus denies them on this basis.

84.    This paragraph contains legal conclusions to which no answer is required. MSN lacks sufficient information to admit or deny the remaining allegations contained in this paragraph, thus denies them on this basis.

**d.    Novugen Pharma (Malaysia) Sdn. Bhd. (ANDA No. 213611)**

85-90.  These paragraphs contain allegations not directed towards MSN and therefore no response is required.

**e.    Zydus Pharmaceuticals (USA) Inc.; Cadila Healthcare Ltd. (ANDA No. 213719)**

91-97.  These paragraphs contain allegations not directed towards MSN and therefore no response is required.

<u>THE PATENTS-IN-SUIT AND ENTRESTO ®</u>

98.    MSN admits that the '659 patent is entitled "Methods of treatment and pharmaceutical composition," and that on its face, the '659 patent has an issue date of January 24, 2012. MSN denies that the '659 patent was duly and legally issued. MSN admits that a copy of the '659 patent appears to be attached as Exhibit A to the Complaint. MSN is without sufficient information or knowledge to admit or deny the remaining allegations contained in this paragraph and, therefore, denies them on this basis.

99.    This paragraph contains legal conclusions to which no answer is required. To the extent that a response is required, MSN responds that the language of the '659 patent claims speaks for itself.

100.    MSN admits that the '331 patent is entitled "Methods of treatment and pharmaceutical composition," and that on its face, the '331 patent has an issue date of August 5, 2014. MSN denies that the '331 patent was duly and legally issued. MSN admits that a copy of the '331 patent appears to be included as Exhibit B to the Complaint. MSN is without sufficient information or knowledge to admit or deny the remaining allegations contained in this paragraph and, therefore, denies them on this basis.

101.    This paragraph contains legal conclusions to which no answer is required. To the extent that a response is required, MSN responds that the language of the '331 patent claims speaks for itself.

102.    MSN admits that the '938 patent is entitled "Compounds containing S-N-valeryl-N-{[2'-(1H-tetrazole-5-yl)-biphenyl-4-yl]-methyl}-valine and (2R,4S)-5-biphenyl-4-yl-4-(3-carboxy-propionylamino)-2-methyl-pentanoic acid ethyl ester moieties and cations," and that on its face, the '938 patent has an issue date of November 4, 2014. MSN denies that the '938 patent was duly and legally issued. MSN admits that a copy of the '938 patent appears to be included as Exhibit C to the Complaint. MSN is without sufficient information or knowledge to admit or deny the remaining allegations contained in this paragraph and, therefore, denies them on this basis.

103.    This paragraph contains legal conclusions to which no answer is required. To the extent that a response is required, MSN responds that the language of the '938 patent claims speaks for itself.

104.     MSN admits that the '134 patent is entitled "Compounds containing S-N-valeryl-N-{[2'-(1H-tetrazole-5-yl)-biphenyl-4-yl]-methyl}-valine and (2R,4S)-5-biphenyl-4-yl-4-(3-carboxy-propionylamino)-2-methyl-pentanoic acid ethyl ester moieties and cations," and that on its face, the '134 patent has an issue date of July 12, 2016. MSN denies that the '134 patent was duly and legally issued. MSN admits that a copy of the '134 patent appears to be included as Exhibit D to the Complaint. MSN is without sufficient information or knowledge to admit or deny the remaining allegations contained in this paragraph and, therefore, denies them on this basis.

105.     This paragraph contains legal conclusions to which no answer is required. To the extent that a response is required, MSN responds that the language of the '938 patent claims speaks for itself.

106.     On information and belief, MSN admits that Novartis holds New Drug Application ("NDA") No. 207620, for  Entresto® brand sacubitril and valsartan tablets, and that Entresto ® is approved for the treatment of cardiovascular death and hospitalization for heart failure in patients with chronic heart failure (NYHA Class II-IV) and reduced ejection fraction, and for the treatment of symptomatic heart failure with systemic left ventricular systolic dysfunction in pediatric patients aged one year and older.

107.     MSN is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph and, therefore, denies them on this basis.

108.    MSN admits that the '659 patent, the '331 patent, the '938 patent, and the '134 patent are all listed in *Approved Drug Products with Therapeutic Equivalence Evaluations* ("the Orange Book") for Entresto®.

