PHILLIPS, McLAUGHLIN & HALL, P.A.

ATTORNEYS AT LAW

JOHN C. PHILLIPS, JR.
LISA C. McLAUGHLIN+
JAMES P. HALL
DAVID A. BILSON***
MEGAN C. HANEY
TODD L. GOODMAN
PAUL S. SEWARD***

ALSO MEMBER OF
*PENNSYLVANIA BAR
**NEW JERSEY BAR
+MARYLAND BAR

PENNSYLVANIA AVE. AND BROOM ST.
1200 N. BROOM STREET
WILMINGTON, DELAWARE 19806

(302) 655-4200
(302) 655-4210 (F)
pgmhlaw.com

August 18, 2021

**REDACTED - PUBLIC VERSION**

**VIA CM/ECF**
The Honorable Leonard P. Stark
United States District Court
844 North King Street, Unit 26
Wilmington, DE 19801

      RE:   *In re Entresto (Sacubitril/Valsartan) Patent Litigation,* C.A. No. 20-2930-LPS
             *Novartis Pharmaceutical Corporation v. Alkem Laboratories Ltd., et al.,* C.A. No.
             19-1979-LPS

Dear Judge Stark:

      Pursuant to the Court's August 16, 2021 Oral Order (D.I. 273), Defendant Nanjing Noratech Pharmaceutical Company Limited ("Noratech") submits this letter addressing its pending discovery dispute with Novartis Pharmaceuticals Corporation ("Novartis" or "Plaintiff"). Plaintiff's initial Infringement Contentions (served on October 20, 2020) (the "Infringement Contentions") are materially deficient and insufficient because they do not meet the requirements of the Delaware Default Standard for Discovery, Including Discovery of Electronically Stored information ("ESI") ¶ 4(c) (the "Default Standard"). Specifically, Plaintiff's Infringement Contentions fail to provide a basis for asserting infringement and disclose no basis for alleging that the product described in ANDA No. 213671 ("Noratech's ANDA Products") would meet the elements of the asserted claims of United States Patent Nos. 8,877,938 ("the '938 patent") and 9,388,134 ("the '134 patent"). Plaintiff's contentions simply parrot the language of the claim element and say "on information and belief" that Noratech's ANDA Products "comprise" the claim element, e.g., "trisodium [sacubitril-valsartan] hemipentahydrate." (*See* Exhibit A (Infringement Contentions), at 3 (re claim 1 of '938 patent); D.I. 294 (Claim Construction Order), at 8, n.4.)

      Novartis further states:

> Novartis will supplement this response as Novartis reviews with its experts Noratech's ANDA and research and development documents, the DMF for Noratech's active ingredient, and any related third-party discovery, and, if necessary, conducts appropriate testing on samples of Noratech's ANDA Products and/or their ingredients"

(Exhibit A, at 3.) Plaintiff repeats this same non-answer for the claim element "in crystalline form." In fact, Novartis repeats the same non-answer fifty (50) times in its contentions at every mention in the asserted claims of "trisodium [sacubitril-valsartan] hemipentahydrate," "crystalline" or any

The Honorable Leonard P. Stark	Page 2
August 18, 2021

of the claims referencing any characteristics of either.[1] (*See* Exhibit A, at 3-44.) For example, Novartis provides no evidence, document, citation, or other explanation that Noratech's ANDA Products meet the "trisodium [sacubitril-valsartan] hemipentahydrate in crystalline form" limitation. In addition, Novartis provides no evidence of how Noratech's ANDA Products would meet the "therapeutically effective amount" of "trisodium [sacubitril-valsartan] hemipentahydrate" limitation of claims 1, 2, and 4-15 of the '138 patent.

