



**Daniel M. Silver**
Partner
T. 302-984-6331
F. 302-691-1260
dsilver@mccarter.com

McCarter & English, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801-3717
www.mccarter.com

August 20, 2021

PUBLIC VERSION FILED:
AUGUST 27, 2021

**VIA CM/ECF**

Judge Leonard P. Stark
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801-3555

Re:   *In re Entresto (Sacubitril/Valsartan) Patent Litigation,*
      **C.A. Nos. 20-md-2930-LPS & 19-1979-LPS**

Dear Judge Stark,

We write on behalf of Plaintiff Novartis Pharmaceuticals Corporation to oppose Defendant Noratech's August 18, 2021 letter requesting that the Court order Novartis immediately to supplement its initial infringement contentions for Noratech. Noratech's request should be denied.

**Background**

Noratech is one of 17 Defendant Groups in this Hatch-Waxman litigation, which involves patents for Novartis's Entresto® drug product, including U.S. Patent Nos. 8,877,938 and 9,388,134. Noratech submitted to FDA a Paragraph IV certification for the '938 and '134 patents, thereby establishing under 35 U.S.C. § 271(e)(2)(A) a justiciable Article III controversy between Novartis and Noratech over those patents.

Almost a year ago, Novartis and all 17 Defendant Groups, including Noratech, agreed to a scheduling order (20-md-2930, D.I. 102) under which Novartis would serve initial infringement contentions on October 20, 2020 (*id.*, ¶ 9.f.) and would supplement those infringement contentions on September 17, 2021 (*id.*, ¶ 17). This litigation currently is in the fact discovery phase, with fact discovery scheduled to close on October 20, 2021. *Id.*, ¶ 9.a. Expert discovery is scheduled to begin on December 3, 2021. *Id.*, ¶ 9.n.i.

Novartis has complied with the scheduling order. It timely served its initial infringement contentions upon Noratech on October 20, 2020. In those contentions, Novartis informed Noratech that, on information and belief, Noratech's ANDA product comprises trisodium [sacubitril-valsartan] hemipentahydrate, as claimed in the '938 and '134 patents. Novartis also informed Noratech that supplementation of Novartis's initial infringement contentions would have to await Novartis's review, with Novartis's experts, of Noratech's documents, and, if necessary, testing by Novartis's experts of Noratech's ANDA product. In fact, Novartis is in the process of completing its assessment of the discovery produced to date by all Defendants.

On June 29, 2021, over eight months after receiving Novartis's October 20, 2020 initial infringement contentions, Noratech demanded that Novartis immediately supplement its

August 20, 2021<br>Page 2

infringement contentions, in advance of the agreed-upon September 17, 2021 deadline. The parties were unable to resolve the dispute, necessitating these letters to the Court.

**<u>Novartis's Initial Infringement Contentions Are Not Deficient</u>**

Noratech fails to identify any deficiency in Novartis's initial infringement contentions to justify Noratech's demand that Novartis immediately supplement those contentions.

The scheduling order in this case requires that "[o]n October 20, 2020, Plaintiff shall produce to each Defendant Group an initial patent claim chart relating each Defendant Group's accused products to the asserted patent claims each product allegedly infringes." Similarly, Delaware Default Standard for Discovery ¶ 4(c) requires that "plaintiff shall produce to each defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes." Novartis's October 20, 2020 initial infringement contentions for Noratech met those requirements: they were provided in the form of a chart relating Noratech's ANDA product to the asserted claims that that product allegedly infringes, and they were served upon Noratech in a timely manner by the October 20, 2020 deadline set forth in the scheduling order.

Although Novartis's initial infringement contentions state that further detail on how Noratech's ANDA product meet certain claim limitations must await expert review of Noratech's documents and expert testing of Noratech's ANDA product, none of Noratech's cited cases hold that such statements run afoul of the scheduling order, the Delaware Default Standard for Discovery ¶ 4(c), or any other relevant legal standard. In Hatch-Waxman litigation—unlike in patent cases concerning electronic devices or software—it is not uncommon for expert discovery, rather than fact discovery, to uncover aspects of the accused product that are determinative of infringement.[1] *See, e.g.*, *Bristol-Myers Squibb Co. v. Aurobindo Pharma USA Inc.*, 477 F. Supp. 3d 306, 343-51 (D. Del. 2020) (expert testing and testimony demonstrated that the accused ANDA products met the claimed "crystalline" particle limitation, despite defendants' contrary assertions); *Par Pharm., Inc. v. Hospira, Inc.*, No. 17-944-JFB-SRF, 2018 U.S. Dist. LEXIS 114588, at *7-8 (D. Del. May 11, 2018) ("an infringement adjudication cannot be completed merely by reviewing the

