

| | | |
|---|---|---|
| | **Daniel M. Silver** | McCarter & English, LLP |
| | Wilmington Office Managing Partner | Renaissance Centre |
| | T. 302-984-6331 | 405 N. King Street, 8th Floor |
| | F. 302-691-1260 | Wilmington, DE 19801-3717 |
| | dsilver@mccarter.com | www.mccarter.com |

December 8, 2021

**VIA CM/ECF**

PUBLIC VERSION FILED: December 15, 2021

The Honorable Leonard P. Stark
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26, Room 6124
Wilmington, DE 19801-3555

Re:   *In re Entresto (Sacubitril/Valsartan) Patent Litigation*, C.A. No. 20-2930-LPS;
      *Novartis Pharmaceutical Corporation v. Dr. Reddy's Laboratories, Inc., et al.*,
      C.A. No. 19-2053-LPS

Dear Judge Stark:

Further to the parties' November 30, 2021 letter to the Court and the Court's December 6, 2021 oral order (20-md-2930, D.I. 443, 449), we write on behalf of Plaintiff Novartis Pharmaceuticals Corporation ("Novartis") to compel Defendants Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Ltd. (collectively, "Zydus") to produce a 30(b)(6) witness to testify on Novartis's 30(b)(6) Topics 4, 6, 7, 9, 10, 11 and 12, and to allow Novartis to supplement its opening expert reports (currently due on December 14, 2021) to address such testimony.

**Background**

This is a Hatch-Waxman suit concerning the abbreviated new drug applications ("ANDAs") of 15 defendant groups, including Zydus, who seek FDA approval to make generic versions of Novartis's Entresto® (sacubitril/valsartan) drug product.

Four patents are in suit: U.S. Patent Nos. 8,101,659, 8,796,331, 8,877,938 and 9,388,134. The asserted claims of the '659 and '331 patents claim a pharmaceutical composition comprising, or a method of treating heart failure using, a combination of valsartan (or a pharmaceutically acceptable salt thereof, such as valsartan disodium) and sacubitril (or a pharmaceutically acceptable salt thereof, such as sacubitril sodium). The asserted claims of the '938 and '134 patents claim trisodium [sacubitril-valsartan] hemipentahydrate in crystalline form, or a method of treating heart failure using that compound.

On September 20, 2021, Novartis timely served a Rule 30(b)(6) deposition notice upon Zydus. Exh. 1. That notice listed 14 topics. Relevant to this dispute, Topic 6 seeks information concerning Zydus's ANDA and related FDA submissions; Topic 7 seeks information concerning the prescribing information and indications for Zydus's ANDA product; Topics 9 and 10,

respectively, seek information concerning the research, development, testing and analysis of Zydus's ANDA product and the drug substance therein; and Topic 12 seeks information concerning the drug substance, including the testing and characterization thereof. Additionally, Topic 4 seeks information about Zydus's knowledge of the patents-in-suit, and Topic 11 seeks information concerning the authenticity of Zydus's ANDA and related FDA submissions.

On October 13, 2021, Zydus served its objections and responses to Novartis's Rule 30(b)(6) notice but did not identify any 30(b)(6) witness. Exh. 2. In its objections and responses, Zydus refused to provide a 30(b)(6) witness on any topics except Topics 9 and 12.



On November 1 and 4, 2021, Novartis emailed Zydus to ask that Zydus provide a 30(b)(6) witness, noting that "Zydus has yet to provide the identity of any 30(b)(6) witness(es), the topics they will be designated for, and the dates they are available for deposition." Novartis also requested a meet and confer to discuss Zydus's objections to Novartis's 30(b)(6) topics. Exh. 3, pp. 9-10. Novartis also offered to forgo a 30(b)(6) deposition on Topics 4 and 11, if Zydus would agree to stipulate to its knowledge of the patents-in-suit and to the authenticity of Zydus's ANDA and related FDA submissions. *Id.*

Zydus did not respond until November 9, 2021. Exh. 3, p. 8. Novartis and Zydus thereafter met and conferred on November 11, 2021, at which time Zydus refused to provide any 30(b)(6) witness.



Novartis responded that such limitations on Zydus's 30(b)(6) testimony were unacceptable, and indicated on November 17, 2021 that it would raise the issue with the Court. *Id.*, p. 6. Zydus, however, requested another meet-and-confer. *Id.*

The parties again met and conferred on November 18, 2021. During that second meet-and-confer, Novartis in good faith offered that (i) Novartis would pursue 30(b)(6) testimony from Zydus only with respect to Topics 6, 7, 9, 10 and 12, limited in scope as reflected in Novartis's November 18, 2021 email; and (ii) Novartis would forgo a 30(b)(6) deposition on Topics 4 and 11, if Zydus would agree to stipulate to its knowledge of the patents-in-suit and to the authenticity of its ANDA and related FDA submissions. Exh. 3, pp. 4-5. Zydus did not respond substantively to Novartis's November 18, 2021 offers, thereby necessitating this letter to the Court. Exh. 3, pp. 1-4.

