# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE ENTRESTO (SACUBITRIL/ VALSARTAN) PATENT LITIGATION | MDL Docket No. 20-md-2930-LPS  |
| NOVARTIS PHARMACEUTICALS CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> DR. REDDY'S LABORATORIES, INC., et, al. <br><br> Defendants. | REDACTED - PUBLIC VERSION (Filed December 16, 2021) <br><br> C.A. No. 19-2053-LPS <br><br>  |

## ZYDUS PHARMACEUTICALS (USA) INC. AND CADLIA HEALTHCARE LIMITED'S RESPONSIVE DISCOVERY DISPUTE LETTER

Dated: December 9, 2021

OF COUNSEL:

Michael J. Gaertner
James T. Peterka
Nina Vachhani
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
(312) 443-0700

Zhibin Li
LOCKE LORD LLP
Brookfield Place, 200 Vesey Street
New York, New York 10281
646-217-7897

YOUNG CONAWAY STARGATT
& TAYLOR. LLP
Adam W. Poff (No. 3990)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com

*Attorneys for Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Limited*

Dear Judge Stark:

We write on behalf of Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Limited (collectively, "Zydus") in response to Novartis's letter (20-md-02930-LPS, D.I. 454).

**Background**

Novartis waited until just 30 days before the close of fact discovery to serve a Rule 30(b)(6) deposition notice on Zydus. Zydus timely served its objections and responses to that notice, offering ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and (3) to meet and confer on a stipulation addressing the authenticity of relevant portions of its ANDA and FDA correspondence in response to Topics 6, 7, and 11. Novartis did not raise any issue with Zydus's objections and responses, and made no attempt to meet and confer with Zydus on any topics, before the October 20, 2021 close of fact discovery.

Zydus did not hear from Novartis again until November 1, 2021—almost two weeks after the close of fact discovery—when Novartis offered to forego Topics 4 (first awareness of the patents-in-suit) and 11 (document authenticity) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (D.I. 454, Exhibit 3 at 9-10, Nov. 1, 2021 G. Manas email.) Even then, Novartis did not take issue with Zydus's objections and responses.

The parties held a meet and confer on November 11, 2021, during which Zydus noted that Novartis's delay indicated that it did not need any Rule 30(b)(6) testimony from Zydus. Indeed, Novartis represented to the Court in the parties' November 8, 2021 joint interim status report that it would be able to serve its opening expert reports by the then-existing December 3, 2021 deadline without taking Rule 30(b)(6) depositions of certain Defendants. (D.I. 418 at 6-7.)

Zydus subsequently reiterated its offer ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ On November 17, 2021, Novartis rejected Zydus's offer, insisted that Zydus provide a witness on additional, unspecified topics, and insisted that the parties approach the Court to request a discovery dispute teleconference that day. This was the first time that Novartis raised any specific concerns with Zydus's responses. On November 18, 2021, the parties held another meet and confer, during which Novartis purportedly offered to "limit" certain of its topics in scope. (D.I. 454, Exhibit 3 at 4-5, Nov. 18, 2021 J. Stringham email.) Zydus explained why many of Novartis's "limited" topics were still too broad and offered several compromises (as detailed below), but Novartis rejected all of Zydus's proposals. (Exhibit B at 1-3, Dec. 7, 2021 Z. Li email and Dec. 8, 2021 J. Stringham email.)

**The additional Rule 30(b)(6) topics are irrelevant and overly burdensome to Zydus**

Putting aside the lack of diligence, Novartis has not articulated any rationale for why it needs any Rule 30(b)(6) testimony beyond that to which Zydus has already agreed. *See Tessera, Inc. v. Broadcom Corp.*, No. 16-380-LPS-CJB, 2017 WL 4876215, at *2 (D. Del. Oct. 24, 2017)

("[T]he burden falls on the party seeking the discovery to show the relevance of the information requested.") (citation omitted). According to Novartis's letter, the testimony it seeks falls into three categories: (1) "Zydus's testing and characterization of the drug substance in its accused ANDA product," (2) "the prescribing information and indications for Zydus's ANDA product, and Zydus's knowledge of the '331 and '134 patents," and (3) "the authenticity of Zydus's ANDA and related FDA submissions." (D.I. 454, Ltr. at 1, 2.) It is telling that Novartis does not actually quote any of the topics in its letter, as those topics go far beyond these issues.

<u>Testing and characterization of Zydus's ANDA products and the drug substance therein (Topics 6, 9, 10, and 12)</u>

**Topic 12:** Novartis concedes in its letter that only ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Thus, as to Topic 12, there is no dispute.

**Topics 9 and 10:** Topic 9 seeks testimony on *all* research, development, formulation, testing, and analysis of Zydus's ANDA products. (D.I. 454, Exhibit 2 at 11.) This goes far beyond ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Topic 10 similarly seeks testimony on *all* research, development, testing, and analysis of the sacubitril/valsartan drug substance prepared according to the DMF. (D.I. 454, Exhibit 2 at 12.) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ As to the remaining portion of this topic ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Zydus asked Novartis to identify any subject matter within the scope of Topics 9 and 10 that is relevant and not otherwise covered by the agreed scope of Topic 12. Novartis refused to do so.

**Topic 6:** Topic 6 seeks testimony on the entirety of Zydus's ANDA and any associated regulatory filings. (D.I. 454, Exhibit 2 at 9.) As a practical matter, Zydus cannot possibly prepare a Rule 30(b)(6) witness to testify on the entirety of its ANDA. Novartis does not even argue that such testimony would be proportional to the needs of this case, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇



Zydus's designee for Topic 12 will be prepared to address those portions. As with other topics, Zydus requested that Novartis identify specific portions of the ANDA that Novartis contends are relevant, proportional to the needs of the case, and not covered by narrowed Topic 12, but Novartis has not done so in a meaningful way. (*See* Exhibit B at 2, Dec. 7, 2021 Z. Li email.)

Zydus's prescribing information and awareness of the patents-in-suit (Topics 4, 6, and 7)

**Topics 6 and 7:** Topic 7 seeks testimony on Zydus's proposed prescribing information, ▮ (D.I. 454, Ltr. at 3.) Topic 6, as noted above, covers Zydus's entire ANDA. Zydus has produced the proposed prescribing information for its ANDA products, which includes the proposed indications. Accordingly, Novartis already has the information that it seeks without the need for a Rule 30(b)(6) deposition (which may be one reason that Novartis advised the Court that Novartis did not need Rule 30(b)(6) depositions to prepare its opening expert reports on infringement). Moreover, as Novartis is aware, FDA requires the product labeling for an ANDA product be substantially similar to that of the Reference Listed Drug.

**Topic 4:** Novartis alleges that Zydus's first awareness of the asserted '331 and '134 patent ▮

Document authenticity (Topic 11)

**Topic 11:** Zydus has told Novartis repeatedly that Zydus is willing to enter into a stipulation in which both sides stipulate to the authenticity of their respective regulatory documents. Novartis has outright refused to enter a reciprocal stipulation, insisting that only Zydus do so.

\*   \*   \*

For the above reasons, Zydus respectfully requests the Court deny Novartis's request to compel Zydus to provide corporate testimony on Novartis's Rule 30(b)(6) Topics 4, 6, 7, 9, 10, 11 and 12.

Respectfully submitted,

/s/ *Adam W. Poff*

Adam W. Poff (No. 3990)

AWP
cc: All Counsel of Record via e-mail

# EXHIBIT A

# (Redacted in its entirety)

# EXHIBIT B

# (Redacted in its entirety)