IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ENTRESTO (SACUBITRIL/VALSARTAN) PATENT LITIGATION | MDL No. 20-md-2930 |
| NOVARTIS PHARMACEUTICALS CORPORATION, Plaintiff, v. MYLAN PHARMACEUTICALS INC., Defendant. | C.A. No. 22-451 |

**PLAINTIFF'S ANSWER TO COUNTERCLAIMS OF
DEFENDANT MYLAN PHARMACEUTICALS INC.**

Plaintiff and Counterclaim Defendant Novartis Pharmaceuticals Corporation ("Novartis") answers the numbered paragraphs of the Counterclaims of Defendant and Counterclaim Plaintiff Mylan Pharmaceuticals Inc. ("Mylan" or "MPI"), in D.I. 15, as follows:

**PARTIES**

1. MPI is a corporation organized and existing under the laws of the State of West Virginia and has a principal place of business at 3711 Collins Ferry Road, Morgantown, West Virginia 26505.

   **ANSWER:** On information and belief, admitted.

2. MPI filed with FDA an ANDA pursuant to 21 U.S.C. § 355(j) to obtain approval for 24 mg/26 mg, 49 mg/51 mg, and 97 mg/103 mg tablets of sacubitril/valsartan ("MPI's proposed ANDA products"), and that ANDA was assigned ANDA No. 213646.

   **ANSWER:** On information and belief, admitted.

3. Upon information and belief, Novartis is a Delaware corporation with its principal place of business in East Hanover, New Jersey.

1

**ANSWER:** Admitted.

## NATURE OF THE ACTION

4. The Court has jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**ANSWER:** This paragraph states legal conclusions to which no answer is required. To the extent that an answer is required, Novartis admits that the District Court for the Northern District of West Virginia and this Court have subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Otherwise denied.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) for purposes of these counterclaims because Novartis has commenced and continues to prosecute this action against MPI in this District.

**ANSWER:** This paragraph states legal conclusions to which no answer is required. To the extent that an answer is required, Novartis admits that venue is proper in the Northern District of West Virginia and this Judicial District. Otherwise denied.

6. Novartis is subject to personal jurisdiction in this Judicial District because it commenced and continues to prosecute this action in this District.

**ANSWER:** This paragraph states legal conclusions to which no answer is required. To the extent that an answer is required, Novartis admits that the Northern District of West Virginia and this Court have personal jurisdiction over Novartis for the purposes of this proceeding.

## PATENT-IN-SUIT

7. On or about July 13, 2021, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 11,058,667 ("the '667 patent"), titled "Sacubitril-Valsartan Dosage Regimen for Treating Heart Failure." Upon information and belief, Novartis is the owner of all rights, title and interest in and to the '667 patent.

**ANSWER:** Admitted.

8. Upon information and belief, the '667 patent is listed in the electronic version of the Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book") in association with ENTRESTO®.

**ANSWER:** Admitted.

9. By letter dated November 5, 2021 ("the Notice Letter"), MPI notified Novartis in writing that it had filed ANDA No. 213646 with a certification provided for in 21 U.S.C. § 355(b)(2)(A)(iv) ("Paragraph IV Certification") that the '667 patent listed in the Orange Book in association with ENTRESTO®, is invalid, unenforceable, and/or will not be infringed by the products that are the subject of ANDA No. 213646.

**ANSWER:** Novartis denies that the '667 patent is invalid or unenforceable. On information and belief, Novartis further denies that the '667 patent will not be infringed by the products that are the subject of ANDA No. 213646 ("MPI's proposed ANDA products"). Novartis admits that Mylan sent a letter dated November 5, 2021 ("the Notice Letter") to Novartis. Novartis refers to the Notice Letter for what it states. Otherwise denied.

10. In accordance with 21 U.S.C. § 355(b)(3)(D)(ii), the Notice Letter was accompanied by a detailed statement of the factual and legal basis for MPI's Paragraph IV Certification that the '667 patent is invalid, unenforceable, and/or will not be infringed by the products that are the subject of ANDA No. 213646.

**ANSWER:** Novartis denies that the '667 patent is invalid or unenforceable. On information and belief, Novartis further denies that the '667 patent will not be infringed. Novartis refers to the Notice Letter for what it states. Otherwise denied.

11. In accordance with 21 U.S.C. § 355(c)(3)(D)(i)(III), the Notice Letter included an Offer of Confidential Access to MPI's ANDA. The Offer of Confidential Access contained certain restrictions as to persons entitled to access, and on the use and disposition of any information accessed, as permitted under 21 U.S.C. § 355(c)(3)(D)(i)(III).

**ANSWER:** Novartis refers to the Notice Letter for what it states. Otherwise denied.

12. On December 20, 2021, Novartis sued MPI in this District alleging infringement of the '667 patent.

**ANSWER:** Admitted that on December 20, 2021, Novartis sued MPI in the Northern District of West Virginia alleging infringement of the '667 patent. Otherwise denied.

### FIRST COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 11,058,667

13. Paragraphs 1–12 of the Counterclaim are incorporated as if fully set forth herein.

3

**ANSWER:** Novartis incorporates its responses to Paragraphs 1-12 as if fully set forth herein.

14. At least for the reasons set forth in the Notice Letter, the claims of the '667 patent are invalid under one or more conditions of patentability specified in Title 35 of the United States Code.

