IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re ENTRESTO (SACUBITRIL/VALSARTAN) PATENT LITIGATION | : : : : : : | MDL No. 20-2930-RGA<br><br>C.A. Nos. 22-1395-RGA |

**ORDER SETTING BOND**

The Court of Appeals directed, in connection with a temporary injunction, that Novartis file a bond in this court "in an amount, and subject to terms and conditions, deemed appropriate." (D.I. 1942).[1] The temporary injunction lasted seven days. (D.I. 1944). The parties have filed four letters in connection with the determination of what an "appropriate" amount would be. MSN says, $209.3 million; Novartis says, $15.89 million. (D.I. 1952; D.I. 1962). Both sides agree the bond should be "without surety." Thus, the bond would essentially be Novartis's promise to pay up to the amount of the bond should it eventually be determined that MSN was wrongfully enjoined.

In the last of the four letters (D.I. 1964), MSN states that applying Novartis's methodology, the bond should be $165 million.

I do not know what has happened since the injunction was lifted. Thus, the amount of the bond is not a prediction about what the damages would be if a year or two from now it is determined that the injunction was wrongfully entered. It is more of a prediction about what the damages would be under a worst case scenario for MSN.[2] Novartis's proposal is not enough. I

---

[1] Citations are to the docket in No. 20md2930 only.
[2] I say this because the bond acts as a cap on how much MSN can recover. At the appropriate time, MSN would still have to prove the harm to it in order to recover anything.

think MSN's proposal is exaggerated. I think an appropriate bond, particularly given that the bond will be without surety, is $100,000,000.

Novartis is ORDERED to forthwith post a bond in that amount.

IT IS SO ORDERED this 31st day of July 2025.

                                                    /s/ Richard G. Andrews
                                             United States District Judge