# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE ENTRESTO (SACUBITRIL/VALSARTAN) PATENT LITIGATION | No. 20-md-2930-RGA |
| NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>DR. REDDY'S LABORATORIES, INC., DR. REDDY'S LABORATORIES, LTD., HETERO USA INC., HETERO LABS LIMITED, HETERO LABS LIMITED UNIT III, MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LIMITED, MSN LIFE SCIENCES PRIVATE LIMITED, NOVUGEN PHARMA (MALAYSIA) SDN. BHD., ZYDUS PHARMACEUTICALS (USA) INC., CADILA HEALTHCARE LTD.,<br><br>Defendants. | No. 19-cv-2053-RGA<br><br>**<u>FILED UNDER SEAL</u>** |

**DR. REDDY'S LABORATORIES, INC. AND DR. REDDY'S LABORATORIES, LTD.'S LETTER IN SUPPROT OF ITS MOTION TO STRIKE NEW INFRINGEMENT OPINIONS FROM THE EXPERT REPORTS OF AERI PARK, PH.D.**

Dear Judge Andrews,

Dr. Reddy's Laboratories Ltd. and Dr. Reddy's Laboratories Inc. (collectively, "DRL") move to strike portions of the expert reports of Plaintiff Novartis Pharmaceuticals Corporation's ("Novartis") expert Dr. Aeri Park. ███████████████████████████████████████████████████████████████████████████████████████████████████. Novartis's infringement contentions *never provided any disclosure* explaining how DRL's ANDA Products ███████████████████████████████████ after DRL wrote multiple letters to Novartis requesting supplementation. Only months after Novartis served its final infringement contentions, and after the close of fact discovery, Dr. Park offered belated infringement positions that Novartis failed to disclose, unfairly prejudicing DRL. This is not a case where a party failed to elaborate on an argument. Rather, ███████████████████████████████████████████████████████████ ████████████████ ███████████████████████████████████████████████████ █████████████████████████████████████████████, Novartis disregarded this Court's scheduling order, rendering infringement contentions and fact discovery futile. Allowing Novartis to maintain these new opinions would encourage such practice. These opinions must be struck.

**A.    Dr. Park's Reports Contain an Untimely and Prejudicial Infringement Argument**

    **1.**   ███████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████

Novartis had DRL's ANDA and DMF, and samples of DRL's ANDA Products, *weeks or months before* Novartis served its initial infringement contentions.[1] Yet, in those contentions, served October 20, 2020, ████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████

████████████████████████████    █████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████████████
████████████████████████████ Thus, Novartis closed fact discovery with its infringement position consisting of only a rote recitation of the claim language with no further discussion.[2]

---

[1] No. 19-2053, D.I. 54 (7/2/20 Core Technical Documents); Ex. 13 (9/30/20 Sample Prod. Letter).

[2] Novartis was well aware its infringement contentions were deficient: DRL repeatedly identified the deficiencies in fact discovery responses and correspondence. *See, e.g.*, Ex. 4 (DRL's Interrog. Responses) at 8-9, 16, 23; Exs. 5-7 at (DRL's Suppl. Interrog. Responses); Ex. 8 (12/24/20 Jones Email); Ex. 9 (10/25/21 & 10/5/21 Jones Email). DRL prepared to raise this issue with the Court at the close of discovery, but after the Court ruled on a ████████████ dispute between Novartis and Teva, DRL decided to "forgo a meet and confer to discuss the deficiencies in Novartis's infringement contentions at [that] time ... consistent with the Court's order." *Id.*, *see also* D.I. 365 (denying as premature a motion regarding sufficiency of Novartis's contentions, but allowing Teva to renew motion after expert discovery and recognizing that Novartis's failure to substantiate its

2. ███████████████████████████████████████████

On December 14, 2021, Novartis served Dr. Park's opening infringement report, ████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

Dr. Park's reply report, served on April 7, 2022, ████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████

**B.   The Court Should Strike** ███████████████████████████████

Balancing the so-called *Pennypack*[3] factors, this Court should strike Dr. Park's new opinion ██████████████████████████████ Novartis's failure to disclose this infringement theory and its basis in its contentions, waiting instead for Dr. Park's reply report, denied DRL and its expert an opportunity to respond with appropriate fact and expert discovery.

