# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE ENTRESTO (SACUBITRIL/VALSARTAN) PATENT LITIGATION | ) ) ) ) ) | C.A. No. 20-2930-LPS<br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |
| NOVARTIS PHARMACEUTICALS CORPORATION, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| DR. REDDY'S LABORATORIES, INC., DR. REDDY'S LABORATORIES, LTD., HETERO USA INC., HETERO LABS LIMITED, HETERO LABS LIMITED UNIT III, MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LIMITED, MSN LIFE SCIENCES PRIVATE LIMITED, NOVUGEN PHARMA (MALAYSIA) SDN. BHD., ZYDUS PHARMACEUTICALS (USA) INC., CADILA HEALTHCARE LTD., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 19-2053-LPS<br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |
| Defendants. | ) ) | |

**PLAINTIFF'S INITIAL INFRINGEMENT CHART AGAINST
DR. REDDY'S LABORATORIES, INC. AND DR. REDDY'S LABORATORIES, LTD.**

Pursuant to the Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") Rule 4(c), and the Scheduling Order in this case (D.I. 102), Plaintiff Novartis Pharmaceuticals Corporation ("Novartis") hereby provides Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd. (collectively, "Dr. Reddy's") with the following initial claim chart relating Dr. Reddy's sacubitril/valsartan tablets, ███████████████████

1

█████████ described in ANDA No. 213627 ("Dr. Reddy's ANDA Products") to the

asserted claims of ████████████████████████████████████

████████████████████████████████

Novartis reserves the right to amend these infringement contentions as the case develops

and as Novartis reviews Dr. Reddy's ANDA and related materials, including with its experts,

and based on the Court's claim construction decision.  Further, Novartis's division of the claims

below is for purposes of convenience only, and does not reflect Novartis's position with respect

to how the claims should be divided for the purposes of claim construction, or which aspects of

the claims should be construed.  On information and belief, each claim below has been or will be

infringed literally or under the doctrine of equivalents.



VENABLE LLP

Dated: October 20, 2020_____

/s/ Jared L. Stringham_____
Jared L. Stringham
Gregory J. Manas
1290 Avenue of the Americas
New York, New York 10104
(212) 218-2100
jlstringham@venable.com
gjmanas@venable.com

Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiff Novartis*
*Pharmaceuticals Corporation*

# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE ENTRESTO (SACUBITRIL/VALSARTAN) PATENT LITIGATION | MDL No. 20-2930-LPS<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |
| NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>DR. REDDY'S LABORATORIES, INC., DR. REDDY'S LABORATORIES, LTD., HETERO USA INC., HETERO LABS LIMITED, HETERO LABS LIMITED UNIT III, MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LIMITED, MSN LIFE SCIENCES PRIVATE LIMITED, NOVUGEN PHARMA (MALAYSIA) SDN. BHD., ZYDUS PHARMACEUTICALS (USA) INC., CADILA HEALTHCARE LTD.,<br><br>Defendants. | C.A. No. 19-2053-LPS<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |

## PLAINTIFF'S FIRST SUPPLEMENTAL INFRINGEMENT CONTENTIONS AGAINST DR. REDDY'S LABORATORIES, INC. AND DR. REDDY'S LABORATORIES, LTD.

Pursuant to the Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") Rule 4(c), and the Scheduling Order in this case (D.I. 102), Plaintiff Novartis Pharmaceuticals Corporation ("Novartis") hereby provides Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd. (collectively, "Dr. Reddy's") with its First Supplemental Infringement Contentions Against Dr. Reddy's relating Dr. Reddy's sacubitril/valsartan tablets,

1

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████.

Novartis reserves the right to amend or supplement these infringement contentions as the case develops and as Novartis reviews Dr. Reddy's ANDA and related materials, including with its experts.  Novartis further reserves the right to rely on expert testing, which will be disclosed during expert discovery according to the schedule entered by the Court.  On information and belief, each claim below has been or will be infringed literally or under the doctrine of equivalents.



████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████ .

The '659 patent claims recite pharmaceutical compositions comprising valsartan (or a pharmaceutically acceptable salt thereof) and sacubitril (or a pharmaceutically acceptable salt thereof). During prosecution, the Examiner rejected the claims as obvious, *inter alia*, over U.S. Patent No. 5,217,996 ("Ksander"). As the '659 patent applicants argued during prosecution, Ksander does not disclose valsartan or a pharmaceutically acceptable salt thereof. ██████████

████████████████████████████████████████████████████████████

██████████████████████████████████ *See, e.g.*, *Bio-Rad Labs., Inc. v. 10X Genomics Inc.*, 967 F.3d 1353, 1364-66 (Fed. Cir. 2020) (affirming district court's refusal to apply prosecution history estoppel where the applicants' reason for amending the claims to recite "non-flourinated microchannels" was to distinguish prior art requiring functional amounts of fluorine in microchannels, and thus was tangential to the asserted equivalent, *i.e.*, microchannels including a negligible, non-functional amount of fluorine).

\*       \*       \*

Novartis reserves the right to supplement its contentions as discovery proceeds, as Dr. Reddy's develops and discloses its non-infringement case, and as additional facts are ascertained. Novartis further reserves the right to rely on expert testing, which will be disclosed during expert discovery according to the schedule entered by the Court.

VENABLE LLP

Dated: <u>August 30, 2021</u>

<u>/s/ Jared L. Stringham</u>
Christopher E. Loh
Jared L. Stringham
Gregory J. Manas
1290 Avenue of the Americas
New York, New York 10104
(212) 218-2100
cloh@venable.com
jlstringham@venable.com
gjmanas@venable.com

Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiff Novartis*
*Pharmaceuticals Corporation*

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE ENTRESTO (SACUBITRIL/VALSARTAN) PATENT LITIGATION | ) ) ) ) ) | MDL No. 20-2930-LPS  **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |

NOVARTIS PHARMACEUTICALS CORPORATION,

    Plaintiff,

    v.

