**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| IN RE ENTRESTO (SACUBITRIL/VALSARTAN) PATENT LITIGATION | ) ) ) ) ) ) | MDL No. 20-2930-RGA ███████████████ |
| NOVARTIS PHARMACEUTICALS CORPORATION, | ) ) ) ) | PUBLIC VERSION FILED: July 26, 2022 |
| Plaintiff, | ) ) ) |  |
| v. | ) ) ) |  |
| ALKEM LABORATORIES LTD., AUROBINDO PHARMA USA INC., AUROBINDO PHARMA LTD., BIOCON PHARMA LIMITED, BIOCON LIMITED, BIOCON PHARMA, INC., CRYSTAL PHARMACEUTICAL (SUZHOU) CO., LTD., LAURUS LABS LIMITED, LAURUS GENERICS INC., LUPIN ATLANTIS HOLDINGS, S.A., LUPIN LIMITED, LUPIN INC., LUPIN PHARMACEUTICALS, INC., NANJING NORATECH PHARMACEUTICAL CO., LIMITED, TEVA PHARMACEUTICALS USA, INC., TORRENT PHARMA INC., TORRENT PHARMACEUTICALS LTD., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 19-1979-RGA ███████████████ |
| Defendants. | ) ) |  |

| | |
|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION, </br></br> Plaintiff, </br></br> v. </br></br> DR. REDDY'S LABORATORIES, INC., DR. REDDY'S LABORATORIES, LTD., HETERO USA INC., HETERO LABS LIMITED, HETERO LABS LIMITED UNIT III, MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LIMITED, MSN LIFE SCIENCES PRIVATE LIMITED, NOVUGEN PHARMA (MALAYSIA) SDN. BHD., ZYDUS PHARMACEUTICALS (USA) INC., ZYDUS LIFESCIENCES LIMITED, </br></br> Defendants. | C.A. No. 19-2053-RGA |
| NOVARTIS PHARMACEUTICALS CORPORATION, </br></br> Plaintiff, </br></br> v. </br></br> MYLAN PHARMACEUTICALS, INC., </br></br> Defendant. | C.A. No. 20-445-RGA |

**LETTER BRIEF FROM DANIEL M. SILVER, ESQ. TO THE HONORABLE RICHARD G. ANDREWS IN SUPPORT OF NOVARTIS'S MOTION TO STRIKE EXHIBITS 37-41 AND RELATED TESTIMONY INTRODUCED BY DEFENDANTS DURING THE <u>JUNE 28, 2022 DEPOSITION REDIRECT OF DR. TOMISLAV FRISCIC</u>**

Page 1
July 11, 2022

Dear Judge Andrews,

We represent Novartis in the above-captioned actions. Defendants Crystal, Mylan, and Zydus share the same non-infringement expert, Dr. Tomislav Friscic. At the conclusion of Dr. Friscic's deposition on June 28, 2022, upon redirect, Crystal's counsel improperly introduced 5 new exhibits ("Friscic Exs. 37-41") and elicited 25 pages of testimony from Dr. Friscic about those new exhibits amounting to a new expert report. Novartis moves pursuant to Fed. R. Civ. P. 26 and 37 to strike Friscic Exs. 37-41 and the 25 pages of new opinions related to those exhibits improperly elicited during redirect.

**Background**

Novartis asserts that Defendants' ANDA products infringe U.S. Patent Nos. 8,877,938 and 9,388,134, which recite trisodium [sacubitril-valsartan] *hemipentahydrate* in crystalline form. Defendants Crystal, Mylan, and Zydus ████████████████████████████████ rely on the same expert, Dr. Friscic, to argue against infringement. Ex. 2, Friscic Rebuttal ¶¶ 1, 94.[1]

In his February 10, 2022 Rebuttal Report, Dr. Friscic relied on a Single Crystal Report (the "SCR") and data underlying the SCR to argue ████████████████████████████. *See* Ex. 2, Friscic Rebuttal ¶¶ 97-98. Dr. Friscic's reliance on the SCR then led to a series of reports:

