

Daniel M. Silver
Wilmington Office Managing Partner
T. 302-984-6331
F. 302-691-1260
dsilver@mccarter.com

McCarter & English, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801-3717
www.mccarter.com

August 25, 2022

**VIA CM/ECF**
The Honorable Richard G. Andrews
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801-3555

Re:    *In re Entresto (Sacubitril/Valsartan) Patent Litigation*, **C.A. Nos. 20-md-2930-RGA, 19-1979-RGA, 19-2021-RGA, 19-2053-RGA, 20-445-RGA**

Dear Judge Andrews,

The parties write jointly with respect to the proposed order setting the schedule for the trial dates. Defendants have raised two issues that the parties are not able to resolve, and the parties request the Court's guidance.

## 1. Allocation of Trial Time between the Combination Patents and Complex Patents

The Court has allocated 21 total hours for invalidity of the '659 and '331 patents ("the combination patents") and the '938 and '134 patents ("the complex patents").

**Defendants' Position**

The Defendants are not similarly situated with respect to the combination and complex patents. The combination patents are asserted against all of the remaining Defendant Groups, but the complex patents are asserted only against Crystal and Zydus.

**Crystal's and Zydus's Position:**

In the interest of fairness, Crystal and Zydus respectfully request that 3.5 hours of time be reserved to Crystal and Zydus for the invalidity trial of the complex patents to ensure that Crystal and Zydus have adequate time to present their defense in the complex patent trial.

The combination patents will be tried first.  For the eight Defendant Groups other than Crystal and Zydus, these are the only patents at issue.  As such, it is understandably in the interest of those eight Defendant groups to expend as much time as they feel is necessary on the validity trial of the combination patents.  However, if Defendants expend more than 7 hours in the trial on the combination patents, Crystal and Zydus will be left with less than 3.5 hours for the validity trial on the complex patents in October, which is prejudicial to Crystal and Zydus. To ensure that sufficient time remains to address the validity of the complex patents, Crystal and Zydus respectfully request that the Court reserve 3.5 hours for Crystal and Zydus in that complex patent validity trial.

August 25, 2022
Page 2

**Aurobindo, Biocon, DRL, Hetero, Laurus, MacLeods, MSN, and Torrent Position[1,2]:**

Defendants do not object to allocating 7 total hours (3.5 hours per side) to the trial of the complex patents. This means that the Defendants collectively will have only 7 hours remaining for trial of the combination patents. To ensure parity, Defendants respectfully request that Plaintiff be required to observe the same time limits. Otherwise the Defendants (other than Crystal and Zydus) are required to limit the time they can devote to their defense at the expense of a trial on the complex patents, which are not asserted against them while Novartis is not required to observe the same limits.

**Novartis's Position**

Defendants, due to an internal dispute among themselves, are seeking a rehearing on a matter already decided by the Court.

The Court already allocated 10.5 hours per side for the validity trials of the combination and complex patents to divide as each side sees fit. To the extent Defendants wish to allocate in advance Defendants' 10.5 hours between the combination patent trial (7 hours) and the complex patent trial (3.5 hours), Novartis has no objection. However, Novartis should be allowed to allocate its 10.5 hours as it feels appropriate.

The Court already has also agreed, at the parties' joint request, that the validity trial on the combination patents is not limited to 14 total hours (or 7 hours per side). *See* C.A. 20-2930-RGA, D.I. 721 at 1 (parties' joint August 16, 2022 letter requesting—and agreed to by the Court—that the parties could use up to 3 hours on September 14 for the validity trial on the combination patents, in addition to the 14 hours allowed on September 12-13). The Court further adopted Novartis's position that "time allotted for the validity trial on the ['938 and '134] complex patents should be counted with the total 3 days (or 21 hours) offered by the Court to try the validity of both the combination and complex patents." (*Id.* at 2-3.) Defendants' request dictating what time Novartis may allot to its presentation of evidence during the validity trial on the combination patents contradicts the parties' prior agreement and the Court's adoption of Novartis's position on the allotment of time for the validity trials.

---

[1] Mylan has indicated that it intends to request that its case is transferred back to West Virginia for trial on both validity and infringement and takes no position on the issues in this letter.

[2] The remaining Defendants request that Novartis observe the same split of time between the trials, i.e., 7 hours for the combination patents and 3.5 hours for the complex patents. Crystal and Zydus agree that this would result in parity between all parties, but take no position on whether Plaintiff should be permitted to allocate its 10.5 hours between the combination patents and complex patents as it sees fit.

August 25, 2022
Page 3

## 2. Complex Patent Infringement and Validity Trials

### Defendants' Position

In light of the Court's order scheduling the infringement and validity trials for the complex patents on separate days in October, there is an issue that has arisen with the use of deposition testimony for witnesses that will appear live at the complex patent trials.

Plaintiff has designated deposition testimony from Crystal's and Zydus's joint non-infringement expert claiming that it has elicited admissions that will be useful in the validity case on the complex patents.[3]  However, the parties' respective infringement experts will appear live during the infringement phase of the trial on October 13 and 14.  As such, these witnesses are not unavailable under Fed. R. Civ. P. 32.  Rather than compel the witnesses to return to court on October 18 during the validity phase, in the interest of efficiency to the witnesses, the parties, and the Court, Defendants Crystal and Zydus request that the Court permit the parties to cross-examine the infringement experts during the infringement trial on issues that may pertain to invalidity, which testimony is likely to be short and should not have a material effect on the division of trial time between the two phases. Defendants' proposal would allow the Court to receive the experts' testimony live and avoid the need for deposition designations.

The parties have agreed on all other issues regarding the trial dates.  If the Court prefers, the parties can leave these issues out of the order setting the trial dates and list them as miscellaneous issues to be addressed at the pretrial conference.

### Novartis's Position

The Court already has agreed with Novartis's position that the validity trial on the complex patents should not be combined with the infringement trial on those patents.  (*See* C.A. No. 20-2930-RGA, D.I. 721 at 2-3.)  Keeping the infringement and validity trials on the complex patents separate will ensure that the parties comply with the agreed-upon time limits allotted for those trials.  This arrangement will also best help the Court understand the evidence in its proper context.  If an infringement witness has testimony relevant to validity, Novartis believes the best way to introduce that testimony (to the extent such testimony survives any objections thereto) is via video deposition testimony during the validity trial.  The cross-examination of an infringement witness on validity material, divorced from its proper context as it relates to validity, will not be an effective use of trial time and will not assist the Court to understand the evidence or determine a fact in issue.

---

[3] As discussed above, Defendants Crystal and Zydus disagree with Plaintiff's approach. However, out of an abundance of caution, Defendants have also designated deposition testimony of Plaintiff's infringement experts to be played in the invalidity portion of the trial in the event the Court does not permit the witnesses to testify live on these issues during the infringement portion of the trial on October 13 and 14.

August 25, 2022
Page 4

Crystal and Zydus's request to cross-examine Novartis's infringement experts on validity issues outside the scope of their direct examinations further would place an undue burden on Novartis's infringement experts to prepare for validity issues which they have not previously considered or opined upon.

Respectfully submitted,

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)

cc:     Counsel of Record (via CM/ECF and electronic mail)