## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re Entresto (Sacubitril/Valsartan) Patent Litigation | ) ) ) ) | C.A. No. 20-2930-RGA |
| NOVARTIS PHARMACEUTICALS CORPORATION, | ) ) ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) ) |  |
| ALKEM LABORATORIES LTD., AUROBINDO PHARMA USA INC., AUROBINDO PHARMA LTD., DR. REDDY'S LABORATORIES, INC., DR. REDDY'S LABORATORIES, LTD., HETERO USA INC., HETERO LABS LIMITED, HETERO LABS LIMITED UNIT III, LAURUS LABS LIMITED, LAURUS GENERICS INC., MACLEODS PHARMACEUTICALS LTD., MACLEODS PHARMA USA, INC., TORRENT PHARMA INC., TORRENT PHARMACEUTICALS LTD., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 21-1330-RGA |
| Defendants. | ) ) ) ) |  |

## **SCHEDULING ORDER**

This  29  day of August, 2022, the Court having consulted with the parties' attorneys and

received a joint proposed scheduling order pursuant to Local Rule 16.2(a) and the parties having

1

determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;[1,2]

IT IS HEREBY ORDERED that:

1. Initial Disclosures

    a. <u>Rule 26(a)(l) Initial Disclosures.</u> Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) and Paragraph 3 of the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("Del. Default Standard") within **five** (**5**) business days of the date of this Order.

    b. <u>Production of File History for Asserted Patent</u>.  Within five (5) business days of the entry of this order, Plaintiff shall produce the file history for the asserted patent.

    c. <u>Initial Infringement Claim Charts.</u>  On Aug. 6, 2021, Plaintiff produced claim charts relating each Defendant Group's accused products, and/or the uses thereof, to the asserted patent claims of the '918 patent each Defendant Group[3] allegedly infringes.  Plaintiff

---

[1] For the Court's convenience, the parties attach, as Exhibit A, a chart setting forth the proposed schedule for the case.

[2] U.S. Patent No. 11,096,918 is asserted against all Defendant Groups (as defined below), including Hetero and Torrent.  However, in the '918 patent cases against Hetero and Torrent, Defendants Hetero and Torrent asserted counterclaims against U.S. Patent Nos. 9,517,226, 9,937,143, and 11,135,192.  Novartis filed a motion to dismiss these counterclaims.  The parties completed the briefing on the motion which awaits oral argument and/or resolution.  Plaintiff and Hetero and Torrent will comply with the deadlines set forth in this Order with respect to the '226, '143, and '192 patents.  Should the Court deny Plaintiff's motion to dismiss Hetero's counterclaims, Hetero will ask the court to sever its counterclaims from the present case and transfer them to C.A. No. 21-1760-RGA.  Should the Court deny Plaintiff's motion to dismiss Torrent's counterclaims, Torrent will ask the Court to sever its counterclaims from the present case and transfer them to C.A. No. 21-1794-RGA.  Plaintiff does not believe its motions to dismiss should be denied.

[3] "Defendant Group" herein shall mean a group of Defendants, each of which comprises a sacubitril/valsartan ANDA-filing entity and its related entities, if any.  In this litigation there

has supplemented those initial claim charts on July 22, 2022. Within **thirty** (**30**) days of the entry date of this order, Plaintiff shall produce to Defendants Hetero and Torrent an initial patent claim chart relating those Defendants' accused products, and/or the uses thereof, to the asserted patent claims of U.S. Patent Nos. 11,135,192, 9,937,143, and 9,517,226 that those Defendants allegedly infringe.

        d.      <u>Initial Invalidity Contentions.</u> By Sept. 9, 2022, Defendants collectively shall serve on Plaintiff their initial invalidity contentions for each asserted claim of the '918 patent, as well as all of the references (*e.g.*, publications and patents) cited therein. Within **sixty** (**60**) days of the entry date of this order, Defendants Hetero and Torrent shall collectively serve on Plaintiff their initial invalidity contentions for each asserted claim of U.S. Patent Nos. 11,135,192, 9,937,143, and 9,517,226, as well as all of the references (*e.g.*, publications and patents) cited therein.

---

currently are 6 Defendant Groups, as listed below. The '918 patent case against Alkem Laboratories Ltd. has been stayed.

