# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re Entresto (Sacubitril/Valsartan) Patent Litigation | ) ) ) ) | C.A. No. 20-2930-RGA |
| NOVARTIS PHARMACEUTICALS CORPORATION, | ) ) ) ) | |
| Plaintiff/Counterclaim Defendant, | ) ) ) | |
| v. | ) ) | |
| ALEMBIC PHARMACEUTICALS LIMITED, ALEMBIC GLOBAL HOLDING SA, ALEMBIC PHARMACUETICALS, INC., CRYSTAL PHARMACEUTICAL (SUZHOU) CO., LTD., MSN PHARMACEUTICALS, INC., MSN LABORATORIES PRIVATE LIMITED, MSN LIFE SCIENCES PRIVATE LIMITED, MYLAN PHARMACUETICALS INC., MYLAN LABORATORIES LIMITED, VIATRIS INC., NANJING NORATECH PHARMACEUTICAL CO., LIMITED, | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 22-1395 (RGA) |
| Defendants/Counterclaim Plaintiffs. | ) ) ) | |

## PLAINTIFF'S ANSWER TO COUNTERCLAIMS OF DEFENDANT MYLAN PHARMACEUTICALS INC.

Plaintiff and Counterclaim Defendant Novartis Pharmaceuticals Corporation ("Novartis"), by its attorneys, hereby answers the numbered paragraphs of the Counterclaims of Defendant and Counterclaim Plaintiff Mylan Pharmaceuticals Inc. ("MPI"), as alleged in MPI's Counterclaims in MPI, Mylan Laboratories Limited and Viatris Inc.'s Answer to Plaintiff Novartis's Complaint, in D.I. 49, as follows:

1

ME1 44129200v.1

## PARTIES

1. MPI is a corporation organized and existing under the laws of the State of West Virginia and has a principal place of business at 3711 Collins Ferry Road, Morgantown, West Virginia 26505.

**ANSWER:** On information and belief, admitted that MPI is a corporation organized and existing under the laws of the State of West Virginia and purports to have a principal place of business at 3711 Collins Ferry Road, Morgantown, West Virginia 26505.

2. MPI filed with FDA an ANDA pursuant to 21 U.S.C. § 355(j) to obtain approval for 24 mg/26 mg, 49 mg/51 mg, and 97 mg/103 mg tablets of sacubitril/valsartan ("MPI's proposed ANDA products"), and that ANDA was assigned ANDA No. 213646.

**ANSWER:** On information and belief, admitted that MPI, acting as an alter ego of Viatris Inc., filed ANDA No. 213646.

3. Upon information and belief, Novartis is a Delaware corporation with its principal place of business in East Hanover, New Jersey.

**ANSWER:** Admitted.

## NATURE OF THE ACTION

4. The Court has jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**ANSWER:** This paragraph states legal conclusions to which no answer is required. To the extent an answer is required, Novartis admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and/or 2202. Otherwise denied.

5. Without prejudice, venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) for purposes of these counterclaims because Novartis has commenced and continues to prosecute this action against MPI in this District.

**ANSWER:** This paragraph states legal conclusions to which no answer is required. To the extent that an answer is required, Novartis admits that venue is proper in this Judicial District for the purposes of this proceeding. Otherwise denied.

6. Novartis is subject to personal jurisdiction in this Judicial District because it commenced and continues to prosecute this action against MPI in this District.

**ANSWER:** This paragraph states legal conclusions to which no answer is required. To the extent that an answer is required, Novartis admits that this Court has personal jurisdiction over Novartis for the purposes of this proceeding.

## FIRST COUNTERCLAIM:
## DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 11,096,918

7. Paragraphs 1–6 of the Counterclaims are incorporated as if fully set forth herein.

**ANSWER:** Novartis incorporates its responses to Paragraphs 1-6 as if fully set forth herein.

8. The claims of the '918 patent are invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code. For example, the '918 patent is at least invalid for the reasons provided in the invalidity contentions served on Novartis on September 9, 2022, by the joint defendants in the matter of *Novartis Pharms. Corp. v. Alkem Labs Ltd. et al.*, C.A. No. 21-1330-RGA (D. Del.), and for any additional reasons that discovery may reveal.

**ANSWER:** Denied.

9. Unless Novartis is enjoined, MPI believes that Novartis will continue to assert that MPI's proposed ANDA products are infringing the claims of the '918 patent, and will continue to interfere with MPI's business with respect to MPI's proposed ANDA products and their manufacture, use, offer for sale and sale.

**ANSWER:** Novartis refers to its October 24, 2022 Complaint for what it asserts. Otherwise denied.

10. MPI will be irreparably harmed if Novartis is not enjoined from continuing to assert the '918 patent, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:** On information and belief, denied.

11. A definite and concrete, real and substantial, justiciable controversy exists between MPI and Novartis concerning the invalidity of the '918 patent, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:** This paragraph states legal conclusions to which no answer is required. To the extent that an answer is required, Novartis admits that a substantial, justiciable controversy exists between Novartis and MPI regarding the validity of the '918 patent. Otherwise denied.

