# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re Entresto (sacubitril/valsartan) Patent Litigation | C.A. No. 20-md-2930-RGA |
| NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>NANJING NORATECH PHARMACEUTICAL CO., LIMITED,<br><br>Defendant. | C.A. No. 23-401-RGA |

## [PROPOSED] SCHEDULING ORDER

This ___ day of _____ 2023, the Court having consulted with the parties' attorneys and received a joint proposed scheduling order pursuant to Local Rule 16.2(a) and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;[1]

IT IS HEREBY ORDERED that:

1. <u>Coordination with Prior and Pending '659 and '667 Patent Matters.</u>  Subject to the terms of the protective order entered in the 20-md-2930 litigation, within fourteen (14) days of the entry of this Order, Novartis will produce to Noratech the following materials that Novartis

---

[1] For the Court's convenience, the parties attach, as Exhibit A, a chart setting forth the proposed schedule for the case.

previously produced or provided in the 20-md-2930 litigation: (i) Novartis's discovery responses (including any amendments) concerning **[Novartis's proposal**: the validity of**]** the '659 patent or the '667 patent, (ii) Novartis's documents concerning **[Novartis's proposal**: the validity of**]** the '659 patent or the '667 patent, and (iii) the deposition testimony (including exhibits) of any Novartis inventor or Novartis witness **[Novartis's proposal**: concerning the validity of the '659 patent or the '667 patent**]** **[Noratech's proposal:** if such deposition concerned the '659 patent or the '667 patent**]**.  Noratech, to the extent practicable, will avoid serving discovery requests (including requests for production, interrogatories, requests for admission and deposition notices) that are duplicative of those made by the defendants in the 20-md-2930 litigation. Notwithstanding any of the foregoing, nothing in this paragraph is intended to alter the requirements of Federal Rule of Civil Procedure 32 regarding the use of depositions in court proceedings.

    2.    <u>Initial Disclosures.</u>

        a.    <u>Rule 26(a)(l) Initial Disclosures.</u>  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) and Paragraph 3 of the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("Del. Default Standard") within five (5) business days of the entry of this Order.

        b.    <u>Production of File History for Asserted Patent.</u>  Novartis will produce to Noratech the file history for the '659 and '667 patents within five (5) business days of the entry of this Order.

        c.      <u>Initial Infringement Claim Charts.</u>  Novartis will produce initial claim charts relating Noratech's accused products to the asserted claims of the '659 and '667 patents within five (5) business days of the entry of this Order.

        d.      <u>Initial Invalidity Contentions.</u>  By August 4, 2023, Noratech shall serve on Novartis its initial invalidity contentions for each asserted claim of the '659 and '667 patents, as well as all of the references (*e.g.*, publications and patents) cited therein.

    3.    <u>Joinder of Other Parties and Amendment of Pleadings.</u>  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before November 3, 2023.

    4.    <u>Discovery.</u>

        a.      <u>Discovery Cut Off.</u>  All fact discovery in this case shall be initiated so that it will be completed on or before April 5, 2024.

        b.      <u>Prior Discovery.</u>  To the extent permitted by Paragraph 20 of the Stipulated Protective Order entered in 20-md-2930-RGA lead action (D.I. 80, so ordered 09/18/2020), any discovery previously produced to or by Noratech in C.A. No. 20-md-2930 and its related civil actions may be treated as if it were produced in this case and need not be re-produced in this or any further actions involving Noratech's ANDA.  Notwithstanding any of the foregoing, nothing in this paragraph is intended to alter the requirements of Federal Rule of Civil Procedure 32 regarding the use of depositions in court proceedings.

        c.      <u>Production of Core Technical Documents.</u>  Within five (5) business days of the entry of this Order, Noratech shall produce any amendments, supplements, or other updates to its ANDA, and any correspondence related thereto to or from the United States Food and Drug Administration ("FDA"), to the extent not already produced in C.A. No. 20-md-2930 and its related civil actions.

d. <u>Document Production.</u>  Document production shall be substantially complete by October 27, 2023.  The parties agree that, in view of the overlap in fact discovery between this Action and C.A. No. 20-md-2930 and its related civil actions, document production required from Noratech for this Action is substantially complete but for Noratech's production of the above-mentioned amendments, supplements, or other updates to its ANDA, and any correspondence related thereto.

