IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re Entresto (sacubitril/valsartan) Patent Litigation | C.A. No. 20-md-2930-RGA |
| NOVARTIS PHARMACEUTICALS CORPORATION, | |
| Plaintiff, | PUBLIC VERSION |
| v. | C.A. No. 22-cv-1395-RGA |
| ALEMBIC PHARMACEUTICALS LIMITED, ALEMBIC GLOBAL HOLDING SA, ALEMBIC PHARMACEUTICALS, INC., CRYSTAL PHARMACEUTICAL (SUZHOU) CO., LTD., MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LIMITED, MSN LIFE SCIENCES PRIVATE LIMITED, MYLAN PHARMACEUTICALS INC., MYLAN LABORATORIES LIMITED, VIATRIS INC., NANJING MSN PHARMACEUTICAL CO., LIMITED, | |
| Defendants | |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR
MOTION FOR JUDGMENT ON THE PLEADINGS**

i

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION. ............................................................................................................... | 1 |
| II. | LEGAL STANDARD. .......................................................................................................... | 3 |
| III. | BACKGROUND AND STATEMENT OF FACTS. ............................................................ | 4 |
| IV. | ARGUMENT ........................................................................................................................ | 6 |
| | A.   MSN's ANDA product cannot infringe the '918 patent as a matter of law. ....................... | 6 |
| | B.   Novartis failed to offer any additional support for its '918 infringement claim against MSN when given the chance. ........................................................................................ | 7 |
| V. | CONCLUSION ................................................................................................................... | 11 |

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Allscripts Healthcare, LLC v. Andor Health, LLC*, C.A.
   No. 21-704, 2021 WL 4425767 (D. Del. Sept. 27, 2021) .......................................................... 8

*Artrip v. Ball*,
   735 F. App'x ............................................................................................................................. 9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................................................. 3

*In re Bendamustine Consol. Cases*,
   Civil Action No. 13-2046-GMS, 2015 U.S. Dist. LEXIS 55963 (D. Del. Apr. 29,
   2015) ......................................................................................................................................... 4

*In re Burlington Coat Factory Sec. Litig.*,
   114 F.3d 1410 (3d Cir. 1997) ................................................................................................ 3, 4

*Christopher v. Harbury*,
   536 U.S. 403, 406 (2002) .......................................................................................................... 3

*Cooter & Gell v. Hartmarx Corp.*,
   496 U.S. 384 (1990) .................................................................................................................. 3

*Erickson v. Pardus*,
   551 U.S. 89 (2007) .................................................................................................................... 3

*Maio v. Aetna*,
   221 F.3d 472 (3d Cir. 2000) ...................................................................................................... 4

*Mele v. Fed. Res. Bank of N.Y.*,
   359 F.3d 251, 257 (3d Cir. 2004) .............................................................................................. 3

*Network Managing Sols., LLC v. AT&T Inc.*,
   C.A. No. 16-CV-295 (RGA), 2017 WL 472080 (D. Del. Feb. 3, 2017) ......................... 8, 9, 10

*Novartis Pharmaceuticals Corp. v. Alkem Laboratories Ltd. et al*,
   Case No. 21-cv-01330, D.I. 71 ................................................................................................ 11

*Novartis Pharmaceuticals Corporation v. Dr. Reddy's Laboratories, Inc. et al*,
   Case No. *19-cv-02053*, D.I. 1 ................................................................................................... 5

*Oneida Motor Freight, Inc. v. United Jersey Bank*,
   848 F.2d 414 (3d Cir. 1988) ...................................................................................................... 4

*Oshiver v. Levin, Fishbein, Sedran & Berman*,
    38 F.3d 1380 (3d Cir. 1994)......................................................................................................4

*Par Pharm., Inc. v. Eagle Pharm., Inc.*,
    44 F.4th 1379 (Fed. Cir. 2022) ................................................................................................7

*Phonometrics, Inc. v. Econ. Inns of Am.*,
    349 F.3d 1356 (Fed. Cir. 2003)..............................................................................................12

*Revell v. Port Auth.*,
    598 F.3d 128 (3d Cir. 2010)....................................................................................................3

