# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re Entresto (Sacubitril/Valsartan) Patent Litigation | C.A. No. 20-2930-RGA<br>**REDACTED PUBLIC VERSION** |
| NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>  Plaintiff,<br><br>  v.<br><br>HETERO USA INC., HETERO LABS LIMITED, HETERO LABS LIMITED UNIT III,<br><br>  Defendants. | C.A. No. 21-1760-RGA<br>**REDACTED PUBLIC VERSION** |
| NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>  Plaintiff,<br><br>  v.<br><br>MYLAN PHARMACEUTICALS INC.,<br><br>  Defendant. | C.A. No. 22-451-RGA<br>**REDACTED PUBLIC VERSION** |
| NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>  Plaintiff,<br><br>  v.<br><br>TORRENT PHARMA INC., TORRENT PHARMACEUTICALS LTD.,<br><br>  Defendants. | C.A. No. 21-1794-RGA<br>**REDACTED PUBLIC VERSION** |

**<u>DEFENDANTS' LETTER TO THE HONORABLE RICHARD G. ANDREWS OPPOSING NOVARTIS'S MOTION TO STRIKE INVALIDITY THEORIES</u>**

Page 1<br>September 20, 2023

Dear Judge Andrews:

    Novartis's motion should be rejected (1) as untimely; (2) because the public-use theory in Dr. Fintel's report is not new and was disclosed in Defendants' invalidity contentions; and (3) because exclusion is an extraordinary remedy, unsupported by the *Pennypack* factors, and there is good cause to allow Dr. Fintel's reliance on the VA Consent form and the Trial Patients.

## I.    NOVARTIS WAIVED ITS OBJECTION TO DR. FINTEL'S EXPERT REPORT

    The Scheduling Order requires objections to expert reports to be raised within one week of the submission of the expert report. (20-md-2930, D.I. 749 ¶ 11.a.) Novartis admits it failed to do so but blames Defendants for not informing it of the waiver soon enough. However, the timing of Defendants' notification does not negate Novartis's waiver because Novartis, an experienced litigator, agreed to the one-week provision. Neither does Novartis's proffer that it needed almost three weeks to "review[] and deconstruct[]" Dr. Fintel's report. (20-md-2930, D.I. 1165 at 1 n.1.[1]) This excuse strains credulity because the challenged theories are in the headings of the report. (Ex. A.)[2] Moreover, 11 days after service of the report (Ex. 1), Novartis provided a redacted version with redactions focused on the prior public-use theory (*compare id. with* Ex. A).

## II.    DEFENDANTS DISCLOSED THE INVALIDITY THEORIES AT ISSUE

    Defendants diligently pursued their prior-use invalidity theory since the beginning of the case. Prior to Dr. Fintel's report, Defendants (1) disclosed this theory based on the NCT'089 (TITRATION) trial in their initial and final invalidity contentions, (2) served related interrogatories and received—right on the eve of the final contentions—Novartis' supplemental responses identifying key documents and issues, and (3) pursued relevant deposition testimony.

    ***Contentions.*** Defendants disclosed their TITRATION prior-use theory in their initial (*e.g.*, Ex. 2 at 63-64) and supplemental (final) invalidity contentions (Ex. C at 65). Novartis admits Defendants' final invalidity contentions disclosed "(generally)" the prior-use theory. (D.I. 1165 at 2.) Given that evidence of the public use was in Novartis's possession, fact discovery had not yet closed at the time of final invalidity contentions, and Defendants' contentions explicitly stated "Defendants expect to uncover additional information relating to this public use, which purportedly was conducted by or on behalf of Novartis, during discovery" (Ex. C at 65), Dr. Fintel's fleshing out of Defendants' existing theory was proper. *See, e.g.*, *Acceleration Bay LLC v. Activision Blizzard, Inc.*, No. 16-543, 2017 U.S. Dist. LEXIS 228867, at *6-7 (D. Del. Nov. 7, 2017) ("Plaintiff's experts are providing additional support and additional source code citations, but they are in support of broad theories disclosed in its infringement contentions. It doesn't appear that Plaintiff's reports contain entirely new theories regarding the participants in the networks, why the networks are m-regular or why the networks are incomplete. Thus it is difficult for Activision to sustain its burden with regard to Plaintiff's expert reports presenting new theories.") In addition,

---

[1] Novartis's lettered exhibits were submitted with Novartis's letter as D.I. 1165-1. Defendants' numbered exhibits are submitted herewith.

