THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re Entresto (sacubitril/valsartan) Patent Litigation | C.A. No. 20-md-2930-RGA |
| NOVARTIS PHARMACEUTICALS CORPORATION, | |
| Plaintiff, | C.A. No. 22-cv-1395-RGA |
| v. | |
| ALEMBIC PHARMACEUTICALS LIMITED, et al. | |
| Defendants. | |
| NOVARTIS PHARMACEUTICALS CORPORATION, | |
| Plaintiff, | C.A. No. 23-401-RGA |
| v. | |
| NANJING NORATECH PHARMACEUTICAL CO., LIMITED, | |
| Defendant. | |

**LETTER TO JUDGE ANDREWS FROM DOMINICK T. GATTUSO**

OF COUNSEL:

HUSCH BLACKWELL LLP
Don J. Mizerk
Matthew M. Kamps
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606

Thomas P. Heneghan
33 East Main Street
Suite 300
Madison, WI 53703

HEYMAN ENERIO
GATTUSO & HIRZEL LLP
Dominick T. Gattuso (#3630)
300 Delaware Ave., Suite 200
Wilmington, DE 19801

*Attorneys for Defendant*
*Nanjing Noratech Pharmaceutical Co., Ltd.*

Dear Judge Andrews:

1.  **Noratech's Requests for Production ("RFP") Nos. 1-16 /Interrogatory No. 2 ("'918 ROG 2") (C.A. No. 22-1395-RGA)**

The parties have a narrow dispute regarding whether Novartis can be required to produce a log identifying the documents being withheld based on the attorney-client privilege or work product protection that would otherwise be responsive to RFPs 1-16 relating to any testing of Noratech's ANDA Products.[1] The parties' dispute centers on Novartis's repeated response that "Novartis will also search for and produce, *by the dates set forth in the scheduling order for this case*, testing on Noratech's ANDA Products, excipients, and/or drug substance on which Novartis will rely to show infringement of the '918 patent in C.A. No. 22-1395-RGA." Ex. A (Novartis Objs. to RFPs 1-17) at, *e.g.*, 5. In other words, Novartis refuses to produce any information on its basis for asserting infringement of any claim of the '918 patent until May 10, 2024, the date of initial expert disclosures. D.I. 1098, ¶10(a). Novartis raises the same objection with respect to providing any response to '918 ROG 2. Ex. B (Novartis Objections and Responses to ROGs) at 5.

Noratech's position has been that if Novartis contends that these materials are privileged or protected, it should have to log them with the requisite detail so that Noratech has as much information as possible to probe and contest the withholding. Noratech can then present this issue in a fulsome way to the Court for resolution.

Novartis has taken the position that it should not have to provide a log and it will produce only the materials it will rely on with its May 10, 2024 expert disclosures. Noratech should not have to wait until May 10, 2024, 4 weeks after the close of fact discovery, to receive any substantive factual support for Novartis's infringement contentions, which it relies on as the sole basis for its infringement claims. *See e.g.*, Ex. C ('918 Patent Infringement Contentions), at 3 ▌▌▌▌▌▌▌▌▌▌ (repeated six times)); D.I. 37, p. 7 ▌▌▌▌▌▌▌ Novartis has also referred to this testing in correspondence with Noratech.

Other than these references to ▌▌▌▌▌▌ Novartis has provided no support for its infringement contentions or otherwise enabled Noratech to investigate the merits of Novartis's allegations through fact discovery. Because Noratech's responsive expert report is due on June 15, 2024, Novartis is essentially requiring Noratech to prepare its entire noninfringement case without fact discovery in just 36 days. Moreover, cases holding that disclosure of work product materials constitutes a waiver are legion. Novartis has voluntarily disclosed its attorney work product that ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

---

[1] Noratech's understanding is Novartis ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ If Novartis does not timely follow through with these commitments, Noratech reserves its right to raise this failure with the Court.

