**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re Entresto (sacubitril/valsartan) Patent Litigation | C.A. No. 20-md-2930-RGA ███████████ |
| NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>             Plaintiff,<br><br>      v.<br><br>ALEMBIC PHARMACEUTICALS LIMITED, ET AL.,<br><br>             Defendants. | C.A. No. 22-1395-RGA ███████████ |
| NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>             Plaintiff,<br><br>      v.<br><br>NANJING NORATECH PHARMACEUTICAL CO., LIMITED,<br><br>             Defendant. | C.A. No. 23-401-RGA ███████████ |

**LETTER TO THE HONORABLE RICHARD G. ANDREWS FROM DANIEL M. SILVER, ESQ. IN REGARDING PLAINTIFF'S RESPONSE TO NORATECH'S <u>NOVEMBER 17, 2023 LETTER CONCERNING DISCOVERY DISPUTE</u>**

Dear Judge Andrews,

We write on behalf of plaintiff Novartis in response to defendant Noratech's November 17, 2023 letter concerning Noratech's discovery requests.  The relief Noratech seeks should be denied.

1. **Noratech's requests for production ("RFPs") 1–16 and interrogatory 2 in the 22-1395 suit for U.S. Patent No. 11,096,918 ("the '918 patent")**

Noratech demands that Novartis immediately produce, or produce a privilege log for, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Novartis, in the spirit of compromise and without waiver of any objection or privilege, has offered to produce to Noratech ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  If Novartis's offer does not moot this dispute by the November 30, 2023 Court hearing for Noratech's letter, Novartis asserts that Noratech's demand should be denied for at least the following reasons.

*First,* the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ for which Noratech seeks information is immune from discovery under the terms of the protective order to which Noratech agreed.  *See* 22-1395, D.I. 85, ¶ 4 (scheduling order adopting 20-md-2930 protective order for purposes of the 22-1395 suit); 20-md-2930, D.I. 80, ¶ 50 (20-md-2930 protective order providing that "at least the following categories of data, information, or documents need not be disclosed by any Party or Person, and are outside the scope of permissible Discovery Materials under this Protective Order and Fed. R. Civ. P. 26(a)(2) and (b)(4): Draft reports or disclosures, expert notes, written or oral communications and notes of communications between any expert and counsel for a party, including any attachments.").

*Second,* in addition to the immunity provided by the protective order to which Noratech agreed, the communications regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ for which Noratech seeks information are immune from discovery under Fed. R. Civ. P. 26(b)(4)(B) (protecting expert draft reports and disclosures) and (C) (protecting expert-attorney communications).

*Third,* Novartis has not waived the immunity of the protective order and Rules 26(b)(4)(B) and (C) over documents and communications concerning ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  None of Noratech's cases hold otherwise, or is relevant to this issue.  In *Doe No. 1 v. U.S.*, 749 F.3d 999, 1008 (11th Cir. 2014), the Eleventh Circuit held that Jeffrey Epstein's defense counsel had waived privilege over certain correspondence by sending that same correspondence to its adversary, the United States, during plea negotiations.  In *Huber Engineered Woods LLC v. Louisiana-Pacific Corp.*, 19-342, D.I. 485 (D. Del. Sept. 30, 2022), the court ***denied*** defendant's motion to compel production of privileged patent prosecution documents, rejecting defendant's assertion that plaintiff had waived privilege in responding to defendant's inequitable conduct allegations.  And in *Johns Hopkins Univ. v. Alcon Labs Inc.*, 15-525, D.I. 184 (D. Del. Jul. 14, 2017), the court ordered defendant to produce certain documents related to its advice-of-counsel defense to plaintiff's willful infringement allegations.

*Fourth,* Noratech in July 2023 agreed to a schedule in the 22-1395 suit under which Novartis would disclose its infringement expert testing on May 10, 2024 and Noratech would respond to that testing on June 14, 2024.  22-1395 D.I. 85, ¶ 10.a.  Noratech cannot credibly explain how it

is prejudiced by the expert discovery schedule to which it agreed four months ago. None of the other 22-1395 defendants have alleged such prejudice. And insofar as Noratech prematurely seeks expert discovery through its November 17, 2023 letter, Judge Stark twice rejected similar attempts by Noratech and Teva in the 20-md-2930 litigation related to the 22-1395 suit. *See* 20-md-2930, D.I. 330, 365 (orders denying Noratech's and Teva's previous motions to compel infringement expert discovery and testing ahead of schedule).

***Fifth,*** Novartis is unaware of any Hatch-Waxman suit in which plaintiffs or defendants have even sought—let alone a court has compelled—a privilege log for documents and communications concerning ▮▮▮▮▮▮▮▮▮▮▮▮. Noratech has not cited any instance where this has occurred.

***Sixth,*** the Court has held that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is not relevant to the sufficiency of Novartis's 22-1395 complaint against Noratech. 22-1395, D.I. 11 at 10 n. 1 (September 29, 2023 order denying Noratech's motion to dismiss). Noratech does not explain how ▮▮▮▮▮▮▮▮▮▮▮▮▮ otherwise is relevant. As Novartis repeatedly has assured Noratech, Novartis will produce to Noratech the expert testing on which it will rely to demonstrate infringement by the agreed-upon Court-ordered deadline of May 10, 2024.

