

December 18, 2023

*Via CM/ECF*
The Honorable Richard G. Andrews
J. Caleb Boggs Federal Building
844 N. King Street, Unit 9, Room 6325
Wilmington, DE 19801-3555

Re:   *In re: Entresto*, MDL No. 20-2930-RGA; *Novartis Pharmaceuticals Corporation v. Alkem Laboratories Ltd. et al.*, C.A. No. 21-1330-RGA; *Novartis Pharmaceuticals Corporation v. Hetero USA Inc., et al.*, C.A. No. 21-1760-RGA; *Novartis Pharmaceuticals Corporation v. Torrent Pharma Inc. et al.*, C.A. No. 21-1794-RGA; *Novartis Pharmaceuticals Corporation v. Mylan Pharmaceuticals Inc., et al.*, C.A. No. 22-451-RGA

Dear Judge Andrews,

Following up on our correspondence with Chambers last week, the parties respectfully seek guidance from the Court as to how many days the Court has available for trial in these actions, and how the Court would prefer to structure the trial. As background, there are two patents at issue, U.S. Patent No. 11,058,667 ("the '667 patent") and U.S. Patent No. 11,096,918 ("the '918 patent"). The '667 patent is asserted against all Defendants Hetero, Torrent and Mylan.[1] The '918 patent is only asserted against Hetero and Torrent in C.A. No. 21-1330-RGA, and is not asserted against Mylan.[2]

**Novartis's Position**

Novartis believes that the most efficient approach would be to try both the '918 patent issues and the '667 patent issues in a single, 5-day (35 hour) trial during the week of February 12, 2024, with the parties committing to narrow the issues for trial by mid-January such

---

[1] Mylan has represented that it intends to try the '667 patent in this Court and will not seek to transfer C.A. No. 22-451-RGA back to the Northern District of West Virginia for trial.

[2] The '918 patent is asserted against Mylan and other third parties in C.A. No. 22-1395-RGA, which is a later-filed action that is currently in the middle of fact discovery and not scheduled for trial until December 2024.

that trial can be completed in 5 days.³  Novartis's expert Dr. Matzger and Defendants' expert Dr. Steed will be testifying on overlapping infringement issues concerning Hetero's accused products relating to both the '918 patent and '667 patent.  In particular, both Dr. Matzger and Dr. Steed in their expert reports for the '667 patent cases incorporate by reference and rely on their analysis of Hetero's accused products set forth in their reports for the '918 patent case.  In addition, all Defendants have jointly submitted non-infringement reports for the '667 patent; thus, infringement of the '667 patent for all three Defendants will be tried jointly (for the '918 patent, only Hetero disputes infringement).

While Novartis believes that a single trial is most efficient, if the Court is inclined to separate the trials, trying the '918 patent first would result in the most logical presentation of evidence and reduce duplicative testimony.  That is because as indicated above, Dr. Matzger's and Dr. Steed's testimony on the '918 patent will elucidate certain characteristics of the Hetero's accused products, which in turn are at issue in the infringement portion of the '667 patent cases.

Novartis further notes that one of its infringement experts on the '667 patent (Dr. Klibanov) is not available before February 15th and therefore if the Court accepts Defendants' proposal to try the '667 patent separately, and first, Novartis respectfully requests that the trial dates include at least February 15th. Dr. Klibanov may need to testify out of order under this scenario or if both patents are tried together starting February 12th.

**Defendants' Position**

Defendants disagree with Novartis' proposal.  Even with anticipated efforts to narrow the cases, Defendants do not believe that the '667 and '918 patents can non-prejudicially be tried in 35 hours.  This is because trial length is driven by the number of experts and the length of their testimony.  Here, the sheer number of experts involved on both sides (10 total) and numerous expert reports (at least 25 as of now) including sur- and sur-sur-reply reports, is certain to translate into lengthy, but unfortunately necessary, trial testimony and cross-examinations that necessitate more than 35 hours.

Yet another aspect is that the '918 patent is not asserted against all Defendants.  As the Court likely recalls, the '659 patent and the '938 and '134 patent trials, held in September and October of 2022, were separated under similar circumstances.  Thus, Defendants propose that a 4-day '667 patent trial be scheduled for Monday-Thursday, February 12-15, and that the '918 patent trial be scheduled at a separate time convenient for the parties and court (to be determined based on Court, counsel and witness' availability).  Trying the '667 patent first, which affects all parties, is more logical and efficient.

With respect to Novartis' assertion about "certain characteristics of Hetero's accused products" – Novartis has submitted expert reports on infringement of the '667 patent by Hetero (Drs. Klibanov, Spinale, and Matzger) in which it already opined on all pertinent characteristics of Hetero's accused products it thought would be necessary to make its case for infringement.

---

³ With respect to the '667 patent, there are currently 19 asserted claims and over 30 prior art combinations asserted against those claims.

Page 3

Novartis further acknowledges that Dr. Klibanov can testify on February 15. Thus, his schedule does not pose an obstacle to trying the '667 patent Feb. 12-15. If evidence on invalidity is presented first, Dr. Klibanov may not even need to testify out of order.

    \* \* \* \*

We would appreciate any guidance that Your Honor can provide, so that the parties (and their experts) can plan accordingly.

To the extent the Court has any questions or wishes to discuss these issues, we can be available for a teleconference at the Court's convenience.

Respectfully submitted,

*/s/ Daniel A. Taylor*

Daniel A. Taylor (No. 6934)

cc:   Counsel of Record (via CM/ECF)