

**Daniel M. Silver**
Wilmington Office Managing Partner
T. 302-984-6331
F. 302-691-1260
dsilver@mccarter.com

McCarter & English, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801-3717
www.mccarter.com

January 29, 2024

**VIA CM/ECF**

The Honorable Richard G. Andrews
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

**Re:** *In re Entresto (Sacubitril/Valsartan) Patent Litigation,* **C.A. Nos. 20-md-2930-RGA**

Dear Judge Andrews,

We write on behalf of Plaintiff Novartis Pharmaceuticals Corporation ("Novartis") regarding Defendants'[1] failure to comply with this Court's January 2, 2024 Order requiring that Defendants reduce the number of defenses they will assert at trial to no more than three defenses per asserted claim. 20-md-2930, D.I. 1233.

Trial on the validity and infringement of U.S. Patent Nos. 11,096,918 ("the '918 patent") and 11,058,667 ("the '667 patent") is set to begin February 12, 2024. *Id*. In its January 2, 2024 Order, the Court required Novartis to reduce the number of asserted claims to no more than four by January 16, 2024, and required "Defendants [] to reduce the number of defenses to no more than three (not counting non-infringement) per asserted claim by January 22, 2024, with any specific asserted obviousness combination counting as one defense." *Id.*

As required, Novartis reduced the total number of asserted claims across both asserted patents from 21 to 4. Defendants, however, failed to narrow their asserted defenses to three defenses per asserted claim with respect to the '667 patent. Instead, Defendants asserted four defenses against claim 15 of the '667 patent, and five defenses against each of claims 18 and 19 of the '667 patent, improperly counting defenses based on "anticipation . . . or obviousness" as a single ground. These defenses are as follows:

Claim 15:
(1) Anticipation in view of *or* obviousness over NCT'089 Pub. 2013,
(2) obviousness over VA Consent Form in view of NCT'089 Pub. 2013, and
(3) obviousness over Schumacher in view of McMurray 2013 and Dickstein.

---

[1] The Defendants subject to the Court's January 2, 2024 Order are Hetero USA Inc., Hetero Labs Limited, and Hetero Labs Limited Unit II (collectively, "Hetero"), Torrent Pharma Inc. and Torrent Pharmaceuticals Ltd. (collectively, "Torrent") and Mylan Pharmaceuticals Inc. ("Mylan"). The case against Mylan was stayed on January 23, 2024. 20-md-2930, D.I. 1239.

ME1 47483207v.1

  Claims 18 and 19:
(1) Anticipation in view of *or* obviousness over NCT'089 Pub. 2013,
(2) anticipation in view of *or* obviousness over VA Consent Form,
(3) obviousness over Schumacher in view of McMurray 2013 and Dickstein.

  Ex. 1, E-mail correspondence between Jared Stringham and Ken Canfield, at 4. Defendants have miscounted their first defense of claim 15, and their first two defenses of claims 18 and 19, as a single defense. Each constitutes two separate defenses when properly counted.

  On January 23, 2024, Novartis notified Defendants that they had not complied with the Court's order. In response, Defendants indicated they were asserting "anticipation or obviousness based on [a] single reference[] as [a] single theor[y]." Ex. 1, E-mail correspondence between Jared Stringham and Ken Canfield, at 1. A meet and confer on January 24, 2024 failed to resolve the issue.

  Anticipation and obviousness defenses stem from "separate conditions of patentability and therefore [are] separate defenses available in an infringement action." *Cohesive Techs., Inc. v. Waters Corp.,* 543 F.3d 1351, 1363–64 (Fed. Cir. 2008). Anticipation and obviousness are analyzed under different tests, requiring different evidentiary showings and the application of different law. *Id.* ("[O]bviousness requires analysis of secondary considerations of nonobviousness, while secondary considerations are not an element of a claim of anticipation. And although anticipation can be proven inherently, proof of inherent anticipation is not the same as proof of obviousness.") (citations omitted). Unlike anticipation, obviousness also requires an analysis of the motivation of one skilled in the art and an analysis of reasonable expectation of success. *Cubist Pharm., Inc. v. Hospira, Inc.,* C.A. No. 12-367-GMS, D.I. 135, at 22 (D. Del. Dec. 8, 2014).

  Defendants have contended that "[l]imited additional trial time and no additional documentary evidence will be necessary for Defendants to argue both anticipation and obviousness based on a single reference." Ex. 2 – Jan. 28, 2024 Draft JPTO Shell Excerpt at 20. However, for the reasons stated above, Novartis's experts would need to respond to, and the Court would need to decide, arguments relating to *both* anticipation and obviousness if Defendants do not comply with the Court's order. Defendants further argue that "[a]nticipation is the epitome of obviousness." *Id.* However, the Federal Circuit expressly rejected this maxim when opining that anticipation and obviousness are separate defenses. *Cohesive Techs., Inc.,* 543 F.3d at 1363.

  Novartis respectfully requests the Court compel Defendants to comply with the January 2, 2024 Order, and to reduce the number of defenses asserted to no more than three per asserted claim, with anticipation and obviousness counting as separate defenses.

January 29, 2024<br>Page 3

Respectfully submitted,

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)

cc: Counsel of Record (via Electronic Mail)