**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re Entresto (Sacubitril/Valsartan) Patent Litigation | ) ) ) ) | C.A. No. 20-2930-RGA |
| NOVARTIS PHARMACEUTICALS CORPORATION, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 21-1330-RGA |
| HETERO USA INC., HETERO LABS LIMITED, HETERO LABS LIMITED UNIT III, TORRENT PHARMA INC., TORRENT PHARMACEUTICALS LTD., | ) ) ) ) ) | |
| Defendants. | ) ) | |

**JOINT BRIEF ON NOVARTIS'S MOTION *IN LIMINE* TO PRECLUDE
HETERO FROM RELYING ON REPLY AND SUR-SURREPLY
VALIDITY OPINIONS TO REBUT NOVARTIS'S INFRINGEMENT POSITION**

## <u>TABLE OF CONTENTS</u>

I.     Novartis's Opening Brief in Support of Its Motion *in Limine* ........................................... 1

II.    Hetero's Brief Opposing Novartis's Motion ........................................................................ 3

III.   Novartis's Reply Brief in Support of Its Motion ................................................................ 5

i

## I.   Novartis's Opening Brief in Support of Its Motion *in Limine*

Novartis moves under Fed. R. Civ. P. 26(a)(2) (disclosure of expert opinions) and 37(c)(1) (failure to disclose information under Rule 26(a) and comply with scheduling order) to preclude Hetero from relying on testimony of Hetero's experts Drs. Steed and/or Atwood that was only disclosed to Novartis in those experts' respective validity reply and sur-surreply reports to rebut Novartis's evidence that Hetero, if it receives FDA approval, will infringe U.S. Patent No. 11,096,918 ("the '918 patent").

The parties agree that each side should have the last word on issues for which they bear the burden of proof, such that Novartis should have the last word on infringement and Defendants should have the last word on validity. Following the Scheduling Order for disclosure of expert reports on infringement (D.I.[1] 748, ¶ 10.a), Novartis served opening, supplemental opening, and reply infringement reports from Novartis's expert Dr. Matzger, which relied in part on certain infringement-related opinions of Dr. Park in her opening and reply reports, served simultaneously. D.I. 1128, 1146, 1195. Hetero served a single, 26-page responsive infringement report from Hetero's expert Dr. Steed. D.I. 1161.

Separately, during expert discovery on validity, Hetero and Torrent (collectively, "Defendants") and Novartis exchanged validity expert reports, including reply and sur-surreply reports by Defendants' experts Drs. Steed and Atwood. 20-2930-RGA, D.I. 1193, 1208. Hetero and its experts have repeatedly admitted that these reports related to validity, not infringement. Hetero admitted that Drs. Steed's and Atwood's reply and sur-surreply reports were submitted to respond to Novartis's experts' "invalidity [*sic*] opinions," *i.e.*, not Dr. Matzger's infringement opinions. 20-2930-RGA, D.I. 1218 at 2, *see also* 2 (recognizing that "sur-surreplies from Drs.

---

[1] All citations to the record are to MDL 20-2930-RGA.

Steed and Atwood" should be "the last word on invalidity," *i.e.*, not infringement). The reply and sur-surreply reports of Dr. Steed are both styled as concerning "the invalidity of the '918 Patent." D.I. 1193, 1208. Dr. Steed's and Dr. Atwood's reply and sur-surreply validity reports were served by Defendants Hetero and Torrent jointly—because Torrent stipulated to infringement of the '918 patent before expert discovery (D.I. 1119), it would make no sense to assert that those joint reports relate to infringement. And at his deposition, Dr. Atwood admitted that he was not asked to opine on Hetero's infringement of the '918 patent, and counsel for Hetero objected to that question as outside the scope of the deposition. Ex. A (Atwood Dep. Tr. Excerpt), 18:11-14.

Federal Rule of Civil Procedure 37(c)(1) provides, "[i]f a party fails to provide information . . . as required by Rule 26(a) . . . , the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Hetero failed to disclose the reply and sur-surreply reports of Drs. Steed and Atwood according to the schedule for expert discovery on *infringement* and Hetero repeatedly has represented and admitted that those reports are limited to validity. Thus, Hetero "is not allowed to use that information" to rebut Novartis's infringement position at trial.

