

January 30, 2024

*Via CM/ECF*

The Honorable Richard G. Andrews
J. Caleb Boggs Federal Building
844 N. King Street, Unit 9, Room 6325
Wilmington, DE 19801-3555

**Re:**   *In re: Entresto*, MDL No. 20-2930-RGA; *Novartis Pharmaceuticals Corporation v. Alkem Laboratories Ltd. et al.*, C.A. No. 21-1330-RGA; *Novartis Pharmaceuticals Corporation v. Hetero USA Inc., et al.*, C.A. No. 21-1760-RGA; *Novartis Pharmaceuticals Corporation v. Torrent Pharma Inc. et al.*, C.A. No. 21-1794-RGA

Dear Judge Andrews,

    We write on behalf of defendants Hetero USA, Inc., Hetero Labs Limited, Hetero Labs Limited Unit III, Torrent Pharma Inc., and Torrent Pharmaceuticals Ltd. ("Defendants") in the above-referenced matters.  We are at a loss as to how to respond to the Letter from Daniel M Silver filed yesterday (the "Letter"). MDL No. 20-2930, D.I. 1240.  The Letter does not follow the Court's discovery dispute procedures, nor is it in the form of a motion.  In addition, when the parties discussed this potential dispute, Novartis agreed to inform Defendants of its planned next steps before contacting the Court.  Novartis never did so and instead surprised Defendants by filing its Letter without a full meet-and-confer.

    With the pretrial conference set for this Friday, February 2, 2024 at 9:00 am and trial scheduled to begin on Monday, February 12, 2024, we feel the need to respond to the Letter.  To the extent that the Court is willing to consider Mr. Silver's Letter, we respectfully ask that the Court consider this response.

    Defendants have significantly reduced the scope of this case, both before and after Novartis's Letter, and continue to make efforts to simplify the case before trial.  With respect to Defendants' invalidity theories for the '667 patent, Defendants have reduced their anticipation and obviousness theories to only a few references.  Defendants have also given up their fact- and time-intensive prior-use theories.  Defendants have complied with the letter and spirit of the Court's Order to the parties to simplify the case.

    In particular, Defendants contend that the asserted claims of the '667 patent are anticipated by NCT'089 Pub. 2013 and that certain asserted claims are anticipated by the VA Consent Form.  Novartis disputes that these references disclose certain claim elements.  While Defendants contend that the references at least implicitly disclose these elements, Defendants also contend that each of these references renders obvious those elements and the claims as a whole.  No additional testimony will be required to address anticipation given that single-reference obviousness is at issue.  In explaining how the references render obvious the elements at issue, Defendants' expert will necessarily provide testimony as to his opinion that the

Page 2

references in fact disclose those elements.  *C.f. ADASA Inc. v. Avery Dennison Corp.*, 55 F.4th 900 (Fed. Cir. 2022) (citation omitted) (internal quotation marks and brackets omitted) ("And even if a reference's teachings are insufficient to find anticipation, that same reference's teachings may be used to find obviousness where it suggests some reason to modify the prior art to obtain the claimed limitations.").  Moreover, Defendants also have an additional obviousness theory involving a traditional combination of prior-art references, and, therefore, secondary considerations are at issue regardless of the disputed defenses.

      Should the Court have any further questions, we will be prepared to discuss at the pretrial conference.

Respectfully submitted,

*/s/ Daniel A. Taylor*

Daniel A. Taylor (No. 6934)


cc:    Counsel of Record (via CM/ECF and electronic mail)