# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re Entresto (Sacubitril/Valsartan) Patent Litigation | ) ) ) | C.A. No. 20-2930-RGA |
|  | ) ) ) |  |
| NOVARTIS PHARMACEUTICALS CORPORATION, | ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) ) | C.A. No. 22-1395-RGA |
| MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LIMITED, MSN LIFE SCIENCES PRIVATE LIMITED, NANJING NORATECH PHARMACEUTICAL CO., LIMITED, | ) ) ) ) ) ) |  |
| Defendants. | ) ) ) |  |

## NOVARTIS'S POST-*MARKMAN* HEARING SUPPLEMENTAL BRIEF

Novartis writes pursuant to the Court's request at the March 12, 2024 *Markman* hearing for the parties to identify case law regarding whether "a series of terms in a specification should be read as mutually exclusive." Ex. 1, *Markman* Tr. at 54:6-15, 54:19-55:1. Novartis is not aware of any Federal Circuit case that supports Defendants' proposition that the terms "crystalline, partially crystalline, amorphous, or polymorphous form" in the '918 patent specification at col. 17, ll. 43-45 are mutually exclusive. Defendants' argument that these terms are mutually exclusive is contradicted by their own expert, who opined as a person of ordinary skill in the art that the term "partially crystalline" form "is a mixture of crystalline and amorphous forms," which means that the terms are not exclusive and confirms that "amorphous" form can be present in a mixture.  C.A. 20-2930-RGA, D.I. 1280-A (Elder Declaration) at ¶ 31.

Novartis has identified several district court cases rejecting Defendants' proposition that a series of terms in a specification should be read as mutually exclusive categories, absent clear intrinsic evidence indicating that the terms have no overlap.

- In *Baxalta Inc. v. Genentech, Inc.*, Judge Dyk, sitting by designation, rejected Baxalta's contention that a specification statement that inventive antibodies "increase the procoagulant activity of factor IXa or have factor VIII-like activity" meant "that the term 'procoagulant activity' and 'factor VIII-like activity' [were] 'mutually exclusive.'" No. 17-509-TBD, 2018 WL 6304351, at *16 (D. Del. Dec. 3, 2018).[1] The court explained, "[t]he premise of this argument is simply incorrect. Procoagulant activity and Factor VIII-like activity are not distinct terms, but rather are overlapping." *Id.*

- In *Galderma Labs. Inc. v. Amneal Pharms., LLC*, Judge Stark held that an application claim to a composition "in the form of a granule, tablet, pellet, powder, sachet, capsule, gel, dispersion or suspension," among other evidence, "failed to persuade the Court that the various terms in dispute—for instance, granules, tablets, powder, sachets, capsules, gels—are entirely mutually exclusive; rather, it appears there is overlap among these types of dosage forms." No. 11-1106-LPS, 2013 WL 3942965, at *2-*4 (D. Del. July 30, 2013). The plaintiffs' proposed construction of the disputed term "pellets" included the phrase "suitable for incorporation into, e.g., a capsule or tablet," whereas the defendants' proposed construction expressly "exclude[ed] granules, a tablet, a powder, a sachet, a capsule, a gel, a dispersion or a suspension." *Id.* at *2-*3. The court adopted the plaintiffs' proposed construction. *Id.*

- In *Endo Pharms. Inc. v. Mylan Pharms. Inc.*, Judge Irenas, sitting by designation, agreed that a claim to a compound "or a salt, solvate or hydrate thereof" encompassed "a compound that meets the definition of one or more of a salt, solvate, or hydrate." No. 11-717 (JEI/KMW), 2013 WL 4402311, at *4 (D. Del. Aug. 7, 2013). "Mylan contend[ed] that the terms are exclusive and that a salt cannot also be a hydrate and fall within the claim. . . The Court [saw] no basis for finding that 'salt' does not include a salt that is also a

---

[1] The *Markman* decision in *Baxalta Inc. v. Genentech, Inc.* narrowly construed certain other terms ("antibody" and "antibody fragment"); however, those constructions were overturned by the Federal Circuit, which decision on appeal did not impact the portion of the *Markman* decision discussed herein. 972 F.3d 1341 (Fed. Cir. 2020).

hydrate or also a solv[ate]." *Id.* Accordingly, the court adopted the construction "or one or more of salt, solvate or hydrate thereof." *Id.* at *5.[2]

Pursuant to the Court's request, Ex. 1, *Markman* Tr. 56:14-16, Novartis also responds to the cases cited in Defendants' March 22, 2024 letter (C.A. 20-2930-RGA, D.I. 1302).

