## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re Entresto (sacubitril/valsartan) Patent Litigation | C.A. No. 20-md-2930-RGA |
| NOVARTIS PHARMACEUTICALS CORPORATION, | |
| Plaintiff, | C.A. No. 23-401-RGA |
| v. | ██████████████████████████ |
| NANJING NORATECH PHARMACEUTICAL CO., LIMITED, | ██████ |
| Defendant. | Public Version Filed: April 26, 2024 |

### DEFENDANT NORATECH'S OPENING DISCOVERY DISPUTE LETTER

OF COUNSEL:

HUSCH BLACKWELL LLP
Don J. Mizerk
Matthew M. Kamps
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606

Thomas P. Heneghan
33 East Main Street
Suite 300
Madison, WI 53703

HEYMAN ENERIO
GATTUSO & HIRZEL LLP
Dominick T. Gattuso (#3630)
Denise Seastone Kraft (#2778)
300 Delaware Ave., Suite 200
Wilmington, DE 19801

*Attorneys for Defendant*
*Nanjing Noratech Pharmaceutical Co., Ltd.*

Dear Judge Andrews:

The parties dispute whether Novartis and its third-party contractor IQVIA should be compelled to respond to the follow-on, targeted discovery requests and deposition notices attached hereto as Exs. 2-6. This discovery is warranted and good cause exists under Fed. R. Civ. P. 16(b) to modify the scheduling order, if necessary, to accommodate the discovery. This is because, notwithstanding the Court ordering Novartis to respond to Noratech Interrogatory No. 1 ("ROG 1") and produce, by March 5, documents and data detailing ENTRESTO® prescriptions for new patients from 2019-present in a "summary form so that everybody can figure out what it…actually means," Novartis failed to do so. *See* Disc. Dispute Tr. (Nov. 30, 2023) at 29:5-10. A proposed order detailing the requested, targeted relief is attached hereto as Ex. 1.

There is no dispute Novartis declined to produce the documents and data by the Court's March 5 deadline, choosing instead to produce only some incomplete data compiled by IQVIA without any accompanying explanation or summary regarding how the data responds to ROG 1, i.e., whether it shows patients or physicians perform the claimed dose titration and administration steps, or how the data was curated, or what the data means. *See* Ex. 7 ███████████; produced as NPC-VS-667-000040673–NPC-VS-667-000040674 in excel). In providing the foregoing documents and data, Novartis also indicated it would produce additional information and an updated response to ROG 1 the next week. Ex. 8 (March 5, 2024 email from S. Clark to D. Mizerk). On March 11, 2024, Novartis provided a supplemental interrogatory response and produced hundreds of pages of additional documents. Ex. 9 (March 11, 2024 email from S. Clark to D. Mizerk). Noratech diligently reviewed and analyzed the documents and data, but was unable to determine their meaning. On March 21, 2024,  Noratech requested that Novartis supplement its response to ROG 1 to explain how the data answers the interrogatory and shows "separately for each year from 2019 to the present, the number of patients initiating treatment with Entresto using the method claimed by claims 1 and 7, respectively, of the '667 patent." Ex. 11 (March 21, 2024 Ltr. from D. Mizerk to D. Silver). On March 27, 2024, Novartis provided another supplemental interrogatory response. Ex. 12 (March 27, 2024 email from S. Clark to D. Mizerk ) The response again did not answer the questions.  As a result, on April 5, 2024, Noratech requested that Novartis respond to the additional, targeted discovery set forth in Exs. 2-6 to explain the content of the documents and data and requested that Novartis jointly stipulate to an extension of fact discovery, if necessary, for Novartis and IQVIA to respond. Novartis refused, resulting in the present dispute, which the Court foresaw. Disc. Dispute Tr. (Nov. 30, 2023) at 29:17-24.

