# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re Entresto (Sacubitril/Valsartan) Patent Litigation | ) ) ) ) ) ) | MDL No. 20-2930-RGA |
| NOVARTIS PHARMACEUTICALS CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> HETERO USA INC., HETERO LABS LIMITED, HETERO LABS LIMITED UNIT III, MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LIMITED, MSN LIFE SCIENCES PRIVATE LIMITED, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 19-2053-RGA |

**NOVARTIS'S AND HETERO'S JOINT MOTION FOR INDICATIVE RULING TO ENTER VACATUR ORDER AS TO HETERO PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 62.1 AND 60(b) AND ENTER CONSENT JUDGMENT AND ORDER OF INJUNCTION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re Entresto (Sacubitril/Valsartan) Patent Litigation | ) ) ) MDL No. 20-2930-RGA ) ) |
| NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>              Plaintiff,<br>       v.<br><br>HETERO USA INC., HETERO LABS LIMITED, HETERO LABS LIMITED UNIT III, MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LIMITED, MSN LIFE SCIENCES PRIVATE LIMITED,<br><br>              Defendants. | ) ) ) ) ) ) ) ) ) ) C.A. No. 19-2053-RGA ) ) ) ) ) ) ) ) ) |

**[PROPOSED] ORDER**

**THIS MATTER** having been moved, jointly, by attorneys for Plaintiff Novartis Pharmaceuticals Corporation ("Novartis") and Defendants Hetero USA Inc., Hetero Labs Limited, and Hetero Labs Limited Unit III (collectively, "Hetero") for an Indicative Ruling to Enter Vacatur Order as to Hetero Pursuant to Federal Rules of Civil Procedure 62.1 and 60(b), and the Court having considered all papers submitted in support of this motion and for good cause shown;

The Court hereby indicates that, if Appeal Nos. 23-2218 and 23-2221 (as to Hetero only) are remanded from the United States Court of Appeals for the Federal Circuit, this Court would vacate the following orders entered on the docket in MDL No. 20-2930-RGA and Civil Action No. 19-2053-RGA as applicable to Novartis's claims against Hetero: (1) the July 7, 2023 opinion

1

invalidating U.S. Patent No. 8,101,659 ("the '659 Patent") (MDL No. 20-2930-RGA, D.I. 1099; C.A. No. 19-2053-RGA, D.I. 402) and (2) the July 21, 2023 '659 Patent Judgment (MDL No. 20-2930-RGA, D.I. 1120; C.A. No. 19-2053-RGA, D.I. 406), by entering the [Proposed] Vacatur Order attached as Exhibit A.

**IT IS SO ORDERED.**

Dated: _____           _____
                                   United States District Judge

**EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re Entresto (Sacubitril/Valsartan) Patent Litigation | ) ) MDL No. 20-2930-RGA ) ) |
| NOVARTIS PHARMACEUTICALS CORPORATION, <br><br> Plaintiff, <br> v. <br><br> HETERO USA INC., HETERO LABS LIMITED, HETERO LABS LIMITED UNIT III, MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LIMITED, MSN LIFE SCIENCES PRIVATE LIMITED, <br><br> Defendants. | ) ) ) ) ) ) ) ) C.A. No. 19-2053-RGA ) ) ) ) ) ) ) ) ) ) |

**[PROPOSED] ORDER**

**THIS MATTER** having been moved, jointly, by attorneys for Plaintiff Novartis Pharmaceuticals Corporation ("Novartis") and Defendants Hetero USA Inc., Hetero Labs Limited, and Hetero Labs Limited Unit III (collectively, "Hetero"), and the Court having considered all papers submitted in support of this motion and for good cause shown;

The Court hereby vacates the following orders entered on the docket in MDL No. 20-2930-RGA and Civil Action No. 19-2053-RGA as applicable to Novartis's claims against Hetero: (1) the July 7, 2023 opinion invalidating U.S. Patent No. 8,101,659 ("the '659 Patent") (MDL No. 20-2930-RGA, D.I. 1099; C.A. No. 19-2053-RGA, D.I. 402) and (2) the July 21,

2023 '659 Patent Judgment (MDL No. 20-2930-RGA, D.I. 1120; C.A. No. 19-2053-RGA, D.I. 406).

