# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re Entresto (Sacubitril/Valsartan) Patent Litigation | ) ) ) ) ) ) ) | MDL No. 20-2930-RGA |
| NOVARTIS PHARMACEUTICALS CORPORATION, <br><br>Plaintiff, <br><br>v. <br><br>HETERO USA INC., HETERO LABS LIMITED, HETERO LABS LIMITED UNIT III, <br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 21-1760-RGA |
| NOVARTIS PHARMACEUTICALS CORPORATION, <br><br>Plaintiff, <br><br>v. <br><br>TORRENT PHARMA INC., TORRENT PHARMACEUTICALS LTD., <br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 21-1794-RGA |

**STIPULATION AND [PROPOSED] ORDER REGARDING ADDITIONAL POST-TRIAL BRIEFING WITH RESPECT TO U.S. PATENT NO. 11,058,667**

Plaintiff Novartis Pharmaceuticals Corporation ("Novartis") and Defendants Torrent Pharma Inc. and Torrent Pharmaceuticals Ltd. (collectively, "Torrent") (all collectively, "Parties") by and through their respective counsel, hereby stipulate as follows:

ME1 48778566v.1

WHEREAS, Torrent filed Defendants' Reply Post-Trial Brief on Invalidity ("Torrent's Reply Brief") regarding U.S. Patent No. 11,058,667 ("the '667 patent") on June 7, 2024;

WHEREAS, Torrent's Reply Brief cited for the first time two Federal Circuit cases which were decided after Torrent's opening post-trial brief was filed on March 27, 2024 (20-md-2930-RGA, D.I. 1307): *Janssen Pharm. v. Teva Pharm.*, 97 F.4th 915 (Fed. Cir. 2024) (decided April 1, 2024), and *Salix Pharm. v. Norwich Pharm.*, 98 F.4th 1056 (Fed. Cir. 2024) (decided April 11, 2024) (*see* 20-md-2930-RGA, D.I. 1377 at 10-11, 13-15);

WHEREAS, Torrent's Reply Brief raised for the first time a non-infringement argument concerning the '667 patent (*see* 20-md-2930-RGA, D.I. 1377 at 11-12); and

WHEREAS, in order to avoid motion practice, the Parties have conferred and agreed to submit limited supplemental post-trial briefs addressing the new Federal Circuit cases and new non-infringement argument raised in Torrent's Reply Brief as set forth below;

IT IS HEREBY STIPULATED AND AGREED, by and between Novartis and Torrent, and subject to the approval of the Court:

(1) Novartis is permitted to file the two-page surreply brief, submitted herewith as Exhibit A, within one business day of this Court's Order, to address two issues with respect to the '667 patent: (i) newly decided Federal Circuit cases and (ii) a new non-infringement argument, both raised by Torrent for the first time in its reply post-trial brief (20-md-2930-RGA, D.I. 1377);

(2) Torrent is permitted to file a one-and-a-half-page sur-surreply brief, within four business days of Novartis filing its surreply brief, limited to responding to Novartis's position on the newly decided Federal Circuit cases; and

(3) the Parties shall provide the Court hyperlinked versions of the surreply and sur-surreply post-trial briefs within three business days of filing the respective brief.

Dated: June 14 2024

| MCCARTER & ENGLISH, LLP | SMITH, KATZENSTEIN, & JENKINS LLP |
|---|---|
| */s/ Alexandra M. Joyce* | /s/ *Daniel M. Taylor* |
| Daniel M. Silver (#4758) | Neal C. Belgam (#2721) |
| Alexandra M. Joyce (#6423) | Daniel A. Taylor (#6934) |
| Renaissance Centre | 1000 West Street, Suite 1501 |
| 405 N. King Street, 8th Floor | Wilmington, DE 19801 |
| Wilmington, Delaware 19801 | (302) 652-8400 |
| (302) 984-6300 | nbelgam@skjlaw.com |
| *dsilver@mccarter.com* | dtaylor@skjlaw.com |
| *ajoyce@mccarter.com* | |
| | Dmitry V. Shelhoff |
| *Attorneys for Plaintiff Novartis* | Kenneth S. Canfield |
| *Pharmaceuticals Corporation* | Edward D. Pergament |
| | Julia S. Kim |
| | PERGAMENT & CEPEDA LLP |
| | 25A Hanover Road |
| | Florham Park, NJ 07932 |
| | (973) 998-7722 |
| | dshelhoff@pergamentcepeda.com |
| | kcanfield@pergmanentcepeda.com |
| | epergament@pergamentcepeda.com |
| | jkim@pergamentcepeda.com |
| | |
| | *Attorneys for Defendants* |
| | *Torrent Pharma Inc.* |
| | *and Torrent Pharmaceuticals Ltd.* |

SO ORDERED this __18__ day of June 2024.

/s/ Richard G. Andrews
United States District Court Judge

3

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re Entresto (Sacubitril/Valsartan) Patent Litigation | ) ) ) ) ) ) ) | MDL No. 20-2930-RGA |
| NOVARTIS PHARMACEUTICALS CORPORATION, | ) ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 21-1760-RGA |
| v. | ) ) | |
| HETERO USA INC., HETERO LABS LIMITED, HETERO LABS LIMITED UNIT III, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| NOVARTIS PHARMACEUTICALS CORPORATION, | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 21-1794-RGA |
| v. | ) ) | |
| TORRENT PHARMA INC., TORRENT PHARMACEUTICALS LTD., | ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S SUR-REPLY POST-TRIAL BRIEF**
**ON THE VALIDITY OF U.S. PATENT NO. 11,058,667**

1

**New Federal Circuit Decisions**: Neither *Janssen* nor *Salix* supports finding obviousness on the facts here. *Contra* MDL No. 20-2930-RGA, D.I. 1377 ("Reply Br.") at 10-11, 13-15.

