IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re Entresto (sacubitril/valsartan) Patent Litigation | C.A. No. 20-md-2930-RGA ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ |
| NOVARTIS PHARMACEUTICALS CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LIMITED, MSN LIFE SCIENCES PRIVATE LIMITED, GERBERA THERAPEUTICS, INC., NANJING NORATECH PHARMACEUTICAL CO., LIMITED, <br><br> Defendants. | Public Version Filed July 12, 2024 <br><br><br> C.A. No. 22-1395-RGA ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ |
| NOVARTIS PHARMACEUTICALS CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> GERBERA THERAPEUTICS, INC., NANJING NORATECH PHARMACEUTICAL CO., LIMITED, <br><br> Defendants. | C.A. No. 23-401-RGA ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ |

**LETTER TO THE HONORABLE RICHARD G. ANDREWS FROM
DOMINICK T. GATUSO, ESQ. ON BEHALF OF DEFENDANTS GERBERA AND
<u>NORATECH REGARDING DISCOVERY DISPUTE</u>**

| | |
|---|---|
| OF COUNSEL:<br><br>HUSCH BLACKWELL LLP<br>Don J. Mizerk<br>Matthew M. Kamps<br>120 South Riverside Plaza, Suite 2200<br>Chicago, IL 60606<br><br>Thomas P. Heneghan<br>33 East Main Street<br>Suite 300<br>Madison, WI 53703<br><br>Date: July 1, 2024 | HEYMAN ENERIO<br>GATTUSO & HIRZEL LLP<br>Dominick T. Gattuso (#3630)<br>Denise Seastone Kraft (#2778)<br>300 Delaware Ave., Suite 200<br>Wilmington, DE 19801<br><br>*Attorneys for Defendants Gerbera Therapeutics, Inc. and Nanjing Noratech Pharmaceutical Co., Ltd.* |

Dear Judge Andrews:

We write on behalf of Defendants Gerbera Therapeutics, Inc. and Nanjing Noratech Pharmaceutical Co., Ltd. (collectively, "Noratech"), regarding Novartis's request (under the pretext of a purported discovery dispute) to amend the Court's Scheduling Orders in the above-captioned actions to require Noratech to produce all FDA correspondence regarding its ANDA No. 213671 within five business days of submitting it to FDA or receiving it from FDA. The thrust of the dispute is whether Noratech should be required to provide to Novartis FDA correspondence that has nothing to do with any of the patent issues in this case, other than the issuance of FDA approval, which the Court has already required all parties to produce within "within ten (10) days (as computed per Fed. R. Civ. P. 6) of receiving such notification from the FDA." (D.I. 1092, at ¶ 1(a); *see also* D.I. 1098, at ¶ 18 (incorporating order in Scheduling Order).) Novartis makes no argument that any of the information it seeks herein is relevant to any issue in this case and makes no argument that Noratech's commitment to supplement its production as required by FRCP 26(e) with any information relating to its API or label is inadequate. Therefore, Novartis's request should be denied.

## I. Background

These cases against Noratech are the second and third cases filed by Novartis, regarding Noratech's ANDA No. 213671 for sacubitril/valsartan products. The first was dismissed after ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See e.g.*, D.I. 661 (denying fee request and summarizing case history).) The second case (Case No. 22-1395 regarding the '918 patent) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. The third case (Case No. 23-401 regarding the '667 patent) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

On July 6, 2023, an agreed Scheduling Order was entered in the above referenced cases. The Orders contain the same statement regarding the production of "core technical documents" (D.I. 1097 at ¶ 4(c) (Case No. 23-401); D.I. 1098 at ¶ 3(c) (Case No. 22-1395)):

> Production of Core Technical Documents. Within five (5) business days of the entry date of this Order, Defendants shall produce any amendments, supplements, or other updates to their Abbreviated New Drug Applications ("ANDAs"), and any correspondence related thereto to or from [FDA], to the extent not already produced in C.A. No. 20-md-2930 and its related civil actions.

(*Id.*) The agreed Order contains no statement or requirement that any production obligation was imposed other than to produce what existed on the date of the required production. This is the same language that appeared in the Scheduling Order entered in the original Noratech case. (*See* D.I. 102, at ¶ 9(c).) These provisions are simply applications of this Court's Default Discovery Standards which require, "[w]ithin 30 days after receipt of the above, each defendant shall produce to the plaintiff the core technical documents related to the accused product(s)…." Until this dispute arose, Novartis never suggested that this paragraph of the Scheduling Order or the Court's Default Discovery Standard imposed a continuous obligation to produce immaterial updates.

1

Contemporaneously with the Scheduling Order, at Novartis's request, the Court ordered all defendants to inform Novartis of any issuance of approval (whether final or tentative) by FDA of its respective ANDA. (D.I. 1092.) That Order stated:

> If any Defendant receives any FDA approval (including tentative or final FDA approval) of its sacubitril/valsartan ANDA prior to the Court issuing its final judgment in the above-captioned civil actions, that Defendant will notify Novartis (via email to each counsel of record for Novartis) of any such FDA approval within ten (10) days (as computed per Fed. R. Civ. P. 6) of receiving such notification from the FDA.

