## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re Entresto (Sacubitril/Valsartan) Patent Litigation | C.A. No. 20-2930-RGA |
| NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LIMITED, MSN LIFE SCIENCES PRIVATE LIMITED, GERBERA THERAPEUTICS, INC., NANJING NORATECH PHARMACEUTICAL CO., LIMITED,<br><br>    Defendants. | C.A. No. 22-1395-RGA |
| NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LIMITED, MSN LIFE SCIENCES PRIVATE LIMITED,<br><br>    Defendants. | C.A. No. 19-2053-RGA |

**DECLARATION OF BRIAN ROBINSON**

I, Brian Robinson, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am employed by Novartis Pharmaceuticals Corporation ("Novartis") as Head Commercial IP and US IP Litigation.  I supervise United States patent litigation concerning Entresto® (sacubitril/valsartan), including the above-captioned lawsuit.

2.      I submit this declaration in support of the full redactions to Exhibits 1–14 of the August 2, 2024 Declaration of Christopher Vellturo, Ph.D. Concerning Irreparable Harm, and the redactions to Figures 1 and 2 in Dr. Vellturo's Declaration.  Dr. Vellturo's Declaration was filed under seal by Novartis on August 2, 2024 in connection with the August 2–9, 2024 injunction proceedings in the above-captioned cases against defendants MSN Pharmaceuticals, Inc., MSN Laboratories Private Limited and MSN Life Sciences Private Limited (collectively, MSN).[1]

3.      I have personal knowledge of the facts in this declaration from my first-hand knowledge and/or my review of the above-mentioned redacted materials.  Due to the confidential nature of the information in them, Novartis believes there is good cause for the proposed redactions.  The following paragraphs provide brief, non-confidential descriptions of the redacted materials and explanations for why they should be redacted.

4.      Exhibits 1 and 8–11 are confidential Novartis internal marketing strategy documents for Entresto®.  Each is marked "Confidential," "Strictly Confidential," or "Business Use Only."  Each contains highly sensitive business information that is proprietary to Novartis, including Novartis's detailed analysis of Entresto®'s marketplace performance vis-à-vis competitor drug products, Novartis's plans for future marketing of Entresto®, Novartis's business intelligence and financial data, and Novartis's business and scientific trade secrets.  To Novartis's knowledge, these documents have never been disclosed outside of Novartis other than

---

[1] Dr. Vellturo's Declaration and the exhibits thereto were filed under seal on the docket for Civ. No. 20-md-2930 at D.I. 1428.  They also were filed under seal on the docket for Civ. No. 22-1395 at D.I. 219 and on the docket for Civ. No. 19-2053 at D.I. 423.

under seal for the purpose of this litigation.  Even within Novartis, their distribution is limited to certain individuals.  Public disclosure of these documents will harm Novartis at least by allowing its competitors to use, copy or otherwise exploit the information therein to obtain an unfair competitive advantage.  The redactions thus are necessary to preserve the confidentiality and business value of that information, and to prevent competitive harm to Novartis.

5. Exhibit 2 is a confidential Novartis internal profit and loss statement for Entresto®.  It contains highly sensitive business information that is proprietary to Novartis, including highly sensitive numbers concerning rebates, COGS and marketing and clinical trial expenses for Entresto®.  To Novartis's knowledge, this document has never been disclosed outside of Novartis other than under seal for the purpose of this litigation.  Even within Novartis, its distribution is limited to certain individuals.  Public disclosure of this document will harm Novartis at least by allowing its competitors to use, copy or otherwise exploit the information therein to obtain an unfair competitive advantage.  The redactions thus are necessary to preserve the confidentiality and business value of that information, and to prevent competitive harm to Novartis.

