IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re Entresto (sacubitril/valsartan) Patent Litigation | C.A. No. 20-md-2930-RGA<br><br>██████████████<br>██████████<br><br>Public Version Filed Sept. 4, 2024 |
| NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>       Plaintiff,<br><br>       v.<br><br>MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LIMITED, MSN LIFE SCIENCES PRIVATE LIMITED, GERBERA THERAPEUTICS, INC., NANJING NORATECH PHARMACEUTICAL CO., LIMITED,<br><br>       Defendants. | C.A. No. 22-1395-RGA<br><br>████████████████<br>██████████ |

## LETTER TO THE HONORABLE RICHARD G. ANDREWS FROM DOMINICK T. GATTUSO, ESQ. ON BEHALF OF DEFENDANTS GERBERA AND NORATECH REGARDING DISCOVERY DISPUTE

OF COUNSEL:

HUSCH BLACKWELL LLP
Don J. Mizerk
Matthew M. Kamps
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606

Thomas P. Heneghan
33 East Main Street
Suite 300
Madison, WI 53703

HEYMAN ENERIO
GATTUSO & HIRZEL LLP
Dominick T. Gattuso (#3630)
Denise Seastone Kraft (#2778)
300 Delaware Ave., Suite 200
Wilmington, DE 19801

*Attorneys for Defendants Gerbera Therapeutics, Inc. and Nanjing Noratech Pharmaceutical Co., Ltd.*

Dear Judge Andrews:

We write on behalf of Defendants Gerbera Therapeutics, Inc. and Nanjing Noratech Pharmaceutical Co., Ltd. (collectively, "Noratech"), regarding the failure of Novartis Pharmaceutical Corporation ("Novartis") to disclose materials its testifying experts _considered_ but did not explicitly rely upon in their respective expert reports in violation of Fed. R. Civ. P. 26. Novartis's position that its experts only "considered" what they relied upon is simply untenable and interferes with Noratech's right to properly cross-examine these experts.

**Factual Background:** This case involves Noratech's ANDA No. 213671 for sacubitril/valsartan products ("Noratech ANDA Products") and Novartis's allegation that ███████████████ ████████████████████████████████████████████████████████████████████████ █████████████████████████████████████████████ and therefore infringes U.S. Patent No. 11,096,918 (the "'918 patent").

On May 10, 2024, Novartis produced to Noratech opening expert reports of Dr. Aeri Park and Dr. Adam Matzger setting forth its experts' position that ████████████████████████████ ████████████████████████████ therefore allegedly infringing the '918 patent. In short, Dr. Park allegedly replicated the example from the '918 patent creating a "glassy solid" and offered her opinion that this solid was amorphous TVS. She further opined that the "glassy solid" was distinguishable from a mathematical "physical mixture" of amorphous sacubitril sodium and amorphous valsartan disodium compounds she synthesized individually, citing various experiments and tests she conducted on her glassy solid, sacubitril and valsartan. In turn, Dr. Matzger used Dr. Park's "glassy solid" as a reference sample for amorphous TVS (relying on Dr. Park's syntheses and testing of the glassy solid, sacubitril and valsartan) in additional tests in which he claims to have found ██████████████████████████████████████.

Neither Dr. Park's nor Dr. Matzger's reports contained a list of "materials considered." Dr. Matzger, for example, stated: "My opinions are based on the materials that I considered, including the '918 patent and its file history, the sections of Noratech's ANDA cited herein, the May 9, 2024 Opening Expert Report of Aeri Park, Ph.D. on U.S. Patent No. 11,096,918 …, as well as on my education, knowledge, and experience as, outlined above. Additionally, I have reviewed and considered the materials referenced in this report." (Ex. A, Matzger Report ¶ 15.) Dr. Park stated only: "My opinions are based on the materials that I considered, including the '918 patent, as well as on my education, knowledge, and experience as outlined above. Additionally, I have reviewed and considered the materials referenced in this report." (Ex. B, Park Report ¶ 13.) In sum, Novartis took the position that only information included in the report was "considered."

