IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re ENTRESTO (SACUBITRIL/VALSARTAN) PATENT LITIGATION | : : : : : : | MDL No. 20-2930-RGA<br><br>C.A. Nos. 19-2053-RGA<br>22-1395-RGA |

**ORDER SETTING BOND**

The Court of Appeals directed that "Appellants" (by which I understand the Court to mean, "Novartis Pharmaceuticals Corp.") file a bond in this Court "in an amount, and subject to terms and conditions, deemed appropriate" by this Court. (No. 22-1395, D.I. 294). The parties to the appeal (Novartis and MSN) promptly submitted a joint letter setting forth their respective positions. (D.I. 299). In that letter, the parties agree that one unsecured bond for the two pending appeals (Nos. 23-2218 & 24-2211) is appropriate. They disagree on the "amount and length" of the one bond. (D.I. 299 at 1). Novartis proposes $187.2 million covering August 27, 2024 to December 31, 2024, which it notes is $1.47 million per day. MSN proposes $306.7 million from August 19, 2024 to December 31, 2024, or $2.27 million per day.

Novartis supports its bond amount and length by relying upon MSN's request on August 16, 2024, before the Federal Circuit, for that length and amount. (*Id.*, citing D.I. 299-3 at 22). MSN says its request has changed because it has had more time to analyze the situation.

One thing I note is that MSN cannot recover damages in excess of the bond amount. *See Takeda Pharms., U.S.A., Inc. v. West-Ward Pharm. Corp.*, 2018 WL 6529289, *2-3 (D.Del. Nov. 12, 2018). The point of the bond is to protect a wrongly-enjoined party. Thus, the lower the bond, the greater the risk that the bond will not completely do its job.

Another thing I note is that the parties agree that the bond should be unsecured.  Thus, Novartis does not have to pay a guarantor or borrow any money to post the bond.  In that sense, it is cost free.  Perhaps there is some economic cost to Novartis if there is a bond that is too high—maybe it has to set aside a reserve and therefore has less cash immediately available for its business needs.

There is also the practical matter that estimating the maximum amount that is necessary to protect MSN is, given the difference in the two parties' requests, essentially a guess.[1]

In my judgment, MSN has a lot more to lose by an amount that is too low than Novartis has to lose by an amount that is too high.  Thus, I adopt MSN's proposal.  I will separately issue an order in the format suggested by the parties.  (D.I. 299-1).

IT IS SO ORDERED this 4th day of October 2024.

/s/ Richard G. Andrews
United States District Judge

---

[1] And, the issue whether the period should start on August 19 or August 27 is not clear either.