# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re Entresto (Sacubitril/Valsartan) Patent Litigation | ) ) ) ) ) | C.A. No. 20-2930-RGA |
| NOVARTIS PHARMACEUTICALS CORPORATION, | ) ) ) ) ) | C.A. No. 22-1395-RGA |
| Plaintiff, | ) ) |  |
| v. | ) ) |  |
| MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LIMITED, MSN LIFE SCIENCES PRIVATE LIMITED, NANJING NORATECH PHARMACEUTICAL CO., LIMITED, | ) ) ) ) ) ) |  |
| Defendants. | ) ) |  |

**LETTER TO THE HONORABLE RICHARD G. ANDREWS FROM DANIEL M. SILVER, ESQ., REGARDING RESPONSE TO NORATECH'S <u>NOVEMBER 19, 2024 LETTER</u>**

Date: November 20, 2024

McCARTER & ENGLISH, LLP
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiff Novartis Pharmaceuticals Corporation*

ME1 51209380v.1

Dear Judge Andrews,

We write on Novartis' behalf to respond to Noratech's November 19 letter requesting leave to submit and to rely at trial upon a new 64-page supplemental report by its infringement expert Dr. Clare Strachan, which Noratech tried to serve on November 15. Noratech's request should be denied.

*First,* paragraphs 9-15 of Dr. Strachan's supplemental report are not based on any testing that Novartis produced in September. Those paragraphs are an unauthorized sur-reply responding to arguments disclosed in Dr. Matzger's August 13, 2024 reply report at ¶ 54. *See* Noratech Ex. A at ¶ 9 (citing Dr. Matzger's reply report at ¶ 54). Noratech did not move to strike that paragraph of Dr. Matzger's reply report, as required by the scheduling order. Thus, Noratech waived any complaint about the arguments in Dr. Matzger's reply report at ¶ 54. Paragraphs 9-15 of Dr. Strachan's supplemental report should be precluded for that reason alone.

*Second,* the introduction of Dr. Strachan's 64-page report on the eve of trial will unduly prejudice Novartis. As the party who bears the burden of proof on infringement, Novartis should have the last word on that issue. But if Noratech is allowed to rely on Dr. Strachan's report, Novartis will not get the last word. With less than three weeks left before the December 9 start of trial, Novartis and its experts have no fair opportunity to reply to Dr. Strachan's report or to depose Dr. Strachan on the new opinions therein based on the testing Novartis was required to produce in September. Noratech's assertion that Novartis is not unduly prejudiced because Novartis provided the testing upon which Dr. Strachan's report is based rings hollow. The testing is not the source of prejudice; rather, it is Dr. Strachan's belated new opinions that unduly prejudice Novartis.

*Third,* Dr. Strachan's report constitutes a classic trial by ambush. Novartis produced the testing upon which her report is based on September 17. Apart from one follow-up email sent in mid-September, Noratech made no further inquiries about that testing until Dr. Matzger's October 23 deposition. Noratech thereafter waited over three weeks before serving Dr. Strachan's report on November 15. In total, Noratech waited nearly eight weeks to serve Dr. Strachan's supplemental report—as long as the period that Dr. Strachan had to prepare her July 3, 2024 responsive report. And Noratech gave Novartis no advance warning that it was preparing a supplemental report by Dr. Strachan. Instead, Noratech represented that it would use the testing that Novartis produced in September for cross-examination purposes. Ex. E hereto at 1 (Noratech August 28 letter representing that it sought such testing to cross-examine Novartis's experts); Ex. F hereto at 22:11-19 (Noratech representing to the Court at the September 9 hearing on its August 28 letter that such testing was "critical information for cross-examination").

Noratech's excuse that it could not have served Dr. Strachan's report sooner or before Dr. Matzger's deposition is baseless. Dr. Matzger's deposition was delayed multiple times at Noratech's insistence, and the sources and types of testing for all Dr. Matzger's data files were identified in his lab notebooks produced in mid-September. Noratech and Dr. Strachan did not need to wait for Dr. Matzger's deposition to discern that information.

The number of data files that Novartis produced does not justify Noratech's delay either. Many of the files are irrelevant to Dr. Strachan's and Dr. Matzger's infringement opinions. 13 files

1

relate to IR testing; 8 relate to DSC testing; 6 relate to microscope images; and 1 relates to TGA testing. That those files are irrelevant is confirmed by the fact that none are addressed in Dr. Strachan's or Dr. Matzger's reports. Other files are time-course collections from a single experiment (24 XRPD files). In addition, there are 10 duplicate files, which is apparent from a simple review of the file names. Eliminating those irrelevant, time-course and duplicate files left about 20 files for Dr. Strachan to review. And Noratech is wrong that Novartis's production remains incomplete. Novartis has nothing left to produce. *See* 20-md-2930-RGA, D.I. 1642 at 1-2.

*Fourth,* Dr. Strachan's supplemental report is not important to Noratech's case. At trial, Dr. Matzger will not rely on the testing that was produced in September. Dr. Strachan has already submitted a July 3, 2024 responsive report addressing the testing that she and Dr. Matzger considered for this case. Noratech further will have the opportunity to cross-examine Dr. Matzger on any of the testing produced in September, which was Noratech's express purpose for seeking that testing. And any alleged importance of Dr. Strachan's supplemental report is outweighed by the prejudice to Novartis detailed above.

*Last,* Novartis has acted in good faith. Novartis produced, along with Dr. Matzger's expert reports, all the testing that he considered for his expert reports in this case. Novartis further disclosed in Dr. Matzger's May 10, 2024 opening report that he was involved in prior litigation involving the '918 patent. To the extent Noratech believed it was entitled to testing that Dr. Matzger considered for other cases, Noratech delayed seeking that testing until August 28, 2024 (20-md-2930-RGA, D.I. 1518), after the conclusion of the expert report period for this case. When the Court ordered Novartis to produce that testing, Novartis did so promptly. In contrast, Noratech concealed its intent to serve a supplemental expert report until the very last minute when Novartis is focused on preparing for trial.

For the foregoing reasons, Noratech's request should be denied.

Respectfully submitted,

/s/ Daniel M. Silver

Daniel M. Silver (#4758)

cc:     Counsel of Record for Noratech (via CM/ECF and electronic mail)

ME1 51209380v.1