# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re Entresto (Sacubitril/Valsartan) Patent Litigation | ) ) ) ) ) | C.A. No. 20-2930-RGA |
| NOVARTIS PHARMACEUTICALS CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LIMITED, MSN LIFE SCIENCES PRIVATE LIMITED, GERBERA THERAPEUTICS, INC., NANJING NORATECH PHARMACEUTICAL CO., LIMITED, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 22-1395-RGA |

**LETTER TO THE HONORABLE RICHARD G. ANDREWS FROM DANIEL M. SILVER, ESQ., REGARDING RESPONSE TO MSN'S <u>DECEMBER 3, 2024 LETTER</u>**

Date: December 4, 2024

McCARTER & ENGLISH, LLP
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiff Novartis Pharmaceuticals Corporation*

ME1 51367541v.1

Dear Judge Andrews,

We write on behalf of Plaintiff Novartis in response to MSN's December 3 letter (20-2930-RGA, D.I. 1671) asking the Court to withdraw confidentiality designations for two FDA documents produced in a suit before the D.C. district court, D.D.C. Civ. No. 24-2234 ("FDA suit").

In that suit, Novartis sued FDA on July 30, 2024. MSN intervened on August 5, 2024. Thereafter, Judge Friedrich issued a protective order in the FDA suit, which limits the use of the FDA administrative record for MSN's ANDA to the FDA suit only. Exhibit A, FDA Suit Protective Order, ¶ 4 ("Confidential Information shall not be used by counsel for any purpose other than the prosecution of this action."). The Protective Order also limits access to confidential information to, in relevant part, "attorneys at the law firms for counsel of record in this action, as well as their supporting personnel and contract vendors." *Id.* ¶ 4(c). As a result, neither Novartis nor its patent counsel or experts for this action (and presumably, neither MSN nor its patent counsel for this action) has seen the documents that MSN now seeks to use in this case, which were part of an administrative record that FDA labeled as confidential under the Protective Order.[1]

The entire FDA administrative record for MSN's ANDA was produced by FDA under seal in the FDA suit on August 23, 2024. Now, just five days before trial in this action, MSN has identified two documents from that record it believes will help it here. Without ever conferring with Novartis's counsel in this action (and contrary to MSN's assertion, without meeting and conferring with Novartis's outside regulatory counsel in the FDA suit either), MSN filed its letter requesting relief from this Court. Novartis respectfully submits that MSN's request should be denied.

*First*, withdrawing confidentiality designations from the FDA documents and allowing MSN to use them at trial in this suit would be highly prejudicial to Novartis. Trial in this suit starts on Monday. The FDA documents MSN seeks to use were produced by FDA on August 23. MSN does not explain why it waited until five days before trial to raise this request. Novartis's experts and counsel in this suit have had no opportunity even to see—let alone respond to—the two FDA documents that MSN seeks to use. Moreover, MSN has cherry-picked just two documents from FDA's administrative record, which consists of over 200 documents spanning over 5,500 pages. Exhibit B, Administrative Record Index. Novartis's experts and counsel in this suit have had no opportunity to review the complete FDA administrative record or to take third-party discovery from FDA in connection therewith. (While parts of that record include Novartis's NDA for Entresto®, MSN's ANDA and correspondence between MSN and FDA, which MSN has produced in this action, Novartis's experts and counsel in this action have never seen the internal FDA documents that FDA produced for the first time in the FDA suit.) Put simply, it is too late for MSN to introduce new documents at trial. Exhibit C, *Novartis Pharms. Corp. v. Par Pharms. Inc.*, No. 11-1077-RGA (D. Del. Apr. 29, 2014), Tr. at 10:7-14:15 (excluding a new reference identified

---

[1] Contrary to MSN's representation that the two FDA documents contain only MSN confidential information, Novartis's counsel in the FDA suit has advised both MSN and FDA that the two FDA documents MSN seeks to use in this suit contain Novartis's confidential information and data. Exhibit D at 11. Novartis's counsel in the FDA suit also believes that, in multiple places in those documents, FDA has relied on non-public, confidential information regarding Novartis's Entresto® product to compare and to assess the API in MSN's ANDA Products.

three days before trial, noting that "it's pretty late" and that there was insufficient time for the opposing party "to cure the prejudice between now and the trial").

***Second***, any statements from the FDA documents that MSN seeks to use are incomplete hearsay statements by unknown FDA declarant(s), and the clear prejudice to Novartis, as explained above, is not outweighed by their alleged probative value. The key infringement inquiries in this suit are (i) whether MSN's ANDA products contain amorphous TVS and (ii) whether the remaining API in MSN's ANDA products, in addition to amorphous TVS, is a physical mixture or a crystalline complex. To Novartis's knowledge, FDA has done no testing of MSN's ANDA products or MSN's API to address those inquiries. And insofar as FDA, in its internal review of MSN's ANDA, may have parroted MSN's self-serving statements about the nature of its products or API, those hearsay statements are of no probative value.

***Third***, MSN's request to this Court is inconsistent with its position in the FDA suit that the entire FDA administrative record for MSN's ANDA be maintained under seal. As noted above, that administrative record was produced by FDA to Novartis and MSN's outside regulatory counsel on an "attorneys' eyes only basis," and was filed under seal pursuant to the protective order entered in the FDA suit. In September, Novartis's regulatory counsel sought MSN's permission to share certain documents from the administrative record with Novartis's in-house counsel in connection with summary-judgment briefing. MSN refused. MSN does not try to reconcile its request to this Court to lift confidentiality over a part of the administrative record with its position in the FDA suit that the entire administrative record remain confidential and under seal.

***Fourth***, any hearsay statements that FDA may have made about the nature of MSN's ANDA products or MSN's API are contradicted by statements that MSN itself has made to other authorities, thereby rendering FDA's hearsay statements at best only minimally probative. On August 13, 2024, one day after this Court rendered its preliminary injunction decision against Novartis (20-2930-RGA, D.I. 1456), MSN submitted documents and reports to an Indian court repeatedly representing that its API (which MSN refers to as "Form-S") is a ***mixture***, not a complex. *See* Exhibit E at 4 (MSN explaining to the Indian court that its Form-S API is a "mixture" and that any mention of Form-S as a "complex" was "an inadvertent error"); *see also id.* at 6 (MSN explaining that its Form-S API is "a mixture and not a complex"). The reports in the Indian proceeding from which MSN concluded that its Form-S API is a mixture and not a complex are dated September 16, 2023 and October 12, 2023. *See* Exhibit F at 55-78. However, there is no evidence MSN submitted those reports to FDA, let alone that FDA considered those reports. MSN therefore did not apprise the FDA that it was taking a contradictory position in another official forum about the nature of its Form-S API.[2] In any event, MSN's own statements about the nature of its Form-S API are admissions; the FDA's adoption of any alternate characterizations, without the benefit of complete information, is inadmissible hearsay and, even if admitted, would be of minimal probative value.

For the foregoing reasons, we request that this Court deny MSN's request.

---

[2] Novartis U.S. counsel first learned of the MSN Indian documents and reports through Novartis's outside India counsel after August 13, 2024.

2

Respectfully submitted,

/s/ Daniel M. Silver

Daniel M. Silver (#4758)

cc: Counsel of Record (via CM/ECF and electronic mail)

3