# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re Entresto (Sacubitril/Valsartan) Patent Litigation | ) ) ) ) | C.A. No. 20-2930-RGA |
| NOVARTIS PHARMACEUTICALS CORPORATION, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | C.A. No. 19-2053-RGA |
| MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LIMITED, MSN LIFE SCIENCES PRIVATE LIMITED, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**STIPULATION AND [PROPOSED] ORDER FOR AN ADDITIONAL
BOND FOR THE INJUNCTION RELATED TO U.S. PATENT NO. 8,101,659**

**WHEREAS** on August 14, 2024, the United States Court of Appeals for the Federal Circuit in Appeal No. 2023-2218 enjoined MSN Pharmaceuticals Inc., MSN Laboratories Private Limited, and MSN Life Sciences Private Limited (collectively "MSN") from the commercial marketing and sale of its generic versions of Entresto® in response to a motion by Novartis Pharmaceuticals Corporation ("Novartis") to enjoin MSN, pending appeal of this Court's judgment invalidating U.S. Patent No. 8,101,659 (the "'659 patent") (CAFC Appeal No. 2023-2218, ECF No. 65);

**WHEREAS** on August 22, 2024, the Federal Circuit ordered that the above-mentioned injunction "remain[s] in effect pending further notice of the [Federal Circuit]" (CAFC Appeal No. 2023-2218, ECF No. 73);

**WHEREAS** on September 12, 2024, the Federal Circuit directed Novartis to file a bond in this Court in an amount, and subject to terms and conditions deemed appropriate by this Court, in connection with the injunction entered in Appeal No. 23-2218 concerning solely the '659 patent (CAFC Appeal No. 2023-2218, ECF No. 88);

**WHEREAS** on October 4, 2024, this Court ordered Novartis to post a single unsecured bond in this Court in the amount of $306.7 million for the period of August 19, 2024 through December 31, 2024, or $2.27 million per day (C.A. No. 20-2930-RGA, D.I. 1553; C.A. No. 20-2930-RGA, D.I. 1554):

**WHEREAS** on October 8, 2024, Novartis posted an executed unsecured bond in the amount of $306.7 million (C.A. No. 20-2930-RGA, D.I. 1566) (hereafter, "Novartis's October 8, 2024 Bond");

**WHEREAS** this Court further ordered that "MSN may file a motion on or after January 1, 2025 requesting additional security for the period beginning January 1, 2025 in the event that

the August 14, 2024 injunction orders against MSN by the Court of Appeals for the Federal Circuit, or any subsequent injunction against MSN ordered by that Court extend beyond December 31, 2024" (C.A. No. 20-2930-RGA, C.A. No. 19-2053-RGA, and C.A. No. 22-1395-RGA, D.I. 1554);

**WHEREAS** on January 10, 2025, the Federal Circuit in Appeal No. 2023-2218 issued its decision and judgment on the merits holding that the '659 patent is valid (CAFC Appeal No. 2023-2218, ECF Nos. 106 and 107);

**WHEREAS** on January 10, 2025, the Federal Circuit lifted the prior injunction entered on August 14, 2024 (CAFC Appeal No. 2023-2218, ECF No. 109);

**WHEREAS** on January 10, 2025, this Court held an Emergency Telephone Conference at Novartis's request and verbally issued a temporary restraining order to expire on January 15, 2025 (*see* January 13, 2025 Minute Entry at 2:02 p.m. in C.A. No. 20-2930-RGA);

**WHEREAS** on January 15, 2025, Novartis in Appeal No. 2023-2218 filed an Emergency Motion for Reconsideration and Petition for *En Banc* Rehearing and Motion to Expedite in the Federal Circuit seeking to enjoin MSN from the commercial marketing and sale of its generic versions of Entresto® until issuance of the mandate (CAFC Appeal No. 2023-2218, ECF No. 115);

