**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re Entresto (Sacubitril/Valsartan) Patent Litigation | C.A. No. 20-2930-RGA |
| NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>                              Plaintiff,<br><br>          v.<br><br>MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LIMITED, MSN LIFE SCIENCES PRIVATE LIMITED,<br><br>                              Defendants. | C.A. No. 19-2053-RGA |

**OPENING BRIEF IN SUPPORT OF DEFENDANTS' RENEWED MOTION UNDER
RULES 59 AND 60 FOR VACATUR OR AMENDMENT OF THE COURT'S FINAL
JUDGMENT AND RENEWED MOTION UNDER RULES 59 AND 15 TO RE-OPEN
THE JUDGMENT AND FOR LEAVE TO AMEND THE PLEADINGS**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    INTRODUCTION ................................................................................................ 1

II.    LEGAL STANDARD............................................................................................ 3

III.    ARGUMENT ...................................................................................................... 5

    A.    The Court should vacate its orders granting injunctive relief under §271(e)(4)(A) because the '659 patent is improperly listed in the Orange Book and Novartis is not entitled to any pediatric exclusivity. ............................................................... 5

        1.    Vacatur is appropriate under Rule 59(e)/60(b)(5)-(6) because a substantial change in the law governing this case means Novartis has no legal right to exclude MSN from the market.................................................................. 5

        2.    Alternatively, the Court should open the final judgment and permit the parties to make additional arguments pursuant to Rule 59(a)(2) and grant MSN leave to amend the pleadings pursuant to Rule 15(b)(2).................. 7

    B.    The Court should vacate the finding of infringement against MSN.................... 12

        1.    Vacatur of the April 1, 2025 judgment against MSN is warranted under Rules 59(e) and 60(b)(5) because the Federal Circuit opinion means that MSN no longer infringes the '659 patent. ................................................. 12

        2.    Relief is warranted under Rule 60(b)(6) because not allowing MSN its requested vacatur language in its proposed final judgment was highly prejudicial to MSN and has resulted in manifest injustice. ...................... 15

IV.    CONCLUSION................................................................................................... 16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Agostini v. Felton*,
    521 U.S. 203 (1997)................................................................................4

*Blazer v. Best Bee Bros. LLC*,
    2022-1033, 2022 U.S. App. LEXIS 31589 (Fed. Cir. Nov. 16, 2022) ...................................13

*Blystone v. Horn*,
    664 F.3d 397 (3d Cir. 2011)................................................................4, 5

*Boehringer Ingelheim Corp. v. Shalala*,
    993 F. Supp. 1 (D.D.C. 1997)................................................................7

*Cohesive Techs., Inc. v. Waters Corp.*,
    543 F.3d 1351 (Fed. Cir. 2008)................................................................13

*Convolve, Inc. v. Dell Inc. et al.*,
    No. 2:08-CV-244, 2017 U.S. Dist. LEXIS 87199 (E.D. Tex. June 7, 2017)...........................14

*Cox v. Horn*,
    757 F.3d 113 (3d Cir. 2014)................................................................4

*Cureton v. Nat'l Collegiate Athletic Ass'n*,
    252 F.3d 267 (3d Cir. 2001)................................................................5

*Dragon Intell. Prop., LLC v. Apple, Inc.*,
    Civ. A. No. 13-2058-RGA, 2018 U.S. Dist. LEXIS 166198 (D. Del. Sept. 27, 2018) ................................................................15

*Endo Pharms. Inc. v. Mylan Pharms. Inc.*,
    C.A. No. 11-717-RMB-KW, 2014 WL 2532179 (D. Del. June 2, 2014)................................15

*In re Entresto Sacubitril/Valsartan Patent Litig.*,
    2023 U.S. Dist. LEXIS 117240 (D. Del. July 7, 2023) ......................................2, 5

*Esmont v. City of New York*,
    371 F. Supp. 2d 202 (E.D.N.Y. 2005) ...................................................10

*Forest Lab'ys, LLC v. Sigmapharm Lab'y's, LLC*,
    Civ. No. 14-1119-MSG, 2019 U.S. Dist. LEXIS 131304 (D. Del. Aug. 6, 2019) ................................................................4

*Francois v. Francois*,
    599 F.2d 1286, 16 V.I. 130 (3d Cir. 1979) ...............................................10

*Globetrotter Software, Inc. v. Elan Computer Group, Inc.*,
    236 F.3d 1363 (Fed. Cir. 2001)............................................................................13

*Gutierrez v. Gonzales*,
    125 F. App'x 406 (3d Cir. 2005) .......................................................................7

*Horne v. Flores*,
    557 U.S. 433 (2009)........................................................................................3, 6

*Jack Guttman, Inc. v. Kopykake Enters.*,
    302 F.3d 1352 (Fed. Cir. 2002)........................................................................13