## ALLEGED INFRINGEMENT BY EACH DEFENDANT OF THE PATENTS-IN-SUIT

109.    MSN incorporates their responses to paragraphs 1 – 63 and 98 – 108 as if fully set forth herein.

**a.    Dr. Reddy's Laboratories, Inc.; Dr. Reddy's Laboratories, Ltd. (ANDA No. 213627)**

110-127. These paragraphs contain allegations not directed towards MSN and therefore no response is required.

**b.    Hetero USA Inc.; Hetero Labs Limited; Hetero Labs Limited Unit III (ANDA No. 213668)**

128-144. These paragraphs contain allegations not directed towards MSN and therefore no response is required.

**c.    MSN Pharmaceuticals Inc.; MSN Laboratories Private Limited; MSN Life Sciences Private Limited (ANDA No. 213748)**

145.    MSN Pharmaceuticals Inc. and MSN Laboratories Private Limited admit that they submitted to the FDA ANDA No. 213748 under the provisions of 21 U.S.C. § 355(j) seeking approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of the MSN ANDA Products prior to the expiration of the '659, '331, '938, and '134 patents. MSN denies the remaining allegations contained in this paragraph.

146.    MSN admits that on or about September 17, 2019, MSN Pharmaceuticals Inc. and MSN Laboratories Private Limited sent a letter notifying Plaintiff of ANDA No. 213748. On information and belief, this action was commenced on October 29, 2019.

147.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MSN denies the allegations contained in this paragraph.

148.    MSN Pharmaceuticals Inc. and MSN Laboratories Private Limited admit that they were aware of the '659, '331, '938, and '134 patents at the time of the filing of ANDA No. 213748.  The remaining allegations contained in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, MSN denies the remaining allegations contained in this paragraph.

149.    MSN denies the allegations contained in this paragraph of the Amended Complaint.

150.    MSN responds that the language of MSN Pharmaceuticals Inc.'s and MSN Laboratories Private Limited's notice letter to Novartis speaks for itself.

151.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MSN denies the allegations contained in this paragraph.

152.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MSN denies the allegations contained in this paragraph.

12

153.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MSN denies the allegations contained in this paragraph.

154.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MSN denies the allegations contained in this paragraph.

155.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MSN denies the allegations contained in this paragraph.

156.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MSN denies the allegations contained in this paragraph.

157.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MSN denies the allegations contained in this paragraph.

158.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MSN denies the allegations contained in this paragraph.

159.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MSN denies the allegations contained in this paragraph.

25028262.v2

160.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MSN denies the allegations contained in this paragraph.

161.    MSN Pharmaceuticals Inc. and MSN Laboratories Private Limited admit that they have sought approval of MSN's ANDA products under ANDA No. 213748. MSN denies the remaining allegations contained in this paragraph.

162.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MSN denies the allegations contained in this paragraph.

**d.    Novugen Pharma (Malaysia) Sdn. Bhd. (ANDA No. 213611)**

163-180.    These paragraphs contain allegations not directed towards MSN and therefore no response is required.

**e.    Zydus Pharmaceuticals (USA) Inc.; Cadila Healthcare Ltd. (ANDA No. 213719)**

181-198.    These paragraphs contain allegations not directed towards MSN and therefore no response is required.

## PLAINTIFF'S PRAYER FOR RELIEF

MSN denies that Plaintiff is entitled to any of the relief requested in its Prayer for Relief or to any relief whatsoever.

**a.    Dr. Reddy's Laboratories, Inc.; Dr. Reddy's Laboratories, Ltd. (ANDA No. 213627)**

199-206.    These paragraphs contain allegations not directed towards MSN and therefore no response is required.

25028262.v2

### b. Hetero USA Inc.; Hetero Labs Limited; Hetero Labs Limited Unit III (ANDA No. 213668)

207-214.    These paragraphs contain allegations not directed towards MSN and therefore no response is required.

### c. MSN Pharmaceuticals Inc.; MSN Laboratories Private Limited; MSN Life Sciences Private Limited (ANDA No. 213748)

215.    MSN denies that Plaintiff is entitled to any of the relief requested in this paragraph of its Prayer for Relief or to any relief whatsoever.

216.    MSN denies that Plaintiff is entitled to any of the relief requested in this paragraph of its Prayer for Relief or to any relief whatsoever.