[REDACTED] Importantly, during prosecution of the '938 patent, the Applicants submitted a Declaration by inventor Pilot Karpinski on September 9, 2010 that stated:

> Under my direction and supervision, working diligently, over 1000 separate experiments were initially required to prepare, purify and characterize substantially pure ["trisodium [sacubitril-valsartan] hemipentahydrate]. The procedure to prepare, purify and characterize this compound was non-routine and required an undue level of experimentation. Many of the compounds which were isolated in the experiments were not sufficiently stable to be characterized and as such, they were considered poor candidates for further development.

[REDACTED]

The Infringement Contentions are deficient because they contain nothing more than a recitation of the claim language with unsupported assertions that Noratech's ANDA Products meet the crystalline form limitation and substantially pure limitation required by the asserted claims of the '938 and '134 patent. In other words, they provide nothing that is not already recited by a list of asserted claims. Plaintiff's obligation under the Default Standard is to provide this evidence in its infringement contentions, not to indicate that evidence will be provided at some later time. *See, e.g., Orexigen Therapeutics, Inc. v. Actavis Labs. FL, Inc.*, No. 1:15-CV-451-RGA, 2017 WL 2221178, at *2 (D. Del. May 19, 2017) ("Plaintiff included with its Infringement Contentions a detailed claim chart specifying its contentions for how Defendant's product met each limitation of the asserted claims."); *Intel Corp. v. Future Link Sys., LLC*, No. CV 14-377-LPS, 2016 WL 6089746, at *11 (D. Del. Sept. 28, 2016) ("[P]reliminary infringement contentions . . . match specific functionality with specific language from claims of the FLS Patents on an limitation-by-limitation basis."); *Princeton Digital Image Corp. v. Ubisoft Entm't SA*, No. CV 13-335-LPS-CJB, 2016 WL 6594076, at *2 (D. Del. Nov. 4, 2016) (noting that contentions were deficient which did not provide notice of the patentees' infringement theory); *Custom Media Techs. LLC v. Charter*

---

[1] Plaintiff also asserts infringement of various claim elements under the doctrine of equivalents ("DOE"), but again fails to provide any further explanation.

The Honorable Leonard P. Stark                                                                                          Page 3
August 18, 2021

*Commc'ns, Inc.*, No. CV 13-1420-LPS, 2014 WL 556131, at *3 (D. Del. Feb. 10, 2014) (noting that an explanation of how components satisfy claim elements is detail "appropriately elaborated upon when preliminary infringement contentions are provided.").

  Novartis's statements regarding the status of discovery do not excuse its failure. Noratech substantially produced its documents **_over two months ago_** and Plaintiff has been in possession of Noratech's technical documents, including samples of its ANDA Products, active pharmaceutical ingredients, and inactive excipients since November 20, 2020. Yet, Plaintiff's Infringement Contentions cite no evidence and instead contain only conclusory statements "on information and belief" that the Noratech's ANDA Products meet the claim language – without identifying any meaningful supporting information or the bases for such belief.

  Plaintiff's failure to provide in its Infringement Contentions a more detailed explanation of the bases for its contentions is highly prejudicial to Noratech. The contentions provide no information to which Noratech can respond or proof that Noratech can probe and test during fact discovery. Plaintiff attempts to delay and stonewall by asserting that Noratech should wait until September 17, 2021 for final infringement contentions for additional information (D.I. 137, at 21). Given that fact discovery closes on October 20, 2021, waiting until September 17 would leave Noratech with insufficient time to conduct discovery on Plaintiff's contentions, test Plaintiff's theories, and search through the millions of documents produced by Plaintiff for information relevant to any contention. (D.I. 137, at 6.) Plaintiff indicated that it "will supplement" its contentions after it received certain information. (Exhibit A, at 3.) But, it received that information long ago and has no excuse to prolong its delay in providing a proper disclosure of its contentions.

  In light of the foregoing, Noratech requests that the Court order Plaintiff to immediately supplement its Infringement Contentions with the specificity required by the Default Standard and as outlined above.

               Respectfully submitted,

               */s/ John C. Phillips, Jr.*

               John C. Phillips, Jr. (No. 110)