---

[1] In none of the cases cited by Noratech did the court adjudicate the adequacy of a Hatch-Waxman plaintiff's initial infringement contentions. *See Orexigen Therapeutics, Inc. v. Actavis Labs. FL, Inc.*, No. 15-451-RGA, 2017 WL 2221178, at *2 (D. Del. May 19, 2017) (precluding defendants from raising new non-infringement arguments on the eve of trial); *Intel Corp. v. Future Link Sys., LLC*, No. 14-377-LPS, 2016 WL 6089746, at *11 (D. Del. Sept. 28, 2016) (criticizing the level of detail in "license contentions" filed in support of Intel's motion for summary judgment that it had licensed Future Link's semiconductor patents); *Princeton Digital Image Corp. v. Ubisoft Entm't SA*, No. 13-335-LPS-CJB, 2016 WL 6594076, at *2, n. 3 (D. Del. Nov. 4, 2016) (noting in passing that the court had ordered plaintiff to produce more detailed preliminary infringement contentions in a video game patent case); *Custom Media Techs. LLC v. Charter Commc'ns, Inc.*, No. 13-1420-LPS, 2014 WL 556131, at *3-4 (D. Del. Feb. 10, 2014) (recommending that the court deny a motion to dismiss a case involving patents for DVR devices and services).

ANDA, and without taking into account any other evidence—including, most notably, expert testimony"); *Novartis Pharm. Corp. v. Par Pharm., Inc.*, 48 F. Supp. 3d 733, 740-41 (D. Del. 2014) (expert testing demonstrated that the accused ANDA product met the claimed "antioxidant" limitation, despite defendants' contrary assertions); *In re Omeprazole Patent Litig.*, 84 F. App'x 76, 82-84 (Fed. Cir. 2003) (expert testing demonstrated that the accused ANDA product met the claimed "subcoating" limitation, despite defendants' contrary assertions). Novartis's initial infringement contentions simply place Noratech on notice of that fact.

**Noratech Will Not Be Prejudiced By Waiting Until**
**September 17, 2021 For Novartis To Supplement**

No undue prejudice will befall Noratech if Novartis complies with the agreed-upon September 17, 2021 deadline to supplement its infringement contentions. After September 17, 2021, Noratech is free to dispute the merits of those contentions throughout the remaining agreed-upon schedule for fact and expert discovery in this case.

Noratech currently shares litigation burdens with 16 other Defendant Groups. Noratech moreover has not incurred any outsize litigation expense that would justify prioritizing Noratech's infringement case over those of the other Defendant Groups. If anything, the facts of this case arguably justify the opposite result: due to multiple requests for extensions by Noratech and/or other Defendants, Noratech did not substantially complete its document production until May 14, 2021 (20-md-2930, D.I. 228), three months after the originally agreed-upon February 12, 2021 deadline and one month later than all but one of the other Defendant Groups. Noratech cannot credibly argue that Novartis must immediately supplement its infringement contentions for Noratech—ahead of the other Defendant Groups, and in advance of the agreed-upon September 17, 2021 deadline—when Noratech itself was late in producing documents upon which such supplementation may depend.

Noratech asserts that "waiting until September 17 [for Novartis to supplement its contentions] would leave Noratech with insufficient time to conduct discovery on Plaintiff's contentions, test Plaintiff's theories, and search through the millions of documents produced by Plaintiff for information relevant to any contention." But Noratech does not explain what fact discovery it needs by October 20, 2021, why it cannot conduct such discovery by that date, or why it needs to review Novartis's documents, when Noratech's ANDA product, not Novartis's Entresto® product, is accused of infringement.

**Conclusion**

Novartis should not be forced to immediately supplement its infringement contentions for Noratech because Noratech suddenly has grown impatient with the September 17, 2021 deadline to which it and the other 16 Defendant Groups previously agreed. Neither the facts nor the law support such an outcome. For the foregoing reasons, Noratech's request that the Court order Novartis immediately to supplement its initial infringement contentions for Noratech should be denied.

August 20, 2021<br>Page 4

Respectfully submitted,

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)

cc:    Counsel of Record for Noratech (via CM/ECF and electronic mail)

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that true and correct copies of the foregoing document were caused to be served on August 20, 2021 on the following counsel in the manner indicated:

### VIA EMAIL

John C. Phillips
Megan C. Haney
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

Don J. Mizerk
Femi Masha
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Ste. 2200
Chicago, IL 60606
(312) 526-1532
femi.masha@huschblackwell.com
don.mizerk@huschblackwell.com

*Attorneys for Defendant Nanjing Noratech Pharmaceutical Co., Limited*

*/s/ Daniel M. Silver*
Daniel M. Silver (#4758)