After the Court issued its December 6, 2021 oral order setting a December 10, 2021 conference date for this dispute, Zydus at 4:24 pm on December 7, 2021 sent Novartis an email purporting to further negotiate the scope of Topics 6, 7, 9, 10 and 12. That email, however, does not resolve

December 8, 2021<br>Page 3

this dispute, except with respect to the scope of Topic 12 (based on a Novartis proposal made weeks ago), and Zydus has neither identified a witness nor a date for a deposition on Topic 12.

**Argument**

F.R.C.P. 26(b) provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Novartis is entitled to discovery from Zydus on Topics 4, 6, 7, 9, 10, 11 and 12 because it is relevant and proportional to the needs of the case.  Specifically:

- Topics 6, 9, 10 and 12 seek information concerning the testing and characterization of Zydus's ANDA product and the drug substance therein. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

- Topics 4, 6 and 7 seek information concerning whether Zydus's ANDA product is indicated for a method of treating heart failure, and whether Zydus was aware of the '331 and '134 patents. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

- Topic 11 seeks information concerning the authenticity of Zydus's ANDA and related FDA submissions.  That is relevant to the admissibility of those materials at trial.

Zydus, for its part, has repeatedly delayed and evaded Novartis's requests for a 30(b)(6) deposition, but has failed to explain why it believes that the above-listed topics are not relevant. Novartis has tried to compromise by offering to limit the scope of Topics 6, 9, 10 and 12, and to forgo a 30(b)(6) deposition of Zydus on Topics 4 and 11, if Zydus will stipulate to its knowledge of the patents-in-suit and to the authenticity of its ANDA and related FDA submissions.  Exh. 3, pp. 4-5.  On December 7, 2021, Zydus agreed to Novartis's compromise on the scope of Topic 12, but did not identify a witness or date for a deposition on Topic 12, and did not agree to Novartis's compromise on the scope of Topics 4, 6, 9, 10 and 11.

Novartis expects that Zydus may allege in response to this letter that Novartis "waived" a 30(b)(6) deposition of Zydus by not pressing for one before the October 20, 2021 close of fact discovery.  That argument is without merit.  Novartis served its 30(b)(6) notice on Zydus on September 20, 2021, well before October 20, 2021.  Zydus did not respond until October 13, 2021.  Since then, Novartis diligently has pursued Zydus's 30(b)(6) deposition, and the parties have continued to negotiate the scope of the deposition.  Under these circumstances, Novartis clearly did not "waive" Zydus's 30(b)(6) deposition.

For the foregoing reasons, the Court should order Zydus to promptly produce a 30(b)(6) witness to testify on topics 4, 6, 7, 9, 10, 11 and 12, subject to the limitations set forth in Novartis's November 18, 2021 email to Zydus, and to allow Novartis to supplement its opening expert reports to Zydus to cite to and rely on any such testimony that supports Novartis's experts' opinions.

ME1 38600872v.1

December 8, 2021
Page 4

Respectfully submitted,

/s/ *Daniel M. Silver*

Daniel M. Silver (#4758)

cc: Counsel of Record for Zydus (via CM/ECF & Electronic Mail)

# EXHIBIT 1

# (Redacted in its entirety)

# EXHIBIT 2

# (Redacted in its entirety)

# EXHIBIT 3

# (Redacted in its entirety)

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that true and correct copies of the foregoing document were caused to be served on December 8, 2021 on the following counsel in the manner indicated:

### VIA EMAIL

Adam Wyatt Poff
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com

Michael J. Gaertner
James T. Peterka
Nina Vachhani
LOCKE LORD LLP
11 South Wacker Dr.
Chicago, IL 60606
(312) 443-0700
mgaertner@lockelord.com
jpeterka@lockelord.com
nvachhani@lockelord.com

Zhibin Li
LOCKE LORD LLP
Brookfield Place, 200 Vesey Street, 20th Floor
New York, NY 10281-2101
T: 212-415-8600
Zhibin.li@locklord.com

*Attorneys for Defendants Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Limited*

*/s/ Daniel M. Silver*
Daniel M. Silver (#4758)

ME1 38602778v.1