**ANSWER:** Denied.

15. Unless Novartis is enjoined, MPI believes that Novartis will continue to assert that MPI's proposed ANDA products are infringing the claims of the '667 patent, and will interfere with MPI's business with respect to MPI's proposed ANDA products and their manufacture, use, offer for sale and sale upon approval of MPI's ANDA.

**ANSWER:** Novartis refers to its December 20, 2021 Complaint for what it asserts. Otherwise denied.

16. MPI will be irreparably harmed if Novartis is not enjoined from continuing to assert the '667 patent and from interfering with MPI's business.

**ANSWER:** On information and belief, denied.

17. A definite and concrete, real and substantial, justiciable controversy exists regarding the invalidity of the '667 patent, which is of sufficient immediacy and reality to warrant the issue of a declaratory judgment.

**ANSWER:** This paragraph states legal conclusions to which no answer is required. To the extent that an answer is required, Novartis admits that a substantial, justiciable controversy exists between Novartis and Mylan regarding the validity of the '667 patent. Otherwise denied.

18. MPI is entitled to a judicial declaration that claims of the '667 patent are invalid.

**ANSWER:** Denied.

### SECOND COUNTERCLAIM: DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 11,058,667

19. Paragraphs 1–18 of the Counterclaim are incorporated as if fully set forth herein.

**ANSWER:** Novartis incorporates its responses to Paragraphs 1-18 as if fully set forth herein.

20. MPI's proposed ANDA products have not infringed, will not infringe, and are not infringing, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '667 patent.

**ANSWER:** On information and belief, denied.

21. Unless Novartis is enjoined, MPI believes that Novartis will continue to assert that MPI's proposed ANDA products are infringing the claims of the '667 patent, and will interfere with MPI's business with respect to MPI's proposed ANDA products and their manufacture, use, offer for sale and sale upon approval of MPI's ANDA.

**ANSWER:** Novartis refers to its December 20, 2021 Complaint for what it asserts. Otherwise denied.

22. MPI will be irreparably harmed if Novartis is not enjoined from continuing to assert the '667 patent and from interfering with MPI's business.

**ANSWER:** On information and belief, denied.

23. A definite and concrete, real and substantial, justiciable controversy exists regarding whether the manufacture, use, offer for sale, or sale of MPI's proposed ANDA products will infringe any valid and enforceable claim of the '667 patent, which is of sufficient immediacy and reality to warrant the issue of a declaratory judgment.

**ANSWER:** This paragraph states legal conclusions to which no answer is required. To the extent that an answer is required, Novartis admits that a substantial, justiciable controversy exists between Novartis and Mylan regarding whether the '667 patent is infringed. Otherwise denied.

24. MPI is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, or importation of MPI's ANDA products have not infringed, do not infringe, and would not, if manufactured, used, sold, offered for sale, or imported, infringe, either directly, indirectly or contributorily, and would not induce infringement of, any valid or enforceable claim of the '667 patent.

**ANSWER:** On information and belief, denied.

### **REQUEST FOR RELIEF**

The "REQUEST FOR RELIEF" and "WHEREFORE" paragraph concluding Mylan's counterclaims, and the lettered paragraphs (a)-(h) that follow the "WHEREFORE" paragraph,

state Mylan's request for relief to which no answer is required. To the extent that an answer is required, Novartis denies the allegations set forth in the "WHEREFORE" paragraph and the lettered paragraphs (a)-(h) that follow it, and denies that Mylan is entitled to the relief requested therein, or to any relief whatsoever.

Novartis denies any and all allegations of the Counterclaims not expressly admitted herein.

\*   \*   \*

WHEREFORE, Novartis prays that the Court grant the following relief:

A.  An order dismissing each of Mylan's Counterclaims, with prejudice, and denying all relief sought by Mylan;

B.  Judgment that Mylan has infringed one or more claims of the '667 patent by filing ANDA No. 213646;

C.  A permanent injunction restraining and enjoining Mylan, and its officers, agents, attorneys, and employees, and those acting in privity or concert with it, from engaging in the commercial manufacture, use, sale, or offer for sale in the United States, or importation into the United States, of MPI's proposed ANDA products prior to the expiration of the '667 patent, inclusive of any extensions and additional periods of exclusivity;

D.  An order that the effective date of any approval of ANDA No. 213646 be a date that is not earlier than the expiration date of the '667 patent, inclusive of any extensions and additional periods of exclusivity;

E.  Declaratory judgment that the use of MPI's proposed ANDA products will directly infringe one or more claims of the '667 patent;

6

F.	Declaratory judgment that the commercial manufacture, use, sale, offer for sale, and/or importation of MPI's proposed ANDA products will induce infringement of, and/or contributorily infringe one or more claims of the '667 patent;

G.	Damages or other monetary relief from Mylan for the direct infringement, inducement of infringement and/or contributory infringement of the '667 patent;

H.	A declaration that this case is an exceptional case pursuant to 35 U.S.C. § 285 and an award of attorney's fees;

I.	Novartis's costs and expenses in this action; and

J.	Such other and further relief as the Court may deem just and proper.

Dated: April 14, 2022

OF COUNSEL:

Nicholas N. Kallas
Christina Schwarz
Christopher E. Loh
Jared L. Stringham
VENABLE LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 218-2100
nkallas@venable.com
cschwarz@venable.com
cloh@venable.com
jlstringham@venable.com

MCCARTER & ENGLISH, LLP

/s/ *Daniel M. Silver*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiff Novartis Pharmaceuticals Corporation*