***(1) Prejudice or surprise to DRL***: This is a case of flagrant disregard of this Court's scheduling order, in view of multiple requests for supplementation ███████████████████████
████████ Novartis denied DRL an opportunity to conduct appropriate fact discovery. DRL thus suffered "substantial lost opportunities … to shape its litigation strategy." *See* Order at 1-3, *H. Lundbeck A/S v. Apotex Inc.*, No. 18-88-LPS (D. Del. Aug. 21, 2020), D.I. 915 (granting motion to strike where contentions parroted claim language, no details appeared until expert reports, and defendant "could have pursued its infringement and/or invalidity cases differently..."); *TQ Delta, LLC v.*

---

infringement contentions "undermines Teva's ability to formulate and disclose its non-infringement position … and raises concern that Novartis may not, in fact, have a good faith belief it can prove infringement …."); Ex. 9 (10/25/21 Jones Email).

[3] *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977), *overruled on other grounds*, *Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985).

[4] *Intell. Ventures I LLC v. AT&T Mobility LLC*, No. 13-1668-LPS, 2017 WL 658469, at *1 (D. Del. Feb. 14, 2017) (citing *Lambda Optical Sols., LLC v. Alcatel-Lucent USA Inc.*, No. 10-487-RGA, 2013 WL 1776104, at *2 (D. Del. Apr. 17, 2013)).

*ADTRAN, Inc.*, No. 14-954-RGA, 2019 WL 4346530, at *2 (D. Del. Sept. 12, 2019)("[o]pening expert reports are not the appropriate time to disclose new infringement allegations"). Novartis's failure to disclose any position in its infringement contentions ■■■

■■■ . This is plainly prejudicial. If Novartis intended ■■■ the time to disclose its evidence in support was during discovery—not to engage in submarine tactics. DRL was deprived of any opportunity to prepare for and respond to Dr. Park's untimely opinion. Memorandum Order at 1-2, *Shure Inc. v. ClearOne, Inc.*, No. 19-1343-RGA-CJB (D. Del. Sept. 17, 2021), D.I. 547 (granting motion to strike where opinions were not in contentions). ■■■

**(2) Curing the prejudice**: The prejudice described above cannot be cured. Expert reports are closed, DRL's experts do not have time to perform responsive testing, and DRL cannot pursue fact discovery it may have pursued had this been disclosed in the context of Novartis's infringement contentions. *St. Clair Intell. Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co.*, No. 04-1436-LPS, 2012 WL 1015993, at *8 (D. Del. Mar. 26, 2012).

**(3) Likelihood of disruption of trial**: Anything short of striking Dr. Park's opinion would disrupt the schedule because ■■■

**(4) Importance of the information withheld**: Here, the importance of the information to Novartis should be given little weight—indeed, that Novartis may argue the information is important underscores why it should have been disclosed in the first instance. Novartis's flagrant disregard of the Court's scheduling order warrants the exclusion of this evidence, particularly where DRL repeatedly requested supplementation and is now unable to bolster its defenses accordingly. *See, e.g., Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997). Failing to strike these opinions will encourage future willful bad actors to engage in the same tactics.

**(5) Explanation for the failure to disclose** and **(5) the presence of bad faith or willfulness in not disclosing the evidence**: Novartis has no good faith explanation for withholding this opinion, especially after repeated warnings. When the parties conferred on May 2, 2022, ■■■

■■■

- 4 -

| | |
|---|---|
| Dated: May 27, 2022 | Respectfully submitted, |
| | */s/ Stamatios Stamoulis* |
| OF COUNSEL: | Stamatios Stamoulis (#4606) |
| | Richard C. Weinblatt (#5080) |
| Autumn N. Nero | STAMOULIS & WEINBLATT LLC |
| PERKINS COIE LLP | 800 N. West Street, Third Floor |
| 33 East Main Street, Suite 201 | Wilmington, DE 19801 |
| Madison, WI 53703 | Tel: (302) 999-1540 |
| (608) 663-7460 | stamoulis@swdelaw.com |
| ANero@perkinscoie.com | weinblatt@swdelaw.com |

Bryan D. Beel
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209
(503) 727-2000
BBeel@perkinscoie.com

Christopher D. Jones
PERKINS COIE LLP
700 Thirteenth Street, NW, Suite 800
Washington, D.C. 20005
(202) 654-6200
CDJones@perkinscoie.com

*Attorneys for Defendants Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc.*

Cc: All Counsel of Record (via email)