DR. REDDY'S LABORATORIES, INC., DR. REDDY'S LABORATORIES, LTD., HETERO USA INC., HETERO LABS LIMITED, HETERO LABS LIMITED UNIT III, MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LIMITED, MSN LIFE SCIENCES PRIVATE LIMITED, NOVUGEN PHARMA (MALAYSIA) SDN. BHD., ZYDUS PHARMACEUTICALS (USA) INC., CADILA HEALTHCARE LTD.,

    Defendants.

C.A. No. 19-2053-LPS

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**PLAINTIFF'S SECOND SUPPLEMENTAL
INFRINGEMENT CONTENTIONS AGAINST DR. REDDY'S
LABORATORIES, INC. AND DR. REDDY'S LABORATORIES, LTD.**

Pursuant to the Default Standard for Discovery, Including Discovery of Electronically

Stored Information ("ESI") Rule 4(c), and the Scheduling Order in this case (D.I. 102), Plaintiff

Novartis Pharmaceuticals Corporation ("Novartis") hereby provides Dr. Reddy's Laboratories,

Inc. and Dr. Reddy's Laboratories, Ltd. (collectively, "Dr. Reddy's") with its Second

Supplemental Infringement Contentions Against Dr. Reddy's relating Dr. Reddy's

1

sacubitril/valsartan tablets, ████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

███████

      Novartis reserves the right to amend or supplement these infringement contentions as the case develops and as Novartis reviews Dr. Reddy's ANDA and related materials, including with its experts. Novartis further reserves the right to rely on expert testing, which will be disclosed during expert discovery according to the schedule entered by the Court. On information and belief, each claim below has been or will be infringed literally or under the doctrine of equivalents.



**NOVARTIS'S SECOND SUPPLEMENTAL**
**INFRINGEMENT CONTENTIONS AGAINST DR. REDDY'S**

Novartis served its Initial Infringement Chart Against Dr. Reddy's on October 20, 2020, and its First Supplemental Infringement Contentions Against Dr. Reddy's on August 30, 2021, which Novartis incorporates here in their entirety.  Novartis supplements its Initial Infringement Chart and First Supplemental Infringement Contentions as follows:

I. ███████████████████

Novartis's investigation of Dr. Reddy's ANDA Products is ongoing, including reviewing the discovery Dr. Reddy's has produced to date and testing of Dr. Reddy's ANDA Products to identify and characterize ███████████████████████████████████████ █████████████████████████████████████████████████████████ █████████

\*       \*       \*

Novartis reserves the right to supplement its contentions as discovery proceeds, as Dr. Reddy's develops and discloses its non-infringement case, and as additional facts are ascertained. Novartis further reserves the right to rely on expert testing, which will be disclosed during expert discovery according to the schedule entered by the Court.

VENABLE LLP

Dated: September 17, 2021                           /s/ Jared L. Stringham
Christopher E. Loh
Jared L. Stringham
Gregory J. Manas
1290 Avenue of the Americas
New York, New York 10104
(212) 218-2100
cloh@venable.com
jlstringham@venable.com
gjmanas@venable.com

Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiff Novartis
Pharmaceuticals Corporation*

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re Entresto (Sacubitril/Valsartan) Patent Litigation | C.A. No. 20-2930-LPS |
| NOVARTIS PHARMACEUTICALS CORPORATION, | |
| Plaintiff, | |
| v. | |
| DR. REDDY'S LABORATORIES, INC., DR. REDDY'S LABORATORIES, LTD., HETERO USA INC., HETERO LABS LIMITED, HETERO LABS LIMITED UNIT III, MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LIMITED, MSN LIFE SCIENCES PRIVATE LIMITED, NOVUGEN PHARMA (MALAYSIA) SDN. BHD., ZYDUS PHARMACEUTICALS (USA) INC., CADILA HEALTHCARE LTD., | C.A. No. 19-2053-LPS **HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY** |
| Defendants. | |

**DR. REDDY'S LABORATORIES, INC. AND DR. REDDY'S LABORATORIES, LTD.'S OBJECTIONS AND RESPONSES TO NOVARTIS'S SECOND SET OF INTERROGATORIES (NOS. 3-5)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the applicable Local Rules of the United States District Court for the District of Delaware, Defendants Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. (collectively, "DRL"), hereby respond to Plaintiff Novartis's ("Novartis" or "Plaintiff") Second Set of Interrogatories to Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd. (Nos. 3-5) ("Interrogatories") as follows. DRL reserves the right to amend and/or supplement these objections and responses as discovery continues in this case, in response to any relevant claim construction, to the fullest extent

**HIGHLY CONFIDENTIAL**

REDACTED

REDACTED

REDACTED

REDACTED

Dated: November 19, 2020

Of Counsel:

Autumn N. Nero
ANero@perkinscoie.com
PERKINS COIE LLP
33 East Main Street, Suite 201
Madison, WI 53703-3095
Phone: (608) 663-7460

Bryan D. Beel
BBeel@perkinscoie.com
PERKINS COIE LLP
1120 NW Couch Street
Tenth Floor
Portland, OR 97209
Phone: (503) 727-2000

Christopher D. Jones
CDJones@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Phone: (202) 654-6200

Respectfully Submitted,

STAMOULIS & WEINBLATT LLC

/s/ *Stamatios Stamoulis*
   Stamatios Stamoulis (No. 4606)
   800 N. West Street, Third Floor
   Wilmington, DE 19809
   (302) 999-1540
   stamoulis@swdelaw.com