- As permitted by the Scheduling Order, Novartis submitted a Reply by Dr. Rogers dated April 6, 2022, responding to Dr. Friscic's reliance on the SCR. Ex. 3, Rogers Reply ¶¶ 23-24; D.I. 102 ¶ 9.n.i.; D.I. 520.[2] Dr. Rogers found that the data underlying the SCR did not support Defendants' argument ████████████████████████ *See, e.g.*, Ex. 3, Rogers Reply ¶¶ 100, 133-135.

- Defendants then waited over five weeks until May 13, 2022, to serve, without advance notice, a Sur-Reply from Dr. Friscic with 57 pages responding to Dr. Rogers's analysis of the data underlying the SCR. *See* Ex. 4, Friscic Sur-Reply ¶¶ 4-119.

- Novartis informed Defendants on May 17, 2022, that it intended to submit a further response by Dr. Rogers to address the new arguments and errors in Dr. Friscic's Sur-Reply. Ex. 7 at 1. On June 2, 2022, Novartis served a Sur-Sur-Reply from Dr. Rogers explaining that, *inter alia*, Dr. Friscic failed to recognize that certain criticisms were due to problems with Crystal's SCR-related data and differences in the software (SHELXL-2018/3) that Dr. Rogers used compared to the older software (SHELXL-97) that Crystal used for the SCR, rather than alleged errors in Dr. Rogers's analysis. Ex. 5, Rogers Sur-Sur-Reply ¶¶ 5-10, 12-16.

Defendants previously moved to strike Dr. Rogers's two reports responding to Dr. Friscic's reliance on the SCR and SCR-related data. D.I. 622; D.I. 623 at 1; D.I. 627 at 1; D.I. 631 at 1. The Court denied Defendants' motion, finding that Novartis has litigated the case in good faith and that Novartis could not have addressed the SCR before receiving the underlying SCR data in

---

[1] "Ex. __" refers to the exhibits attached to the declaration of Jared L. Stringham in Support of Novartis's Motion to Strike, with relevant portions of those exhibits highlighted.
[2] All citations to the docket refer to Civil Action No. 20-2930-RGA.

January 2022; Dr. Rogers thus will be allowed to testify about what is in his reports about the SCR and SCR-related data at trial. Ex. 6, Hearing Tr. at 42:6-43:25.

While Defendants' motion to strike Dr. Rogers's reports was pending, and less than 24 hours before Dr. Friscic's June 28, 2022 deposition, Defendants produced five new data files without explaining what the data files were or why Defendants were producing them. Ex. 8. Then at the conclusion of Dr. Friscic's deposition on June 28, 2022, during redirect, Crystal introduced these five new data files as deposition exhibits (Friscic Exs. 37-41) and elicited 25 pages of new opinions from Dr. Friscic about the new data files. Ex. 1, Friscic Tr. at 286:20-312:5. According to Dr. Friscic, the new data files correspond to a new analysis of the SCR data that he conducted using the same software (SHELXL-2018/3) that Dr. Rogers used. *Id.* at 292:14-293:8.

Despite that Dr. Rogers identified the software he used for his analysis in his April 6, 2022 Reply Report (Ex. 3, Rogers Reply ¶¶ 127-128), and again in his June 2, 2022 Sur-Sur-Reply (Ex. 5, Rogers Sur-Sur Reply ¶ 12), and that a SHELXL-2018/3 analysis of the SCR data takes only minutes to run, Defendants waited until *after* Dr. Rogers's June 21, 2022 deposition to produce Dr. Friscic's new SHELXL-2018/3 data files (Friscic Exs. 37-41) and until Dr. Friscic's redirect to provide any explanation of those files.