    (1)  Aurobindo Pharma USA Inc. and Aurobindo Pharma Ltd. (collectively "Aurobindo");

    (2)  Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd. (collectively "Dr. Reddy's");

    (3)  Hetero USA Inc., Hetero Labs Limited, and Hetero Labs Limited Unit III (collectively "Hetero");

    (4)  Laurus Labs Limited and Laurus Generics Inc. (collectively "Laurus");

    (5)  Macleods Pharmaceuticals Ltd. and Macleods Pharma USA, Inc. (collectively "Macleods"); and

    (6)  Torrent Pharma Inc. and Torrent Pharmaceuticals Ltd. (collectively "Torrent").

2. <u>Joinder of Other Parties and Amendment of Pleadings.</u>  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before Jan. 5, 2023.

3. <u>Discovery.</u>

a. <u>Discovery Cut Off</u>. All fact discovery in this case shall be initiated so that it will be completed on or before June 16, 2023.

b. <u>Prior Discovery</u>.  Any discovery previously given or taken in C.A. No. 20-md-2930 and its underlying civil actions shall be treated as if it were given or taken in the above-captioned cases and need not be re-produced in these or any further actions involving any Defendants' ANDAs.  To the extent there is overlap between this Action and the related actions involving U.S. Patent No. 11,058,667,[4] the Parties agree to endeavor to avoid duplicative discovery; however, the limits on discovery set forth in the scheduling orders for this Action and the related actions shall remain unchanged.  For the avoidance of doubt, any discovery in the related actions involving U.S. Patent No. 11,058,667 may be used in this Action and *vice versa*.

c. <u>Production of Core Technical Documents</u>. Within five (5) business days of the entry date of this order, Defendants shall produce any amendments, supplements, or other updates to their Abbreviated New Drug Applications ("ANDAs"), and any correspondence related thereto to or from the United States Food and Drug Administration ("FDA"), to the extent not already produced in C.A. No. 20-md-2930 and its underlying civil actions.

d. <u>Document Production</u>. Document production shall be substantially complete by Dec. 14, 2022, for all requests for production served at least three (3) months before the deadline for substantially completing document production. Supplemental productions shall

---

[4] *See*, C.A. Nos. 22-32-RGA (stayed), 21-1407-RGA, 21-1452-RGA, 22-498-RGA, 21-1760-RGA, 22-186-RGA, 22-451-RGA, 22-83-RGA (stayed), 21-1794-RGA, 22-440-RGA, 22-726-RGA.

4

ME1 42085993v.1

be permitted after the deadline in this paragraph for requests for production served after or less than three months before the deadline for substantial completion of document production.

    e. <u>Requests for Admission.</u>  Plaintiff may serve up to **fifty (50)** Requests for Admission on each Defendant Group, not including admissions directed toward admissibility including authentication of documents.  Defendants collectively may serve up to **twenty-five (25)** common Requests for Admission on Plaintiff, not including admissions directed toward admissibility including authentication of documents.  Each Defendant Group may serve an additional **ten (10)** nonduplicative requests for admission on Plaintiff directed solely to issues specific to that Defendant Group, not including admissions directed toward admissibility including authentication of documents.  There is no limit on the number of reasonable requests for admission the parties may serve to establish the authenticity of documents or establish documents as business records.  Requests for admission directed to document authentication or establishment of business records shall be clearly denoted as such, and shall be served separately from any requests for admission subject to the numerical limitations stated above. Such requests directed to document authentication or establishment of business records can be served at any time prior to trial and the parties agree to work in good faith to stipulate in advance of trial to the authenticity and admissibility of the key documents upon which they intend to rely at trial. Defendants shall work in good faith to coordinate and serve on Plaintiff common requests for admission directed to document authentication or establishment of business records.

    f. <u>Common Discovery</u>. The parties shall coordinate activities to reduce duplicative and cumulative discovery that is common to all Defendants ("Common Discovery Issues"). Common Discovery Issues include, but are not limited to, the validity of the patent-in-suit.