12. MPI is entitled to a declaratory judgment that the claims of the '918 patent are invalid.

**ANSWER:** Denied.

## SECOND COUNTERCLAIM:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 11,096,918

13. Paragraphs 1–12 of the Counterclaim are incorporated as if fully set forth herein.

**ANSWER:** Novartis incorporates its responses to Paragraphs 1-12 as if fully set forth herein.

14. MPI's proposed ANDA products have not infringed, will not infringe, and are not infringing, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '918 patent. Novartis is already aware of this fact because discovery related to the drug substance contained in MPI's proposed ANDA products was produced to Novartis in the matter of *Novartis Pharms. Corp. v. Mylan Pharms. Inc.*, C.A. No. 20-cv-445-RGA (D. Del.), including information disclosed in MPI's ANDA No. 213646, which was previously produced to Novartis in that lawsuit on June 1, 2020.

**ANSWER:** Novartis refers to MPI's ANDA for what it states. Otherwise, on information and belief, denied.

15. Unless Novartis is enjoined, MPI believes that Novartis will continue to assert that MPI's proposed ANDA products are infringing the claims of the '918 patent, and will continue to interfere with MPI's business with respect to MPI's proposed ANDA products and their manufacture, use, offer for sale and sale.

**ANSWER:** Novartis refers to its October 24, 2022 Complaint for what it asserts. Otherwise denied.

16. MPI will be irreparably harmed if Novartis is not enjoined from continuing to assert the '918 patent and from interfering with MPI's business.

**ANSWER:** On information and belief, denied.

17. A definite and concrete, real and substantial, justiciable controversy exists between MPI and Novartis concerning MPI's noninfringement of the '918 patent, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:** This paragraph states legal conclusions to which no answer is required. To the extent that an answer is required, Novartis admits that a substantial, justiciable controversy exists between Novartis and MPI regarding whether the '918 patent is infringed. Otherwise denied.

18. MPI is entitled to a declaratory judgment that MPI's proposed ANDA products have not infringed, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '918 patent.

**ANSWER:** On information and belief, denied.

### RESPONSE TO COUNTERCLAIM PLAINTIFF'S REQUEST FOR RELIEF

The "REQUEST FOR RELIEF" and "WHEREFORE" paragraph concluding MPI's Counterclaims, and the lettered paragraphs (a) – (h) that follow the "WHEREFORE" paragraph, state MPI's request for relief to which no answer is required. To the extent that an answer is required, Novartis denies the allegations set forth in the "WHEREFORE" paragraph and the lettered paragraphs (a) – (h) that follow it, and denies that MPI is entitled to the relief requested therein, or to any relief whatsoever.

Novartis denies any and all allegations of the Counterclaims not expressly admitted herein.

\* \* \*

### PRAYER FOR RELIEF

WHEREFORE, Novartis requests the following relief:

A. An order dismissing each of MPI's Counterclaims, with prejudice, and denying all relief sought by MPI;

5

      B.      Judgment that MPI has infringed one or more claims of the '918 patent by filing ANDA No. 213646;

      C.      A permanent injunction restraining and enjoining MPI, and its officers, agents, attorneys, and employees, and those acting in privity or concert with it, from engaging in the commercial manufacture, use, sale, or offer for sale in the United States, or importation into the United States, of MPI's proposed ANDA Products prior to the expiration of the '918 patent, inclusive of any extensions and additional periods of exclusivity;

      D.      An order that the effective date of any approval of ANDA No. 213646 be a date that is not earlier than the expiration date of the '918 patent, inclusive of any extensions and additional periods of exclusivity;

      E.      Declaratory judgment that the use of MPI's proposed ANDA Products will directly infringe one or more claims of the '918 patent;

      F.      Damages or other monetary relief from MPI for the direct infringement of the '918 patent;

      G.      A declaration that this is an exceptional case pursuant to 35 U.S.C. § 285 and an award of attorneys' fees;

      H.      Novartis's costs and expenses in this action; and

      I.      Such other and further relief as this Court may deem just and proper.

| | |
|---|---|
| Dated: February 7, 2023 | MCCARTER & ENGLISH, LLP |
| | By: /s/ Daniel M. Silver |
| | Daniel M. Silver (#4758) |
| | Alexandra M. Joyce (#6423) |
| OF COUNSEL: | Renaissance Centre |
| | 405 N. King Street, 8th Floor |
| Nicholas N. Kallas | Wilmington, Delaware 19801 |
| Christina Schwarz | (302) 984-6300 |
| Christopher E. Loh | *dsilver@mccarter.com* |
| Susanne L. Flanders | *ajoyce@mccarter.com* |
| Jared L. Stringham | |
| Shannon K. Clark | *Attorneys for Plaintiff Novartis* |
| Laura K. Fishwick | *Pharmaceuticals* |
| Gregory J. Manas | |
| VENABLE LLP | |
| 1290 Avenue of the Americas | |
| New York, New York 10104 | |
| (212) 218-2100 | |
| *nkallas@venable.com* | |
| *cschwarz@venable.com* | |
| *cloh@venable.com* | |
| *slflanders@venable.com* | |
| *jlstringham@venable.com* | |
| *skclark@venable.com* | |
| *lfishwick@venable.com* | |
| *gjmanas@venable.com* | |