e. <u>Requests for Admission.</u>  Each Party may serve up to [**Novartis's position:** fifty (50)**] [Noratech's position:** twenty-five (25)**]** Requests for Admission, not including admissions directed toward admissibility including authentication of documents.  There is no limit on the number of reasonable requests for admission the parties may serve to establish the authenticity of documents or establish documents as business records.  Requests for admission directed to document authentication or establishment of business records shall be clearly denoted as such, and shall be served separately from any requests for admission subject to the numerical limitations stated above.  Such requests directed to document authentication or establishment of business records can be served at any time prior to trial, and the parties agree to work in good faith to stipulate in advance of trial to the authenticity and admissibility of the key documents upon which they intend to rely at trial.

f. <u>Interrogatories.</u>  Each Party may serve twenty-five (25) Interrogatories (including all discrete subparts).

g. <u>Depositions.</u>

i. <u>Limitation on Hours for Deposition Discovery</u>.

Absent an agreement between the parties to the contrary or unless permitted by the Court following a showing of good cause, Novartis may take a maximum of two (2) fact

depositions from Noratech.  Noratech may take the depositions of the named inventors and up to two (2) additional fact depositions from Novartis.  The deposition of a single person in both the person's personal capacity and as a 30(b)(6) designee shall count as a single deposition.  For purposes of the deposition limits, a single 30(b)(6) deposition notice will count as one deposition regardless of how many individuals a party designates to respond to the notice, provided however, that Novartis and Noratech may take a maximum of seven (7) hours of 30(b)(6) deposition.

 If an individual is deposed in both the person's personal capacity and as a 30(b)(6) designee, the examining attorney shall clearly state on the record when the individual is being asked questions in his or her capacity as a 30(b)(6) designee.

The number of depositions above apply to depositions of a party's officers, directors, current employees, former employees, corporate affiliates, and API supplier(s) or drug product manufacturer of a party to the extent such officers, directors, current employees, former employees, corporate affiliates, and API supplier(s) or drug product manufacturer of a party agree to accept service of and respond to requests for production without requiring formal third-party discovery procedures.  Except as expressly provided above, the deposition limits above do not apply to depositions of other third-party witnesses.  Nothing contained in this section pertaining to former employees, corporate affiliates, third-party contractual affiliates, or API supplier(s) of a party shall be construed as a party consenting to a deposition of said former employee, corporate affiliate, third-party contractual affiliate, or API supplier(s) or an agreement to accept notice of deposition on behalf of said former employee, corporate affiliate, third-party contractual affiliate, or API supplier(s).

Each fact deposition is limited to a maximum of **seven** (**7**) hours total deposition time for fact deponents, unless extended by agreement of the parties or leave of the Court.

The time limits in this section apply regardless of whether the witness is being deposed in an individual capacity, as a 30(b)(6) designee, or both.  For any deposition occurring in a non-English language and requiring an interpreter, two (2) hours of time on the record will count for one (1) hour of deposition time.

The parties agree that deposition testimony taken in C.A. No. 20-md-2930-RGA and its related actions may be used in the instant case, subject to the provisions of Section 4(b) above and Federal Rule of Civil Procedure 32.

        ii.      <u>Location of Depositions.</u>  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a cross-claimant or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.  Should the parties agree that the deposition of a witness may proceed remotely, the attorneys will cooperate to determine a reasonable starting time for the deposition.  The parties here further agree to confer in good faith regarding the location of deposing witnesses located in foreign countries, including whether such deposition may proceed remotely.

        h.      <u>Discovery Matters and Disputes Relating to Protective Orders.</u>  The parties agree to abide by the terms of the Stipulated Protective Order entered in 20-md-2930-RGA lead action (D.I. 80, so ordered 09/18/2020).  Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the

discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than seven (7) business days prior to the conference/argument, any party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than five (5) business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's opposition. A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order. Any proposed order shall be e-mailed, in Word format, simultaneously with filing to rga_civil@ded.uscourts.gov.