*Simmerman v. Corino*,
    27 F.3d 58 (3d. Cir. 1994).......................................................................................................3

*Turbe v. Gov't of the Virgin Islands*,
    938 F.2d 427 (3d Cir. 1991).................................................................................................3, 4

*Venetec Int'l, Inc. v. Nexus Med., LLC*,
    541 F. Supp. 2d 612 (D. Del. 2008).........................................................................................3

I.      INTRODUCTION.

Defendants MSN Pharmaceuticals Inc., MSN Laboratories Private Limited, and MSN Life Sciences Private Limited (collectively, "MSN" or "Defendants") move under Federal Rule of Civil Procedure 12(c) for the Court to grant their motion for judgment on the pleadings and against Novartis Pharmaceuticals Corporation ("Novartis") based on Novartis' baseless infringement allegations of United States Patent No. 11,096,918 (the "'918 patent").

This '918 patent infringement case against MSN is part of Novartis' prolonged and tangled web of litigations brought to block generic competition of a pharmaceutical composition comprising a combination of sacubitril and valsartan. The original litigation began over four years ago, where Novartis asserted multiple Orange Book patents against nearly a dozen generic pharmaceutical companies, including MSN. Trial occurred in November 2022 after full fact and expert discovery.  During discovery, in February 2021, MSN produced samples of its ANDA product and active pharmaceutical ingredient ("API"). Notably, among the asserted claims were allegations that MSN's API infringed United States Patent Nos. 8,877,938 ("the '938 Patent") and 9,388,134 ("the '134 Patent"). Both of those patents claimed a co-crystalline compound of sacubitril and valsartan.                                        did *not* infringe those patents. After ostensibly testing MSN's ANDA products and apparently coming to the same conclusion as to non-infringement, Novartis rightly dismissed with prejudice the '938 and '134 patents on January 4, 2022,. *In re: Entresto (Sacubitril/Valsartan) Patent Litigation*, 20-md-2930, D.I. 479.That should have resolved all infringement issues as to MSN's API.

But the present litigation emerged as part of a third wave of litigations where Novartis is now asserting the '918 patent against five generic pharma defendants, including MSN. The '918 patent covers amorphous forms of a combined sacubitril and valsartan compound. There is *no* dispute that MSN's API *cannot* infringe the '918 patent                    ; MSN's API is

1

and Novartis is fully aware of that fact. This is knowledge that Novartis cannot disregard. Novartis and its experts reviewed MSN's ANDA, and most importantly, evaluated and confirmed the physical characteristics of MSN's ANDA products through tests it presumably conducted at that time. That is why Novartis dismissed with prejudice its earlier '938 and '134 patent infringement allegations.

Moreover, nearly two years ago, in October 2021, Novartis previously asserted the '918 patent against seven other defendants. But Novartis did not sue MSN. In fact, Novartis filed those cases after MSN had produced its samples in February 2021, which is after Novartis had first-hand knowledge that MSN's ANDA product                            . MSN's ANDA product remains unchanged and there are no extenuating circumstances suggesting that MSN now infringes the previously unasserted '918 patent from two years ago. Indeed, the only apparent difference between now and then is the impending expiration of many of Novartis' Orange Book patents in the middle of 2025. The '918 patent expires on November 8, 2026. Thus, Novartis is not asserting the '918 patent based on any reasonable scientific rationale. Again, Novartis did not sue MSN for infringement of the '918 patent in October 2021 like it did with other defendants, and it dismissed its '938 and '134 patent infringement claims against MSN on January 4, 2022. Instead, Novartis is using this '918 patent suit against MSN for self-interested and anticompetitive reasons, hoping to further delay any launch of MSN's generic product.

As a result, on January 5, 2023, after reviewing Novartis' complaint, MSN sent a letter notifying Novartis of its frivolous infringement allegations, providing Novartis with an opportunity to withdraw its pleading. When Novartis persisted with its claims, MSN sent Novartis another letter on March 21, 2023. But once again, Novartis refused to withdraw its complaint. Novartis now claims that *after* filing the complaint in this action, it                                              of

. Indeed, Novartis apparently did not conduct any tests until after filing this suit. Novartis' purported tests, however, are also irrelevant because MSN's ANDA                              . MSN files the present motion because it is well established as a matter of law that MSN cannot infringe.