[2] Defendants dispute Novartis's counting of invalidity theories (D.I. 1165 at 1 n.1), but that is irrelevant given the prominence in Dr. Fintel's report of the prior-use theory at issue.

Novartis did not seek discovery on Defendants' prior-use theory, e.g., interrogatories or a request for more detailed contentions. *See id.* at *21 (Plaintiff "never brought a motion to compel additional responses to Defendants' invalidity interrogatory responses.").

***Otherwise disclosed.*** Even if the Court were to agree with Novartis that Defendants did not sufficiently disclose their prior-use theory in their contentions, Defendants did so through other discovery, including interrogatories (to which Novartis responded belatedly, on the eve of final contentions), and deposition testimony sought from Novartis's 30(b)(6) witnesses (occurring after the contentions deadline), mooting any requirement to supplement their contentions. *See Accenture Global Servs. v. Guidewire Software Inc.*, 691 F. Supp. 2d 577, 588 (D. Del. 2010) ("Rule 26(e)(1) excludes parties from supplementing requests with information that has already been communicated to an adversary during the course of discovery. There is sufficient evidence of record that defendant identified the majority of the documents it now relies upon during the discovery process. For example, … nearly all of the documents … were identified during depositions of plaintiffs' witnesses."); *Gavrieli Brands LLC v. Soto Massini USA Corp.*, No. 18-462, 2019 U.S. Dist. Lexis 233182, at *5 (D. Del. Apr. 18, 2019) ("The Camper Shoe does not appear in Defendants' invalidity contentions … Mr. Pichler brought a physical sample … to his deposition and Plaintiff had the opportunity to ask questions about that shoe and … its … public availability. … [T]he Court finds that the [shoe] was timely disclosed and Plaintiff would not be prejudiced if Defendants are permitted to rely on it as part of their invalidity defense at trial.").

Defendants served interrogatories on November 11, 2022, relating to their prior-use defense (Ex. 3 at Nos. 2, 5, 8.) On May 16, 2023—three days before the deadline for final contentions—Novartis supplemented its responses to cite a version of the TITRATION protocol and an abbreviated version of the TITRATION Full Clinical Study Report later cited by Dr. Fintel, and data from the TITRATION study similar to that later cited by Dr. Fintel. (Ex. 4 at Nos. 2, 5 (referring to No. 1).)[3] Novartis also provided the bases for its contention that the TITRATION study was not a public use (*id.* at 144)—which Defendants explored in depositions after the contentions deadline. Thus, Novartis was aware Defendants sought the types of documents relied upon by Dr. Fintel and of the factual issues relevant to Defendants' prior-use theory.

Beginning May 5, 2023, Defendants pursued 30(b)(6) topics relating to TITRATION, prior use, and the VA Consent Form (*e.g.*, Exs. 8-10, D, K), their purpose clear (*contra* D.I. 1165 at 2), e.g., "Defendants contend that Novartis ***disclosed and publicly used*** the claimed invention before the priority date, including through the ***TITRATION trial***" (Ex. D at 4; *accord* Ex. 10 at 1-2 ("consent forms" "otherwise in public use or publicly available")), and "***agreements with*** institutions, clinical trial investigators, and ***patients*** relating to clinical trials (e.g., ***TITRATION***) are ***relevant to whether and when Novartis publicly used the claimed invention***" (*id.* at 5 (***citing VA Consent Form***, NPC-VS-667-000018955-63)) (emphasis added). Novartis continued to refuse to designate a witness on the agreements until June 15th, nearly a month after the deadline for final contentions. (Ex. 9.) Defendants then questioned Dr. Rizkala (June 16, 2023) for 21 pages relating to VA TITRATION data (Ex. 5 at 282-90, 294-305), including █████████████ (*id.* at

---

[3] Novartis notes it produced relevant documents in January 2023. (D.I. 1165 at 1.) However, Novartis took until May 16, 2023, to amend its interrogatory responses to cite these documents, despite having relied on Rule 33(d) since its initial responses in December 2022.