1

███████████████████████████████████████████████████████. *See, e.g., Huber Engineered Woods LLC v. Louisiana-Pacific Corp.*, C.A. No. 19-342-GBW-SRP, D.I. 485 at ¶ 12 (D. Del. Sep. 30, 2022) ("'a party can waive the right to protect privileged communications from discovery by taking an affirmative position that places the privileged communications 'at issue.'…The 'at-issue' exception applies when the party holding the privilege: (1) injects the communications themselves into the litigation, or (2) injects an issue into the litigation which requires an examination of the confidential communications." (quotations and citation omitted)); *Doe No. 1 v. U.S.*, 749 F.3d 999, 1008 (11th Cir. 2014) ("Disclosure of work-product materials to an adversary waives the work-product privilege."); *see also Johns Hopkins Univ. v. Alcon Labs., Inc.*, C.A. No. 15-525-SLR/SRF (D. Del. July 14, 2017). Thus, Novartis's work product and privilege objections to providing information related to testing of Noratech's ANDA Products should be overruled.

## 2.    Noratech RFP Nos. 6, 7, and 9-12

These RFPs seek all documents and communications concerning the limit of detection and limit of quantification for sacubitril/valsartan, sacubitril, and valsartan. *See* Ex. D (Noratech's First Set of RFPs) at RFP Nos. 6, 7, and 9-12. Despite the targeted nature of these requests, including a detailed definition for "sacubitril/valsartan" (*id.* at ¶ 25), Novartis alleges the terms "limit of detection" and "limit of quantification" are "vague and ambiguous," and thus refuses to produce documents concerning the same. *See, e.g.*, Ex. A at 9. The parties met-and-conferred to discuss the same on October 6, 2023. *See* Ex. E (Kamps October 6, 2023 Ltr.) at 2.

The RFPs are clear and not objectionable because the terms "limit of detection" and "limit of quantification" are well understood in the scientific field and the RFPs are limited in scope. *Id*. Peer-reviewed literature confirms the same. *See, e.g.*, Ex. F (Armbruster D.A., Pry T., Clin Biochem Rev. 2008) at 1 ("Limit of Detection (LoD), and Limit of Quantitation [or quantification] (LoQ) are terms used to describe the smallest concentration of a measurand that can be reliably measured by an analytical procedure…a standard method for determining [them has been published by] Clinical and Laboratory Standards Institute…"). Because RFPs 6, 7, and 9-12 are not vague or ambiguous, Noratech respectfully requests the Court compel Novartis to search for and produce documents and communications responsive thereto.

## 3.    Noratech Interrogatory ("'667 ROG") Nos. 1 and 2 (C.A. No. 23-401-RGA)

'667 ROG 1 requests Novartis "[i]dentify separately for each year from 2019 to the present, the number of patients initiating treatment with Entresto using the [Asserted Claims] and identify documents sufficient to verify the numbers provided." *See* Ex. G (Novartis Objections and Responses to ROGs) at 2-3. Novartis stated that the response could be obtained from documents (relying on FRCP 33(d)),but did not identify any. *Id*. at 3. Counsel for both parties corresponded repeatedly regarding '667 ROG 1 (*see e.g.*, Ex. H (Mizerk letter dated September 26, 2023)), and met-and-conferred regarding the same on October 13, 2023. Novartis alleges it continues to search for documents from which a response could be obtained, if any, but denies it is under any obligation to substantively answer the interrogatory within 30 days of service as required and refuses to state when it will respond to '667 ROG 1, if ever. *See* Ex. I (Mizerk Ltr. dated October 13, 2023) at 1-2. Noratech's position is that Novartis must respond to ROG 1. *See* FRCP 33(b)(1) ("interrogatories must be answered"). Obviously, if there are no documents from which the answer

can be obtained, then FRCP 33(d) is not available. *See* FRCP 33(d); *see also* FRCP 33(b)(3) (requiring that interrogatories must be "answered separately and fully in writing."). Thus, Noratech respectfully requests the Court compel Novartis to either 1) identify the documents (if any) from which a response could be obtained pursuant to FRCP 33(d); or (2) answer ROG 1 fully in writing.