### 2. Noratech's RFPs 6, 7, and 9–12 in the 22-1395 suit

As Noratech acknowledges, these RFPs seek "all" documents and communications concerning the limits of detection and limit of quantification for sacubitril/valsartan, sacubitril, and valsartan. Novartis properly objected to those RFPs as vague and ambiguous because the terms "limit of detection" and "limit of quantification," absent context, are ambiguous and because their meaning varies depending upon multiple factors including the analytical technique(s) used, the laboratory performing those technique(s), the protocols for those technique(s), and the nature of the material being tested. Noratech's own reference supports these facts. 22-1395 D.I. 120-1, Exh. F at 1 ("Lower Limit of Detection, LoB, LoD, and LoQ are terms used to describe the smallest concentration of a measure and that can be reliably measured by an analytical procedure. There has often been a lack of agreement within the clinical laboratory field as to the terminology best suited to describe this parameter. Likewise, there have been various methods for estimating it…. Nevertheless, it is important to fully characterize the analytical performance of every clinical laboratory test in order to understand its capability and limitations, and to ensure that it is 'fit for purpose.' Moreover, defining the limits of an assay at low concentration is directly related to its dynamic range, or analytical measurement range."). Accordingly, Novartis asked Noratech to provide further clarification, but Noratech refused. Novartis thus will not withdraw its vague and ambiguous objections to RFPs 6, 7, and 9–12.

Noratech neglects to mention that Novartis also objected to RFPs 6, 7, and 9–12 on grounds in addition to vagueness and ambiguity, but that, subject to those objections, Novartis agreed to produce in response to RFPs 6, 7, and 9–12 the expert testing on which it will rely to demonstrate infringement. 22-1395 D.I. 120-1, Exh. A at 9–15. Insofar as Noratech, through RFPs 6, 7, and 9–12, seeks information beyond that expert testing, Noratech has failed to explain how such information is relevant.

### 3. Noratech's interrogatories 1 and 2 in the 23-401 suit for U.S. Patent No. 11,058,667 ("the '667 patent")

Noratech's August 8, 2023 interrogatory 1 in the 23-401 suit asks that Novartis "[i]dentify separately for each year from 2019 to the present, the number of patients initiating treatment with Entresto using the method claimed by claims 1 and 7, respectively, of the '667 patent, and identify documents sufficient to verify the numbers provided." Novartis in its timely September 7, 2023 response to interrogatory 1 stated that, subject to Novartis's objections, "Novartis will search for and produce documents pursuant to Fed. R. Civ. P. 33(d) from which the requested information, if it exists, can be ascertained by Defendant as easily as it can be ascertained by Novartis. Novartis reserves the right to supplement this response as discovery proceeds and additional facts are ascertained." During the parties' meet-and-confer over this interrogatory, Novartis assured Noratech that it was searching for the requested information and would produce it if found.

Noratech has failed to explain how Novartis's response is improper or how it prejudices Noratech. Noratech moreover agreed to an April 5, 2024 close of fact discovery in the 23-401 suit. 23-401, D.I. 19, ¶ 4.a. Noratech does not explain why Novartis must immediately produce information sought by interrogatory 1, five months ahead of that agreed-upon date.

Noratech's August 8, 2023 interrogatory 2 in the 23-401 suit asks that Novartis state whether it contends that any patient identified in response to interrogatory 1 "who currently takes Entresto … and switches to any of Noratech's proposed [ANDA products] would directly infringe any asserted claim of the '667 patent." In its timely September 7, 2023 response to interrogatory 2, Novartis responded that a patient who currently takes Entresto and switches to any of Noratech's proposed ANDA products would not directly infringe the '667 patent.

### 4. Noratech's interrogatories 1 and 3 in the 22-1395 suit

Noratech's August 8, 2023 interrogatories 1 and 3 in the 22-1395 suit seek information concerning the first synthesis of the invention of the '918 patent and testing to identify it. Novartis's timely September 7, 2023 responses to interrogatories 1 and 3 properly identified under Fed. R. Civ. P. 33(d), by Bates numbers, a small number of documents that Novartis produced to Noratech and the specific pages within those documents from which the information sought could be ascertained. 22-1395 D.I. 120-1, Exh. B at 4, 7.

Noratech fails to explain how Novartis's response is improper or how it prejudices Noratech. Noratech moreover does not identify any authority to suggest that Novartis's use of the language "including but not limited to" is prohibited by Rule 33(d), or that the use of that language in a Rule 33(d) response that identifies by Bates numbers specific produced documents, and specific pages in those documents, is "evasive" under Fed. R. Civ. P. 37. Novartis is unaware of any such authority. Nevertheless, Novartis, in the spirit of compromise, agrees to remove the language "including but not limited to" in its response to interrogatory 1 because Novartis has identified all the documents it is currently aware of. Novartis also agrees to supplement its response to interrogatory 3 to the extent that Novartis's recent October 27, 2023 production contains additional documents responsive to interrogatory 3.

Respectfully submitted,

/s/ Daniel M. Silver

Daniel M. Silver (#4758)

cc: All counsel of record (via CM/ECF and E-Mail)

4

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that true and correct copies of the foregoing document were caused to be served on November 21, 2023 on the following counsel in the manner indicated below.

### VIA EMAIL:

Dominick T. Gattuso
Denise S. Kraft
HEYMAN ENERIO GATTUSO & HIRZEL LLP
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7311
dgattuso@hegh.law
dkraft@hegh.law

Don J. Mizerk
Matthew M. Kamps
Thomas Heneghan
Anne Arundel
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
(312) 655-1500
Don.Mizerk@huschblackwell.com
Matt.Kamps@huschblackwell.com
Tom.Heneghan@huschblackwell.com
Anne.Arundel@huschblackwell.com

*Attorneys for Defendant Nanjing Noratech Pharmaceutical Co. Limited*

Dated: November 21, 2023                    */s/ Daniel M. Silver*
                                            Daniel M. Silver (#4758)

ME1 46798380v.1