Hetero will not show that its failure to provide Dr. Steed's and Dr. Atwood's reply and sur-surreply opinions earlier as to infringement was "substantially justified" or "harmless." By Hetero's own admission, there is a clear demarcation between expert testimony on which Hetero is permitted to rely for infringement and validity. This demarcation is important for fairness because Novartis bears the burden of proof on infringement by a preponderance of the evidence, whereas Hetero (and Torrent) bears the burden of proof on invalidity by clear and convincing evidence. Novartis is therefore entitled to the last word on infringement. *Cf.* D.I. 1218 at 2 (asserting Defendants are entitled to the "last word on invalidity"), (asserting Defendants' reply

2

expert reports "should have concluded expert reports on invalidity"). If at trial or in post-trial briefing, Hetero tries to rely on Dr. Steed's and/or Dr. Atwood's reply and sur-surreply opinions to rebut Novartis's infringement positions, that would highly prejudice Novartis, because Novartis did not have an opportunity to provide further infringement reports responding to those opinions. The Scheduling Order entered in this case (D.I. 748) did not provide for such reports. Moreover, Hetero has offered no reason why such belated opinions would be "substantially justified" as to infringement, and Novartis is not aware of any.

The Court should preclude Hetero from relying on testimony of Hetero's experts Dr. Steed and/or Dr. Atwood that was first disclosed to Novartis in those experts' respective reply and sur-surreply reports to rebut Novartis's '918 patent infringement positions.

## II.     Hetero's Brief Opposing Novartis's Motion

Novartis's motion *in limine* is improper because it does not seek to exclude any particular evidence, whether documents or testimony.  Novartis seeks to preclude Hetero from relying for the issue of Hetero's noninfringement on opinions of defendants' experts Drs. Steed and Atwood disclosed "only" in their reply and sur-surreply reports.  But Novartis does not deny that the opinions of Drs. Steed and Atwood disclosed in those reports are admissible as related to the issue of invalidity.  Likely for that reason, Novartis's motion does not seek to preclude any testimony on such opinions from being offered and admitted at trial.  In fact, Novartis does not even identify any portions of Drs. Steed's or Atwood's reply or sur-surreply reports as allegedly impermissibly addressing infringement instead of invalidity.  This is especially troublesome where there is overlap between Dr. Steed's responsive report, which Novartis admits properly addresses infringement, and Drs. Steed's and Atwood's reply and sur-surreply reports, to the extent that they all address testing performed by Novartis's expert Dr. Park.  Thus, Novartis's motion raises no current dispute over the admissibility of any evidence, whether testimony or documents.

To the extent Novartis later attempts to identify any portions of Drs. Steed's or Atwood's reply or sur-surreply reports as impermissibly related to infringement, such an argument would be belated.  The Scheduling Order requires that type of objection to have been raised within one week of service of the report.  (20-md-2930, D.I. 748 at 14 ("If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one (1) week of the submission of the expert report.").)  Thus, any attempt by Novartis to exclude testimony on opinions from a report at issue as untimely or outside the scope of the report was waived.  Moreover, with respect to Drs. Steed's and Atwood's reply reports, Novartis filed surreply reports from Drs. Trout and Park and, therefore, had the opportunity to respond, undermining the lynchpin for its present motion, i.e., that it should get the last word on infringement.  And, with respect to Dr. Steed's sur-surreply report, after motion practice, Novartis served yet another report from Dr. Park, again undermining the basis for its motion.[2]

Especially with the lack of clarity as to the opinions of Drs. Atwood and Steed at issue, with respect to Hetero's attorneys' argument at trial or in post-trial briefs on an issue agreed to be in the case—whether Hetero infringes—Novartis's remedy in this instance is opposing attorney argument.  If Novartis believes argument by Hetero's attorneys, once made, is unsupported by expert testimony admissible (opening argument) or admitted (closing argument, post-trial briefing) on the issue of infringement, Novartis can point that out.  But having raised no current evidentiary dispute, Novartis' motion should be rejected as premature.  *See Comput. Assocs. Int'l v. CA*

---

[2] Dr. Steed filed a 246-word reply to Dr. Park's 250-word sur-sur-sur-reply report per the Court's Order (20-md-2930, D.I. 1220) and according to the parties' agreed-upon schedule after Novartis served the present motion *in limine*.  Although Novartis knew that reply report from Dr. Steed was coming based on the agreed-upon schedule, Novartis did not include that report in its motion.