Defendants rely primarily on *Duke Univ. v. BioMarin Pharm. Inc.*, but that decision is not pertinent to the Court's request because it does not address whether a "series of terms" should be read as mutually exclusive. 685 Fed. App'x 967 (Fed. Cir. 2017). *Duke* also fails to support Defendants' proposed construction.

In *Duke*, the parties disputed whether a reference anticipated claim 9 of the patent-in-suit. Claim 1, on which claim 9 depended, was directed to a method of treating Pompe disease in an individual comprising administering to the individual "a therapeutically effective amount of human acid α-glucosidase" (abbreviated "hGAA"). *Id.* at 969. Claim 9 "contain[ed] the additional limitation 'wherein the [hGAA] is a *precursor* of recombinant [hGAA] . . . .'" *Id.* (emphasis in original). The Federal Circuit held that "the proper construction of 'precursor' in claim 9 is 'exclusively a precursor of recombinant hGAA . . . .'" *Id.* at 975. This construction followed from "[t]he claim language and structure," where independent claim 1 recited a method of treating Pompe disease comprising "administering . . . a therapeutically effective amount of [hGAA]," and dependent claim 9 further required that "*the* [hGAA] *is* a precursor." *Id.* at 975-76 (emphasis in original). *Duke* never addressed a "series of terms," much less suggested that because terms are listed in a series, they must be read to create non-overlapping "buckets" as Defendants argue here with respect to "crystalline," "partially crystalline," and "amorphous." Moreover, the facts here are distinguishable from *Duke* because independent claim 1 of the '918 patent simply recites "[a]n amorphous solid form of a compound"—there is no claim language or claim structure here that prevents the claimed "amorphous" TVS from existing in a mixture that also contains crystalline form.

Going beyond the Court's request to identify the "best" Federal Circuit case addressing whether "a series of terms in a specification should be read as mutually exclusive" (Ex. 1, *Markman* Tr. at 54:6-15, 54:19-55:1), Defendants cite four additional Federal Circuit cases. To the extent the Court considers these cases, they are not pertinent to the Court's request. These cases are also inapposite to the claim construction dispute. Novartis is not arguing that "amorphous" TVS means the same thing as "crystalline" or "partially crystalline" form. Nor is Novartis arguing that "crystalline" or "partially crystalline" form "fall[s] within the scope" of "amorphous" TVS.

---

[2] For the avoidance of doubt, the *Endo* court's construction of a different term, "treatment," does not suggest that a series of terms in a specification should be read as mutually exclusive absent clear intrinsic evidence to this effect. The *Endo* court declined to construe "treatment" as "treatment or prophylaxis" because testimony from both experts showed that the plain and ordinary meaning of "treatment" was separate from "prophylaxis," and the specifications "clearly" indicated the same. *Id.* at *6-*7. In contrast, it is undisputed here that "partially crystalline" form is a mixture of crystalline and amorphous forms, and thus the terms "partially crystalline" and "amorphous" are overlapping.

2

Novartis's proposed claim construction simply permits "amorphous" TVS to be present in a mixture with other substances, such as a crystalline form.