The additional discovery Noratech seeks is necessary to ascertain the scope and content of the nondescript documents and data, including whether Novartis contends that they evidence direct infringement. Moreover, because Novartis has been equivocal about whether it will attempt to explain the scope and content of the documents and data during expert discovery, notwithstanding its refusal to do so during fact discovery, the relief is necessary to prevent gamesmanship surrounding the issue of direct infringement, which Novartis must prove by a preponderance of the evidence to support its infringement allegations.

## I.      BACKGROUND

At the November 30, 2023 Discovery Conference, the Court ordered Novartis to produce— in response to ROG 1—documents and data showing separately for each year from 2019 to the

present, the number of patients initiating treatment with Entresto using the method claimed by claims 1 and 7, respectively, of the '667 patent. *See* Disc. Dispute Tr. (Nov. 30, 2023) at 29:2-11. The Court directed Novartis to produce the data in "some kind of summary form so that everybody can figure out what it means without having to spend hours talking to your third-party contractor as to what it actually means," and ordered Novartis to do so by March 5. *Id.* at 29:3-10.

On March 5, Novartis produced only two excel spreadsheets with hundreds of columns and rows of data with no additional explanation on what the spreadsheets disclose. *See* Ex. 7 (███████ ███████). Novartis's email accompanying the production confirmed Novartis's production was incomplete, stating "[w]ithin the next week, Novartis expects to provide a supplemental response to ROG 1 and an accompanying production of raw data." Ex. 8 (email from S. Clark to D. Mizerk dated March 5, 2024).

On March 11, 2024, Novartis made a supplemental production consisting of hundreds of pages of additional documents, and provided a first supplemental response to ROG 1.  Ex. 9 (March 11, 2024 email from S. Clark to D. Mizerk ). Again, Novartis did not explain or summarize what any of the produced data and information meant, and its supplemental interrogatory response merely identified the bates numbers of the ███████ data (Ex. 8) that Novartis produced on March 5.  Ex. 10 (Novartis ROG Responses) at 3.

From March 12-20, 2024, Noratech diligently reviewed the information and data and Novartis's first supplement response to ROG 1 in an attempt to determine what the hundreds of pages of documents and data disclosed, including whether it disclosed "separately for each year from 2019 to the present, the number of patients initiating treatment with Entresto using the method claimed by claims 1 and 7, respectively, of the '667 patent," as requested ROG 1. Noratech was unable to determine the scope and content of said documents and data.

Thus, on March 21, 2024, Noratech sent Novartis a letter stating, "Our review of the documents and information does not permit an answer to the interrogatory [No. 1] to be determined and in fact it does not appear that an answer to the interrogatory (and the supporting information for it) can be obtained from the documents provided," and requested that Novartis "provide a clear answer in written form to Interrogatory No. 1" no later than March 27 to explain the documents and information. Ex. 11 (March 21, 2024 Ltr. from D. Mizerk to D. Silver ).

On March 27, 2024 (approximately one week before the close of fact discovery), Novartis provided a second supplemental response to ROG 1.  Ex. 12 (March 27, 2024 email from S. Clark to D. Mizerk ). Novartis again neglected to explain the documents and data it was compelled to produce. Instead, Novartis stated only the number of new ENTRESTO® prescriptions for certain patients in the 2019-2023 time period (at any starting dose), and asserted it "is not aware of information that can specifically '[i]dentify separately for each year from 2019 to the present, the number of patients initiating treatment with Entresto using the method claimed by claims 1 and 7, respectively, of the '667 patent,' other than confidential, protected health information." Ex. 10 (Novartis ROG Responses) at 3-6.

On April 5, 2024, Noratech sent the proposed, targeted follow-on discovery to Novartis due to its continued failure to explain the nondescript information, and requested Novartis stipulate

to an extension of fact discovery for Novartis and IQVIA to respond to the same. Ex. 13 (April 5, 2024 email from M. Kamps to S. Clark ). Novartis refused. Ex. 14 (April 10, 2024 email from S. Clark to M. Kamps). The parties met-and-conferred on April 11, 2024, the first available date given by Novartis, at which point Noratech raised this dispute with the Court.