**IT IS SO ORDERED.**

Dated: _____                    _____
                                          United States District Judge

4

ME1 48673701v.1

Pursuant to Federal Rules of Civil Procedure 62.1 and 60(b), Plaintiff Novartis Pharmaceuticals Corporation ("Novartis") and Defendants Hetero USA Inc., Hetero Labs Limited, and Hetero Labs Limited Unit III (collectively, "Hetero") respectfully move this Court for an indicative ruling that, if the U.S. Court of Appeals for the Federal Circuit were to grant a limited remand of appeal Nos. 23-2218 and 23-2221 (as to Hetero only) (collectively, "the Novartis/Hetero '659 Patent Appeal")[1] under Federal Rule of Appellate Procedure 12.1, this Court would enter an order ("the '659 Patent Vacatur Order") vacating the following orders entered on the docket in MDL No. 20-2930-RGA and Civil Action No. 19-2053-RGA as applicable to Novartis's claims against Hetero: (1) the July 7, 2023 opinion invalidating the '659 Patent (MDL No. 20-2930-RGA, D.I. 1099; C.A. No. 19-2053-RGA, D.I. 402) and (2) the July 21, 2023 '659 Patent Judgment (MDL No. 20-md-2930-RGA, D.I. 1120; C.A. No. 19-2053-RGA, D.I. 406).

███████████████████████ Novartis and Hetero have reached a mutually agreeable ████████ settlement of the Novartis/Hetero '659 Patent Appeal ("Settlement Agreement"). If successfully completed, the settlement will save judicial resources by resolving complex litigation pending before the Federal Circuit as to Hetero. But as explained below, ████████████ ████████████████████████████████████████████████████████████████████. Accordingly, Novartis and Hetero move for an indicative ruling regarding whether the Court would enter the [Proposed] Vacatur Order, attached as Exhibit A, if the Federal Circuit were to remand the Novartis/Hetero '659 Patent Appeal for that purpose. Following the grant of this

---

[1] "Novartis/Hetero '659 Patent Appeal" refers to the appeal of the July 21, 2023 Final Judgment in MDL No. 20-2930-RGA (D.I. 1120) and C.A. No. 19-2053-RGA (D.I. 406) (as to Hetero only) currently pending before the Federal Circuit, and consolidated with other appeals of the same Final Judgment by other defendants in MDL No. 20-2930-RGA and related cases under the caption *In re: Entresto (Sacubitril/Valsartan)*, Appeal No. 23-2218, involving U.S. Patent No. 8,101,659 ("the '659 Patent").

indicative request and subsequent remand by the Federal Circuit, this Court's entry of the [Proposed] Vacatur Order will terminate the above-captioned cases as to Hetero in their entirety and the parties will file a stipulation dismissing the Novartis/Hetero '659 Patent Appeal.

█████████████████████████████████████████████████████████████, the parties respectfully request that to the extent possible, the Court issue a ruling within 30 days of this filing.

I. PROCEDURAL HISTORY

**A. District Court Proceedings on the '659 Patent Against Hetero**

On October 29, 2019, Novartis sued Hetero in this district, as well as other defendants, for infringement of several of Novartis's patents including the '659 Patent, based on Hetero's filing of an Abbreviated New Drug Application ("ANDA") with FDA seeking approval to sell a generic version of Novartis's Entresto® (sacubitril/valsartan) product used to treat heart failure. C.A. No. 19-2053-RGA, D.I. 1. The litigation against Hetero was consolidated with other cases involving the same patents under the caption *In re Entresto (Sacubitril/Valsartan) Patent Litigation*, MDL No. 20-2930-RGA. C.A. No. 19-2053-RGA, D.I. 46.