*Janssen Pharms., Inc. v. Teva Pharms. USA, Inc.* never suggests that the Court cannot consider absence of results to be relevant to finding no reasonable expectation of success. Instead, *Janssen* held that the district court erred by "simply discarding" prior art from the motivation-to-combine analysis solely due to its lack of safety and efficacy data, even though the claims had no safety or efficacy requirement. 97 F.4th 915, 918-920, 928-929 (Fed. Cir. 2024). In contrast, Defendants have failed to show a reasonable expectation that any naïve or low-dose HFrEF patient would successfully achieve the target dose of LCZ696 using the claimed steps (without ACEI or ARB pretreatment) as the claims require, in view of the prior art as a whole, not merely because NCT'089 and the VA Consent Form lack results. *See* MDL No. 20-2930-RGA, D.I. 1348 ("Resp. Br.") at 3, 13-16, 30-31.

*Janssen* further held that the district court erred by "discounting" prior art solely because it differed from the claims (97 F.4th at 918-922, 928, 930), but the Court need not do that here to find the asserted claims non-obvious. A POSA would not have extrapolated Dickstein's statements about the up-titration of valsartan or other ARBs to the claimed LCZ696 – not only because ARBs and LCZ696 are different drugs, but because a POSA undisputedly would not have considered the sacubitril portion of the first-in-class drug LCZ696 to be irrelevant to its titration, and the impact of sacubitril on achieving the target dose of LCZ696 was not known or reasonably predictable. Resp. Br. at 33-34. Defendants' analogy to prior art concerning a different type of heart failure (HFpEF, in Example 1 of Schumacher) (Reply Br. at 10), not the claimed type HFrEF, similarly fails. In addition to being different conditions, a POSA would have understood that HFrEF and HFpEF had different causes and treatment approaches, and safety data were not transferrable

between them. *See* Resp. Br. at 31-32.

*Salix Pharms. v. Norwich Pharms.* is entirely consistent with finding no reasonable expectation of success. *Salix* declined to conclude "that the disclosure of a Phase II clinical trial plan, standing alone, provides an expectation of success sufficient to render obvious [the claimed] dosage that was not included within the planned clinical trial." 98 F.4th 1056, 1062 (Fed. Cir. 2024). Instead, *Salix* found no clear error in the district court's reasonable expectation of success finding based on the protocol in combination with a second reference that demonstrated likelihood of success, and together the references disclosed all limitations of the claims. *Id.* at 1061-64. The background knowledge of a POSA further supported this finding. *Id.* at 1062-63. By contrast, Defendants' two obviousness challenges based on limited information about TITRATION's protocol (NCT'089 and the VA Consent Form) have critical gaps concerning whether naïve or low-dose HFrEF patients could be up-titrated to the target dose of LCZ696 without ACEI or ARB pretreatment, or how to accomplish that. Resp. Br. at 13-16, 30-31. Neither NCT'089 nor the VA Consent Form taught or suggested that the claimed naïve and low-dose HFrEF patients were eligible to be included in TITRATION or if eligible, would have been up-titrated to optimal doses of an ACEI or ARB before administering LCZ696 (rendering them no longer naïve or low-dose). *Id.* at 10-12, 29-30. NCT'089 also failed to teach the claimed up-titration steps. *Id.* at 12-13.

**New Argument Concerning Naïve Patients:** The Court should ignore Defendants' new non-infringement argument (Reply Br. at 11-12) related to naïve patients. The patient population of claim 19 covers naïve "or" low-dose patients; claim 15 is limited to low-dose patients. MDL No. 20-2930-RGA, D.I. 1308 at ¶¶ 102, 104. Defendants do not dispute they will induce administration to low-dose patients, which alone is sufficient to find infringement of both claims.

3

| | |
|---|---|
| Dated: June 14, 2024 | MCCARTER & ENGLISH, LLP |
| | |
| | /s/ *Alexandra M. Joyce* |
| OF COUNSEL: | Daniel M. Silver (#4758) |
| | Alexandra M. Joyce (#6423) |
| Nicholas N. Kallas | Renaissance Centre |
| Christina Schwarz | 405 N. King Street, 8th Floor |
| Christopher E. Loh | Wilmington, Delaware 19801 |
| Susanne L. Flanders | (302) 984-6300 |
| Jared L. Stringham | *dsilver@mccarter.com* |
| Shannon K. Clark | *ajoyce@mccarter.com* |
| Laura K. Fishwick | |
| Gregory J. Manas | *Attorneys for Plaintiff Novartis* |
| VENABLE LLP | *Pharmaceuticals Corporation* |
| 151 West 42nd Street | |
| New York, New York 10036 | |
| (212) 307-5500 | |
| *nkallas@venable.com* | |
| *cschwarz@venable.com* | |
| *cloh@venable.com* | |
| *slflanders@venable.com* | |
| *jlstringham@venable.com* | |
| *skclark@venable.com* | |
| *lfishwick@venable.com* | |
| *gjmanas@venable.com* | |