(*Id.*) That Order also required each defendant to provide 15 days' advance notice of any intention to launch its ANDA product. (*Id.*) Of course, if the agreed Scheduling Order or Default Discovery Standard required continuous production of all FDA correspondence, Novartis's request for this order would not have been necessary.

## II. Novartis's Arguments That FRCP 26(e) And/Or The Court's Scheduling Order Requires That All FDA Correspondence Must Be Produced Upon Submission/Receipt Is Without Basis

### A. The Court's Scheduling Order and Default Discovery Standard does not impose any continuing obligation to update disclosures.

Novartis argues that "[t]he Court's Scheduling Orders obligate Noratech to produce 'any amendments, supplements, or other updates to their [ANDA], and any correspondence related thereto to or from [FDA], to the extent not already produced.'" (D.I. 1395, at 2.) Novartis ignores the express language of that Order, which states that such production was required only once: "[w]ithin five (5) business days of the entry date of this Order." Thus, the Scheduling Order entered in this case is clear: it requires the defendants to produce a complete copy of their ANDA on a specified date. The Scheduling Order does not require any production after that date.

Novartis knows that its reading of the agreed Scheduling Order is erroneous. Prior to the Scheduling Conference, Novartis proposed that Noratech be required to provide a copy of any approval of its ANDA by FDA "within five (5) days of receiving such notification from the FDA." (*See e.g.,* D.I. 1057, at 15.) Of course, if the Scheduling Order already required Noratech to provide continuing updates of FDA correspondence unrelated to the patent issues in the case, such a request would have been unnecessary. Now Novartis re-raises this rejected request under the auspices of a discovery dispute.

Novartis's reliance on the New Jersey local rule that requires production of all FDA correspondence supports Noratech's position and does not support Novartis's arguments. (D.I. 1395, at 3.) This Court has no such rule and, to our knowledge, has never interpreted its Default Discovery Standard or Scheduling Order to impose such an obligation.

Novartis makes an argument that because Noratech produced to it a letter sent to FDA that did not address labeling or API it means that Noratech interpreted its obligations to supplement its disclosures more broadly. (D.I. 1395, at 3.) This argument is baseless.



███████████████████████████████████████. (Ex. A hereto.) ████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████. Such courtesy does not imply an understood obligation to make irrelevant supplementations.

The language in the Scheduling Order and the Default Discovery Standard have been used in countless cases in which Noratech's counsel has been involved. Never have they been interpreted in practice or by this Court to require the same obligation as the controversial New Jersey local rule requiring on-going production of FDA correspondence.

### B. FRCP 26(e) Does Not Impose Any Obligation To Produce Immaterial New Information.

Rule 26(e) requires discovery responses to be supplemented "in a timely manner if the party learns that *in some material respect* the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." (D.I. 1395, at 3.) The duty to supplement either Noratech's original production of its ANDA or responses to discovery requests, does not require production of documents unrelated to any patent issue in this case.

Novartis acknowledges that Noratech has complied with its duty to supplement because Noratech has agreed (and has consistently continued) to produce documents "relat[ing] to potential uses (labeling) or the composition/stability of the ANDA product." *See e.g., Sender v. Mann*, 225 F.R.D. 645 (D.Colo.2004) (quoting Rule 26(e)) ("Information is 'incomplete or incorrect' in 'some material respect' if there is an objectively reasonable likelihood that the additional or corrective information could substantially affect or alter the opposing party's discovery plan or trial preparation.").

Novartis makes no argument that the additional information it is seeking is "material" or has any role in this case or bears on a single issue in this case. As such, Novartis's reliance on FRCP 26(e) in support of its position is without basis.[1]

For the foregoing reasons, Noratech respectfully requests that the Court deny Novartis's request to modify the agreed Scheduling Order to additionally require production of FDA correspondence within five (5) days of submission or receipt.

---

[1] ████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████.

3

|  |  |
|---|---|
| OF COUNSEL:<br><br>HUSCH BLACKWELL LLP<br>Don J. Mizerk<br>Matthew M. Kamps<br>120 South Riverside Plaza, Suite 2200<br>Chicago, IL 60606<br>(312) 655-1500<br>don.mizerk@huschblackwell.com<br>matt.kamps@huschblackwell.com<br><br>Thomas P. Heneghan<br>33 East Main Street<br>Suite 300<br>Madison, WI 53703<br>(606)234-6032<br>tom.heneghan@huschblackwell.com<br><br>Dated: July 1, 2024 | HEYMAN ENERIO<br>GATTUSO & HIRZEL LLP<br><br>*/s/ Dominick T. Gattuso*<br>Dominick T. Gattuso (#3630)<br>Denise Seastone Kraft (#2778)<br>300 Delaware Ave., Suite 200<br>Wilmington, DE 19801<br>(302) 472-7300<br>dgattuso@hegh.law<br>dkraft@hegh.law<br><br>*Attorneys for Defendants Gerbera Therapeutics, Inc. and Nanjing Noratech Pharmaceutical Co., Ltd.* |

4