6. Exhibits 3 and 4 are confidential Novartis internal financial models that forecast the potential effects of generic entry on Entresto®'s prescriptions.  They contain highly sensitive business information that is proprietary to Novartis.  To Novartis's knowledge, these documents have never been disclosed outside of Novartis other than under seal for the purpose of this litigation.  Even within Novartis, their distribution is limited to certain individuals.  Public disclosure of these documents will harm Novartis at least by allowing its competitors to use, copy or otherwise exploit the information therein to obtain an unfair competitive advantage.  The

redactions thus are necessary to preserve the confidentiality and business value of that information, and to prevent competitive harm to Novartis.

7. Exhibits 5 and 6 are Novartis's internal forecasts of Entresto®'s future net sales, in chart and number form, respectively. They contain highly sensitive business information that is proprietary to Novartis. To Novartis's knowledge, these documents have never been disclosed outside of Novartis other than under seal for the purpose of this litigation. Even within Novartis, their distribution is limited to certain individuals. Public disclosure of these documents will harm Novartis at least by allowing its competitors to use, copy or otherwise exploit the information therein to obtain an unfair competitive advantage. The redactions thus are necessary to preserve the confidentiality and business value of that information, and to prevent competitive harm to Novartis.

8. Figure 2 of Dr. Vellturo's Declaration discloses the Novartis forecast data from Exhibits 5 and 6. For the reasons set forth in the preceding paragraph, the redaction of Figure 2 of Dr. Vellturo's Declaration also is necessary.

9. Exhibits 7 and 12 are the proprietary data of a third-party pharmaceutical analytics vendor, IQVIA, showing Entresto®'s market share and prescriptions, respectively, vis-à-vis competitor drug products. As explained in greater detail in my May 3, 2024 declaration for a related case (*see* Civ. No. 23-401, D.I. 78), Novartis is contractually obligated to maintain the confidentiality of IQVIA data produced in the Entresto® litigation, including in the above-captioned cases. Public disclosure of these IQVIA data may damage Novartis's relationship with IQVIA. Public disclosure of these IQVIA data also may harm IQVIA, whose business is to collect and to sell information like that contained in Exhibits 7 and 12. The redactions thus are

4

necessary to preserve the confidentiality and business value of the data, to preserve Novartis's relationship with IQVIA, and to prevent competitive harm to IQVIA.

10. Figure 1 of Dr. Vellturo's Declaration discloses the IQVIA data set from Exhibit 12. For the reasons set forth in the preceding paragraph, the redaction of Figure 1 of Dr. Vellturo's Declaration also is necessary.

11. Exhibit 13 is an analysis by Dr. Vellturo's firm, QES, of the differences between Entresto®'s actual net sales and those forecasted by Novartis. This analysis is built on and discloses Novartis's internal forecasts of Entresto®'s future net sales (Exhibits 5 and 6 above). To Novartis's knowledge, this document has never been disclosed to anyone either inside or outside Novartis other than under seal for the purpose of this litigation. Public disclosure of this document will harm Novartis at least by allowing its competitors to use, copy or otherwise exploit the information therein to obtain an unfair competitive advantage. The redactions thus are necessary to preserve the confidentiality and business value of that information, and to prevent competitive harm to Novartis.

12. Exhibit 14 is an analysis by Dr. Vellturo's firm, QES, of the effects of generic entry on Entresto®'s future net sales and profits. This analysis is built on and discloses Novartis internal financial models that forecast the potential effects of generic entry on Entresto® prescriptions (Exhibits 3 and 4 above). It is also built on and discloses information from Novartis's internal profit and loss statement for Entresto® (Exhibit 2 above). To Novartis's knowledge, this document has never been disclosed to anyone either inside or outside Novartis other than under seal for the purpose of this litigation. Public disclosure of this document will harm Novartis at least by allowing its competitors to use, copy or otherwise exploit the information therein to obtain an unfair competitive advantage. The redactions thus are necessary

5

to preserve the confidentiality and business value of that information, and to prevent competitive harm to Novartis.

I declare under the penalty of perjury that the foregoing in true and correct.

Executed on August 15, 2024

*Brian Robinson*
Brian Robinson
Head Commercial IP and US IP Litigation
Novartis Pharmaceuticals Corporation
One Health Plaza
East Hanover, New Jersey 07936