On July 3, 2024, Noratech served expert reports from Dr. Clare Strachan, Dr. Richard McCreery and Dr. Jeremy Cockcroft responding to Dr. Park and Dr. Matzger's reports. On August 13, 2024, Novartis served reply expert reports from Dr. Park and Dr. Matzger. These reply reports revealed that Drs. Park and Matzger have considered far more materials in forming their opinions than they disclosed. For example, Dr. Matzger's Reply Report states that he had previously prepared amorphous sacubitril sodium. (Ex. C at ¶ 54.) The cited notebook pages (AJM-NOR0000031-4) indicate that this work was performed on June 24, 2023, long before service of Dr. Matzger's first report in which he relied on Dr. Park's synthesis of amorphous sacubitril sodium. (Ex. A, ¶ 89.)

1

In addition, multiple adjacent pages of Dr. Matzger's lab notebook suggest that he conducted additional relevant experiments. (Ex. E.) ██████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████

Similarly, Dr. Park's Reply Report states that she "observed that the glassy solid of Example 1 was stable for an extended period of time" (Ex. D at ¶ 71), suggesting that she conducted additional stability testing of the glassy solid she synthesized, which has never been provided.

**Legal Background:** As a general matter, Fed. R. Civ. P. 26(a)(2)(B) governs the disclosures required of a testifying expert. Subsection (i) requires disclosure of all information on which the expert _relies_ to support his or her opinions, and subsection (ii) requires disclosure of all materials _considered_ by the expert in forming the opinions irrespective of whether they were relied upon. Fed. R. Civ. P. 26(a)(2)(B) requires a party "to disclose to his opponent any information 'considered' by the litigant's testifying expert, … and the sanction for violating this rule can include barring the expert from testifying." *Fidelity National Title Ins. Co. of New York v. Intercounty National Title Ins. Co.*, 412 F.3d 745, 750 (7th Cir.2005) (citations omitted). Federal cases have delineated the difference between materials "considered" and materials "relied upon" for purposes of disclosure under Fed. R. Civ. P. 26. The term "considered" is interpreted broadly by the courts, encompassing all materials reviewed by experts in the course of forming their opinions, regardless of whether the experts ultimately rely on those materials in their final analysis. This broad interpretation ensures that all potential evidence, even if not directly used by the experts in their conclusions, is available for cross-examination and as part of the judicial process to clarify the basis of an expert's opinion. *See e.g., Pertile v. General Motors, LLC*, 2017 WL 3767780, *7 (D. Colo. Aug. 31, 2017). "[A]n objective test that defines 'considered' in Rule 26(a)(2)(B)(ii) [i]s anything received, reviewed, read, or authored by the expert, before or in connection with the forming of [their] opinion, if the subject matter relates to the facts or opinions expressed." *In re Mirena IUD Prod. Liab. Litig.*, 169 F. Supp. 3d 396, 470 (S.D.N.Y. 2016). For instance, the Advisory Committee Notes to the 2010 Amendments to Fed. R. Civ. P. 26 state that the disclosure obligation extends to any facts or data considered by the expert, not only those they relied upon.

1.      **Novartis Should be Ordered to Disclose All Testing and Information Its Experts Accessed Relating to Sacubitril, Valsartan, and Mixtures and Complexes Thereof.**

The fact that Dr. Matzger attempted to prepare amorphous sacubitril sodium and that Dr. Park conducted additional stability testing of her synthesized materials suggests that additional syntheses, testing and characterization work was done by Dr. Matzger and Dr. Park regarding sacubitril, valsartan, and mixtures and complexes of sacubitril and valsartan that have not been disclosed to Noratech. Clearly this information was considered by Dr. Matzger and Dr. Park in forming their opinions in this matter and must be made available to Noratech. *U.S. v. Am. Elec. Power Serv. Corp.*, 2006 WL 3827509, at *3 (S.D. Ohio Dec. 28, 2006) ("the party disclosing the expert may not simply rely upon a self-serving declaration of the expert himself that in formulating that opinion he neither considered nor relied upon certain information which he reviewed and which is relevant to the subject matter of his opinion"). Specifically, without limitation, if Dr. Matzger or Dr. Park synthesized or attempted (and failed) to synthesize amorphous valsartan disodium, a physical mixture of amorphous sacubitril sodium and amorphous valsartan disodium,

2

or the glassy solid of Example 1 of the '918 patent, all information relating to these experiments and characterizations of these materials should have been disclosed and provided. In addition, and again without limitation, if Dr. Matzger or Dr. Park conducted any other tests or had access to any tests of Noratech's ANDA products, APIs or excipients, this information must also be provided even if they did not reference such information in their respective reports.