**WHEREAS** on January 16, 2025, in response to Novartis's emergency motion, the Federal Circuit in Appeal No. 2023-2218 enjoined MSN "from commercial marketing and sale of their generic version of Entresto® until further notice while the court considers ECF No. 115 [*i.e.*, Novartis's emergency motion]" (CAFC Appeal No. 2023-2218, ECF No. 121);

**WHEREAS** on January 21, 2025, the Federal Circuit granted Novartis's emergency motion and ordered that "MSN is enjoined, until issuance of the mandate in these appeals, from

commercial marketing and sale of their generic version of Entresto®" and ordered Novartis to "file a bond in the district court in an amount, and subject to terms and conditions, deemed appropriate by the district court" (CAFC Appeal No. 2023-2218, ECF No. 127);

**WHEREAS** on January 22, 2025, MSN filed in Appeal No. 2023-2218 an Emergency Combined Motion for Reconsideration and Petition for En Banc Rehearing of January 21, 2025 Order (ECF No. 127) and Motion to Expedite (CAFC Appeal No. 2023-2218, ECF No. 129); and

**WHEREAS** on January 28, 2025, the *en banc* Federal Circuit denied MSN's request for an administrative stay of the Federal Circuit's January 21, 2025 injunction (CAFC Appeal No. 2023-2218, ECF No. 131);

**IT IS HEREBY STIPULATED AND AGREED** by Novartis and MSN, and subject to the approval of the Court, that:

1. Nothing in this stipulation impacts Novartis's October 8, 2024 Bond, which remains available as security to MSN for the period of August 19, 2024, through December 31, 2024.

2. Novartis shall post an additional unsecured bond in the amount of $2.27 million per day for the period beginning on January 1, 2025 through March 31, 2025 totaling $202.03 million.

3. This additional unsecured bond relates only to the injunction entered in Appeal No. 2023-2218 concerning the '659 patent.

4. Novartis reserves all rights to contest the existence, amount, and type of any damages that MSN alleges in any proceeding by MSN to collect under the October 8, 2024 Bond or this additional unsecured bond.

3

5. Novartis shall post this additional unsecured bond with this Court within three (3) business days of the entry of this order.

6. MSN may file a motion on or after March 31, 2025 requesting additional security for the period beginning April 1, 2025 as necessary. Novartis reserves all rights to oppose that motion.

| McCarter & English, LLP | Stamoulis & Weinblatt LLC |
|---|---|
| /s/ Daniel M. Silver<br>Daniel M. Silver (#4758)<br>Alexandra M. Joyce (#6423)<br>Renaissance Centre<br>405 N. King Street, 8th Floor<br>Wilmington, Delaware 19801<br>(302) 984-6300<br>dsilver@mccarter.com<br>ajoyce@mccarter.com<br><br>Nicholas N. Kallas<br>Christina Schwarz<br>Jared L. Stringham<br>Venable LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>(212) 218-2100<br>nkallas@venable.com<br>cschwarz@venable.com<br>jlstringham@venable.com<br><br>*Attorneys for Plaintiff Novartis Pharmaceuticals Corporation* | /s/ Richard C. Weinblatt<br>Stamatios Stamoulis (#4606)<br>Richard C. Weinblatt (#5080)<br>800 N. West Street, Third Floor<br>Wilmington, DE 19801<br>stamoulis@swdelaw.com<br>weinblatt@swdelaw.com<br><br>Ronald M. Daignault<br>Richard Juang<br>Elizabeth Bernard<br>Daignault Iyer LLP<br>8229 Boone Boulevard - Suite 450<br>Vienna, VA 22182<br>rdaignault@daignaultiyer.com<br>rjuang@daignaultiyer.com<br>ebernard@daignaultiyer.com<br><br>*Attorneys for Defendants MSN Pharmaceuticals Inc., MSN Laboratories Private Limited, and MSN Life Sciences Private Limited* |

DATED: February 14, 2025

SO ORDERED this __18__ day of __February__, 2025.

/s/ Richard G. Andrews
_____
UNITED STATES DISTRICT JUDGE

4