*Jazz Pharms., Inc. v. Avadel CNS Pharms., LLC*,
    60 F.4th 1373 (Fed. Cir. 2023) .........................................................................2

*Laitram Corp. v. NEC Corp.*,
    163 F.3d 1342 (Fed. Cir. 1998)........................................................................4

*Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.*,
    676 F.3d 318 (3d Cir. 2012).............................................................................8

*Life Techs., Inc. v. Promega Corp.*,
    189 F.R.D. 334 (D. Md. 1999)..........................................................................14

*Liljeberg v. Health Servs. Acquisition Corp.*,
    486 U.S. 847 (1988).........................................................................................4

*Markman v. Westview Instruments, Inc.*,
    517 U.S. 370 (1996).........................................................................................4

*Minix v. Canarecci*,
    No. 05-0144, 2007 U.S. Dist. LEXIS 48655 (N.D. Ind. July 3, 2007)............10, 11

*Novartis Pharms. Corp. v. Torrent Pharma Inc. (In re Entresto
    (Sacubitril/Valsartan))*,
    125 F.4th 1090 (Fed. Cir. 2025) ........................................................... *passim*

*Oatey Co. v. IPS Corp.*,
    514 F.3d 1271 (Fed. Cir. 2008).........................................................................13

*Prism Techs., LLC v. Sprint Spectrum L.P.*,
    No. 8:12CV123, 2017 U.S. Dist. LEXIS (D. Neb. Aug. 8, 2017), aff'd, 757 F.
    App'x 980 (Fed. Cir. 2019)...............................................................................14

*Senju Pharm. Co. v. Apotex Inc.*,
    C.A. No. 07-779-SLR, 2010 WL 4538265 (D. Del. Nov. 3, 2010)..........................7

*Teva Branded Pharm. Prods. R&D, Inc. v. Amneal Pharms. of N.Y.,*
   LLC, 124 F.4th 898 (Fed. Cir. 2024) ......................................................................6

**Statutes**

21 U.S.C. § 355(b)(1)(A)(viii) ........................................................................................2

## I.     INTRODUCTION

Novartis is not entitled to final judgment of infringement against Defendants MSN Pharmaceuticals Inc., MSN Laboratories Private Limited, and MSN Life Sciences Private Limited (collectively, "MSN"), a mandatory injunction against launch, and an order to FDA to reset MSN's ANDA approval. The Federal Circuit's decision was unequivocal in one critical respect: the '659 patent does *not* claim valsartan-sacubitril complexes *as a matter of law*. This means the '659 patent should be delisted from the Orange Book and that Novartis is not entitled to pediatric exclusivity and relief under § 27l(e)(4)(A) resetting MSN's approval until expiration of that pediatric exclusivity. The Federal Circuit's January 10, 2025 decision significantly changed the scope of what the '659 patent claims cover and, therefore, changed the law in this case. This nullifies the Court's judgment against MSN. The April 1, 2025 judgment must be modified or vacated under Rules 59 and 60 of the Federal Rules of Civil Procedure. The circumstances of this case are extraordinary in the sense that MSN is being blocked from entering the market based on a regulatory exclusivity Novartis is not entitled to after a clear and significant appellate court ruling and, thus, to prevent inequity and manifest injustice, MSN should be granted immediate relief.

The '659 patent expired on January 15, 2025 so it is important for this Court to note that Novartis is *not* entitled to any patent-term injunction based on alleged infringement of the '659 patent. MSN cannot infringe an expired patent. For this reason, any injunction blocking MSN from launching its generic product at this time can only arise from Novartis's supposed pediatric exclusivity.

Yet after the Federal Circuit's decision finding that "the '659 patent does not claim valsartan-sacubitril complexes," the '659 patent is no longer properly listed in the FDA Orange Book. *Novartis Pharms. Corp. v. Torrent Pharma Inc. (In re Entresto (Sacubitril/Valsartan)),*

1

125 F.4th 1090, 1099 n.5 (Fed. Cir. 2025) ("*Entresto Appeal*"). A patent is only properly listed if it (I) "claims the drug for which the applicant submitted the application and is a drug substance (active ingredient) patent or a drug product (formulation or composition) patent;" or (II) "claims a method of using such drug for which approval is sought or has been granted in the application." 21 U.S.C. § 355(b)(1)(A)(viii); *Jazz Pharms., Inc. v. Avadel CNS Pharms., LLC.*, 60 F.4th 1373, 1377 (Fed. Cir. 2023). Novartis's Entresto product contains a valsartan-sacubitril complex as its active ingredient, but the '659 patent does not claim sacubitril-valsartan complexes—this means the '659 patent should not be listed in the Orange Book as a matter of law. *See also* D.I. 1805 and 1812.[1] Thus, the Court should vacate its order resetting MSN's approval date and injunction blocking MSN's market entry because Novartis is not entitled to any market exclusivity. At the very least, the Court should open the judgment pursuant to Rule 59(a)(2) and permit MSN to amend its pleadings pursuant to Rule 15(b) and allow MSN to file a delisting counterclaim for immediate resolution by the Court.