217.    MSN denies that Plaintiff is entitled to any of the relief requested in this paragraph of its Prayer for Relief or to any relief whatsoever.

218.    MSN denies that Plaintiff is entitled to any of the relief requested in this paragraph of its Prayer for Relief or to any relief whatsoever.

219.    MSN denies that Plaintiff is entitled to any of the relief requested in this paragraph of its Prayer for Relief or to any relief whatsoever.

220.    MSN denies that Plaintiff is entitled to any of the relief requested in this paragraph of its Prayer for Relief or to any relief whatsoever.

221.    MSN denies that Plaintiff is entitled to any of the relief requested in this paragraph of its Prayer for Relief or to any relief whatsoever.

222.    MSN denies that Plaintiff is entitled to any of the relief requested in this paragraph of its Prayer for Relief or to any relief whatsoever.

25028262.v2

   d.     **Novugen Pharma (Malaysia) Sdn. Bhd. (ANDA No. 213611)**

223-230.     These paragraphs contain allegations not directed towards MSN and therefore no response is required.

   f.     **Zydus Pharmaceuticals (USA) Inc.; Cadila Healthcare Ltd. (ANDA No. 213719)**

231-238.     These paragraphs contain allegations not directed towards MSN and therefore no response is required.

<u>**DEFENDANTS' AFFIRMATIVE DEFENSES**</u>

MSN asserts the following defenses without prejudice to the denials in this Answer and without admitting any allegations of the Complaint not otherwise admitted. MSN does not assume the burden of proof on any such defenses, except as required by the applicable law with respect to the particular defense asserted. MSN reserves the right to assert other defenses and/or to supplement or amend its Answer and Affirmative Defenses to the Complaint upon discovery of facts or evidence rendering such action appropriate.

**FIRST AFFIRMATIVE DEFENSE**
**(No Direct Infringement)**

MSN does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claims of the '659, '331, '938, and '134 patents, and if the products that are the subject of ANDA No. 213748 were marketed, MSN would not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claims of the '659, '331, '938, and '134 patents.

**SECOND AFFIRMATIVE DEFENSE**

16

**(No Indirect Infringement)**

MSN has not induced or contributed to, and does not and will not induce or contribute to, the infringement, either literally or under the doctrine of equivalents, of any valid and enforceable claims of the '659, '331, '938, and '134 patents, and if the products that are the subject of ANDA No. 213748 were marketed, MSN would not induce or contribute to the infringement, either literally or under the doctrine of equivalents, of any valid and enforceable claims of the '659, '331, '938, and '134 patents.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

The claims of the '659, '331, '938, and '134 patents are invalid for failure to comply with one or more conditions for patentability set forth in one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### FOURTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

By virtue of the prosecution proceedings before the United States Patent and Trademark Office of the patent application leading to the '659, '331, '938, and '134 patents, Plaintiff is estopped from maintaining that any valid or enforceable claims of the '659, '331, '938, and '134 patents are infringed by the product that is the subject of MSN's ANDA No. 213748.

### FIFTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff has failed to state a claim upon which relief can be granted.

17

## DEFENDANT'S COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc., for their Counterclaims against Novartis Pharmaceuticals Corporation allege as follows:

1.     MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc. repeat and incorporate by reference each of the foregoing paragraphs of MSN's Answer and Affirmative Defenses to the Complaint.

## THE PARTIES

2.     MSN Laboratories Private Limited is a Private Limited company organized and existing under the laws of India, having a principal place of business at MSN House Plot No. C-24, Industrial Estate, Sanathnagar, Hyderabad - 18, Telangana, India.

3.     MSN Pharmaceuticals, Inc. is a corporation organized and existing under the laws of Delaware, with a principal place of business at 20 Duke Road, Piscataway, NJ 08854.

4.     Upon information and belief, Novartis Pharmaceuticals Corporation ("Novartis") is a corporation organized and existing under the laws of the State of Delaware, having a place of business in East Hanover, New Jersey.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over these Counterclaims for declaratory judgment pursuant to 35 U.S.C. § 271(3)(5); 28 U.S.C. §§ 1331, 1337(a), 1338, 2201, 2202; and/or 21 U.S.C. § 355(j), based on an actual controversy between MSN

Laboratories Private Limited and MSN Pharmaceuticals, Inc. and Novartis arising

under the Patent Laws of the United States, 35 U.S.C. § 100 et seq.