*Attorneys for Defendants/Counterclaim*
*Plaintiffs Dr. Reddy's Laboratories, Inc. and*
*Dr. Reddy's Laboratories, Ltd.*

**HIGHLY CONFIDENTIAL**

# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re Entresto (Sacubitril/Valsartan) Patent Litigation** | C.A. No. 20-2930-LPS |
| **NOVARTIS PHARMACEUTICALS CORPORATION,** | |
| Plaintiff**,** | |
| **v.** | |
| **DR. REDDY'S LABORATORIES, INC., DR. REDDY'S LABORATORIES, LTD., HETERO USA INC., HETERO LABS LIMITED, HETERO LABS LIMITED UNIT III, MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LIMITED, MSN LIFE SCIENCES PRIVATE LIMITED, NOVUGEN PHARMA (MALAYSIA) SDN. BHD., ZYDUS PHARMACEUTICALS (USA) INC., CADILA HEALTHCARE LTD.,** | C.A. No. 19-2053-LPS **HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY** |
| Defendants. | |

**DR. REDDY'S LABORATORIES, INC. AND DR. REDDY'S LABORATORIES, LTD.'S
FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO NOVARTIS'S
SECOND SET OF INTERROGATORIES (NOS. 3-5)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the applicable

Local Rules of the United States District Court for the District of Delaware, Defendants Dr.

Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. (collectively, "DRL"), hereby

serves its first supplemental objections and responses to Plaintiff Novartis's ("Novartis" or

"Plaintiff") Second Set of Interrogatories to Dr. Reddy's Laboratories, Inc. and Dr. Reddy's

Laboratories, Ltd. (Nos. 3-5) ("Interrogatories").  DRL reserves the right to amend and/or

supplement these objections and responses as discovery continues in this case, in response to any

**HIGHLY CONFIDENTIAL**

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

As stated in DRL's initial response, DRL notes that discovery is in the early stages and DRL therefore specifically reserves the right to supplement this Response.

Dated: January 7, 2021

Of Counsel:

Autumn N. Nero
ANero@perkinscoie.com
PERKINS COIE LLP
33 East Main Street, Suite 201
Madison, WI 53703-3095
Phone: (608) 663-7460

Bryan D. Beel
BBeel@perkinscoie.com
PERKINS COIE LLP
1120 NW Couch Street
Tenth Floor
Portland, OR 97209
Phone: (503) 727-2000

Christopher D. Jones
CDJones@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Phone: (202) 654-6200

Respectfully Submitted,

STAMOULIS & WEINBLATT LLC

  /s/ *Stamatios Stamoulis*
Stamatios Stamoulis (No. 4606)
800 N. West Street, Third Floor
Wilmington, DE 19809
(302) 999-1540
stamoulis@swdelaw.com

*Attorneys for Defendants/Counterclaim*
*Plaintiffs Dr. Reddy's Laboratories, Inc. and*
*Dr. Reddy's Laboratories, Ltd.*

**HIGHLY CONFIDENTIAL**

# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re Entresto (Sacubitril/Valsartan) Patent Litigation** | C.A. No. 20-2930-LPS |
| **NOVARTIS PHARMACEUTICALS CORPORATION,** | |
| Plaintiff**,** | |
| **v.** | |
| **DR. REDDY'S LABORATORIES, INC., DR. REDDY'S LABORATORIES, LTD., HETERO USA INC., HETERO LABS LIMITED, HETERO LABS LIMITED UNIT III, MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LIMITED, MSN LIFE SCIENCES PRIVATE LIMITED, NOVUGEN PHARMA (MALAYSIA) SDN. BHD., ZYDUS PHARMACEUTICALS (USA) INC., CADILA HEALTHCARE LTD.,** | C.A. No. 19-2053-LPS **HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY** |
| Defendants. | |

**DR. REDDY'S LABORATORIES, INC. AND DR. REDDY'S LABORATORIES, LTD.'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO NOVARTIS'S SECOND SET OF INTERROGATORIES (NOS. 3-5)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the applicable Local Rules of the United States District Court for the District of Delaware, and the Court's Scheduling Order, Defendants Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. (collectively, "DRL"), hereby serves its second supplemental objections and responses to Plaintiff Novartis's ("Novartis" or "Plaintiff") Second Set of Interrogatories to Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd. (Nos. 3-5) ("Interrogatories"). DRL reserves the right to amend and/or supplement these objections and responses as discovery continues in this case, in response to any

**HIGHLY CONFIDENTIAL**

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

Dated: September 16, 2021

Of Counsel:

Autumn N. Nero
ANero@perkinscoie.com
PERKINS COIE LLP
33 East Main Street, Suite 201
Madison, WI 53703-3095
Phone: (608) 663-7460

Bryan D. Beel
BBeel@perkinscoie.com
PERKINS COIE LLP
1120 NW Couch Street
Tenth Floor
Portland, OR 97209
Phone: (503) 727-2000

Christopher D. Jones
CDJones@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Phone: (202) 654-6200

Respectfully Submitted,

STAMOULIS & WEINBLATT LLC

/s/ *Stamatios Stamoulis*
　　Stamatios Stamoulis (No. 4606)
　　800 N. West Street, Third Floor
　　Wilmington, DE 19809
　　(302) 999-1540
　　stamoulis@swdelaw.com

*Attorneys for Defendants/Counterclaim*
*Plaintiffs Dr. Reddy's Laboratories, Inc. and*
*Dr. Reddy's Laboratories, Ltd.*