The present dispute concerns Dr. Friscic's new data files (Friscic Exs. 37-41) and his 25 pages of new opinions (Ex. 1, Friscic Tr. at 286:20-312:5), which Defendants improperly withheld until the literal end of expert discovery. The parties met and conferred, but Defendants refused to withdraw Dr. Friscic's new data files or new opinions elicited during redirect.

**Argument: The *Pennypack* factors warrant striking Dr. Friscic's improper redirect**

Dr. Friscic's new data files (Friscic Exs. 37-41) and 25 pages of related opinions (Ex. 1, Friscic Tr. at 286:20-312:5) should be precluded because Crystal's introduction of this **new evidence through redirect** was done with "willful deception" and in "flagrant disregard" of the scheduling order. *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791-92 (3d Cir. 1994). As discussed below, the *Pennypack* factors support precluding this new evidence.

*First*, Novartis was both surprised and prejudiced by Dr. Friscic's new data files and related opinions. Crystal's counsel admitted that Defendants gave Novartis no advance notice, *e.g.*, in the form of a report, of Dr. Friscic's new opinions, and Defendants produced Dr. Friscic's new data files less than 24 hours before his deposition without explaining what the files were or how Defendants (or Dr. Friscic) would rely on them. Ex. 6, Hearing Tr. at 40:1-41:14; Ex. 8. Novartis thus was deprived of the opportunity to depose Dr. Friscic on his new data files and opinions. Novartis also bears the burden of proof on infringement, and under the agreed-upon Scheduling Order, Novartis's expert Dr. Rogers should have had a full and fair opportunity in expert discovery to consider and respond to Defendants' alleged evidence of non-infringement. D.I. 102 ¶ 9.n.i.

*Second*, Novartis's prejudice cannot be fully cured because Novartis proceeded with expert depositions without receiving any notice of Dr. Friscic's new data files or opinions. Defendants waited until the very end of expert discovery (after Novartis's expert Dr. Rogers had been deposed) to spring Dr. Friscic's new data files and opinions on Novartis.

*Third*, any attempt to cure Novartis's prejudice presents a risk of disrupting the trial schedule. Defendants previously argued to the Court that Dr. Rogers's *April 6, 2022* Reply and *June 2, 2022* Sur-Sur-Reply would prevent a further response "without risk of disruption of the trial schedule." D.I. 623 at 3. Under Defendants' own reasoning, Novartis will be unable to respond to Defendants' *June 28, 2022* disclosure of new data files and new opinions without potentially disrupting trial.

*Fourth*, Defendants acted in bad faith by withholding Dr. Friscic's new data files and opinions until the redirect portion of Dr. Friscic's deposition. Defendants' delay was a calculated move to prevent Novartis and its expert from considering or responding to Dr. Friscic's new data files or opinions. Defendants knew as of Dr. Rogers's April 6, 2022 Reply that Dr. Rogers used different, updated software (SHELXTL containing SHELXL-2018/3). Ex. 3, Rogers Reply ¶¶ 127-128. Even after Dr. Rogers specifically pointed out on June 2, 2022, that Dr. Friscic failed to acknowledge the different software that Dr. Rogers used in his analysis (Ex. 5, Rogers Sur-Sur-Reply ¶¶ 12, 15), Defendants withheld Dr. Friscic's new data files using SHELXL-2018/3, which files could have been prepared in a matter of minutes, until after Dr. Rogers's deposition.

In addition, Dr. Friscic prepared his new data files before his deposition; Defendants thus cannot credibly argue that Dr. Friscic's new data files were introduced in response to Novartis's deposition questions. Defendants referenced various deposition questions from Novartis of Dr. Friscic to which Defendants allege Dr. Friscic's new data files are responsive. Ex. 9 at 1 (referencing "Friscic Rough Tr. at 57, 66, 86, 169-173, 203," which correspond to Ex. 1, Friscic Tr. at 64-65, 72, 92-93, 179-183, 214-215). But Novartis's deposition questions to Dr. Friscic only confirmed that the dispute between Novartis's experts and Dr. Friscic is ▓▓▓. Ex. 1, Friscic Tr. at 64:2-65:20, 72:14-23, 92:15-93:20, 179:6-184:3; *see also id.* at 214:22-215:23 ▓▓▓). These questions did not justify Defendants' introduction of what amounts to a new expert report on redirect. Also, at no point during Novartis's questioning of Dr. Friscic at his June 28, 2022 deposition did Dr. Friscic indicate that he was relying on his new data files.