      g.    <u>Requests for Production.</u>  The parties will make a good faith effort to coordinate and serve common requests for production (*i.e.*, Defendants shall use best efforts to serve common requests for production on common factual issues, including on issues of validity, and Plaintiff shall use best efforts to serve common requests on the Defendants or subsets of Defendants on common factual issues).  Nothing in this section shall prevent a party from serving an individual request for production, or two or more, but less than all, Defendants from serving a joint request for production.  For the avoidance of doubt, if two or more, but less than all, Defendant Groups serve a joint request for production on an issue of validity, such Defendant Groups shall do so together, as part of Defendants' good faith effort to coordinate on requests for production.

      h.    <u>Production of Samples</u>. Each Defendant Group shall produce samples of its accused products, active ingredients, and excipients, in reasonable amounts at a time and in a manner agreed to by the parties, provided however, that samples of accused products, active ingredients, and excipients shall be produced no later than five (5) months before the proposed expiration dates, to the extent that any such unexpired samples are available.

      i.    <u>Interrogatories.</u>

Plaintiff may serve **twenty-five (25)** Interrogatories (including all discrete subparts) on each Defendant Group.  Collectively, Defendants may serve a maximum of **fifteen (15)** common Interrogatories (including all discrete subparts) on Plaintiff.  Each Defendant Group may serve up to **ten (10)** additional, non-duplicative Interrogatories (including all discrete subparts) on Plaintiff, provided that, for issues of validity Defendants use their best efforts to serve jointly any Interrogatories common to two or more, but less than all, Defendant Groups.  For the avoidance of doubt, if two or more, but less than all, Defendant Groups serve a joint Interrogatory on an

issue of validity, such Defendant Groups shall do so together, to the extent possible, as part of a good faith effort to avoid duplicative individual Interrogatories relating to validity.  Such joint Interrogatories will count against the individual Interrogatory limit of each Defendant Group serving such joint Interrogatories and will not count against Defendants' common Interrogatories limit.

        j.    <u>Depositions</u>.

                i.    <u>Limitation on Hours for Deposition Discovery</u>.

Absent an agreement between the parties to the contrary or unless permitted by the Court following a showing of good cause, Plaintiff may take a maximum of **four (4)** fact depositions from each Defendant Group.  Defendants collectively may take the depositions of the named inventors and up to **five** (**5**) additional fact depositions from Plaintiff.  Defendants shall use best efforts to coordinate to avoid duplicative questioning.  Each fact witness may be deposed only once absent a showing of good cause. The deposition of a single person in both the person's personal capacity and as a 30(b)(6) designee shall count as a single deposition.  The Parties agree they will endeavor to coordinate depositions of fact witness between this Action and the related actions involving U.S. Patent No. 11,058,667[5] in an effort to avoid multiple depositions of the same fact witness between these two cases; however, the limits on depositions set forth in this paragraph and in the scheduling order for the related actions shall remain unchanged.

For purposes of the deposition limits, a single 30(b)(6) deposition notice will count as one deposition regardless of how many individuals a party designates to respond to the notice, provided however, that Plaintiff may take a maximum of eight (8) hours of 30(b)(6) deposition

---

[5] *See*, C.A. Nos. 22-32-RGA (stayed), 21-1407-RGA, 21-1452-RGA, 22-498-RGA, 21-1760-RGA, 22-186-RGA, 22-451-RGA, 22-83-RGA (stayed), 21-1794-RGA, 22-440-RGA, 22-726-RGA.

testimony from each Defendant Group and Defendants collectively may take a maximum of thirteen and one half (13.5) hours of 30(b)(6) deposition testimony from Plaintiff.  If an individual is deposed in both the person's personal capacity and as a 30(b)(6) designee, the examining attorney shall clearly state on the record when the individual is being asked questions in his or her capacity as a 30(b)(6) designee.

The number of depositions above apply to depositions of a party's officers, directors, current employees, former employees, corporate affiliates, and API supplier(s) or drug product manufacturer of a party to the extent such officers, directors, current employees, former employees, corporate affiliates, and API supplier(s) or drug product manufacturer of a party agree to accept service of and respond to requests for production without requiring formal third-party discovery procedures. Except as expressly provided above, the deposition limits above do not apply to depositions of other third-party witnesses. Nothing contained in this section pertaining to former employees, corporate affiliates, third-party contractual affiliates, or API supplier(s) of a party shall be construed as a party consenting to a deposition of said former employee, corporate affiliate, third-party contractual affiliate, or API supplier(s) or an agreement to accept notice of deposition on behalf of said former employee, corporate affiliate, third-party contractual affiliate, or API supplier(s).