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

      i.      <u>Bifurcation of Non-Liability Issues.</u> Any issues other than liability, such as willfulness, exceptional case, attorneys' fees, damages and/or injunctive relief (including, for example, reliance on counsel's opinion and irreparable harm) shall be bifurcated for purposes of discovery and trial, unless good cause is shown otherwise. For the avoidance of doubt, Novartis shall be permitted to move immediately for a preliminary injunction and associated relief in the event of an at-risk launch by Noratech notwithstanding the aforementioned bifurcation of non-liability issues. There are no damages issues at this time.

    j.  <u>Miscellaneous Discovery Matters.</u>  There are no other pending or completed litigations, including IPRs, involving the asserted patents.  Noratech has not decided whether it expects to file one or more IPRs and, if so, when.

  5.  <u>Application to Court for Protective Order.</u>  The parties agree that the Stipulated Protective Order entered in C.A. No. 20-md-2930-RGA (D.I. 80) applies to the instant case.  The parties agree that any confidential information designated as "confidential" or "highly confidential" previously produced under that Protective Order in C.A. No. 20-md-2930-RGA or associated cases also may be used for the purpose of asserting, maintaining, monitoring, supervising, prosecuting, defending, or settling any claim in the instant case only in connection with the party that produced such information.

  That protective order includes the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

  6.  <u>Papers Filed Under Seal.</u>  When filing papers under seal, counsel shall deliver to the Clerk the required number of copies as directed in Paragraph 6.  A redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

  7.  <u>Courtesy Copies.</u>  The parties shall provide to the Court two (2) courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits etc.).  This provision also applies to papers filed under seal.

8. <u>Claim Construction Issue Identification.</u>  On or before September 8, 2023, Novartis ("a side") and Noratech (the other "side") shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s) along with the intrinsic and extrinsic evidence, if any, upon which it intends to rely with respect to each claim term/phrase. This document will not be filed with the Court.  On October 6, 2023, each side shall serve on the other side a chart setting forth each claim term/phrase with its rebuttal claim construction of those term(s)/phrase(s) and a list of the rebuttal intrinsic and extrinsic evidence, if any, upon which it intends to rely with respect to each claim term/phrase.  Subsequent to exchanging that list, the sides will meet and confer no later than October 13, 2023, to prepare a Joint Claim Construction Chart to be filed no later than October 20, 2013.  The Joint Claim Construction Chart, in Word format shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov.  The Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each side's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A copy of the patent at issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart.  In this joint submission, the sides shall not provide argument.

9. <u>Claim Construction Briefing.</u>[2]  Novartis shall serve, but not file, its opening brief, not to exceed 5,000 words, on November 17, 2023.  Noratech shall serve, but not file, its

---

[2] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means.  These verifications should not be provided to the Court unless a dispute arises about them.  Pictures, figures copied from the patent, and other illustrations do not count against the word limit.  Novartis should include with its opening brief one or more representative claims with the disputed terms italicized.  Should Novartis want to add additional representative claims,

answering brief, not to exceed 7,500 words, on December 15, 2023.  Novartis shall serve, but not file, its reply brief, not to exceed 5,000 words, on January 12, 2024.  Noratech shall serve, but not file its sur-reply brief, not to exceed 2,500 words, on February 9, 2024**.**  No later than February 23, 2024, the sides shall file a Joint Claim Construction Brief.  The sides shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## **JOINT CLAIM CONSTRUCTION BRIEF**

I.    Representative Claims

II.   Agreed-upon Constructions

III.  Disputed Constructions

    A.    [TERM 1][3]

        1.  Novartis's Opening Position
        2.  Noratech's Answering Position
        3.  Novartis's Reply Position
        4.  Noratech's Sur-Reply Position

    B.    [TERM 2]

        1.  Novartis's Opening Position
        2.  Noratech's Answering Position
        3.  Novartis's Reply Position
        4.  Noratech's Sur-Reply Position

---

Novartis may do so.  The representative claims and the agreed-upon claim constructions do not count against the word limits.

[3] For each term in dispute, there should be a table or the like setting forth the term in dispute and the parties' competing constructions.  The table does not count against the word limits.

Etc. The sides need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the sides shall submit them in a Joint Appendix.