**II.     LEGAL STANDARD.**

A Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss when the Rule 12(c) motion alleges that the plaintiff failed to state a claim upon which relief can be granted. *See Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010); *Turbe v. Gov't of the Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). Like a Rule 12(b)(6) motion, the court may not consider materials or evidence outside of the pleadings when considering a Rule 12(c) motion. *Mele v. Fed. Res. Bank of N.Y.*, 359 F.3d 251, 257 (3d Cir. 2004). The court must accept the factual allegations in the complaint and take them in the light most favorable to the non-moving party. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). But in determining whether such factual allegations plausibly give rise to the relief sought, the court must "draw on its judicial experience and common sense" to make the determination. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"The purpose of judgment on the pleadings is to dispose of claims where the material facts are undisputed and judgment can be entered on the competing pleadings and exhibits thereto, and documents incorporated by reference." *Venetec Int'l, Inc. v. Nexus Med., LLC,* 541 F. Supp. 2d 612, 617 (D. Del. 2008); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (explaining that any documents integral to pleadings may be considered in connection with Rule 12(c) motion). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Burlington Coat Factory*, 114 F.3d at 1420. Thus, a court may grant a motion for judgment on the pleadings (just as with a

3

motion to dismiss) only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna,* 221 F.3d 472, 482 (3d Cir. 2000).

The Court may consider matters of public record as well as authentic documents upon which the complaint is based if attached to the complaint or as an exhibit to the motion. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994). The Court may also take judicial notice of the factual record of a prior proceeding. *See Oneida Motor Freight, Inc. v. United Jersey Bank,* 848 F.2d 414, 416 n.3 (3d Cir. 1988). Moreover, the Court may consider an accused generic pharmaceutical company's ANDA filings because they are "integral to or explicitly relied upon in the complaint." *In re Bendamustine Consol. Cases*, Civil Action No. 13-2046-GMS, 2015 U.S. Dist. LEXIS 55963, at *8 (D. Del. Apr. 29, 2015). Ultimately, a motion for judgment on the pleadings can be granted "only if no relief could be afforded under any set of facts that could be proved." *Turbe*, 938 F.2d at 428.

### III.   BACKGROUND AND STATEMENT OF FACTS.

This is the second patent infringement case Novartis has filed against MSN. In late 2019, MSN sent a detailed statement and notice letter regarding its ANDA. Included in that communication was a detailed rationale for why MSN's ANDA product did not infringe the '938 and '134 patents, including XRPD data for MSN's active pharmaceutical ingredient ("API"), *see* Ex. A, and this detailed statement and notice letter were referred to in Novartis' complaint. *See* D.I. 1 at ¶ 92 and *Novartis Pharmaceuticals Corporation v. Dr. Reddy's Laboratories, Inc. et al,* Case No. 19-cv-02053, D.I. 1, ¶ 36. Despite MSN's dispositive evidence of non-infringement, Novartis sued MSN in this Court on October 25, 2019, alleging that MSN's ANDA products infringe several patents including the '938 patent and the '134 patent.[1] *See Novartis Pharmaceuticals Corporation*

4

---

[1] Several other patents asserted cover the method of using sacubitril and valsartan. Trial of those

*v. Dr. Reddy's Laboratories, Inc. et al,* Case No. *19-cv-02053*, D.I. 1. Extensive fact and expert discovery were completed in that litigation. Importantly, by early 2021, MSN produced its entire ANDA (                          ), samples of its ANDA products and API, and other internal MSN documents. *See* Ex. B. Novartis also took depositions of MSN's fact and corporate witnesses. MSN's ANDA, along with all the testing (and other discovery taken), confirmed what MSN had previously explained to Novartis in MSN's detailed statement, th

Indeed,


Faced with this incontrovertible truth, in October 2021, Novartis informed MSN that it no longer intended to assert the '938 and the '134 patents against MSN, and a stipulation of dismissal with prejudice was filed in January 2022. *In re: Entresto (Sacubitril/Valsartan) Patent Litigation*, 20-md-2930, D.I. 479.