297:17-305:11), and Ms. Twisk (June 30, 2023) for 28 pages relating to "open label" patients (Ex. 6 at 226-32, 240, 242-61), including patient ███████████ (*id.* at 240:4-246:7). Defendants marked as exhibits the VA Consent Form (Rizkala Ex. 8, Twisk Ex. 7) and TITRATION data (Rizkala Exs. 20-21, Twisk Ex. 20). Thus, Novartis was on notice of the bases for Defendants' prior-use theory, e.g., specific patients, and Defendants' interest in the VA Consent Form, e.g., its disclosure.

### III.     EVEN IF NOT DISCLOSED, THE THEORIES SHOULD NOT BE EXCLUDED

**No prejudice or disruption, and Novartis already "cured."** Novartis has control of the documents and witnesses, cited relevant documents in its interrogatory responses, and could have questioned Dr. Rizkala and Ms. Twisk on documents at issue. *See Gavrieli*, 2019 U.S. Dist. Lexis 233182, at *5. Novartis presumably performed an investigation regarding the confidentiality of TITRATION before its supplemental interrogatory response (Ex. 4 at 144). On September 8, Novartis served an expert report of Dr. Katz (Ex. 7) responding to Dr. Fintel and relying on a new declaration from Ms. Twisk (*id.* at Attach. B). Novartis cannot claim prejudice due to an inability to investigate when it could elicit new factual testimony after fact discovery closed.[4] Trial, scheduled for February 2024, will not be disrupted by allowing Defendants' invalidity theories.

**Defendants have not acted in bad faith or willfully delayed.** As explained, Defendants disclosed their prior-use theory early and pursued it throughout the case, and used the VA Consent Form at depositions. Novartis, meanwhile, did not supplement its interrogatories to identify relevant documents until the eve of final invalidity contentions, and amended its initial disclosures weeks after (June 12, 2023) to disclose a key witness, Ms. Twisk. While Defendants accepted deposition dates after the close of fact discovery, Novartis rejected Defendants' request for an extension of the contentions deadline until after the close of fact discovery.[5]

**The evidence at issue is important to defendants' invalidity case.** Defendants assert two categories of invalidity: prior-art printed publications and prior public use. Novartis seeks to strike all of Defendants' prior-use theory (except as relying on prior-art publications) and Defendants' assertion of the VA Consent Form as a printed publication. These theories represent a significant portion of Dr. Fintel's report (*see* Ex. A at i-v) (and Dr. Katz's response (*see* Ex. 7 at i-v)) and are critically important to Defendants' case. *ViaTech Techs. v. Microsoft Corp.*, No. 17-570, 2021 U.S. Dist. LEXIS 30729, at *2-3 (D. Del. Feb. 19, 2021) (exclusion of "critical evidence" is an "extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence").

Given defendants' diligent pursuit of the theories at issue and Novartis's discovery delays, good cause exists to allow Dr. Fintel's reliance on the VA Consent form and the Trial Patients.

---

[4] Defendants informed Novartis within one week of service of Dr. Katz's report that the new Twisk declaration violates the Scheduling Order. The parties have yet to meet-and-confer.

[5] Although the proposed extension referenced in D.I. 1165 at 3 n.3 was in the context of the '918 patent, the cases are on the same schedule. Defendants requested an extension for fact depositions, including Dr. Motto and Mr. Waibel, who were each deposed in one sitting for both cases. (Ex. H.)

Page 4<br>
September 20, 2023

Respectfully submitted,

*/s/ Daniel A. Taylor*

Daniel A. Taylor (No. 6934)

**SMITH, KATZENSTEIN & JENKINS, LLP**
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
dtaylor@skjlaw.com

*Counsel for Defendants Torrent Pharma Inc.,*
*Torrent Pharmaceuticals Ltd., Hetero USA,*
*Inc., Hetero Labs Limited, and Hetero Labs*
*Limited Unit III*

Cc: Counsel of Record for Novartis Pharmaceuticals Corporation (via E-Mail)