'667 ROG 2 requests "whether Plaintiff contends that any patient identified in response to ['667 ROG 1] who currently takes Entresto…tablets and switches to any of Noratech's proposed…tablets would directly infringe…the '667 patent…." *See* Ex. G at 3. Noratech requested Novartis supplement or clarify its response because Novartis did not provide the information called for in ROG 2, namely whether a patient who currently takes Entresto and switches to any of Noratech's proposed tablets would directly infringe the '667 Patent. *Id.* at 3. Ex. H. Counsel met-and-conferred regarding ROG 2 on October 13, 2023, where Novartis confirmed it would not supplement or clarify its response. *See* Ex. I at 2.

The applicable discovery rules require a non-evasive answer to '667 ROG 2, namely an admission (or denial) that a patient switching from Entresto to Noratech's ANDA product will not infringe any claim of the '667 patent under Section 271(a), and Novartis should be required to provide it. *See, e.g.*, FRCP 37(a)(4)(a) ("[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.").

### 4. Noratech Interrogatories ("'918 ROG") 1 and 3 (C.A. No. 22-1395-RGA)

'918 ROG 1 requests that Novartis "describe in detail all the facts and circumstances concerning the first synthesis, manufacture, development, or creation of [the amorphous solid form claimed in the '918 Patent]" *See* Ex. B at 3. Novartis stated that the response could be obtained pursuant to FRCP 33(d) from documents "including but not limited to" the couple it chose to identify by bates number. *Id.* at 3-4. Noratech wrote Novartis and requested it remove the "including but not limited to" language or otherwise supplement its answer to comply with FRCP 33(d) (*see e.g.*, Ex. J (Mizerk letter dated October 6, 2023) at 1 and 3). Novartis improperly refuses to remove the evasive qualifying language or otherwise supplement its answer. *See* Ex. H at 2-3. Thus, Noratech respectfully requests the Court compel Novartis to provide an adequate response to '918 ROG 1 to comply with FRCP 33(d), as it is unclear from Novartis's qualified answer whether it has identified all documents sufficient to respond to '918 ROG 1.

'918 ROG 3 requests that Novartis "[i]dentify each and every test that Plaintiff has used (excluding any effort to prove infringement of the '918 patent in pending litigation) to identify the presence of [the amorphous solid form claimed in the '918 Patent]" *See* Ex. B at 6. Instead of answering ROG 3, Novartis copied the same response it had to ROG 1. *Id.* at 6-7. Noratech wrote Novartis and requested it answer the call of '918 ROG 3 and noted Novartis's response was deficient *See e.g.*, Ex. J; *see also* Ex. I at 3. Aside from Novartis's response being inadequate for the same reasons as its response to ROG 1, '918 ROG 3 requests different information and a non-evasive answer thereto. *See, e.g.*, FRCP 37(a)(4)(a) ("an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."). Noratech respectfully requests the Court compel Novartis to either 1) confirm the only responsive information to ROG 3 is the information Novartis identified in its response to '918 ROG 1; or 2) provide an answer that adequately addresses the information sought by '918 ROG 3.

3

|  |  |
|---|---|
|  | HEYMAN ENERIO<br>GATTUSO & HIRZEL LLP<br><br>*/s/ Dominick T. Gattuso* |
| OF COUNSEL: | Dominick T. Gattuso (#3630) |
|  | 300 Delaware Ave., Suite 200 |
| HUSCH BLACKWELL LLP | Wilmington, DE 19801 |
| Don J. Mizerk | (302) 472-7300 |
| Matthew M. Kamps | dgattuso@hegh.law |
| 120 South Riverside Plaza, Suite 2200 |  |
| Chicago, IL 60606 | *Attorneys for Defendant* |
| (312) 655-1500 | *Nanjing Noratech Pharmaceutical Co., Ltd.* |
| don.mizerk@huschblackwell.com |  |
| matt.kamps@huschblackwell.com |  |

Thomas P. Heneghan
33 East Main Street
Suite 300
Madison, WI 53703
(606)234-6032
tom.heneghan@huschblackwell.com


Dated: November 17, 2023

4