*Newtrend*, Civil Action No. 13091, 1994 Del. Ch. LEXIS 192 at *9 (Del. Ch. June 1, 1994) ("I find that the reasons for not rendering a hypothetical opinion outweigh any benefit that might be derived from deciding the issue prematurely. For the foregoing reasons, TNG's motion *in limine* is denied without prejudice.").  In other words, since Novartis's motion does not seek to exclude any evidence, there is no corresponding argument to preclude in advance.

Thus, without any present dispute over the admissibility of any evidence, or the appropriateness of any argument based on such identified disputed evidence, Novartis's motion should be denied as not ripe for adjudication.

### III.    <u>Novartis's Reply Brief in Support of Its Motion</u>

Novartis's motion addresses a real, not "hypothetical," concern over Hetero's improper reliance on its experts' validity testimony at trial to rebut Novartis's infringement evidence.[3] Hetero offers no assurance otherwise. Hetero contends that "there is overlap between Dr. Steed's [infringement] responsive report . . . and Drs. Steed's and Atwood's reply and sur-surreply reports, to the extent that they all address testing performed by Novartis's expert Dr. Park," *supra* 3, signaling that Hetero likely plans to improperly rely, for purposes of infringement, on Drs. Steed's and Atwood's validity opinions. But this contradicts Hetero's prior representation to the Court that "Hetero served a responsive report from Dr. Steed, responding to Dr. Matzger—***not to Dr. Park***— relating to Hetero's noninfringement." D.I. 1218 at 1 (emphasis added).

Defendants' criticisms of Novartis's motion miss the point. Novartis's objection to Hetero's improper use ***at trial*** of Drs. Steed's and Atwood's validity opinions as infringement opinions is not "belated." Novartis is not objecting to the timeliness of Drs. Steed's or Atwood's

---

[3] As Hetero recognizes (*supra* n. 2), Dr. Steed's January 17th reply to Dr. Park's sur-sur-surreply report had not yet been served when Novartis served its opening brief in support of its motion *in limine* (on January 16th). Novartis's instant motion applies equally to Hetero's improper reliance on Dr. Steed's January 17th reply report.

ME1 47492973v.1

validity reports. Novartis does not identify "portions of Drs. Steed's or Atwood's reply or sur-surreply reports as allegedly impermissibly addressing infringement instead of invalidity," *supra* 3, because (as explained above) those reports are limited in their entirety to validity. That is precisely why Defendants' reliance on them for infringement purposes would be improper.

Finally, Hetero is wrong that Novartis "had the opportunity to respond" to Drs. Steed's and Atwood's reply, sur-surreply, and sur-sur-sur-surreply reports on the issue of *infringement*. *Supra* 4. Novartis's experts Drs. Trout and Park had the opportunity to respond to these reports regarding validity. But Novartis's primary infringement expert, Dr. Matzger, did not.

6

Dated: January 29, 2024

MCCARTER & ENGLISH, LLP

*/s/ Daniel M. Silver*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

Nicholas N. Kallas
Christina Schwarz
Jared L. Stringham
Christopher E. Loh
Susanne L. Flanders
Shannon Clark
Laura Fishwick
Gregory J. Manas
VENABLE LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 218-2100
nkallas@venable.com
cschwarz@venable.com
jlstringham@venable.com
cloh@venable.com
slflanders@venable.com
skclark@venable.com
lfishwick@venable.com
gjmanas@venable.com

*Attorneys for Plaintiff*
*Novartis Pharmaceuticals Corporation*

SMITH, KATZENSTEIN & JENKINS LLP

*/s/ Daniel Taylor*
Neal C. Belgam (#2721)
Daniel Taylor (#6934)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dat@skjlaw.com

Dmitry V. Shelhoff
Kenneth S. Canfield
Edward D. Pergament
PERGAMENT & CEPEDA LLP
25A Hanover Road, Suite 104
Florham Park, NJ 07932
(973) 998-7722
dshelhoff@pergamentcepeda.com
kcanfield@pergamentcepeda.com
epergament@pergamentcepeda.com

*Attorneys for Defendants Hetero USA Inc.,*
*Hetero Labs Limited, and Hetero Labs Limited*
*Unit III*

7