*Perfect Surgical* and *Ethicon Endo-Surgery* construed different terms to have different meanings. *Perfect Surgical* "conclude[d] that the term 'perforated' [was] not coextensive with or the same as 'passages'" in view of the specification's disclosure of "perforated *or otherwise* provided with passages." *Perfect Surgical Techs., Inc. v. Olympus Am., Inc.*, 841 F.3d 1004, 1012-13 (Fed. Cir. 2016) (emphasis added). *Perfect Surgical* held that "passages" did not disclose "perforated," *not* that "perforated" and "passages" were mutually exclusive—*i.e.*, "perforated" did not preclude the presence of "passages." *Id.* *Ethicon Endo-Surgery* held that "'pusher bar' and 'pusher assembly' [were] not synonyms and [had] different meanings even if the 'pusher assembly' includes the 'pusher bar.'" D.I. 1302 at 3 (*citing Ethicon Endo-Surgery, Inc. v. U.S. Surg. Corp.*, 93 F.3d 1572, 1579-81 (Fed. Cir. 1996)). Moreover, *Ethicon Endo-Surgery* recognized that the terms "pusher assembly" and "pusher bar" were *not* mutually exclusive and held that a "pusher assembly" may include a "pusher bar," despite the terms having different meanings. *Id.* This Court already explained that the fact that terms mean different things "is not the same thing as saying they are mutually exclusive." Ex. 1, *Markman* Tr. 52:12-14, 54:6-8, *see also* 33:2-34:17.

*SRI* and *Wasica* fail to address the Court's request. Neither *SRI* nor *Wasica* interprets a series of terms as mutually exclusive. *SRI* explained that where one claim does not include a limitation and another does, the limitation should not be read into the former claim. *SRI Int'l v. Matsushita Elec. Corp.*, 775 F.2d 1107, 1122 (Fed. Cir. 1985). *SRI* is irrelevant because Novartis is not asserting that "crystalline" (in the '938 and '134 patent claims) should be read into "amorphous." *Wasica* stated it is highly disfavored to construe terms "in a way that renders them void, meaningless, or superfluous." *Wasica Fin. GmbH v. Cont'l Auto. Sys., Inc.*, 853 F.3d 1272, 1288 n.10 (Fed. Cir. 2017). But as the Court noted during the *Markman* hearing, Novartis's proposed claim construction does not render any claim term void, meaningless, or superfluous because "amorphous" and "partially crystalline" retain distinct meanings even under Novartis's construction. Ex. 1, *Markman* Tr. 33:17-34:15; *see also id.* at 50:15-25 (Novartis's position).

Defendants also improperly re-argue claim construction. Novartis has already responded to these arguments in its claim construction briefing and at the hearing. In sum, there is no intrinsic evidence that suggests that the terms "crystalline," "partially crystalline," or "amorphous" in col. 17, ll. 43-45 of the '918 patent are mutually exclusive. To the contrary, the parties agree that "partially crystalline" means a mixture of "crystalline" and "amorphous" forms, meaning that "amorphous" form can be present in a "partially crystalline" mixture. C.A. 20-2930-RGA, D.I. 1279 at 13, 15, 29-30; D.I. 1280-A (Elder Declaration) at ¶ 31 ("To be clear, a 'partially crystalline' solid form is a mixture of crystalline and amorphous forms."). Accordingly, there is no basis to read "crystalline," "partially crystalline," and "amorphous" as mutually exclusive categories.

Finally, Defendants belatedly propose a new claim construction (D.I. 1302 at 3). Defendants waived that new claim construction by failing to raise it during the preliminary claim construction phase or address it in the briefing. To the extent Defendants' new proposed claim construction would prevent amorphous form from being present in a mixture with any amount of crystalline form, that argument fails for the same reasons as Defendants' "substantially pure" proposed construction.

Dated: March 26, 2024

MCCARTER & ENGLISH, LLP

*/s/ Alexandra M. Joyce*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

OF COUNSEL:

Nicholas N. Kallas
Christina Schwarz
Christopher E. Loh
Susanne Flanders
Jared L. Stringham
Shannon Clark
Laura Fishwick
Gregory J. Manas
VENABLE LLP
151 West 42nd Street
New York, NY 10036
(212) 307-5500
nkallas@venable.com
cschwarz@venable.com
cloh@venable.com
slflanders@venable.com
jlstringham@venable.com
skclark@venable.com
lfishwick@venable.com
gjmanas@venable.com

*Attorneys for Plaintiff Novartis*
*Pharmaceuticals Corporation*