## II.       GOOD CAUSE EXISTS TO GRANT THE RELIEF REQUESTED

As an initial matter, the Court acknowledged that additional discovery regarding the Court-ordered documents and information may be necessary—particularly if Novartis produced the information on or after March 5, which it did. *See* Disc. Conf. Tr. (Nov. 30, 2023) at 29:17-22 ("Well if it turns out that [discovery's] important, you can let me know shortly after you get it."). Despite Noratech's repeated, good faith efforts, Novartis steadfastly refused to explain the information it produced, necessitating the follow-on discovery requested from Novartis and IQVIA to permit Noratech to ascertain the scope and content of the Court-ordered documents and data—including whether Novartis contends there is any evidence of direct infringement therein.

To the extent the Court determines the scheduling order must be modified to accommodate Noratech's requested relief by re-opening fact discovery for this limited purpose, good cause exists under Fed. R. Civ. P. 16(b) because (1) Noratech has been diligent from the outset of this litigation in seeking an adequate answer to ROG 1—namely whether there is any evidence that patients and physicians have performed the claimed titration methods from 2019-present; (2) notwithstanding Noratech's efforts, Novartis belatedly produced the documents and data despite the Court-ordered deadline and then refused to provide an adequate explanation of the nondescript data, which was solely in its (and IQVIA's) possession and control; (3) Noratech diligently and in good faith sought the follow-on discovery;[1] (4) the requested evidence is necessary to confirm that there is no evidence of direct infringement of the claimed, multi-step, multi-dosage titration methods; (5) trial is currently set for December 2024, so the schedule will not be disrupted by re-opening discovery for this limited purpose; and (6) there is no prejudice to Novartis or IQVIA, which had ample opportunities to provide the Court-ordered documents and information prior to the close of fact discovery. *TC Tech. LLC v. Sprint Corp*., No. 16-CV-153-RGA, 2019 WL 529678, at *2 (D. Del. Feb. 11, 2019) ("the good cause standard under Rule 16(b) hinges on diligence of the movant, and not on prejudice to the non-moving party.") (quotations and citation omitted); *see also Xcoal Energy & Res. v. Bluestone Energy Sales Corp*., No. CV 18-819-LPS, 2020 WL 5369109, at *6 (D. Del. Sept. 8, 2020) (discussing factors relevant to determining whether "good cause" exists to modify scheduling order to permit additional discovery).

For the foregoing reasons, Noratech respectfully submits that the follow-on discovery set forth in Exs. 2-6 is warranted and Noratech be allowed to pursue it in accordance with Ex. 1.

---

[1] If Novartis asserts Noratech should have issued a "protective" Rule 30(b)(6) deposition notice prior to receiving the ██████████, this was not possible under the circumstances. First, Noratech had no knowledge Novartis engaged or would be relying on IQVIA for information in response to the Court's order, or that Novartis would provide any supplemental responses to ROG 1. Second, a deposition would be futile without the underlying correspondence between IQVIA and Novartis relating to the data collection effort, as well as the internal IQVIA documents documenting the collection, curation, and finalization of the ██████████ and information.

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

OF COUNSEL:

HUSCH BLACKWELL LLP
Don J. Mizerk
Matthew M. Kamps
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
(312) 655-1500
don.mizerk@huschblackwell.com
matt.kamps@huschblackwell.com

Thomas P. Heneghan
33 East Main Street
Suite 300
Madison, WI 53703
(606)234-6032
tom.heneghan@huschblackwell.com


Dated: April 19, 2024

*/s/ Dominick T. Gattuso*
Dominick T. Gattuso (#3630)
Denise Seastone Kraft (#2778)
300 Delaware Ave., Suite 200
Wilmington, DE 19801
(302) 472-7300
dgattuso@hegh.law
dkraft@hegh.law

*Attorneys for Defendant*
*Nanjing Noratech Pharmaceutical Co., Ltd.*