In August 2022, Hetero stipulated to infringement of the asserted claims of the '659 Patent, unless such claims were held invalid or unenforceable. *Id.*, D.I. 323.

This Court held a trial on the validity of the '659 Patent in September 2022. MDL No. 20-2930-RGA, D.I. 882-884.

On July 7, 2023, this Court issued an Opinion holding that claims 1-4 of the '659 Patent were not invalid for obviousness, lack of enablement, or indefiniteness, but were invalid for lack of written description; final judgment was entered on July 21, 2023 (the opinion and final judgment collectively are referred to herein as "the '659 Patent Opinion and Judgment"). *Id.*, D.I. 1099, 1120; C.A. No. 19-2053, D.I. 402, 406.

### B. The Novartis/Hetero '659 Patent Appeal

On July 31, 2023, Novartis appealed this Court's '659 Patent Judgment, which was entered in the MDL and each of the Delaware MDL member cases. MDL No. 20-2930-RGA, D.I. 1133. The Novartis/Hetero '659 Patent Appeal was consolidated with Novartis's appeals of the same '659 Patent Judgment in the other MDL member cases. The other Defendants-Appellees involved in the consolidated appeals are Torrent Pharma Inc., Torrent Pharmaceuticals Ltd., MSN Pharmaceuticals, Inc., MSN Laboratories Private Ltd., and MSN Life Sciences Private Ltd.[2]

In a related case between Novartis and Nanjing Noratech Pharmaceutical Co. ("Noratech") concerning infringement of the '659 Patent, this Court entered a Rule 54(b) judgment providing that the '659 Patent Judgment applies in the Noratech case under principles of issue preclusion. MDL No. 20-2930-RGA, D.I. 1144. Novartis appealed (*id*., D.I. 1148), and that appeal is stayed pending the resolution of the consolidated appeals. Appeal No. 23-2317, D.I. 12.

Briefing is complete in the consolidated appeals. The parties await an oral argument date.

### C. The Parties' Settlement Agreement

On June 3, 2024, Novartis and Hetero executed the Settlement Agreement 

---

[2] Mylan Pharmaceuticals Inc. ("Mylan") was previously a party to the consolidated appeal, but Novartis's appeal against Mylan was dismissed pursuant to a settlement agreement between Novartis and Mylan.

ME1 48673701v.1



## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 60(b) authorizes the Court to "relieve a party" from "a final judgment, order, or proceeding" for several reasons.[3] For example, Rule 60(b)(5) allows the Court to grant relief from, including vacatur of, a final judgment if "applying it prospectively is no longer equitable." Under that provision, courts may vacate "any judgment that has prospective effect" if "some change in conditions" makes that judgment no longer equitable. Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2863 (3d ed.) (noting provision "may be utilized to seek the vacation of a judgment on the ground that the case has been settled so that it would not be equitable to have

---

[3] Third Circuit law controls if a Rule 60(b) motion involves "procedural matters that are not unique to patent law," as here. *Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 714 F.3d 1289, 1292-93 (Fed. Cir. 2013).

ME1 48673701v.1

it remain in effect").

Rule 60(b)(6) also allows the Court to relieve a party from a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Courts in the Third Circuit have often found exceptional circumstances under Rule 60(b)(6) when the resulting settlement will produce substantial benefits that outweigh any costs to the public. *See, e.g.*, *Janssen Prods., L.P. v. Lupin Ltd.*, No. 10-5954, 2016 WL 1029269, *3 (D.N.J. Mar. 15, 2016); *Hospira, Inc. v. Sandoz Inc.*, No. 09-4591, 2014 WL 794589, *5 (D.N.J. Feb. 27, 2014); *McKinney v. Philadelphia Hous. Auth.*, No. 07-4432, 2010 WL 2510382, *2-*4 (E.D. Pa. June 16, 2010). Factors weighing in favor of vacatur include that the public interest is served by settlements when previously committed judicial resources are made available to deal with other matters, the settlement agreement will end the litigation, the settlement was contingent on vacatur, and the judgment has minimal precedential value. *See Janssen*, 2016 WL 1029269, *3; *Hospira*, 2014 WL 794589, *5; *McKinney*, 2010 WL 2510382, *2-*4.