2.     **Novartis's Experts Should be Ordered to Disclose All Testing and Attempts to Detect the Presence of Amorphous TVS.**

Novartis's experts should also be required to disclose all of their respective testing seeking to detect the presence of amorphous TVS, even if it implicates confidential information of previously sued or current defendants.  It is axiomatic that this information is "fodder for discovery" and Noratech is within its rights to determine if Novartis's experts have investigated these issues consistently or if data collected in those cases bears on Novartis's experts' similar efforts in this case. It is clear that Novartis's experts honed their techniques in these related matters in the present MDL. Judge Robinson addressed this issue squarely in *Merck Sharpe & Dohme Corp. v. Teva Pharmaceuticals USA, Inc.*, Civ. No. 15-250-SLR/SRF, ECF No. 53 (D. Del. Sept. 3, 2015) (Ex. F), observing that it is "common sense" that such information is appropriate "fodder for discovery":

> In this regard, common sense dictates that generic products (even pharmaceutical generic products) cannot be so dissimilar as to completely alleviate the natural instinct to draw upon past knowledge to solve even new problems, leading to inadvertent adverse use if not disclosure. Here, where Amneal and Apotex share the same "API" (active pharmaceutical ingredient) … and where the three cases initiated by Merck all involve "an anhydrate-based formulation [of mometasone furoate] that is bioequivalent to the brand" …  the risk of inadvertent use should not be minimized. … Merck's argument that Apotex's information is not relevant to the Delaware cases, therefore, is not persuasive. The crux of Dr. Cockcroft's testimony in the Delaware cases will be (as it was in New Jersey): Did Dr. Cockcroft find monohydrate in the accused formulations? He did not in New Jersey I; we can assume that he will find it in the Delaware cases, albeit using different technology. Regardless, that change in position is relevant fodder for discovery, and puts Apotex's confidential information at risk.

*Id.* at 6-7. Did Novartis's experts find amorphous TSV in these other cases?  What techniques did they use?  What Raman peaks identified in these other products did Novartis's experts say matched the peaks for amorphous TVS? There can be no doubt that Dr. Matzer and Dr. Park considered their prior work on sacubitril, valsartan, and mixtures and complexes thereof in informing their work and opinions disclosed in their respective expert reports.

Therefore, Noratech respectfully requests that the Court order Novartis to comply with Fed. R. Civ. P. 26(a)(2)(B)(ii) and disclose all the information relating to sacubitril, valsartan, and mixtures and complexes thereof that their experts have prepared or reviewed in connection with the '918 patent as this information clearly was considered by these experts in connection with devising their approach to conducting experiments in this case and rendering their respective opinions.

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

OF COUNSEL:

/s/ Dominick T. Gattuso

Dominick T. Gattuso (#3630)

HUSCH BLACKWELL LLP
Don J. Mizerk
Matthew M. Kamps
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
(312) 655-1500
don.mizerk@huschblackwell.com
matt.kamps@huschblackwell.com

Denise Seastone Kraft (#2778)
300 Delaware Ave., Suite 200
Wilmington, DE 19801
(302) 472-7300
dgattuso@hegh.law
dkraft@hegh.law

Thomas P. Heneghan
33 East Main Street
Suite 300
Madison, WI 53703
(606)234-6032
tom.heneghan@huschblackwell.com

*Attorneys for Defendants Gerbera
Therapeutics, Inc. and Nanjing Noratech
Pharmaceutical Co., Ltd.*

Dated: August 28, 2024