Apart from this delisting issue, the judgment and stipulation of infringement against MSN should be vacated because the API in MSN's ANDA product is a valsartan-sacubitril complex. MSN relied on this Court's claim construction decision, which held the'659 patent covered complexes, when stipulating to infringement. With the Federal Circuit's decision, however, the '659 patent does not cover complexes. The original basis for MSN's stipulation thus no longer exists because the law in this case has changed. The '659 patent does not now cover complexes as a matter of law. As the Federal Circuit recognized, "[t]o the extent that MSN maintains that the claims were construed to *claim* valsartan-sacubitril complexes (*i.e.*, to the

---

[1] Unless otherwise noted, all D.I. citations are to *In re Entresto (Sacubitril/Valsartan),* C.A. No. 20-md-2930 ("Entresto I").

extent MSN alleges that its stipulation of infringement was made on that basis), that construction would have been error." *Entresto Appeal,* 125 F.4th at 1099 n.5 (emphasis in original). The scope of the '659 patent has changed and so the finding that MSN's ANDA product infringes the '659 patent should be vacated because it is based on an error in the law governing this case. Permitting that finding to stand would be a manifest injustice.

In sum, pursuant to Rules 59(e) and 60(b)(5) and (6), MSN respectfully requests the Court to vacate its April 1, 2025 final judgment against MSN, including its injunctive relief, its order to FDA to reset the final approval of MSN's ANDA, and its finding that MSN's ANDA product infringes the '659 patent.

Further, MSN respectfully requests the Court to open the judgment pursuant to Rule 59(a)(2) and permit MSN to amend its pleadings pursuant to Rule 15(b) and allow MSN to file a delisting counterclaim that is already set for oral argument on April 29 in the related 25-00081 case Novartis brought against MSN. Alternatively, the Court can revise its judgment if it determines following the hearing in the -00081 action that the '659 patent should be delisted.

## II.    LEGAL STANDARD

Under Federal Rules of Civil Procedure 60, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5) and (6).

Rule 60 allows a party to ask a court to modify or vacate a judgment if a significant change either in facts or in law "renders continued enforcement 'detrimental to the public interest[.]'" *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting *Rufo v. Inmates of Suffolk Cnty.*

3

*Jail*, 502 U.S. 367, 384 (1992)). For instance, the Supreme Court has ruled that "it is appropriate to grant a Rule 60(b)(5) motion when the party seeking relief from an injunction or consent decree can show 'a significant change either in factual conditions or in law.'" *Agostini v. Felton*, 521 U.S. 203, 215 (1997) (quoting *Rufo,* 502 U.S. at 384). This includes changes in what patents cover, because the scope of a patent defines a party's legal rights and is therefore the standard by which a party's legal rights are judged. *See Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1346–47 (Fed. Cir. 1998) (the scope of patent claims "define[s] the scope of the patentee's rights"); *see also Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 390 (1996).

Additionally, Rule 60(b)(6) is a "catchall provision" that enables courts to vacate judgments whenever such action is appropriate to accomplish justice, though only in extraordinary circumstances. *Forest Lab'ys, LLC v. Sigmapharm Laby's, LLC*, Civ. No. 14-1119-MSG, 2019 U.S. Dist. LEXIS 131304, at *5 (D. Del. Aug. 6, 2019); *see also Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988). Extraordinary circumstances are those "where, without such relief, an extreme and unexpected hardship would occur." *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) (citation omitted). Continuing to bind MSN to an infringement judgment where the scope of the exclusionary rights under the '659 patent has changed as a matter of law by virtue of the Federal Circuit's decision would be manifestly unjust, and an extreme and unexpected hardship.

Similarly, a Rule 59(e) motion to alter or amend a judgment "may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (citations omitted). A judgment may therefore "be altered or amended only if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not

available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id*. (cleaned up). The decision of whether to grant a Rule 59(e) motion to amend a judgment is "addressed to the sound discretion of the district court." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001).

Finally, Federal Rule of Civil Procedure 59(a)(2) provides that "[a]fter a nonjury trial, the court may, on a motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P. 59(b)(2). And under Rule 15(b), when "an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue." Fed. R. Civ. P. 15(b)(2).

## III.  ARGUMENT

### A.  The Court should vacate its orders granting injunctive relief under §271(e)(4)(A) because the '659 patent is improperly listed in the Orange Book and Novartis is not entitled to any pediatric exclusivity.