6.      This Court has personal jurisdiction over Novartis based, *inter ali*a, on the

filing by Novartis of this lawsuit in this jurisdiction.

7.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c)

and 1400(b), and 21 U.S.C. § 355(j)(5)(c)(i)(II).

## PATENTS AT ISSUE

### U.S. Patent No. 8,101,659

8.      This is a counterclaim for declaratory judgment of non-infringement,

unenforceability, and/or invalidity of one or more claims of United States Patent No.

8,101,659 ("the '659 patent") under 35 U.S.C. § 271(e)(5), 28 U.S.C. §§ 2201 and 2202,

21 U.S.C. § 355(j), and 21 U.S.C. § 355(J)(5)(c).

9.      On information and belief, on January 24, 2012, the Patent and Trademark

Office ("PTO") issued the '659 patent entitled "Methods of treatment and

pharmaceutical composition" The '659 patent lists, on its face, Gary Ksander and Randy

Webb as inventors of the patent. On information and belief, Novartis Pharmaceuticals,

Corp. is the assignee of the '659 patent.

10.     According to the Food and Drug Administration ("FDA") publication

entitled "Approved Drug Products with Therapeutic Equivalence Evaluations" (known

as "the Orange Book"), the '659 patent will expire on January 14, 2023.

### U.S. Patent No. 8,796,331

11.    This is also a counterclaim for declaratory judgment of non-infringement, unenforceability, and/or invalidity of one or more claims of United States Patent No. 8,796,331 ("the '331 patent") under 35 U.S.C. § 271(e)(5), 28 U.S.C. §§ 2201 and 2202, 21 U.S.C. § 355(j), and 21 U.S.C. § 355(J)(5)(c).

12.    On information and belief, on August 05, 2014, the Patent and Trademark Office ("PTO") issued the '331 patent entitled "Methods of treatment and pharmaceutical composition" The '331 patent lists, on its face, Gary Ksander and Randy Webb as inventors. On information and belief, Novartis Pharmaceuticals, Corp. is the assignee of the '331 patent.

13.    According to the Food and Drug Administration ("FDA") publication entitled "Approved Drug Products with Therapeutic Equivalence Evaluations" (known as "the Orange Book"), the '331 patent will expire on January 14, 2023.

### U.S. Patent No. 8,877,938

14.    This is also a counterclaim for declaratory judgment of non-infringement, unenforceability, and/or invalidity of one or more claims of United States Patent No. 8,877,938 ("the '938 patent") under 35 U.S.C. § 271(e)(5), 28 U.S.C. §§ 2201 and 2202, 21 U.S.C. § 355(j), and 21 U.S.C. § 355(J)(5)(c).

15.    On information and belief, on November 04, 2014, the Patent and Trademark Office ("PTO") issued the '938 patent entitled "Compounds containing S-N-valeryl-N-{[2'-(1H-tetrazole-5-yl)-biphenyl-4-yl]-methyl}-valine and (2R,4S)-5-biphenyl-4-yl-4-(3-carboxy-propionylamino)-2-methyl-pentanoic acid ethyl ester moieties and cations." The '938 patent lists, on its face, Lili Feng, Sven Erik Godtfredsen, Bin Hu,

20

Yugang Liu, Piotr Karpinski, Paul Allen Sutton, Mahavir Prashad, Michael J. Girgis, and Thomas J. Blacklock as inventors. On information and belief, Novartis Pharmaceutical Corp. is the assignee of the '938 patent.

16.　　According to the Food and Drug Administration ("FDA") publication entitled "Approved Drug Products with Therapeutic Equivalence Evaluations" (known as "the Orange Book"), the '938 patent will expire on May 27, 2027.

### U.S. Patent No. 9,388,134

17.　　This is also a counterclaim for declaratory judgment of non-infringement, unenforceability, and/or invalidity of one or more claims of United States Patent No. 9,388,134 ("the '134 patent") under 35 U.S.C. § 271(e)(5), 28 U.S.C. §§ 2201 and 2202, 21 U.S.C. § 355(j), and 21 U.S.C. § 355(J)(5)(c).