**HIGHLY CONFIDENTIAL**

# EXHIBIT 7

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re Entresto (Sacubitril/Valsartan) Patent Litigation | C.A. No. 20-2930-LPS |
| **NOVARTIS PHARMACEUTICALS CORPORATION,** | |
| Plaintiff**,** | |
| **v.** | |
| **DR. REDDY'S LABORATORIES, INC., DR. REDDY'S LABORATORIES, LTD., HETERO USA INC., HETERO LABS LIMITED, HETERO LABS LIMITED UNIT III, MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LIMITED, MSN LIFE SCIENCES PRIVATE LIMITED, NOVUGEN PHARMA (MALAYSIA) SDN. BHD., ZYDUS PHARMACEUTICALS (USA) INC., CADILA HEALTHCARE LTD.,** | C.A. No. 19-2053-LPS  **HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY** |
| Defendants. | |

**DR. REDDY'S LABORATORIES, INC. AND DR. REDDY'S LABORATORIES, LTD.'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO NOVARTIS'S <u>SECOND SET OF INTERROGATORIES (NOS. 3-5)</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the applicable Local Rules of the United States District Court for the District of Delaware, and the Court's Scheduling Order, Defendants Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. (collectively, "DRL"), hereby serves its second supplemental objections and responses to Plaintiff Novartis's ("Novartis" or "Plaintiff") Second Set of Interrogatories to Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd. (Nos. 3-5) ("Interrogatories").  DRL reserves the right to amend and/or supplement these objections and responses as discovery continues in this case, in response to any

1

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

# EXHIBIT 8

| From: | Jones, Christopher (WDC) |
|---|---|
| To: | Loh, Christopher E.; Beel, Bryan D. (POR); Nero, Autumn N. (MSN); stamoulis@swdelaw.com |
| Cc: | Stringham, Jared L.; Manas, Gregory J.; Silver, Daniel; Joyce, Alexandra |
| Subject: | RE: Entresto patent litigation: Deficiencies in DRL"s responses to Novartis"s second set of interrogatories |
| Date: | Thursday, December 24, 2020 10:26:52 AM |

Counsel,

I write in response to your email below regarding DRL's objections and responses to Novartis's interrogatories (Nos. 3-5). For at least the reasons described below, we disagree with the assertions in your email, including that you are entitled at this time to supplementation of any interrogatory response.

Under the Court's Scheduling Order in this case (D.I. 102), "[t]he adequacy of all interrogatory answers shall be judged by the level of detail each party provides; *i.e.*, the more detail a party provides, the more detail a party shall receive." Novartis's Infringement Contentions provide little detail as to how or why DRL infringes each element of each asserted claim, making little more than conclusory accusations. Nor does Novartis cite to any particularized evidence, instead vaguely ███████████████████████████████████████████ Thus, DRL's responses and objections to Novartis's interrogatories 3-5 provided a level of detail at least commensurate with the level of detail received in Novartis's Infringement Contentions, in accordance with the Court's Scheduling Order. *See Novanta Corp. v. Iradion Laser, Inc.*, No. 15-cv-01033-SLR-SRF, 2016 WL 4987110, at *8 (D. Del. Sept. 16, 2016); *see also Wi-Lan Inc. v. Vizio, Inc.*, No. 1:15-cv-0788, 2018 WL 669730 at *1 (D. Del. Jan. 26, 2018).

While Novartis nonetheless claims that they require more detailed contentions in light of the upcoming claim construction process, Novartis has already received extensive invalidity contentions, which provide detailed descriptions of Defendants' positions in this case and discussions of the patents-in-suit. Novartis has cited no authority to support its position. Indeed, in light of the threadbare nature of Novartis's own infringement contentions—an issue on which Novartis carries the burden—if any party has been prejudiced in the claim construction process, it is DRL. In any event, none of the Federal Rules of Civil Procedure, Local Rules of the District of Delaware, or the Court's Scheduling Order in this case require DRL to provide Novartis with non-infringement positions "so that Novartis can determine whether and what claim construction issues it may need to address during that phase of the case." Rather, the Court has separately set a schedule for the parties to exchange claim construction-related positions.

Regardless, in the interest of moving forward, and without agreeing that Novartis's demands are proper, DRL will serve supplemental responses to Novartis's interrogatories 3-5.

Best regards,

Chris

**Christopher Jones** | **Perkins Coie LLP**
ASSOCIATE
700 Thirteenth Street, N.W. Suite 800
Washington, DC 20005-3960
D. +1.202.654.1738
F. +1.202.624.9588
E. CDJones@perkinscoie.com

**From:** Loh, Christopher E. <CLoh@Venable.com>
**Sent:** Monday, December 21, 2020 11:29 AM
**To:** Beel, Bryan D. (POR) <BBeel@perkinscoie.com>; Nero, Autumn N. (MSN) <ANero@perkinscoie.com>; Jones, Christopher (WDC) <CDJones@perkinscoie.com>; stamoulis@swdelaw.com

**Cc:** Stringham, Jared L. <JLStringham@Venable.com>; Manas, Gregory J. <GJManas@Venable.com>; Silver, Daniel <DSilver@McCarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Subject:** RE: Entresto patent litigation: Deficiencies in DRL's responses to Novartis's second set of interrogatories

Counsel,

Further to my December 8 email below, please provide as soon as possible DRL's positions on the deficiencies identified therein concerning DRL's responses to Novartis's interrogatories 3-5.

In particular, please confirm that DRL will supplement its responses to Novartis's interrogatories 3-5 to provide DRL's substantive non-infringement contentions, including whether and on what basis ███████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████. Novartis will need to know DRL's substantive non-infringement contentions in advance of the scheduled January 8, 2021 start of the claim construction issue identification, so that Novartis can determine whether and what claim construction issues it may need to address during that phase of the case.