*Fifth*, Dr. Friscic's new data files and opinions are not of such importance that Defendants would be prejudiced if the data files and opinions are excluded. Dr. Friscic already submitted two reports addressing the SCR and related data. Ex. 2, Friscic Rebuttal; Ex. 4, Friscic Sur-Reply. To the extent Defendants argue that the new data files and opinions are important, that would only highlight the prejudice to Novartis and Defendants' bad faith in withholding Dr. Friscic's new data files and opinions until deposition redirect.

For the foregoing reasons, Defendants should be precluded from relying on Dr. Friscic's new data files (Friscic Exs. 37-41) and the portions of Dr. Friscic's redirect testimony related to those files (Ex. 1, Friscic Tr. at 286:20-312:5). If Dr. Friscic's new data files and redirect testimony are not struck, Novartis's expert Dr. Rogers should have an opportunity to respond to those new data files and opinions in a report and/or at trial.

Page 4<br>July 11, 2022

Respectfully submitted,

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)


cc: Counsel of Record for Crystal, Mylan, and Zydus (via E-Mail)

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that true and correct copies of the foregoing document were caused to be served on July 11, 2022 on the following counsel in the manner indicated below.

## VIA EMAIL:

Dominick T. Gattuso (#3630)
HEYMAN ENERIO GATTUSO & HIRZEL LLP
300 Delaware Ave., Suite 200
Wilmington DE, 19801
302-472-7311
dgattuso@hegh.law

Scott A. Cunning II
Elizabeth M. Crompton
PARKER POE ADAMS & BERNSTEIN, LLP
Suite 1000
Washington, DC 20005
(202) 434-9100
scottcunning@parkerpoe.com
elizabethcrompton@parkerpoe.com

C. Kyle Musgrove
PARKER POE ADAMS & BERNSTEIN, LLP
620 South Tryon Street, Suite 800
Charlotte, NC 28202
(704) 372-9000
kylemusgrove@parkerpoe.com

*Attorneys for Defendant Crystal Pharmaceutical (Suzhou) Co., Ltd.*

David E. Moore
Bindu A. Palapura
POTTER ANDERSON & CORROON, LLP
1313 N. Market St., Hercules Plaza, 6th Flr.
Wilmington, DE 19899-0951
(302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com

Robert L. Florence
Crystal Regan
PARKER POE ADAMS & BERNSTEIN LLP
1075 Peachtree Street, N.E., Suite 1500
Atlanta, GA 30309
(678) 690-5704
robertflorence@parkerpoe.com
crystalregan@parkerpoe.com

Tasneem A. Dharamsi
PARKER POE ADAMS & BERNSTEIN LLP
110 East Court Street
Suite 200
Greenville, SC 29601
(864) 577-6370
tasneemdharamsi@parkerpoe.com

*Attorneys for Defendant Mylan Pharmaceuticals Inc.*

Adam Wyatt Poff
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com

James T. Peterka
Nina Vachhani
Zhibin Li
LOCKE LORD LLP
11 South Wacker Dr.
Chicago, IL 60606
(312) 443-0700
jpeterka@lockelord.com
nvachhani@lockelord.com
Zhibin.Li@lockelord.com

*Attorneys for Defendants Zydus Pharmaceuticals (USA) Inc. and Zydus Lifesciences Limited*

Dated: July 11, 2022

*/s/ Daniel M. Silver*
Daniel M. Silver (#4758)