Each fact deposition is limited to a maximum of **seven** (**7**) hours total deposition time for fact deponents, unless extended by agreement of the parties or leave of the Court.

The time limits in this section apply regardless of whether the witness is being deposed in an individual capacity, as a 30(b)(6) designee, or both. For any deposition occurring in a non-English language and requiring an interpreter, two (2) hours of time on the record will count for one (1) hour of deposition time.

The parties agree that deposition testimony taken in C.A. No. 20-md-2930-RGA may be used in the instant case.

      ii.    <u>Location of Depositions.</u> Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a cross-claimant or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. Should the parties agree that the deposition of a witness may proceed remotely, the attorneys will cooperate to determine a reasonable starting time for the deposition. The parties here further agree to confer in good faith regarding the location of deposing witnesses located in foreign countries, including whether such deposition may proceed remotely.

      k.    <u>Discovery Matters and Disputes Relating to Protective Orders.</u> The parties agree to abide by the terms of the Stipulated Protective Order entered in 20-md-2930-(RGA) lead action (D.I. 80, so ordered 09/18/2020). Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than seven (7) business days prior to the conference/argument, any party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than five (5) business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's opposition. A party should include with its letter a proposed order with a detailed issue-by-issue ruling such

that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order. Any proposed order shall be e-mailed, in Word format, simultaneously with filing to rga_civil@ded.uscourts.gov.

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

l. <u>Bifurcation of Non-Liability Issues</u>. Any issues other than liability, such as willfulness, exceptional case, attorneys' fees, damages and/or injunctive relief (including, for example, reliance on counsel's opinion and irreparable harm) shall be bifurcated for purposes of discovery and trial, unless good cause is shown otherwise. There are no damages issues at this time.

m. <u>Miscellaneous Discovery Matters.</u>  There are no other pending or completed litigations, including IPRs, involving the asserted patent.  Defendants should advise whether they expect to file one or more IPRs and, if so, when.

4. <u>Application to Court for Protective Order.</u>  The parties agree that the Stipulated Protective Order entered in C.A. No. 20-md-2930-RGA (D.I. 80) applies to the instant case. The parties agree that any confidential information designated as "confidential" or "highly confidential" previously produced under that Protective Order in C.A. No. 20-md-2930-RGA or associated cases also may be used for the purpose of asserting, maintaining, monitoring, supervising, prosecuting, defending, or settling any claim in the instant case only in connection with the party that produced such information.

That protective order includes the following paragraph:

    Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

  5. Papers Filed Under Seal.  When filing papers under seal, counsel shall deliver to the Clerk the required number of copies as directed in Paragraph 6.  A redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

  6. Courtesy Copies. The parties shall provide to the Court two (2) courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

  7. Claim Construction Issue Identification.  On or before Nov. 4, 2022, Plaintiff ("a side") and all Defendants collectively (the other "side") shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s) along with the intrinsic and extrinsic evidence, if any, upon which it intends to rely with respect to each claim term/phrase. This document will not be filed with the Court. On Dec. 15, 2022, each side shall serve on the other side a chart setting forth each claim term/phrase with its rebuttal claim construction of those term(s)/phrase(s) and a list of the rebuttal intrinsic and extrinsic evidence, if any, upon which it intends to rely with respect to each claim term/phrase. Subsequent to exchanging that list, the sides will meet and confer no later than Dec. 22, 2022, to prepare a Joint Claim Construction Chart to be filed no later than Dec. 30, 2022. The Joint Claim Construction Chart, in Word format shall be e-mailed simultaneously with

filing to rga_civil@ded.uscourts.gov. The Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each side's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent at issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the sides shall not provide argument.