10. <u>Hearing on Claim Construction.</u> Beginning at ____ on mid-March __, 2024, the Court will hear argument on claim construction. The Court will allow up to three (3) hours for argument on claim construction. Should the parties believe more than three (3) hours is needed for argument on claim construction, the parties shall submit a letter to the Court on March 1, 2024, indicating additional time is requested. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the sides shall not present testimony at the argument, and the argument shall not exceed a total of three hours. When the Joint Claim Construction Brief is filed, the sides shall simultaneously file a motion requesting the above scheduled claim construction hearing, state that the briefing is complete, and state how much total time each side is requesting that the Court should allow for the argument.

11. <u>Disclosure of Expert Testimony.</u>

    a. <u>Expert Reports.</u> For the side who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before May 10, 2024. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another side including Novartis's opening disclosure regarding any objective indicia of non-obviousness is due on or before June 14, 2024. Reply expert reports from the side with the initial burden of proof including Noratech's responsive disclosure regarding any objective indicia of non-obviousness are due on or before July 19, 2024. Novartis's sur-reply expert reports on the issue of objective indicia of non-obviousness are due on or before August 9,

11

2024. No other expert reports will be permitted without either the consent of all relevant parties or leave of the Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one (1) week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

Within one week after the service of reply expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before September 27, 2024. The parties shall meet and confer after exchanging reply expert reports to agree on a reasonable amount of time for the deposition of any individual expert, for example, for any expert who has provided opinions on both infringement and validity. If a dispute arises regarding the amount of time for depositions of any expert, the parties shall follow the discovery dispute procedure set forth in Paragraph 5(i).

        b.      <u>Objections to Expert Testimony.</u> To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than October 4, 2024, unless otherwise ordered by the Court. Oppositions to such motions shall be filed no later than October 18, 2024, and replies to such motions shall be filed no later than October 25, 2024. Absent an order of the Court upon showing of good cause, each side is limited to one forty-page opening brief, one forty-page answering brief, and one twenty-page reply brief for all its *Daubert* motions.

12.     Supplementation.  Absent agreement among the parties, and approval of the Court, no later than April 5, 2024, Novartis must finally supplement, *inter alia*, the identification of all accused products and claim charts relating each accused product to the asserted claims each product allegedly infringes, and Noratech must finally supplement, *inter alia*, its invalidity contentions, and all invalidity references.

13.     Case Dispositive Motions.  No case dispositive motion under Rule 56 may be filed without leave of the Court.

14.     Applications by Motion.  Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15.     Pretrial Conference.

On _____, 2024, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel for Novartis and Noratech beginning at 9:00 a.m.  The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on _____, 2024.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

16.     Motions *in Limine*.  Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one (1) filing for each motion. Any supporting documents in connection with a motion *in limine* shall be filed in one (1) filing separate from the motion *in limine*.  Novartis and Noratech each shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3)

pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17. Trial. This matter is scheduled for a **seven (7)** day bench trial beginning at 8:30 a.m. on mid-November __, 2024, with the subsequent trial days beginning at 8:30 a.m., and each day ending at 5:00 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

18. ADR Process. Per Standing Order No. 2022-2, Novartis and Noratech do not seek referral to a magistrate judge to explore the possibility of alternative dispute resolution at this time.

19. Other Issues.

**[Novartis's Proposal:** Noratech to Provide Notice of FDA Approval and Launch of Noratech's ANDA Products.

WHEREAS Nanjing Noratech Pharmaceutical Co., Limited ("Defendant" or "Noratech") has submitted Abbreviated New Drug Application No. 213671 ("Noratech's ANDA"), seeking FDA approval to make generic versions ("Noratech's ANDA Products") of Novartis Pharmaceuticals Corporation's ("Plaintiff" or "Novartis") Entresto® (sacubitril/valsartan) drug products;

WHEREAS the pediatric exclusivity for U.S. Patent No. 8,404,744 ("the '744 patent") expires on July 14, 2023, which is the earliest date on which the FDA may approve Noratech's ANDA;

WHEREAS Noratech has not confirmed that it will refrain from selling, offering for sale, marketing, or otherwise acting upon an FDA approval of Noratech's ANDA after July 14, 2023;