Shortly before dismissal of those claims, Novartis began its second wave of litigation, asserting infringement of the '918 patent against seven defendants. The '918 patent is part of the same family as the '938 patent and the '134 patent and includes the exact same specification. At the time Novartis filed its litigation against those defendants, Novartis already possessed and had knowledge of MSN's ANDA, product samples, and other internal documents. Based on the information available to it at that time, Novartis did not allege that MSN infringed the '918 patent. This was an understandable and perfectly reasonable decision b                                         . Novartis knew that. Again, that is what MSN's ANDA and its detailed statement made abundantly clear.

Now, in a complete reversal of its position from the prior actions against other generic

5

patents concluded in November 2022, and the parties completed post-trial briefing in January 2023.

pharmaceutical defendants and its decision not to sue MSN in October 2021, Novartis somehow believes MSN's ANDA product,

Novartis' complaint offers no explanation for its new belief and the reversal of its position. Instead, Novartis merely states that proof of infringement exists on "information and belief." On January 5, 2023, MSN raised this issue with Novartis and noted that any such allegations of infringement were objectively baseless, belied by the explicit requirements set forth in MSN's ANDA and product samples, Novartis' failure to file suit almost two years ago and its dismissal of the '938 and '134 patent infringement actions. On January 25, 2023, Novartis responded with a short two-paragraph reply, stating only "it is not uncommon for expert testing to reveal evidence of infringement, notwithstanding an ANDA applicant's representations that it does not infringe." *See* Ex D. Despite having MSN's complete ANDA and samples for over two years, Novartis has not and cannot point to any evidence of infringement.

MSN's API that was purportedly discovered after Novartis filed suit cannot save the '918 patent infringement claim set forth in Novartis' complaint. Those tests are not referenced in Novartis' complaint and MSN's ANDA makes clear that MSN can only use a crystalline form of API in its proposed generic product.

IV.   ARGUMENT

   A.   **MSN's ANDA product cannot infringe the '918 patent as a matter of law.**

There is absolutely no reasonable basis for Novartis to allege that MSN infringes the '918 patent. In this case, the claims of the '918 patent cover "[a]n *amorphous* solid form of a compound comprising anionic (S)-N-valeryl-N-{[2'-(1H-tetrazole-5-yl)-biphenyl-4-yl]-methyl}-valine ["valsartan"], anionic (2R,4S)-5-biphenyl-4-yl-4-(3-carboxy-propionylamino)-2-methyl-pentanoic acid ethyl ester ["sacubitril"], and sodium cations in a 1:1:3 molar ratio." (emphasis added.) Claims directed to the crystalline and polymorphous forms of the sacubitril and valsartan combination are

6

found in the '938 patent and '134 patents, which MSN does not infringe

And so unlike the '938 and '134 patents, which are directed to specific crystalline polymorphic forms and were dismissed, the '918 patent claims the amorphous form.

MSN's ANDA, which was produced to Novartis in 2020, makes clear that the only form of API that can be used in MSN's ANDA product                   . *See* Ex. C.[2] As set forth clearly in MSN's detailed statement of non-infringement and described in MSN's ANDA,

. And under FDA regulations and the law, MSN *must* use that form because it cannot deviate from its ANDA specifications. *Par Pharm., Inc. v. Eagle Pharm., Inc.*, 44 F.4th 1379, 1383 (Fed. Cir. 2022) ("Because 'drug manufactures are bound by strict statutory provisions to sell only those products that comport with the ANDA[],' if the ANDA 'defin[es] a proposed generic drug in a manner that directly addresses the issue of infringement, [it] control[s] the infringement inquiry.'"). Thus, MSN *cannot* use an "amorphous solid form of a compound comprising anionic valsartan, anionic sacubitril, and sodium cations," which is what the '918 patent claims require. Based on these facts alone, there can be no dispute that MSN does not infringe, literally or under the doctrine of equivalents, any claim of the '918 patent. Indeed, this is what Novartis must have concluded in 2021, when it opted not to name MSN as a defendant in the second wave of '918 patent litigations.