When divested of jurisdiction because of a pending appeal, Federal Rule of Civil Procedure 62.1(a)(3) allows a district court to issue an "indicative ruling" stating whether it would grant a Rule 60(b) motion if the appellate court remands for that purpose pursuant to Federal Rule of Appellate Procedure 12.1. *See Resqnet.com, Inc. v. Lansa, Inc.*, 481 F. Appx. 615, 616 (Fed. Cir. 2012); *Ameranth, Inc. v. Menusoft Sys. Corp.*, 463 F. Appx. 920, 920 (Fed. Cir. 2012); *Acoustic Techs., Inc. v. Itron, Inc.*, 428 Fed. Appx. 996, 996 (Fed. Cir. Sept. 6, 2011); Fed. R. App. P. 12.1, 2009 Advisory Committee Note (stating that Rule 12.1 "corresponds to Federal Rule of Civil Procedure 62.1" and is meant to facilitate a Rule 60(b) motion to vacate a judgment that is pending on appeal). If the district court grants the motion under Rule 62.1, the moving party must promptly notify the Federal Circuit and request that the Federal Circuit remand the appeal so that the district

court can enter the requested vacatur. Fed. R. App. P. 12.1. On remand, "[t]he district court may decide the motion if the court of appeals remands for that purpose." Fed. R. Civ. P. 62.1(c).

Courts in the Third Circuit have followed the above procedure, issuing indicative rulings in view of settlement in patent cases and granting the Rule 60(b) motions on remand from the Federal Circuit. *See Janssen*, No. 10-5954, D.I. 1063, 1065, 1068-1069 (D.N.J.); *Hospira*, No. 09-4591, D.I. 400-402, 404-405, 415-417 (D.N.J.).

## III. ARGUMENT

Novartis and Hetero respectfully request that the Court issue an indicative ruling that the Court would enter the '659 Patent Vacatur Order if the Federal Circuit were to remand for that purpose. All the relevant factors weigh in favor of granting vacatur here.

*First*, exceptional circumstances warrant vacatur here because the resulting settlement will produce substantial net benefits to the public. The settlement will conserve significant judicial resources by allowing Novartis and Hetero to terminate as to Hetero their ongoing litigation pending before the Federal Circuit. The parties have now ███████████████████████ ███████████████. Without the settlement, the parties, the Court of Appeals for the Federal Circuit, and potentially this Court will have to expend resources addressing complex patent issues. With the settlement, all the litigation between Novartis and Hetero will permanently end. Further, if Novartis were to also reach a settlement with Torrent Pharma Inc. and Torrent Pharmaceuticals Ltd., this Court will not be required to issue any decision on U.S. Patent Nos. 11,058,667 and 11,096,918, which were tried in February of this year, thus conserving judicial resources. The Third Circuit has a strong policy "in favor of voluntarily settlement agreements." *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 594 (3d Cir. 2010); *Hospira*, 2014 WL 794589, *5 ("Settlements are . . . highly favored.").

6

*Second*, those public benefits would be impossible without entry of the '659 Patent Vacatur Order. . *See Janssen*, 2016 WL 1029269, Vacatur is appropriate in these circumstances. *See 3G Licensing, S.A. v. BlackBerry Ltd.*, No. 17-82-LPS, 2018 WL 9596145, *1 (D. Del. Aug. 16, 2018).