#### 1.  Vacatur is appropriate under Rule 59(e)/60(b)(5)-(6) because a substantial change in the law governing this case means Novartis has no legal right to exclude MSN from the market.

Prior to the Federal Circuit's decision, the parties operated under this Court's plain-and-ordinary-meaning construction as if the '659 patent claims covered valsartan-sacubitril complexes. And Novartis consistently argued, and this Court held, that "[t]he active ingredient in Entresto® is LCZ696 . . . [which] is a non-covalently bound complex ('complex') of valsartan and sacubitril." *In re Entresto Sacubitril/Valsartan Patent Litig.*, 2023 U.S. Dist. LEXIS 117240, *39 (D. Del. July 7, 2023). Thus, the '659 patent was listed in the Orange book as covering the

complex in Entresto®, and it ostensibly provided Novartis with pediatric exclusivity until July 15, 2025, six months after the '659 patent expired.

But with the issuance of the Federal Circuit's decision, that is no longer the case. (D.I. 1825). And though MSN reserves its right to file a writ of certiorari to the Supreme Court regarding the validity of the '659 patent, as it stands, the '659 patent does *not* claim valsartan-sacubitril complexes as a matter of law. *Entresto Appeal*, 125 F.4th at 1097, 1098, and 1099 n.5. As MSN discussed in its delisting Rule 12(c)/summary-judgment briefing (D.I. 1804, 1805, and 1812), to be properly listed in the Orange Book, "a patent must both claim the drug *and* be infringed by the NDA product." *Teva Branded Pharm. Prods. R&D, Inc. v. Amneal Pharms. of N.Y., LLC*, 124 F.4th 898, 912 (Fed. Cir. 2024). Entresto meets neither the "claim" nor the "infringement" prong because its active ingredient is a complex that is not claimed in the '659 patent nor covered by the '659 patent. Thus, Novartis cannot maintain its '659 patent-listing in the Orange Book.

There has thus been an intervening change in the controlling law that necessities vacatur of the Court's injunctive relief and relief under §271(e)(4)(a). Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60(b)(5) and (6). A modification or vacatur of final judgment is proper here because Rule 60 "permits a party to obtain relief from a judgment or order if, among other things, 'applying [the judgment or order] prospectively is no longer equitable.'" *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting Fed. R. Civ. P. 60(b)(5)). This "provides a means by which a party can ask a court to modify or vacate a judgment or order if a significant change either in factual conditions or in law renders continued enforcement detrimental to the public interest." *Id*. (internal quotations and citations omitted). This has happened here. As a result of the Federal Circuit's decision, Novartis is not entitled to any pediatric exclusivity associated with the '659 patent, and

therefore, enjoining MSN's launch and resetting MSN's final approval pursuant to §271(e)(4)(a) is improper and would be wholly unequitable as it will provide Novartis exclusionary rights well beyond the '659 patent's term.

The current judgment improperly extends Novartis's monopoly, prevents the public from obtaining a more reasonably-priced generic version of valsartan-sacubitril tablets, and blocks MSN from launching based on an expired patent that does not cover Novartis's Entresto product and does not belong in the Orange Book. This is manifestly unjust. *See, e.g.*, *Boehringer Ingelheim Corp. v. Shalala*, 993 F. Supp. 1, 203 (D.D.C. 1997) ("[The] public interest [favors] receiving generic competition to brand-name drugs as soon as is possible."). The Court should therefore vacate the final judgment against MSN granting injunctive relief under §271(e)(4)(A).

> ## 2. Alternatively, the Court should open the final judgment and permit the parties to make additional arguments pursuant to Rule 59(a)(2) and grant MSN leave to amend the pleadings pursuant to Rule 15(b)(2).

This Court should re-open the judgment for additional findings, permit MSN to amend its counterclaims to add a delisting counterclaim[2] and resolve that counterclaim on summary judgment at the April 29, 2025 hearing.

A party may request a court to alter or amend a judgment and make additional findings pursuant to Fed. R. Civ. P. 59(a)(2)/52(b)[3] to correct manifest errors of law or fact. *Gutierrez v.*

---

[2] If MSN's request to amend the pleadings is granted, MSN would be able to immediately file a motion seeking leave for summary judgment and joinder with the already-filed and fully-briefed Rule 12(c)/summary-judgment motion in the associated -00081 case. *See* D.I. 1805 and 1812. That briefing makes it clear that no genuine disputes of material facts exist, and the delisting issue can be resolved as a matter of law.