18.　　On information and belief, on July 12, 2016, the Patent and Trademark Office ("PTO") issued the '134 patent entitled "Compounds containing S-N-valeryl-N-{[2'-(1H-tetrazole-5-yl)-biphenyl-4-yl]-methyl)-valine and (2R,4S)-5-biphenyl-4-yl-4-(3-carboxy-propionylamino)-2-methyl-pentanoic acid ethyl ester moieties and cations." The '134 patent lists, on its face, Lili Feng, Sven Erik Godtfredsen, Paul Allen Sutton, Mahavir Prashad, Michael J. Girgis, Bin Hu, Yugang Liu, Thomas J. Blacklock, and Piotr Henryk Karpinskias inventors.

19.　　On the face of the '134 patent, the assignee is listed as Novartis AG.

20.　　On information and belief, no assignments are recorded in the USTPO patent database for the '134 patent.

21.    According to the Food and Drug Administration ("FDA") publication entitled "Approved Drug Products with Therapeutic Equivalence Evaluations" (known as "the Orange Book"), the '134 patent will expire on November 08, 2026.

### THE APPLICATIONS AT ISSUE

### The NDA

22.    On information and belief, Novartis is the current holder of NDA No. 207620 for 24 mg/26 mg, 49 mg/51 mg, and 97 mg/103 mg sacubitril/valsartan tablets, which Novartis markets and sells, directly or indirectly, under the trade name Entresto® in the United States, including this judicial district.

23.    On information and belief, the FDA approved NDA No. 207620 on July 7, 2015, which permitted Novartis to market and sell its sacubitril/valsartan tablets in this judicial district and throughout the United Sates.

24.    The Federal Food, Drug, and Cosmetic Act ("the Act") authorizes a pharmaceutical company to file an Abbreviated New Drug Application ("ANDA"), which the FDA will approve if the pharmaceutical company shows that its product has the same active ingredient as, and is bioequivalent to, a product that the FDA has already approved. Typically, the ANDA applicant submits data showing that its product is bioequivalent to a product that has been the subject of an approved NDA.

25.    The Act requires NDA holders to submit to the FDA the patent number and expiration date of any patent(s) for which the NDA holder believes "a claim of patent infringement could reasonably be asserted if a person not licensed by the [NDA] owner engaged in the manufacture, use or sale of the drug." 21 U.S.C. § 355(b)(1). The

FDA—with no substantive review of the patents — lists the patent number(s) and expiration date(s) in the Orange Book.

26.     If an ANDA applicant seeks approval to market its generic product before a patent listed in the Orange Book expires, the applicant must include in its ANDA a certification that its proposed product would not infringe that patent, and/or that the patent is invalid and/or unenforceable. The ANDA applicant must then send notice to the NDA holder and patent owner(s), which includes a detailed statement of the factual and legal bases of the ANDA applicant's opinion that the patent is invalid, unenforceable, and/or would not be infringed.

27.     Upon information and belief, Novartis, as the NDA holder for Entresto® (NDA No. 207620), filed requests with the FDA pursuant to 21 U.S.C. § 355(b)(1) to list the '659 patent in the Orange Book for Entresto®.

28.     Upon information and belief, Novartis, as the NDA holder for Entresto® (NDA No. 207620), filed requests with the FDA pursuant to 21 U.S.C. § 355(b)(1) to list the '331 patent in the Orange Book for Entresto®.

29.     Upon information and belief, Novartis, as the NDA holder for Entresto® (NDA No. 207620), filed requests with the FDA pursuant to 21 U.S.C. § 355(b)(1) to list the '938 patent in the Orange Book for Entresto®.

30.     Upon information and belief, Novartis, as the NDA holder for Entresto® (NDA No. 207620), filed requests with the FDA pursuant to 21 U.S.C. § 355(b)(1) to list the '134 patent in the Orange Book for Entresto®.

31.    Novartis's maintenance of the '659, '331, '938, and '134 patents in the Orange Book means that it believes these patents "claims the drug for which the application was submitted [i.e., Entresto®] and with respect to which a claim or patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug." See 21 U.S.C. § 355(b)(1).

### ANDA NO. 213748

32.    MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc. have filed an ANDA with the FDA seeking approval to market sacubitril/valsartan tablets, 24 mg/26 mg, 49 mg/51 mg, and 97 mg/103 mg ("ANDA Products"). As part of the application, MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc. certified that their ANDA Products described in ANDA No. 213748 did not infringe the '659, '331, '938, and '134 patents, and/or that the '659, '331, '938, and '134 patents are invalid and/or unenforceable.