Kind regards,

Christopher E. Loh, Esq. | Venable LLP
212.218.2206
1290 Avenue of the Americas, 20th Floor, New York, NY 10104
CLoh@Venable.com | www.Venable.com

**From:** Beel, Bryan D. (Perkins Coie) <BBeel@perkinscoie.com>
**Sent:** Monday, December 14, 2020 11:47 PM
**To:** Loh, Christopher E. <CLoh@Venable.com>; Nero, Autumn N. (Perkins Coie) <ANero@perkinscoie.com>; Jones, Christopher (Perkins Coie) <CDJones@perkinscoie.com>; stamoulis@swdelaw.com
**Cc:** Stringham, Jared L. <JLStringham@Venable.com>; Manas, Gregory J. <GJManas@Venable.com>; Silver, Daniel <DSilver@McCarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>; Beel, Bryan D. (Perkins Coie) <BBeel@perkinscoie.com>
**Subject:** RE: Entresto patent litigation: Deficiencies in DRL's responses to Novartis's second set of interrogatories

**Caution: External Email**

Chris,

Thank you for your comments. We have considered your message and are in the process of reviewing and discussing your request with our client. We will respond once we have settled on our response.

Best regards,

Bryan

**Bryan D. Beel, J.D., Ph.D.**
Senior Counsel
D. +1.503.727.2116
E. BBeel@perkinscoie.com
Bio | LinkedIn | 1600 PTAB Blog

**From:** Loh, Christopher E. <CLoh@Venable.com>
**Sent:** Tuesday, December 08, 2020 2:43 PM
**To:** Nero, Autumn N. (MSN) <ANero@perkinscoie.com>; Beel, Bryan D. (POR) <BBeel@perkinscoie.com>; Jones, Christopher (WDC) <CDJones@perkinscoie.com>; stamoulis@swdelaw.com

**Cc:** Stringham, Jared L. <JLStringham@Venable.com>; Manas, Gregory J. <GJManas@Venable.com>; Silver, Daniel <DSilver@McCarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>

**Subject:** Entresto patent litigation: Deficiencies in DRL's responses to Novartis's second set of interrogatories

Counsel,

We write regarding DRL's objections and responses to Novartis's second set of interrogatories (3-5) concerning infringement.

DRL's responses to Novartis's interrogatories 3-5 do not identify a basis for ███████████████████
███████████████████████████████████████████████
███████████████████████████████████. Please confirm that DRL does not have, and will not advance in this litigation, ███████████████████████████████
███████████████████████████████████████████████
████████████████████████████████.

Please let us know DRL's response no later than December 14, 2020.

For the avoidance of doubt, the fact that Novartis has not addressed DRL's objections and response to a particular interrogatory is not an indication that Novartis agrees with DRL's positions on that interrogatory. Novartis reserves the right to pursue any additional discovery it has requested as this case proceeds.

Kind regards,

Christopher E. Loh, Esq. | Venable LLP
212.218.2206
1290 Avenue of the Americas, 20th Floor, New York, NY 10104
CLoh@Venable.com | www.Venable.com

*************************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
*************************************************************************

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

*************************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
*************************************************************************

# EXHIBIT 9

| From: | Jones, Christopher (WDC) |
|---|---|
| To: | Stringham, Jared L.; Nero, Autumn N. (MSN); Beel, Bryan D. (POR); stamoulis@swdelaw.com; weinblatt@swdelaw.com; Huang, Karen (POR) |
| Cc: | Loh, Christopher E.; Manas, Gregory J.; Borriello, Jessica M.; "dsilver@mccarter.com"; Joyce, Alexandra |
| Subject: | RE: [Highly Confidential] In re Entresto (Sacubitril/Valsartan) Patent Litigation, MDL No. 20-2930-LPS |
| Date: | Monday, October 25, 2021 8:51:25 AM |

Jared,

███████████████████████████████████████

███████████████████████████████████████ .

In light of the Court's recent order (MDL No. 20-2930-LPS at D.I. 365), DRL will forgo a meet and confer to discuss the deficiencies in Novartis's infringement contentions at this time. However, DRL reserves the right to challenge any evidence and/or expert put forth by Novartis in expert discovery and at Trial, consistent with the Court's order and DRL's responses to Novartis's Interrogatory Nos. 3-5.

Best,
Chris

**Christopher Jones | Perkins Coie LLP**
ASSOCIATE
700 Thirteenth Street, N.W. Suite 800
Washington, DC 20005-3960
D. +1.202.654.1738
F. +1.202.624.9588
E. CDJones@perkinscoie.com

---

**From:** Stringham, Jared L. <JLStringham@Venable.com>
**Sent:** Thursday, October 14, 2021 8:41 PM
**To:** Jones, Christopher (WDC) <CDJones@perkinscoie.com>; Nero, Autumn N. (MSN) <ANero@perkinscoie.com>; Beel, Bryan D. (POR) <BBeel@perkinscoie.com>; stamoulis@swdelaw.com; weinblatt@swdelaw.com; Huang, Karen (POR) <KHuang@perkinscoie.com>
**Cc:** Loh, Christopher E. <CLoh@Venable.com>; Manas, Gregory J. <GJManas@Venable.com>; Borriello, Jessica M. <JBorriello@Venable.com>; 'dsilver@mccarter.com' <dsilver@mccarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Subject:** RE: [Highly Confidential] In re Entresto (Sacubitril/Valsartan) Patent Litigation, MDL No. 20-2930-LPS

Chris,

We disagree with your characterizations of Novartis's infringement contentions.  We are not available to meet and confer on the dates you have proposed due to the ongoing depositions.  We can meet and confer on October 21 at 11 am ET.