8. <u>Claim Construction Briefing.</u>[6] Plaintiff shall serve, but not file, its opening brief, not to exceed 5,000 words, on Jan. 20, 2023. Defendants collectively shall serve, but not file, their answering brief, not to exceed 7,500 words, on Feb. 10, 2023. Plaintiff shall serve, but not file, its reply brief, not to exceed 5,000 words, on Mar. 3, 2023. Defendants collectively shall serve, but not file their sur-reply brief, not to exceed 2,500 words, on Mar. 24, 2023. No later than Mar. 31, 2023, the sides shall file a Joint Claim Construction Brief. The sides shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I.   Representative Claims

II.  Agreed-upon Constructions

III. Disputed Constructions

---

[6] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. Plaintiff should include with its opening brief one or more representative claims with the disputed terms italicized. Should Defendants want to add additional representative claims, Defendants may do so. The representative claims and the agreed-upon claim constructions do not count against the word limits.

  A. [TERM 1][7]

    1. Plaintiff's Opening Position
    2. Defendants' Answering Position
    3. Plaintiff's Reply Position
    4. Defendants' Sur-Reply Position

  B. [TERM 2]

    1. Plaintiff's Opening Position
    2. Defendants' Answering Position
    3. Plaintiff's Reply Position
    4. Defendants' Sur-Reply Position

Etc. The sides need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the sides shall submit them in a Joint Appendix.

  9. <u>Hearing on Claim Construction.</u> Beginning at 9 a.m. on April 14, 2023, the Court will hear argument on claim construction. The Court will allow up to three (3) hours for argument on claim construction. Should the parties believe more than three (3) hours is needed for argument on claim construction, the parties shall submit a letter to the Court on Mar. 31, 2023, indicating additional time is requested. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the sides shall not present testimony at the argument, and the argument shall not exceed a total of three hours. When the Joint Claim Construction Brief is filed, the sides shall simultaneously file a motion requesting the above scheduled claim construction hearing, state that the briefing is complete, and state how much total time each side is requesting that the Court should allow for the argument.

  10. <u>Disclosure of Expert Testimony.</u>

---

[7] For each term in dispute, there should be a table or the like setting forth the term in dispute and the parties' competing constructions. The table does not count against the word limits.

      a.      <u>Expert Reports</u>. For the side who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before July 21, 2023. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another side including Plaintiff's opening disclosure regarding any objective indicia of non-obviousness is due on or before Sept. 1, 2023. Reply expert reports from the side with the initial burden of proof including Defendants' responsive disclosure regarding any objective indicia of non-obviousness are due on or before Oct. 27, 2023.  Plaintiff's sur-reply expert reports on the issue of objective indicia of non-obviousness are due on or before Nov. 10, 2023. No other expert reports will be permitted without either the consent of all relevant parties or leave of the Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one (1) week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

Within one week after the service of reply expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.  Depositions of experts shall be completed on or before Dec. 22, 2023.  The parties shall meet and confer after exchanging reply expert reports to agree on a reasonable amount of time for the deposition of any individual expert, for example, for any expert who has provided opinions on infringement that are common to more than one Defendant Group, or any expert who has provided opinions on both infringement and validity. If a dispute arises regarding the amount of time for depositions of any expert, the parties shall follow the discovery dispute procedure set forth in Paragraph 3(k).

        b.        <u>Objections to Expert Testimony</u>.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than Jan. 5, 2024, unless otherwise ordered by the Court.  Oppositions to such motions shall be filed no later than Jan. 19, 2024, and replies to such motions shall be filed no later than Jan. 26, 2024. Absent an order of the Court upon showing of good cause, each side is limited to one forty-page opening brief, one forty-page answering brief, and one twenty page reply brief for all its Daubert motions.

      11.      <u>Supplementation</u>. Absent agreement among the parties, and approval of the Court, no later than May 19, 2023, the parties must finally supplement, inter alia, the identification of all accused products and claim charts relating each accused product to the asserted claims each product allegedly infringes, invalidity contentions, and all invalidity references.

      12.      <u>Case Dispositive Motions</u>.  No case dispositive motion under Rule 56 may be filed without leave of the Court.