WHEREAS in view of the above circumstances, Novartis expects that a preliminary injunction motion may be necessary in this civil action;

NOW THEREFORE, to ensure that the Court has sufficient time to consider and to rule on any such preliminary injunction motion:

a. If Noratech receives any FDA approval (including tentative or final FDA approval) of Noratech's ANDA prior to the Court issuing its final judgment in this civil action, Noratech will notify the Court (via letter) and Novartis (via email to each counsel of record for Novartis) of any such FDA approval within five (5) days of receiving such notification from the FDA.

b. Noratech will provide 60 days' advance notice to the Court (via letter) and to Novartis (via email to each counsel of record for Novartis) of the anticipated launch date for any of Noratech's ANDA Products.

c. Noratech's notice obligations under 1.a. and b. above shall expire upon entry of a final judgment by the Court in this civil action finding that each asserted claim of the '659 and '667 patents is not infringed and/or is invalid.**]**

**[Noratech response:** Noratech does not believe that Novartis's proposal is appropriate for inclusion in a scheduling order and any such dispute should be handled through the Court's standard procedures.**]**

SO ORDERED this _____ day of ____, 2023.

_____
UNITED STATES DISTRICT JUDGE

## EXHIBIT A – CHRONOLOGICAL SCHEDULE OF ORDERED DATES

| Event | Agreed Upon Date |
|---|---|
| Rule 26(a)(1) initial disclosures (¶ 2.a) | Within 5 business days of the entry of this Order |
| Initial Disclosures Pursuant to Paragraph 3 of the Delaware Default Standard for Discovery (¶ 2.a) | Within 5 business days of the entry of this Order |
| Production of file history for asserted patent (¶ 2.b) | Within 5 business days of the entry of this Order |
| Plaintiff's initial infringement claim charts (¶ 2.c) | Within 5 business days of the entry of this Order |
| Defendants' initial invalidity contentions (¶ 2.d) | August 4, 2023 |
| Parties exchange list of claim terms with chart of initial constructions and supporting evidence (¶ 8) | September 8, 2023 |
| Parties exchange list of rebuttal claim constructions and supporting evidence (¶ 8) | October 6, 2023 |
| Meet and confer regarding claim construction (¶ 8) | October 13, 2023 |
| Submission of joint claim construction chart (¶ 8) | October 20, 2023 |
| Substantial completion of document production (¶ 4.d) | October 27, 2023 |
| Deadline to move to join parties or to amend or supplement pleadings (¶ 3) | November 3, 2023 |
| Plaintiff's opening claim construction brief (¶ 9) | November 17, 2023 |
| Defendants' responsive claim construction brief (¶ 9) | December 15, 2023 |
| Plaintiff's reply claim construction brief (¶ 9) | January 12, 2024 |
| Defendants' sur-reply claim construction brief (¶ 9) | February 9, 2024 |
| Submission of joint claim construction brief (¶ 9) | February 23, 2024 |
| Request additional time for hearing on claim construction (if needed) (¶ 10) | March 1, 2024 |
| Hearing on claim construction (¶ 10) | [Mid-March __], 2024 |
| Final supplementation of accused products and invalidity references (¶ 12) | April 5, 2024 |
| Fact discovery cut-off (¶ 5.a) | April 5, 2024 |
| Opening expert reports (¶ 11.a) | May 10, 2024 |
| Responsive expert reports (¶ 11.a) | June 14, 2024 |

1

| Event | Agreed Upon Date |
|---|---|
| Reply expert reports (¶ 11.a) | July 19, 2024 |
| Plaintiff's sur-reply reports on objective indicia (¶ 11.a) | August 9, 2024 |
| Close of expert discovery (¶ 11.a) | September 27, 2024 |
| Opening Daubert motions (¶ 11.b) | October 4, 2024 |
| Opposition to Daubert motions (¶ 11.b) | October 18, 2024 |
| Replies to Daubert motions (¶ 11.b) | October 25, 2024 |
| Pretrial order (¶ 15) | [__, 2024] |
| Pretrial conference (¶ 15) | [__, 2024] |
| Trial (¶ 17) | [mid-November___, 2024] |