> **B.      Novartis failed to offer any additional support for its '918 infringement claim against MSN when given the chance.**

---

[2] As mentioned above, on a motion for judgment on the pleadings, courts may consider documents incorporated by reference in a complaint, explicitly relied on or integral to the pleadings. *Venetec Int'l, Inc.*, 541 F. Supp. 2d at 617; *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426. As a document integral to Novartis' complaint, it is perfectly proper to consider MSN's ANDA in the context of its present 12(c) motion. *In re Bendamustine Consol. Cases*, Civil Action No. 13-2046-GMS, 2015 U.S. Dist. LEXIS 55963, at *8.

7

Having been informed that it has no reasonable basis to sue MSN for infringing the '918 patent, Novartis' only response is that "shortly after filing the 22-1395 complaint, Novartis conducted preliminary expert testing revealing the

." But Novartis has been in possession of MSN's API samples for over two years, and it is clear that Novartis conducted testing of MSN's products over a year ago because Novartis decided to dismiss litigation related to the '938 patent and the '134 patent in early 2022. Moreover,

, Novartis should have filed suit when it asserted the '918 patent against seven other defendants. Circumstances have not changed over the past two years to justify Novartis' '918 patent infringement action against MSN. MSN's ANDA remains the same; the specifications in MSN's ANDA

Further, Novartis' reliance on supposed "information and belief" in its complaint is not enough to save its '918 patent infringement claim. The Third Circuit has held that "pleading upon information and belief is permissible '[w]here it can be shown that the requisite factual information is peculiarly within the defendant's knowledge or control'—so long as there are no 'boilerplate and conclusory allegations' and '[p]laintiffs . . . accompany their legal theory with factual allegations that make their theoretically viable claim plausible.'" *Allscripts Healthcare, LLC v. Andor Health, LLC*, C.A. No. 21-704, 2021 WL 4425767, at *7 (D. Del. Sept. 27, 2021) (*quoting McDermott v. Clondalkin Grp., Inc.,* 649 F. App'x 263, 267-68 (3d Cir. 2016). But this Court has repeatedly dismissed patent infringement claims in complaints that allege infringement on little more than "information and belief." *See, e.g., Network Managing Sols., LLC v. AT&T Inc*., C.A. No. 16-CV-295 (RGA), 2017 WL 472080, at *1 (D. Del. Feb. 3, 2017) (dismissing direct infringement claim and holding in relevant part, "Plaintiff knows its own patents. The [Accused Instrumentalities] are

8

public. Saying on 'information and belief' that the [Accused Instrumentalities] 'incorporate the fundamental technologies' covered by the patents, without more, is insufficient to plausibly allege that to practice the [Accused Instrumentality] necessarily means that a defendant also practices the patent.").

In this case, there is no information that would support a reasonable belief to assert an infringement claim against MSN with respect to the '918 patent. Novartis has had ample time to conduct an adequate pre-suit investigation, as evidenced by the fact it asserted the '918 patent against a different group of non-MSN defendants more than a year before filing the instant action. Further, Novartis does not reference any tests in its complaint and never sought pre-suit discovery from MSN under the Federal Rules, including Rule 27, even though unlike a case under the Hatch-Waxman statutory framework, there was no 45-day time limit here that required Novartis to blindly sue MSN so as to obtain a statutory stay of FDA approval. Novartis cannot plead "upon information and belief" as a reasonable basis for its suit.

In fact, this Court dismissed complaints that allege "information and belief" in circumstances far less extreme than those here. In *Network Managing Sols.*, this Court granted a defendant's motion to dismiss direct infringement claims because the complaint merely alleged an accused instrumentality infringed "on information and belief" without setting forth the factual bases underpinning that belief. 2017 WL 472080, at *1. "Saying on 'information and belief' that the [accused instrumentalities] 'incorporate the fundamental technologies' covered by the patents, without more, is insufficient to plausibly allege that to practice the [accused instrumentality] necessarily means that a defendant also practices the patent." *Id.*; *see also Artrip v. Ball,* 735 F. App'x at 714–15 (affirming dismissal of complaint because despite "[Plaintiff's] attorney receiv[ing] access to [the manufacturing plant], tour[ing] the factory, and photograph[ing]" the accused products, "the third amended complaint does not sufficiently identify, for example, by

9

photograph or name, any of the particular machines that allegedly infringe other than by broad functional language.").