*Third*, the minimal precedential value of the '659 Patent Judgment as to Hetero alone is another exceptional circumstance favoring vacatur. The '659 Patent Judgment will remain in place as it relates to Novartis and parties other than Hetero and will continue to be contested on appeal regardless of any vacatur in the Hetero cases. To be clear, if the Court grants Novartis's motion, there is no impact on the '659 Patent Judgment to the public or parties other than Hetero. Further, the '659 Patent Appeal against the other Defendants-Appellees will continue, and thus there is no concern that Novartis's intellectual property rights may be left to some unknown future litigation. Accordingly, the facts here are at least as, if not more, compelling than those in other cases where courts have found "exceptional circumstances" and granted vacatur in view of settlement. *Cf. Janssen*, 2016 WL 1029269, *3 (granting vacatur that "l[eft] intact" the findings of fact and law against the remaining defendants and thus "d[id] not 'discard' the Court['s] previous decision" (citation omitted)); *Hospira*, 2014 WL 795489, *4 (the district court's opinion, on appeal to the Federal Circuit, was "mere persuasive authority" not binding precedent); *McKinney*, 2010 WL 2510382, *2 (opinion was fact-specific and had "only limited preclusive or precedential effect in subsequent cases" so vacatur "would not have a significant effect on the law").

*Finally*, the present motion is timely as it was made as soon as the parties executed the

8

███████ Settlement Agreement. Fed. R. Civ. P. 60(c)(1) (a motion seeking relief under Rule 60(b)(5) or 60(b)(6) is timely if "made within a reasonable time . . . .").

### CONCLUSION

For the foregoing reasons, Novartis and Hetero respectfully request that this Court grant their Joint Motion for Indicative Ruling to Enter Vacatur Order Pursuant to Federal Rules of Civil Procedure 62.1 and 60(b). ████████████████████████████████████████, the parties respectfully request that the Court rule on this motion within 30 days.

ME1 48673701v.1

Dated June 4, 2024

| | |
|---|---|
| MCCARTER & ENGLISH LLP | SMITH, KATZENSTEIN, & JENKINS LLP |
| */s/ Alexandra M. Joyce* | */s/ Daniel A. Taylor* |
| Daniel M. Silver (No. 4758) | Neal C. Belgam (No. 2721) |
| Alexandra M. Joyce (No. 6423) | Daniel A. Taylor (No. 6934) |
| Renaissance Centre | 1000 West Street, Suite 1501 |
| 405 N. King Street, 8th Floor | Wilmington, DE 19801 |
| Wilmington, Delaware 19801 | (302) 652-8400 |
| (302) 984-6300 | nbelgam@skjlaw.com |
| dsilver@mccarter.com | dtaylor@skjlaw.com |
| ajoyce@mccarter.com | |
| | Dmitry V. Shelhoff |
| Nicholas N. Kallas | Kenneth S. Canfield |
| Christina Schwarz | Edward D. Pergament |
| Jared L. Stringham | Julia S. Kim |
| Christopher E. Loh | PERGAMENT &CEPEDA LLP |
| Susanne L. Flanders | 25A Hanover Road, Suite 104 |
| Melinda R. Roberts | Florham Park, NJ 07932 |
| Shannon K. Clark | (973) 998-7722 |
| Laura K. Fishwick | dshelhoff@pergamentcepeda.com |
| Gregory J. Manas | kcanfield@pergamentcepeda.com |
| VENABLE LLP | epergament@pergamentcepeda.com |
| 151 West 42nd Street | jkim@pergamentcepeda.com |
| New York, New York 10036 | |
| nkallas@venable.com | *Attorneys for Defendants Hetero USA Inc.,* |
| cschwarz@venable.com | *Hetero Labs Limited, and Hetero Labs Limited* |
| jlstringham@venable.com | *Unit III* |
| cloh@venable.com | |
| slflanders@venable.com | |
| mrroberts@venable.com | |
| skclark@venable.com | |
| lfishwick@venable.com | |
| gjmanas@venable.com | |

*Attorneys for Plaintiff*
*Novartis Pharmaceuticals Corporation*