[3] The Court may also grant MSN relief pursuant to Fed. R. Civ. P. 52(b), which permits the court "to amend its findings—or make additional findings—and may amend the judgment accordingly" based on the filing of the present motion. The standard for reconsideration under Rule 52(b) is similar to that under Rule 59(a)(2). *See Gutierrez,* 125 F. App'x 406 at 417 (

*Gonzales*, 125 F. App'x 406, 417 (3d Cir. 2005); *Senju Pharm. Co. v. Apotex Inc.*, C.A. No. 07-779-SLR, 2010 WL 4538265, at *3 (D. Del. Nov. 3, 2010) ("Due to errors made by both parties, the court concludes that it is instead appropriate to open the record . . . to allow further evidence . . . ."). As discussed above, the Federal Circuit's January 10, 2025 decision has changed the scope of the '659 patent claims as a matter of law. The Federal Circuit could not have made it more clear: the '659 patent does not claim valsartan-sacubitril complexes. The Federal Circuit has found that the parties' (and the Court's) understanding of the scope of the claims was in error and so the record should now be opened in view of the appellate court's decision. The Court should hear argument and evidence from the parties and make additional findings as to whether the '659 patent should be listed in the Orange Book or not, and whether Novartis is even entitled to pediatric exclusivity and an order resettling the approval of MSN's ANDA.

And in the posture of opening the record under Rule 59(a)(2), MSN should be granted leave under Rule 15 to bring a delisting counterclaim. Rule 15 provides that when "an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue." Fed. R. Civ. P. 15(b)(2). To determine whether an issue was tried by implied consent, the Third Circuit looks to: (1) knowledge—whether the parties recognized that the unpleaded issue was in the case at trial; (2) acquiescence—whether the opposing party acquiesced to trying the issue by failing to object to the evidence supporting the unpleaded issue that was introduced at trial; and (3) prejudice—whether the opposing party's opportunity to respond was prejudiced. *Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.*, 676 F.3d 318, 326-28 (3d Cir. 2012).

In this case, MSN should be permitted to amend its pleadings to add a counterclaim to delist the '659 patent from the Orange Book under Federal Rule of Civil Procedure 15(b)(2).

### a) Novartis had knowledge that the unpleaded delisting issue was in the case at trial.

Novartis was on notice of a potential delisting counterclaim during the original proceedings in this Court. Indeed, in its original complaint in this case (C.A. No. 19-2053, D.I. 1, at 60), Novartis sought "[a]n order that the effective date of any approval of [MSN's] ANDA No. 213748 be a date that is not earlier than the expiration of the '659 . . . patent[], inclusive of any extension and additional periods of exclusivity"). Novartis further alleged that the '659 patent was listed in the Orange Book. (*Id*. at D.I. 127). And, at least one defendant responded that the '659 patent was not properly listed. *See, e.g.,* C.A. No. 20-md-2093, D.I. 277 at 54 ("Defendant admits that the '659, '331, '938, and '134 patents are listed in the Orange Book for ENTRESTO®. Plaintiffs caused these patents to be listed in the Orange Book, and Defendant denies that they were properly listed."). Thus, Novartis has been aware during the pendency of this suit that the §271(e)(4)(A) relief it seeks against MSN is tied specifically to patent and regulatory exclusivities associated with the Orange Book-listed '659 patent, and that a potential delisting would arise if the patent scope changed.

Further, during the '659 patent trial, arguments relating to the scope of the claims were at issue. The parties argued extensively and submitted meticulous briefing to the Court regarding the validity of the '659 patent claims based on this Court's claim construction order. During that time, Novartis repeatedly asserted that Entresto was a valsartan-sacubitril complex and the '659 patent claimed complexes. Novartis knew that if any of the proposed claim terms had their construction changed or if the scope of the claims were altered, it would have had to update its

Orange Book-listing to ensure it complied with the statute. In short, Novartis had knowledge that the unpleaded delisting issue and the facts underlying that issue were in the case at trial.

### b) Novartis did not object to the introduction of evidence on the unpleaded issue.

Throughout the litigation, Novartis did not object to the introduction of MSN's evidence regarding the scope of the '659 patent claims; Novartis simply offered its own evidence as to what the claims of the '659 patent covered, including statements Novartis made in the '659 patent file history stating that the claims of the '659 patent cover Novartis's Entresto® product and an expert declaration. In fact, all of the relevant evidence underlying the unpleaded listing/delisting issue is undisputed, and bolstered by the many arguments Novartis made at trial. In fact, both parties acknowledge in their briefing on MSN's Rule 12(c)/summary-judgment motion that there are no disputed facts as to whether the '659 patent is properly listed in the Orange Book or not. *See* D.I. 1812 at 1-2 and 7-8. Under the second factor, there is "implied consent to litigate an issue if there is no objection to the introduction of evidence on the unpleaded issue, as long as the non-objecting party was fairly apprised that the evidence went to the unpleaded issue." *Francois v. Francois*, 599 F.2d 1286, 1294 n.6, 16 V.I. 130 (3d Cir. 1979).