33.    MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc. provided notice of their certification with respect to the '659, '331, '938, and '134 patents to Novartis, which Novartis received on or about September 17, 2019. The notice provided the factual and legal bases as to why, in MSN's opinion, the '659, '331, '938, and '134 patents were invalid, unenforceable, and/or would not be infringed by the commercial manufacture, use, or sale of the ANDA Products before the expiration of the '659, '331, '938, and '134 patents. MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc. also enclosed an Offer of Confidential Access to MSN's ANDA in accordance with 21 U.S.C. § 505(j)(5)(C)(i)(III).

34.    On October 29, 2019, Novartis sued MSN alleging infringement of the '659, '331, '938, and '134 patents in the above-captioned action in the District of Delaware.

35.    Novartis's conduct impairs MSN's ability to market MSN's ANDA Products. MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc. thus seek a declaratory judgment that their ANDA Products do not infringe the '659, '331, '938, and '134 patents and/or that these patents are invalid and/or unenforceable.

## THE PRESENCE OF A CASE OF ACTUAL CONTROVERSY

36.    By maintaining the Orange Book listing of the '659, '331, '938, and '134 patents in connection with Entresto®, Novartis continues to represent that the '659, '331, '938, and '134 patents could reasonably be asserted against anyone making, using, or selling a generic sacubitril/valsartan product without a license from Novartis.

37.    MSN Laboratories Private Limited's and MSN Pharmaceuticals, Inc.'s Paragraph IV certification states that the '659, '331, '938, and '134 patents are invalid, unenforceable, and/or will not be infringed by the manufacture, use, sale, and/or offer for sale of the ANDA Products.

38.    Novartis's Complaint gives rise to an actual controversy with respect to the '659, '331, '938, and '134 patents with respect to ANDA No. 213748.

39.    MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc. have made, and will continue to make, substantial preparations in connection with their request for FDA approval of their ANDA Products.

25

40.    To avoid legal uncertainty and to protect MSN's substantial investment (and anticipated future investment) in MSN's ANDA Products, MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc. seek declaratory relief with respect to the '659, '331, '938, and '134 patents.

41.    MSN has not stipulated to or otherwise consented to the validity, infringement, or enforceability of the '659, '331, '938, and '134 patents.

42.    Upon FDA approval of MSN Laboratories Private Limited's and MSN Pharmaceuticals, Inc.'s ANDA, MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc. will be able to market and sell their ANDA Products in the United States.

43.    A judgment declaring that the '659, '331, '938, and '134 patents are invalid, unenforceable, and/or will not be infringed by the manufacture, use, sale, and/or offer for sale of MSN's ANDA Products will remove any independent barriers to competition that may exist by virtue of Novartis's maintenance of the listing of the '659, '331, '938, and '134 patents in the Orange Book in connection with NDA No. 207620.

44.    The totality of circumstances support that a case or controversy exists with respect to the infringement, invalidity, and/or unenforceability of the '659, '331, '938, and '134 patents.

**FIRST COUNT**
**(Declaratory Judgment of Non-Infringement of the '659 Patent)**

45.    MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc. repeat and incorporate by reference each of the foregoing paragraphs of MSN's Answer and Affirmative Defenses to the Complaint and of these Counterclaims.

46.    This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual, substantial, and continuing justiciable controversy having adverse legal interest of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Novartis and MSN concerning the infringement of the '659 patent.

47.    The manufacture, use, offer for sale, sale, and/or importation into the United States of MSN's ANDA Products pursuant to ANDA No. 213748 does not infringe any valid and enforceable claim of the '659 patent.

48.    Thus, MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc. are entitled to a declaration that the manufacture, use, offer for sale, sale, and/or importation into the United States of MSN's ANDA Products do not infringe any valid and enforceable claim of the '659 patent.

**SECOND COUNT**
**(Declaratory Judgment of Invalidity of the '659 Patent)**

49.    MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc. repeat and incorporate by reference each of the foregoing paragraphs of MSN's Answer and Affirmative Defenses to the Complaint and of these Counterclaims.

25028262.v2

50.     This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual, substantial, and continuing justiciable controversy having adverse legal interest of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Novartis and MSN concerning the invalidity of claims of the '659 patent.