With respect to document production, since Defendants' July 7, 2021 email, Novartis has



Last, attached is the information requested by DRL concerning Novartis's production of ██████ ████████████████████████████

Kind regards,
Jared

Jared L. Stringham, Esq.
Venable | Fitzpatrick
t 212.218.2523
Venable LLP, 1290 Avenue of the Americas, 20th Floor
New York, NY 10104

JLStringham@Venable.com | www.Venable.com

**From:** Jones, Christopher (Perkins Coie) <CDJones@perkinscoie.com>
**Sent:** Tuesday, October 12, 2021 2:42 PM
**To:** Stringham, Jared L. <JLStringham@Venable.com>; Nero, Autumn N. (Perkins Coie) <ANero@perkinscoie.com>; Beel, Bryan D. (Perkins Coie) <BBeel@perkinscoie.com>; stamoulis@swdelaw.com; weinblatt@swdelaw.com; Huang, Karen (Perkins Coie) <KHuang@perkinscoie.com>
**Cc:** Loh, Christopher E. <CLoh@Venable.com>; Manas, Gregory J. <GJManas@Venable.com>; Borriello, Jessica M. <JBorriello@Venable.com>; 'dsilver@mccarter.com' <dsilver@mccarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Subject:** RE: [Highly Confidential] In re Entresto (Sacubitril/Valsartan) Patent Litigation, MDL No. 20-2930-LPS

**Caution: External Email**

Counsel,

I write to follow up on our request for a meet and confer to discuss Novartis's infringement contentions, and continued assertion of the '938 and '134 patents against DRL.

We are available Friday (10/15) from 11 AM – 3 PM ET and Monday (10/18) from 11 AM – 4 PM ET.

Best,
Chris

**Christopher Jones** | **Perkins Coie LLP**
ASSOCIATE
700 Thirteenth Street, N.W. Suite 800
Washington, DC 20005-3960
D. +1.202.654.1738
F. +1.202.624.9588
E. CDJones@perkinscoie.com

---

**From:** Jones, Christopher (WDC)
**Sent:** Tuesday, October 5, 2021 4:07 PM
**To:** 'Stringham, Jared L.' <JLStringham@Venable.com>; Nero, Autumn N. (MSN) <ANero@perkinscoie.com>; Beel, Bryan D. (POR) <BBeel@perkinscoie.com>; stamoulis@swdelaw.com; weinblatt@swdelaw.com; Huang, Karen (POR) <KHuang@perkinscoie.com>
**Cc:** Loh, Christopher E. <CLoh@Venable.com>; Manas, Gregory J. <GJManas@Venable.com>; Borriello, Jessica M. <JBorriello@Venable.com>; 'dsilver@mccarter.com' <dsilver@mccarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Subject:** RE: [Highly Confidential] In re Entresto (Sacubitril/Valsartan) Patent Litigation, MDL No. 20-2930-LPS

Counsel,

I write to respond to your email dated October 4, 2021, in which you mischaracterize and incorrectly recall certain "fact discovery issues" related to DRL.

I. **DRL's Responses to Novartis's Interrogatory Nos. 3-5**

First, with respect to DRL's responses to Novartis's Interrogatory Nos. 3-5, you stated that DRL did not set forth noninfringement positions other than those in DRL's responses to Novartis's Interrogatory Nos. 3-5 dated November 19, 2020 and January 7, 2021. However, you omit at least DRL's supplemental responses to these interrogatories, dated September 16, 2021.  In light of this oversight, we presume the statements in your email were sent in error. DRL's initial, first supplemental, and second supplemental responses to Novartis's Interrogatory Nos. 3-5 speak for themselves. Novartis's "understanding" of the noninfringement defenses set forth in these interrogatory responses does not limit DRL's ability to present non-infringement defenses for any of the asserted patents during expert discovery or at trial.

What's more, as explained in our email dated December 24, 2020, under the Court's Scheduling Order in this case (D.I. 102), "[t]he adequacy of all interrogatory answers shall be judged by the level

of detail each party provides; *i.e.*, the more detail a party provides, the more detail a party shall receive." Novartis's Initial and First Supplemental Infringement Contentions provide virtually no detail as to how or why DRL infringes each element of each asserted claim, making little more than conclusory accusations. Nor does Novartis cite to any particularized evidence, instead vaguely referring to ██████████████████████████████████. This is particularly true for ████████████ ████████████████████████████████████████████████████████ █████████████████████ and supplemental responses to Novartis's Interrogatory Nos. 3-5, as well as the Court's claim construction decision, before the deadline to supplement contentions, Novartis's entire supplemental response reads:

> Novartis's investigation of Dr. Reddy's ANDA Products is ongoing, including reviewing the
> discovery Dr. Reddy's has produced to date and testing of Dr. Reddy's ANDA Products to
> ████████████████████████████████████████████████████████
> ████████████████████████████████████████
> ████████████████████.

Thus, Novartis has failed to meet its burden of proving that DRL infringes at least ██████████ ████████████████████████. DRL's responses and objections to Novartis's Interrogatory Nos. 3-5 provided a level of detail at least commensurate with the level of detail received in Novartis's Infringement Contentions. In addition, because Novartis has not cited any evidence or set forth any substantive arguments regarding DRL's alleged infringement ████████████████████, ██████ █████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████

DRL requests a meet and confer to discuss Novartis's infringement contentions, and continued assertion of ████████████████████████. We are available on October 11, 2021 from 11 AM to 4 PM ET or on October 12, 2021 from 2:30-4 PM ET.

## II. The Parties' Discovery Obligations

With respect to your concerns regarding DRL's production of ANDA submissions and FDA correspondence, as we explained in our July 7, 2021 email, ████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████.