      13.      <u>Applications by Motion.</u>  Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

      14.      <u>Pretrial Conference</u>. On Feb. 2, 2024, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on Jan. 29, 2024. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

ME1 42085993v.1

15. <u>Motions *in Limine*</u>.  Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one (1) filing for each motion. Any supporting documents in connection with a motion *in limine* shall be filed in one (1) filing separate from the motion *in limine*. Each side (with Plaintiff being one "side", and Defendants collectively being the other "side") shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

16. <u>Trial.</u>  This matter is scheduled for a **seven** (**7**) day bench trial beginning at 8:30 a.m. on Feb. 12, 2024, with the subsequent trial days beginning at 8:30 a.m., and each day ending at 5:00 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

17. <u>ADR Process.</u>  Per Standing Order No. 2022-2, Plaintiff and Defendants do not seek referral to a magistrate judge to explore the possibility of alternative dispute resolution.

SO ORDERED this ___29th___ day of August, 2022.

                                             /s/ Richard G. Andrews
                                             UNITED STATES DISTRICT JUDGE

## EXHIBIT A – CHRONOLOGICAL SCHEDULE OF ORDERED DATES

| Event | Due Date |
| --- | --- |
| Production of Defendants' supplements and amendments to ANDAs/FDA correspondence (¶ 3.c) | Within 5 business days of the entry date of this Order |
| Rule 26(a)(1) Initial Disclosures | Within 5 business days of the entry date of this Order |
| Initial Disclosures Pursuant to Paragraph 3 of the Delaware Default Standard for Discovery | Within 5 business days of the entry date of this Order |
| Production of File History for Asserted Patent, (¶ 1.b) | Within 5 business days of the entry date of this Order |
| Plaintiff's Supplemental Infringement Claim Charts, (¶ 1.c) | July 22, 2022 (for '918 patent)<br><br>Within 30 days of the entry date of this Order (for '226, '143, and '192 patents) |
| Defendants' Initial Invalidity Contentions, (¶ 1.d) | Sept. 9, 2022 (for '918 patent)<br><br>Within 60 days of the entry date of this Order (for '226, '143, '192 patents) |
| Parties exchange list of claim terms with chart of initial constructions and supporting evidence (¶ 7) | Nov. 4, 2022 |
| Substantial completion of document production (¶ 3.d) | Dec. 14, 2022 |
| Parties exchange list of rebuttal claim constructions and supporting evidence (¶ 7) | Dec. 15, 2022 |
| Meet and Confer regarding Claim Construction | Dec. 22, 2022 |
| Submission of Joint Claim Construction Chart (¶ 7) | Dec. 30, 2022 |
| Deadline to move to join parties or to amend or supplement pleadings (¶ 2) | Jan. 5, 2023 |
| Plaintiff's Opening claim construction brief (¶ 8) | Jan. 20, 2023 |
| Defendants' Responsive claim construction brief (¶ 8) | Feb. 10, 2023 |
| Plaintiff's reply claim construction brief (¶ 8) | Mar. 3, 2023 |
| Defendants' sur-reply claim construction brief (¶ 8) | Mar. 24, 2023 |
| Submission of joint brief (¶ 8) | Mar. 31, 2023 |
| Request additional time for Hearing on Claim Construction (if needed) (¶ 9) | Mar. 31, 2023 |
| Hearing on Claim Construction (¶ 9) | April 14, 2023, 9 a.m. |
| Final supplementation of accused products and invalidity references (¶ 11) | May 19, 2023 |

| Event | Due Date |
|---|---|
| Fact Discovery Cut Off (¶ 3.a) | June 16, 2023 |
| Opening expert reports (¶ 10.a) | July 21, 2023 |
| Responsive expert reports (¶ 10.a) | Sept. 1, 2023 |
| Reply expert reports (¶ 10.a) | Oct. 27, 2023 |
| Plaintiff's Sur-reply reports on objective indicia (¶ 11.a) | Nov. 10, 2023 |
| Close of expert discovery (¶ 10.a) | Dec. 22, 2023 |
| Opening Daubert motions (¶ 10.b) | Jan. 5, 2024 |
| Opposition to Daubert motions (¶ 10.b) | Jan. 19, 2024 |
| Replies to Daubert motions (¶ 10.b) | Jan. 26, 2024 |
| Pretrial Order (¶ 14) | Jan. 29, 2024 |
| Pretrial Conference (¶ 14) | Feb. 2, 2024, 9 a.m. |
| Trial (¶ 16) | Feb. 12, 2024 |