Likewise, in *Blue Spike LLC v. Comcast Cable Commc'ns, LLC*, the Court dismissed a patent infringement complaint because it alleged an accused product infringed "on information and belief," holding the complaint "fail[ed] to sufficiently allege" the accused product met certain claim limitations. 2019 WL 4242930, at *3; *see also id*. at n.6 (discussing insufficiency of Plaintiff's "information and belief" allegations). Indeed, the Court determined that the complaint failed to meet the pleading standard despite the complainant "mak[ing] reference to attached Exhibit 8 (a short article reviewing the product at issue)" to support alleged infringement. *Id*. The Court held, in dismissing the complaint, that

> Plaintiffs do not explain in their pleading or in their briefing what it is about this article that suggests that the [product] in question has the requisite capabilities . . . . The Court has reviewed the article, and after doing so, it cannot be sure that it has figured out the answer.

*Id.* at *3. In short, where information is available to a plaintiff, like MSN's entire ANDA, MSN's detailed statement and XRPD test results, and two years' worth of fact and expert discovery, it is insufficient to robotically plead "on information and belief."

Finally, as explained above, MSN sent its letters notifying Novartis that it had no basis to file suit against MSN for infringing the '918 patent. But, as confirmed by its dismissal of its '938 and the '134 patent infringement allegations, Novartis has first-hand knowledge that MSN does not infringe the '918 patent based on its possession of MSN's API samples and complete ANDA for over two years. Novartis' failure to point to either is telling. Novartis just went ahead and sued MSN so that it could delay the launch of MSN's product by bringing MSN into a costly and protracted litigation knowing the Court is extremely busy and cannot prioritize Novartis' '918 patent suit over all of the other civil and criminal cases before it. Novartis now suggests that testing

10

conducted years later on MSN's samples reveal potential

. And none of that was alleged in Novartis' complaint. As such any new testing, however, is wholly irrelevant because the text of MSN's ANDA controls, which clearly states that MSN's ANDA product contains a non-infringing crystalline form.

## V. CONCLUSION

For the foregoing reasons, MSN respectfully requests the Court to grant its motion for judgment on the pleadings and enter judgment of non-infringement of the '918 patent.

Dated: May 22, 2023

By: */s/ Richard C. Weinblatt*
Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
Stamoulis & Weinblatt LLC
800 N. West Street, Third Floor
Wilmington, DE 19801
(302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com

Of Counsel:

Daignault Iyer LLP
Ronald M. Daignault
Richard Juang
8618 Westwood Center Drive, Suite 150
Vienna, VA 22182

*Attorneys for Defendants MSN Pharmaceuticals Inc., MSN Laboratories Private Limited, and MSN Life Sciences Private Limited*

11

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2023, I caused a copy of the foregoing document to be served by e-mail to the following counsel listed below.

| | |
|---|---|
| Daniel M. Silver | Nicholas N. Kallas |
| Alexandra M. Joyce | Christina Schwarz |
| MCCARTER & ENGLISH, LLP | Christopher E. Loh |
| Renaissance Centre | Susanne L. Flanders |
| 405 N. King Street, 8th Floor | Jared L. Stringham |
| Wilmington, Delaware 19801 | Shannon K. Clark |
| dsilver@mccarter.com | Laura K. Fishwick |
| ajoyce@mccarter.com | Gregory J. Manas |
| | VENABLE LLP |
| | 1290 Avenue of the Americas |
| | New York, New York 10104 |
| | nkallas@venable.com |
| | cschwarz@venable.com |
| | cloh@venable.com |
| | slflanders@venable.com |
| | jlstringham@venable.com |
| | skclark@venable.com |
| | lfishwick@venable.com |
| | gjmanas@venable.com |

                                                */s/ Richard C. Weinblatt*
                                                Richard C. Weinblatt (#5080)