Courts have found that parties are fairly apprised of the evidence of an unpleaded issue by addressing that issue during pre-trial briefing. *Minix v. Canarecci*, No. 05-0144, 2007 U.S. Dist. LEXIS 48655, at *13 (N.D. Ind. July 3, 2007) (citations omitted) ("One way parties impliedly agree to an issue not included in the [pleading] is by addressing the issue at summary judgment."); *Esmont v. City of New York*, 371 F. Supp. 2d 202, 217 (E.D.N.Y. 2005) (citations omitted) ("When both parties squarely address a claim in their summary judgment briefs, it may be argued that the complaint was constructively amended pursuant to [Rule]15(b)."). Similar to these cases addressing an issue at summary judgment, the parties here engaged in significant

claim construction briefing and a hearing before this Court as to what the '659 patent covered and did not cover. Novartis argued its grounds and appealed this Court's invalidity judgment as to the '659 patent. At every turn, Novartis addressed the scope of the '659 patent and consistently argued that Entresto is a complex, and thus, Novartis was fairly apprised of the evidence relevant to the unpleaded delisting issue and did not object to that evidence.

**c)     Allowing leave to amend will not prejudice Novartis.**

Allowing MSN leave to amend its Answer adding a counterclaim to delist the '659 patent from the Orange Book will not prejudice Novartis. The test under *Evans* is clear; Novartis cannot argue that it was denied a fair opportunity to rebut MSN's position that the '659 patent claims do not cover complexes as a matter of law. *Evans*, 736 F.2d at 924. Novartis in fact defended against MSN's position and offered evidence to this Court allegedly showing that the '659 patent claims sacubitril-valsartan complexes. Indeed, Novartis has not identified any disputed facts related to the delisting counterclaim. *See* D.I. 1810.

During claim construction, the parties disputed the following term of the '659 patent: "wherein said [valsartan and sacubitril] are administered *in combination*." D.I. 253 at p. 3. Novartis noted that the sole dispute between the parties was whether the claimed combination is limited to the active agents sacubitril and valsartan "as separate components," which MSN proposed, or not so limited, as Novartis proposed. *Id.* at p. 5. Novartis argued that the combination terms should be given their plain and ordinary meaning. And Novartis said that it never defined the active agents as being separate components and never disclaimed the full scope of the combination terms where the sacubitril and valsartan were not separate. Novartis also said that during prosecution, it told the Patent Office that the claims of the '659 patent covered its Entresto® product, which comprises a complex where the sacubitril and valsartan are associated with non-covalent bonds. *Id.* at pp. 5-13 and 25-35.

11

Indeed, Novartis has maintained during the pendency of this litigation that "[i]n the Entresto® Product, the valsartan and sacubitril salts are present in a single chemical structure called a 'compound' or 'complex,' where the components are associated by non-covalent bonds, and are thus distinct from a mixture of valsartan and sacubitril as physically separate components." *Id.* at p. 7. Novartis cannot claim that, after maintaining this position for years, it is somehow prejudiced because it was denied a fair opportunity to defend and offer its own evidence to support its position. As mentioned above, Novartis made its position clear that the '659 patent claims complexes. The Court should therefore open the record under Rule 59(a)(2) and allow MSN to pursue its delisting counterclaim with an Answer under Rule 15(b)(2).

**B.    The Court should vacate the finding of infringement against MSN.**

    **1.    Vacatur of the April 1, 2025 judgment against MSN is warranted under Rules 59(e) and 60(b)(5) because the Federal Circuit opinion means that MSN no longer infringes the '659 patent.**

Relief from this Court's judgment related to MSN's alleged infringement is also warranted because the Federal Circuit has determined that the '659 patent does *not* cover valsartan-sacubitril complexes as a matter of law. *Novartis Pharms. Corp. v. Torrent Pharma Inc. (In re Entresto (Sacubitril/Valsartan))*, 125 F.4th 1090, 1099 n.5 (Fed. Cir. 2025). At the January 10, 2025 telephonic hearing and in its injunctive-relief motion, Novartis argued that the Federal Circuit's decision did not change the "plain and ordinary meaning" claim construction of the '659 patent. D.I. 1714 at p. 7. But that misses the point.

At claim construction, MSN argued for a construction that would have excluded from infringement MSN's ANDA product: a valsartan-sacubitril complex. D.I. 253 at p. 3. Ultimately, this Court disagreed, and, in its claim construction order, determined that the '659 patent's plain and ordinary meaning covered valsartan and sacubitril as a physical combination *and* as a complex. *See* D.I. 294, at 5-6. Relying on this decision, MSN then stipulated to infringement.