51.     The claims of the '659 patent are invalid for failure to comply with the requirements of patentability as specified in 35 U.S.C. §§ 1 et seq., including, without limitation, 35 U.S.C. §§ 102, 103, and/or 112, and/or based on other judicially-created bases for invalidation.

52.     Thus, MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc. are entitled to a declaration that the claims of the '659 patent are invalid.

**THIRD COUNT**
**(Declaratory Judgment of Non-Infringement of the '331 Patent)**

53.     MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc. repeat and incorporate by reference each of the foregoing paragraphs of MSN's Answer and Affirmative Defenses to the Complaint and of these Counterclaims.

54.     This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual, substantial, and continuing justiciable controversy having adverse legal interest of sufficient immediacy and reality to warrant the issuance of a declaration of rights by

this Court exists between Novartis and MSN concerning the infringement of the '331 patent.

55.     The manufacture, use, offer for sale, sale, and/or importation into the United States of MSN's ANDA Products pursuant to ANDA No. 213748 does not infringe any valid and enforceable claim of the '331 patent.

56.     Thus, MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc. are entitled to a declaration that the manufacture, use, offer for sale, sale, and/or importation into the United States of MSN's ANDA Products do not infringe any valid and enforceable claim of the '331 patent.

## FOURTH COUNT
### (Declaratory Judgment of Invalidity of the '331 Patent)

57.     MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc. repeat and incorporate by reference each of the foregoing paragraphs of MSN's Answer and Affirmative Defenses to the Complaint and of these Counterclaims.

58.     This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual, substantial, and continuing justiciable controversy having adverse legal interest of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Novartis and MSN concerning the invalidity of claims of the '331 patent.

59.     The claims of the '331 patent are invalid for failure to comply with the requirements of patentability as specified in 35 U.S.C. §§ 1 et seq., including, without

limitation, 35 U.S.C. §§ 102, 103, and/or 112, and/or based on other judicially-created bases for invalidation.

60.    Thus, MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc. are entitled to a declaration that the claims of the '331 patent are invalid.

### FIFTH COUNT
### (Declaratory Judgment of Non-Infringement of the '938 Patent)

61.    MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc. repeat and incorporate by reference each of the foregoing paragraphs of MSN's Answer and Affirmative Defenses to the Complaint and of these Counterclaims.

62.    This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual, substantial, and continuing justiciable controversy having adverse legal interest of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Novartis and MSN concerning the infringement of the '938 patent.

63.    The manufacture, use, offer for sale, sale, and/or importation into the United States of MSN's ANDA Products pursuant to ANDA No. 213748 does not infringe any valid and enforceable claim of the '938 patent.

64.    Thus, MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc. are entitled to a declaration that the manufacture, use, offer for sale, sale, and/or importation into the United States of MSN's ANDA Products do not infringe any valid and enforceable claim of the '938 patent.

25028262.v2

## SIXTH COUNT
### (Declaratory Judgment of Invalidity of the '938 Patent)

65.     MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc. repeat and incorporate by reference each of the foregoing paragraphs of MSN's Answer and Affirmative Defenses to the Complaint and of these Counterclaims.

66.     This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual, substantial, and continuing justiciable controversy having adverse legal interest of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Novartis and MSN concerning the invalidity of claims of the '938 patent.

67.     The claims of the '938 patent are invalid for failure to comply with the requirements of patentability as specified in 35 U.S.C. §§ 1 et seq., including, without limitation, 35 U.S.C. §§ 102, 103, and/or 112, and/or based on other judicially-created bases for invalidation.

68.     Thus, MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc. are entitled to a declaration that the claims of the '938 patent are invalid.


## SEVENTH COUNT
### (Declaratory Judgment of Non-Infringement of the '134 Patent)

69.     MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc. repeat and incorporate by reference each of the foregoing paragraphs of MSN's Answer and Affirmative Defenses to the Complaint and of these Counterclaims.

70.     This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual, substantial, and continuing justiciable controversy having adverse legal interest of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Novartis and MSN concerning the infringement of the '134 patent.

71.     The manufacture, use, offer for sale, sale, and/or importation into the United States of MSN's ANDA Products pursuant to ANDA No. 213748 does not infringe any valid and enforceable claim of the '134 patent.