Moreover, in the same email dated July 7, 2021, Defendants also explained that ████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████

Best,
Chris

**Christopher Jones** | *Perkins Coie LLP*
ASSOCIATE
700 Thirteenth Street, N.W. Suite 800
Washington, DC 20005-3960
D. +1.202.654.1738
F. +1.202.624.9588
E. CDJones@perkinscoie.com

---

**From:** Stringham, Jared L. <JLStringham@Venable.com>
**Sent:** Monday, October 4, 2021 9:16 PM
**To:** Nero, Autumn N. (MSN) <ANero@perkinscoie.com>; Jones, Christopher (WDC) <CDJones@perkinscoie.com>; Beel, Bryan D. (POR) <BBeel@perkinscoie.com>; stamoulis@swdelaw.com; weinblatt@swdelaw.com
**Cc:** Loh, Christopher E. <CLoh@Venable.com>; Manas, Gregory J. <GJManas@Venable.com>; Borriello, Jessica M. <JBorriello@Venable.com>; 'dsilver@mccarter.com' <dsilver@mccarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Subject:** RE: [Highly Confidential] In re Entresto (Sacubitril/Valsartan) Patent Litigation, MDL No. 20-2930-LPS

Counsel,

We are writing to address the following fact discovery issues with DRL.

[REDACTED]

[REDACTED]

Kind regards,
Jared

Jared L. Stringham, Esq.
Venable | Fitzpatrick
t 212.218.2523
Venable LLP, 1290 Avenue of the Americas, 20th Floor
New York, NY 10104

JLStringham@Venable.com | www.Venable.com

**From:** Stringham, Jared L.
**Sent:** Tuesday, September 14, 2021 9:02 AM
**To:** 'ANero@perkinscoie.com' <ANero@perkinscoie.com>; 'CDJones@perkinscoie.com'
<CDJones@perkinscoie.com>; 'BBeel@perkinscoie.com' <BBeel@perkinscoie.com>;
'stamoulis@swdelaw.com' <stamoulis@swdelaw.com>; 'weinblatt@swdelaw.com'
<weinblatt@swdelaw.com>
**Cc:** Loh, Christopher E. <CLoh@Venable.com>; Stringham, Jared L. <JLStringham@Venable.com>;
Manas, Gregory J. <GJManas@Venable.com>; Borriello, Jessica M. <JBorriello@Venable.com>;
'dsilver@mccarter.com' <dsilver@mccarter.com>; 'Joyce, Alexandra' <ajoyce@mccarter.com>
**Subject:** [Highly Confidential] In re Entresto (Sacubitril/Valsartan) Patent Litigation, MDL No. 20-
2930-LPS

Counsel,

[REDACTED]

[REDACTED]

Nos. 3-5 by no later than September 20, 2021.

Kind regards,
Jared

Jared L. Stringham, Esq.
Venable | Fitzpatrick
t 212.218.2523
Venable LLP, 1290 Avenue of the Americas, 20th Floor
New York, NY 10104

JLStringham@Venable.com | www.Venable.com

*********************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
*********************************************************************

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the
sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

*********************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
*********************************************************************

# EXHIBIT 10

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re Entresto (Sacubitril/Valsartan) Patent Litigation | ) ) ) ) | C.A. No. 20-2930-LPS |
| NOVARTIS PHARMACEUTICALS CORPORATION, | ) ) ) ) | **HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER** |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| DR. REDDY'S LABORATORIES, INC., DR. REDDY'S LABORATORIES, LTD., HETERO USA INC., HETERO LABS LIMITED, HETERO LABS LIMITED UNIT III, MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LIMITED, MSN LIFE SCIENCES PRIVATE LIMITED, NOVUGEN PHARMA (MALAYSIA) SDN. BHD., ZYDUS PHARMACEUTICALS (USA) INC., CADILA HEALTHCARE LTD., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 19-2053-LPS |
| Defendants. | ) ) | |

**OPENING EXPERT REPORT OF AERI PARK, Ph.D., AGAINST DR. REDDY'S
LABORATORIES, INC. AND DR. REDDY'S LABORATORIES, LTD.**

## I.    Introduction and Qualifications

1.      My name is Aeri Park.  Novartis's counsel has asked me to determine whether

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

# REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

# REDACTED

# EXHIBIT 11

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re Entresto (Sacubitril/Valsartan) Patent Litigation | ) ) ) ) | C.A. No. 20-2930-RGA |
| NOVARTIS PHARMACEUTICALS CORPORATION, | ) ) ) ) | **HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER** |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| DR. REDDY'S LABORATORIES, INC., DR. REDDY'S LABORATORIES, LTD., HETERO USA INC., HETERO LABS LIMITED, HETERO LABS LIMITED UNIT III, MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LIMITED, MSN LIFE SCIENCES PRIVATE LIMITED, NOVUGEN PHARMA (MALAYSIA) SDN. BHD., ZYDUS PHARMACEUTICALS (USA) INC., CADILA HEALTHCARE LTD., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 19-2053-RGA |
| Defendants. | ) ) ) | |

**REPLY EXPERT REPORT OF AERI PARK, Ph.D., AGAINST DR. REDDY'S
<u>LABORATORIES, INC. AND DR. REDDY'S LABORATORIES, LTD.</u>**

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

# REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

# REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

# EXHIBIT 12



700 13th Street, NW
Suite 800
Washington, D.C. 20005-3960

**☎** +1.202.654.6200
**🖷** +1.202.654.6211
PerkinsCoie.com

April 26, 2022

Christopher D. Jones
CDJones@perkinscoie.com
D.  +1.202.654.1738
F.  +1.202.654.6211

**VIA EMAIL**

Counsel of Record
Venable LLP
1290 Avenue of the Americas
New York, NY 10104

**HIGHLY CONFIDENTIAL**

Re:  ***Novartis Pharm. Corp. v. Dr. Reddy's Laboratories, Inc.***
     **C.A. Nos. 20-2930-LPS (D. Del. MDL); 19-cv-02053-LPS (D. Del.)**

Dear Counsel:

I write regarding the reply expert reports of Dr. Aeri Park and Dr. Alexander Klibanov, both of which improperly contain newly disclosed opinions. This appears to be a reoccurring pattern in Novartis's discovery practices. Indeed, as explained in our January 6, 2022 letter, Dr. Park's opening report exceeded the scope of Novartis's infringement contentions with respect to the '938 patent. And Dr. Park's April 7, 2022 reply report likewise contains opinions that were not included in either Dr. Park's opening report or Novartis's infringement contentions. Similarly, Dr. Klibanov's reply report contains yet more new opinions—notably opinions that are unresponsive to anything in Dr. Hollingsworth's responsive report for the '659 patent.