Indeed, in its opinion, the Federal Circuit noted that "at claim construction, MSN sought . . . a construction that would exclude from infringement the accused product: a valsartan-sacubitril complex (*Entresto Appeal*), 125 F.4th at 1098)) and after claim construction, MSN stipulated to infringement of the "as-construed claims." *Id*. at 1095. But the Federal Circuit also explained that to the extent the '659 patent claims were "construed to *claim* valsartan-sacubitril complexes (*i.e.*, to the extent MSN alleges that its stipulation of infringement was made on that basis), that construction would have been error." *Id*. at 1098 at fn. 5 (emphasis in original). Because "valsartan-sacubitril complexes were undisputedly unknown at the time of the invention," the Federal Circuit held that "the '659 patent *could not have been construed* as claiming those complexes as a *matter of law*." *Id*.

Though the Federal Circuit maintained the plain and ordinary claim construction of the combination terms, it expressly held as a matter of law that the '659 patent claims cannot be construed to include chemical complexes.

As mentioned above, Novartis has consistently argued in this Court and on appeal that the plain and ordinary construction of the '659 patent claims reads on valsartan-sacubitril complexes. The Federal Circuit, however, has now held unequivocally that the scope of the '659 patent claims cannot be "*construed* as claiming complexes *as a matter of law*." *Entresto Appeal* 125 F.4th at 1099, fn. 5.

This fundamentally changes the legal basis on which MSN stipulated to infringement. *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 236 F.3d 1363, 1367 (Fed. Cir. 2001) ("Claim construction, of course, is a matter of law"). The law that MSN relied on in its stipulation to infringement of the '659 patent has significantly changed, thus warranting relief of this Court's judgment. *See Blazer v. Best Bee Bros. LLC*, 2022-1033, 2022 U.S. App. LEXIS

31589, at *1 (Fed. Cir. Nov. 16, 2022) (Federal Circuit rejecting a district court's claim construction and inputting its own requires vacatur of the district court's judgment regarding infringement). The judgment for infringement against MSN should therefore be modified or vacated. *See e.g., Oatey Co. v. IPS Corp.*, 514 F.3d 1271, 1277 (Fed. Cir. 2008) (vacating summary judgment that was based on the district court's incorrect claim construction as the basis for a stipulation of non-infringement); *Cohesive Techs., Inc. v. Waters Corp*., 543 F.3d 1351, 1373 (Fed. Cir. 2008) (vacating ruling that patentee was not entitled to damages and remanding for reconsideration based upon modified claim construction); *Jack Guttman, Inc. v. Kopykake Enters.*, 302 F.3d 1352, 1363 (Fed. Cir. 2002) (vacating district court order after finding that the district court's claim construction was wrong).

Indeed, in *Convolve, Inc. v. Dell Inc. et al.*, No. 2:08-CV-244, 2017 U.S. Dist. LEXIS 87199, at *24 (E.D. Tex. June 7, 2017), for example, the district court vacated a jury verdict of patent infringement and damages award under Rule 60(b)(6) based on the Federal Circuit's affirmance of summary judgment of non-infringement against the patentee in a parallel litigation involving similar products. In *Prism Techs., LLC v. Sprint Spectrum L.P.*, No. 8:12CV123, 2017 U.S. Dist. LEXIS, at *6 (D. Neb. Aug. 8, 2017), aff'd, 757 F. App'x 980 (Fed. Cir. 2019), the district court vacated a jury verdict of infringement under Rule 60(b)(6) where the asserted claims had been later held invalid in a separate proceeding. And the district court did so despite the defendant having not presented an invalidity defense at trial. And in *Life Techs., Inc. v. Promega Corp.*, 189 F.R.D. 334, 336-37 (D. Md. 1999), the district court modified a consent judgment and settlement agreement under Rule 60(b)(5) where the patent had been found unenforceable in a separate proceeding. Here, the facts are no less exceptional than in *Convolve*, *Prims Techs* and *Life Techs*.

14

In this case, the Federal Circuit's decision raises a new non-infringement position for MSN. Continuing to subject MSN to this Court's prior judgment after a significant change in the scope of the '659 patent as a matter of law is no longer equitable, and thus, warrants relief. It is also detrimental to the public interest. Under Rule 59(e) and Rule 60(b)(5), the Court should vacate the April 1, 2025 infringement judgment against MSN.