72.     Thus, MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc. are entitled to a declaration that the manufacture, use, offer for sale, sale, and/or importation into the United States of MSN's ANDA Products do not infringe any valid and enforceable claim of the '134 patent.

## EIGHTH COUNT
### (Declaratory Judgment of Invalidity of the '134 Patent)

73.     MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc. repeat and incorporate by reference each of the foregoing paragraphs of MSN's Answer and Affirmative Defenses to the Complaint and of these Counterclaims.

74.     This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual, substantial, and continuing justiciable controversy having adverse legal interest of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Novartis and MSN concerning the invalidity of claims of the '134 patent.

75.     The claims of the '134 patent are invalid for failure to comply with the requirements of patentability as specified in 35 U.S.C. §§ 1 et seq., including, without limitation, 35 U.S.C. §§ 102, 103, and/or 112, and/or based on other judicially-created bases for invalidation.

76.     Thus, MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc. are entitled to a declaration that the claims of the '134 patent are invalid.

## EXCEPTIONAL CASE

77.     This case is an exceptional one, and MSN is entitled to an award of its reasonable attorneys' fees and costs under 35 U.S.C. § 285.

## PRAYERS FOR RELIEF

WHEREFORE, Defendants MSN Laboratories Private Limited and MSN Pharmaceuticals Inc. pray that the Court enter judgment in their favor and against Novartis Pharmaceuticals Corporation as follows:

25028262.v2

A.      Declaring that the making, using, selling, offering for sale, marketing, or importation of MSN's ANDA Products described in ANDA No. 213748 do not infringe any valid or enforceable claim of the '659 patent;

B.      Declaring that the '659 patent and all of its claims are invalid;

C.      Declaring that the making, using, selling, offering for sale, marketing, or importation of MSN's ANDA Products described in ANDA No. 213748 do not infringe any valid or enforceable claim of the '331 patent;

D.      Declaring that the '331 patent and all of its claims are invalid;

E.      Declaring that the making, using, selling, offering for sale, marketing, or importation of MSN's ANDA Products described in ANDA No. 213748 do not infringe any valid or enforceable claim of the '938 patent;

F.      Declaring that the '938 patent and all of its claims are invalid;

G.      Declaring that the making, using, selling, offering for sale, marketing, or importation of MSN's ANDA Products described in ANDA No. 213748 do not infringe any valid or enforceable claim of the '134 patent;

H.      Declaring that the '134 patent and all of its claims are invalid;

M.      Enjoining Novartis and its agents, representatives, attorneys, and those persons in active concert or participation with it who receive actual notice hereof, from threatening or initiating infringement litigation against MSN or its customers, dealers, or suppliers, or any prospective or present sellers, dealers, distributors, or customers of MSN, or charging it either orally or in writing with infringement of any patent asserted herein against MSN;

25028262.v2

N.      Enjoining Novartis and its agents, representatives, attorneys, and those persons in active concert or participation with it who receive actual notice hereof, from interfering with FDA's approval of ANDA No. 213748;

O.      Granting MSN judgment in its favor on Novartis's claims;

P.      Denying Novartis's claims with prejudice;

Q.      Finding this case to be exceptional under 35 U.S.C. § 285 and awarding MSN its costs and reasonable attorneys' fees; and

R.      Awarding any other such relief as is just and proper.


Dated: June 17, 2021                    Respectfully submitted,

                                        STAMOULIS & WEINBLATT, LLP

                                        By:/s/ Stamatios Stamoulis
                                        Stamatios Stamoulis (#4606)
                                        Richard C. Weinblatt (#5080)
                                        800 N. Street, Third Floor
                                        Wilmington, DE 19801
                                        (302) 999-1540
                                        stamoulis@swdelaw.com
                                        weinblatt@swdelaw.com

                                        *Of Counsel:*
                                        Ronald M. Daignault (*pro hac vice*)*
                                        Richard Juang (*pro hac vice*)*
                                        rdaignault@daignaultiyer.com
                                        rjuang@daignaultiyer.com
                                        DAIGNAULT IYER LLP
                                        8618 Westwood Center Drive, Suite 150
                                        Vienna, VA 22182
                                        *Not admitted to practice in Virginia*

                                        Attorneys for *MSN Laboratories Private Limited and MSN Pharmaceuticals Inc.*

25028262.v2