To the extent Novartis intended to offer these opinions, it should have done so in contentions and/or opening expert reports. Instead, it improperly waited until reply expert reports, contrary to the scheduling order in this case. Unless Novartis immediately agrees to withdraw these opinions and supporting references, DRL intends to seek the appropriate relief from the Court, including without limitation requesting the Court strike Dr. Park's and Dr. Klibanov's improper and untimely opinions and supporting references.

## I.    Dr. Park's Reply Report Improperly Includes New Opinions

As explained in DRL's January 6, 2022 letter, Dr. Park's opening report included numerous opinions that were not disclosed in Novartis's infringement contentions. Unfortunately, Dr. Park's reply report compounds this prejudice because, like her opening report, it contains new and untimely opinions.



**HIGHLY CONFIDENTIAL INFORMATION**

Counsel of Record
Venable LLP
April 26, 2022
Page 2



**HIGHLY CONFIDENTIAL INFORMATION**

Counsel of Record
Venable LLP
April 26, 2022
Page 3



Consistent with the position that Novartis has taken with respect to Defendants' reply expert reports, these new and untimely opinions, as well as any new supporting references related to these untimely opinions, are also prejudicial to DRL at least because DRL's experts, including Dr. Hollingsworth, were not given an opportunity to review and respond to these new opinions even outside the nature of the samples.  Indeed, under the Court's scheduling order in this case, the period for serving expert reports has closed.  Accordingly, in addition to the issues described in DRL's January 6, 2022 letter, Dr. Park should be precluded from presenting any of these and other arguments not preserved in Novartis's infringement contentions.

## II.   Dr. Klibanov's Reply Report Improperly Includes New and Nonresponsive Opinions

As with Dr. Park, and as DRL previously explained, Dr. Klibanov's opening report included opinions that were not disclosed in Novartis's infringement contentions with respect to the '659 patent.  *See* March 10, 2022 Email from Beel to Schwarz.

Continuing its pattern of ever-expanding theories of infringement, Dr. Klibanov's reply expert report on infringement of the '659 patent likewise contains yet more opinions and supporting references that were not disclosed in Novartis's infringement contentions or opening report and are not responsive to Dr. Hollingsworth's responsive report on noninfringement of the '659 patent.  Consistent with the position that Novartis has taken with respect to Defendants' reply expert reports, Dr. Klibanov and Novartis should be precluded from presenting or advancing these new and nonresponsive arguments and supporting references.



**HIGHLY CONFIDENTIAL INFORMATION**

Counsel of Record
Venable LLP
April 26, 2022
Page 4



### III.    Conclusion

DRL maintains that it does not infringe the asserted claims of the '659 patent and the '938 patent. Moreover, for the reasons set forth above, to the extent Novartis does not agree to withdraw these opinions and supporting references, DRL intends to seek appropriate relief from the Court.

However, in an effort to address the various improper opinions identified here without burdening the Court, we suggest the parties confer in an effort to narrow the number of patents and claims at issue in this case.

Please let us know your availability to meet and confer on the scope of Dr. Park's and Dr. Klibanov's expert reports by no later than April 29, 2022.

* * *

**HIGHLY CONFIDENTIAL INFORMATION**

Counsel of Record
Venable LLP
April 26, 2022
Page 5

Sincerely,
*/s/ Christopher D. Jones*
Christopher D. Jones

**HIGHLY CONFIDENTIAL INFORMATION**

# EXHIBIT 13



1120 NW Couch Street
10th Floor
Portland, OR 97209-4128

● +1.503.727.2000
● +1.503.727.2222
PerkinsCoie.com

September 30, 2020

Bryan D. Beel
BBeel@perkinscoie.com
D. +1.503.727.2116
F. +1.503.346.2116

**VIA WORLD COURIER**

Triclinic Labs, Inc.
Attn: Simon Bates/**For Litigation**
2660 Schuyler Ave, Suite A
Lafayette, IN 47905
Phone: 765-588-5632

**Re:** *Novartis Pharm. Corp. v. Dr. Reddy's Laboratories, Inc.*
**C.A. No. 19-cv-02053-LPS (D. Del.)**

Dear Simon:

In response to Novartis Pharmaceutical Corporation's Request for Production Nos. 7 and 10 in the above-referenced case, we are providing ███████████████████████████████████
███████████████████████████████████████████████████████████████████████████:

     

Please note that as shown on the Certificates of Analysis in ████████████████████████████
████████████████████████████████████████████████████████████████████████████████

These samples are designated "Highly Confidential Information" under the Court's Stipulated Protective Order (D.I. 67 in No. 19-cv-02053), please treat them accordingly.

Sincerely,

Bryan D. Beel

Cc: Plaintiffs' counsel of record (vie email)

**HIGHLY CONFIDENTIAL INFORMATION**

Perkins Coie LLP

Simon Bates
Triclinic Labs, Inc.
September 30, 2020
Page 2



**HIGHLY CONFIDENTIAL INFORMATION**

Simon Bates
Triclinic Labs, Inc.
September 30, 2020
Page 3



**HIGHLY CONFIDENTIAL INFORMATION**