>    **2.    Relief is warranted under Rule 60(b)(6) because not allowing MSN its requested vacatur language in its proposed final judgment was highly prejudicial to MSN and has resulted in manifest injustice.**

Relief from this Court's judgment is also warranted under Rule 60(b)(6), which gives courts the power to vacate decisions when appropriate to accomplish justice. This rule is used in extraordinary cases where, without relief, an extreme and unexpected hardship would occur, such as the hardship here where the legal scope of the '659 patent claims has changed as a matter of law and MSN is being held to a judgment that it specifically envisioned as requiring vacatur. Courts have found this relief necessary in cases where, for example, patents are asserted in district court, and then subsequently found invalid at the Patent Trial and Appeal Board. *Dragon Intell. Prop., LLC v. Apple, Inc.*, Civ. A. No. 13-2058-RGA, 2018 U.S. Dist. LEXIS 166198, at *2 (D. Del. Sept. 27, 2018) (vacating judgment under Rule 60(b)(6) where the Federal Circuit affirmed the PTAB's finding of invalidity of the claims at issue). This case is similarly extraordinary. The Federal Circuit's decision has significantly changed what the '659 patent claims cover and do not cover, thus creating a new noninfringement position for MSN. Not allowing MSN to compete in the market with its generic ANDA product, even though it does not infringe the '659 patent, undoubtedly creates an extreme and unexpected hardship.

Indeed, MSN had included a vacatur proviso in its proposed final judgment in the event the claim construction of the '659 patent changed but Novartis stated that the Court did not have jurisdiction to consider such a "hypothetical" outcome. D.I. 1116 at p. 4. But that outcome has,

in fact, now arisen. The Federal Circuit's decision has narrowed the scope of the '659 patent claims as a matter of law. MSN should not be bound to a judgment that has no basis to stand. *See, e.g.*, *Endo Pharms. Inc. v. Mylan Pharms. Inc.*, C.A. No. 11-717-RMB-KW, 2014 WL 2532179, at *6 (D. Del. June 2, 2014) (finding change of circumstances where "that the parties entered into an oral settlement agreement prior to entry of the Court's judgment," despite plaintiff's argument to the contrary, and thus granting defendants' motion for relief from final judgment pursuant to Rule 60(b)(6)).

But even more, relief from this Court's judgment is warranted because not allowing MSN's proposed vacatur language in the Court's judgment but allowing it in every other defendants' stipulations has now become highly prejudicial to MSN. *See, e.g.,* D.I. 709 and 710 That other defendants are able to avail themselves of the vacatur language in their stipulations, but MSN is precluded from vacatur of the judgment against it (though MSN included such vacatur language in its proposed judgment) is an extreme circumstance and manifestly unjust.[4] To rectify this clear prejudice and significant harm, the Court should vacate its April 1, 2025 infringement judgment against MSN.

## IV.    CONCLUSION

For the foregoing reasons, MSN respectfully requests the Court to grant MSN's motion and order for vacatur or amendment of its prior April 1, 2025 final judgment pursuant to Federal

---

[4] That MSN did not include vacatur language in its stipulation for infringement does not foreclose vacatur here, as Novartis suggests. In the first instance, a party is not required to include a vacatur proviso in a stipulation or judgment so as to benefit from relief under Rule 60. That is draconian and not the law. But it is also clear that MSN did, in fact, include a vacatur provision in its proposed final judgment. D.I. 1116. Novartis never objected to this language because it was not included in MSN's stipulation; instead, Novartis only asserted that the Court had no jurisdiction over that "hypothetical" outcome. *Id*. The hypothetical outcome is now before the Court and for the reasons set forth above, the judgment against MSN should be modified or vacated under Rule 60.

Rules 59 and 60, and/or to re-open the record for additional findings pursuant to Federal Rules 59 and 15.

Respectfully submitted,

STAMOULIS & WEINBLATT LLC

Dated: April 2, 2025           By: */s/ Richard C. Weinblatt*
                              Stamatios and Stamoulis (#4606)
                              Richard C. Weinblatt (#5080)
                              800 N. West Street, Third Floor
                              Wilmington, DE 19801
                              (302) 999-1540
                              stamoulis@swdelaw.com
                              weinblatt@swdelaw.com

                              Of counsel:
                              Ronald M. Daignault*
                              Richard Juang*
                              DAIGNAULT IYER LLP
                              8229 Boone Boulevard – Suite 450
                              Vienna, VA 22182
                              rdaignault@daignaultiyer.com
                              rjuang@daignaultiyer.com
                              *Not admitted in Virginia

                              Kevin E. Warner (*pro hac vice*)
                              Rakoczy Molino Mazzochi Siwik LLP
                              6 West Hubbard Street, Suite 500
                              Chicago, IL 60654
                              KWarner@rmmslegal.com

                              *Attorneys for Defendants MSN Pharmaceuticals,*
                              *Inc., MSN Laboratories Private Limited, and MSN*
                              *Life Sciences Private Limited*

17

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 2, 2025, I electronically filed the above document(s) with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

*/s/ Richard C. Weinblatt*
Richard C. Weinblatt #5080
